Nathan M. McClellan (SBN 291435)
Email:  nathan.mcclellan@dechert.com
**DECHERT LLP**
US Bank Tower
633 West 5th Street, Suite 4900
Los Angeles, CA 90071
Telephone: 213-808-5700

*Counsel for Defendants*
*Qihoo 360 Technology Co. Ltd.*
*and Eric X. Chen*

(Additional Counsel listed on signature page)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION, LOS ANGELES**

| | |
|---|---|
| ALTIMEO ASSET MANAGEMENT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>QIHOO 360 TECHNOLOGY CO. LTD., HONGYI ZHOU, XIANGDONG QI and ERIC X. CHEN,<br><br>Defendants. | Case No. 2:19-cv-1619-JAK-JC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS QIHOO 360 TECHNOLOGY CO. LTD. AND ERIC X. CHEN'S MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF NEW YORK**<br><br>**Hearing Date**:  September 23, 2019<br>**Hearing Time**: 8:30 a.m.<br>**Judge**: Hon. John A. Kronstadt |

# TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................ 1

II.   FACTS ...................................................................................................... 3

III.  THE COURT SHOULD TRANSFER VENUE TO NEW YORK. .............. 5

    A.   The Forum-Selection Clause Requires the Action to Be Transferred to the Southern District of New York. ............................. 5

    B.   Lead Plaintiff Movants Concede that the Case Could And Should Be Brought in New York, as the New York Action Was "First-Filed". ......................................................................................... 8

    C.   To the Extent The Court Considers Other Factors, Convenience and the Interests of Justice Weigh in Favor of the Southern District of New York ....................................................................... 10

        1.   Plaintiffs' Choice of Forum is Entitled to No Weight ............. 10

        2.   The Convenience of Parties and Witnesses Favors Transfer. ................................................................................... 11

        3.   On Balance, the Interests of Justice Weigh In Favor of Transfer. ................................................................................... 12

CONCLUSION .................................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Atl. Marine Const. Co. v. U.S. Dist. Court*,
571 U.S. 49 (2013) ...................................................................................................... 6

*Atl. Recording Corp. v. Project Playlist, Inc.*,
603 F. Supp. 2d 690 (S.D.N.Y. 2009) ..................................................................... 12

*Bondali v. Yum! Brands, Inc.*,
SACV 13-117-JST (JPRx), 2013 WL 12129379 (C.D. Cal. May 1,
2013) ....................................................................................................................... 14

*EFG Bank AG, Cayman Branch v. Lincoln Nat'l Life Ins. Co.*,
CV 17-817 JFW(KSx), 2017 WL 5635022 (C.D. Cal. June 8, 2017) ............... 10

*Fasano v. Peggy Yu Yu, et al.*,
921 F.3d 333 (2d Cir. 2019) ................................................................................ 7, 8

*In re Galectin Therapeutics, Inc. Sec. Litig.*,
Nos. 3:14–CV–00399–RCJ–WGC, 3:14–CV–00402–RCJ–WGC,
2015 WL 260881 (D. Nev. Jan. 21, 2015) ........................................................... 13

*Heredia v. Sunrise Senior Living LLC*,
No. 18-cv-00616-HSG, 2018 WL 5734617 (N.D. Cal. Oct. 31,
2018) ....................................................................................................................... 13

*Jones v. GNC Franchising, Inc.*,
211 F.3d 495 (9th Cir. 2000) ................................................................................ 10

*LaCross v. Knight Trans., Inc.*,
95 F. Supp. 3d 1199 (C.D. Cal. 2015) .................................................................. 5, 8

*Mollicone v. Universal Handicraft, Inc.*,
No. 2:16–cv–07322–CAS(MRWx), 2017 WL 1405157 (C.D. Cal.
Apr. 17, 2017) ...................................................................................................... 8, 10

*ODS Capital LLC v. Qihoo 360 Tech. Co. Ltd., et al.*,
Case No. 1:19-cv-00501-PAE (S.D.N.Y.) ......................................................*passim*

*Perez v. Performance Food Group, Inc.*,
No.15-cv-02390-HSG, 2017 WL 66874 (N.D. Cal. Jan. 6, 2017) ...................... 11

*Pfeiffer v. Himax Tech. Inc.*,
   530 F. Supp. 2d 1121 (C.D. Cal. 2008) ................................................................. 12

*Stewart Org., Inc. v. Ricoh Corp.*,
   487 U.S. 22 (1988) .................................................................................................. 6

*Tran v. Third Ave. Mgmt. LLC*,
   CV-16-602, 736, 770, 904-MWF (SSx), 2016 WL 6828217 (C.D.
   Cal. April 12, 2016) ............................................................................................... 13

*Tricom Research, Inc. v. Tactical Support Equipment, Inc.*,
   No. CV 08–2130–RGK, 2008 WL 11338513 (C.D. Cal. June 27,
   2008) ........................................................................................................................ 9

*Wilmington Savings Fund Society FSB v. PHL Variable Ins. Co.*,
   No. 2:12–cv–4926–SVW–AJW, 2013 WL 12226657 (C.D. Cal.
   Mar. 28, 2013) ....................................................................................................... 13

*In re Yahoo! Inc.*,
   Nos. CV 07–3125 CAS, CV07–3902–CAS(FMOx), 2008 WL
   707405 (C.D. Cal. Mar. 10, 2008) ................................................................... 11, 12

*Yates v. Norsk Titanium US, Inc.*,
   No. SACV 17-01089 AG (SKx), 2017 WL 8232188 (C.D. Cal.
   Sept. 20, 2017) ............................................................................................... 5, 6, 10

*Yuen v. U.S. Stock Transfer Co.*,
   966 F. Supp. 944 (C.D. Cal. 1997) ......................................................................... 6

**Statutes**

15 U.S.C. § 78aa ................................................................................................................. 9

28 U.S.C. § 1391 ................................................................................................................ 9

28 U.S.C. § 1404 ............................................................................................... 2, 5, 8, 10

Securities Exchange Act of 1934 ......................................................................................... 1

Defendants Qihoo 360 Technology Co. Ltd. ("Qihoo 360" or the "Company") and Eric X. Chen (collectively, the "Defendants")[1] respectfully submit this Memorandum of Points and Authorities in support of their Motion to Transfer to the Southern District of New York ("Motion" or "Mot.", "Dkt. __").

## I.    INTRODUCTION

This securities class action suit belongs in the Southern District of New York: the applicable forum-selection clause specifies New York, the first-filed case was in New York, one of the co-Lead Plaintiff Movants chose New York as the appropriate forum, and none of the other relevant factors weigh in favor of California. Indeed, California has no connection to the underlying facts of this lawsuit.

On January 17, 2019, one of the co-Lead Plaintiff Movants in this case, ODS Capital LLC ("ODS") first filed a virtually identical complaint in the Southern District of New York, brought on behalf of former owners of Qihoo 360 stock and American Depositary Shares ("ADS's") previously traded on the New York Stock Exchange ("NYSE"), and challenged public statements relating to a going-private merger. *See ODS Capital LLC v. Qihoo 360 Tech. Co. Ltd., et al.*, Case No. 1:19-cv-00501-PAE (S.D.N.Y.) (the "New York Action"). Weeks later, another securities owner, Plaintiff Altimeo Asset Management ("Altimeo"), filed a complaint in the above-captioned litigation against the same defendants (the "California Action"). California Action, Dkt. 1. This suit also involves the same allegations as in the New York Action. *Compare* Jacobsen Decl. Ex. 1 at ¶ 2 *with* California Action, Dkt. 1 at ¶ 2. Both actions allege that "[t]his case concerns a scheme by Qihoo 360 and certain of its officers and/or directors to depress the value of Qihoo 360's stock and ADS in order to avoid paying a fair price to Qihoo 360's shareholders during a transaction to take the Company private" in violation of the Securities Exchange Act. *Id.* Subsequently, Altimeo and ODS jointly moved in both actions to be appointed as

---

[1] The remaining defendants in the above-captioned litigation, Hongyi Zhou and Xiangdong Qi, have not yet been served.

Co-Lead Plaintiffs with Pomerantz LLP as counsel in both actions. Jacobsen Decl. Ex. 2; California Action, Dkt. 10.

Co-Lead Plaintiffs then sought to transfer the New York Action to the Central District of California, and Defendants opposed the motion. Jacobsen Decl. Ex. 3. Perhaps in an attempt to prevent the New York Court from denying Lead Plaintiffs Movants' Motion to Transfer, a few days later, Lead Plaintiff Movants filed a notice of voluntary dismissal in the New York Action. Jacobsen Decl. Ex. 4. As demonstrated below, the case should be transferred to the Southern District of New York—a forum specifically chosen by ODS, one of the Lead Plaintiff Movants.

*First,* the forum-selection clause in the receipts for the ADS's at issue requires the New York Action be transferred to a court in New York. Indeed, the forum-selection clause plainly states that controversies and causes of action arising out of the ADS's "shall be litigated in the federal and state courts in the Borough of Manhattan, The City of New York."

*Second*, as Lead Plaintiff Movants implicitly concede, this case could have been brought in New York, as the New York Action was the first-filed action. Indeed, the Southern District of New York was specifically chosen by one of the Lead Plaintiff Movants.

*Third*, the convenience of the witnesses and the interests of justice weigh in favor of New York. Qihoo's headquarters are in China, and the Company is incorporated in the Cayman Islands. Other than Defendant Chen, Defendants are unaware of any potentially relevant witnesses or documentary evidence that are located in California. Indeed, while Plaintiff may attempt to argue that Defendant Chen is located in California and thus it is more convenient for him, it is not up to Plaintiff—but instead Defendant Chen—to decide whether a venue is convenient.

As set forth more fully below, this action should be transferred to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). This Court should not be burdened with litigation pending in this venue when this venue has no connection to

the material events at issue.  Thus, the Court should grant Defendants' Motion to Transfer this action to the Southern District of New York.

## II.   FACTS

Until May 20, 2019, when co-Lead Plaintiff Movant ODS voluntarily dismissed the first-filed action in New York, there were two pending putative securities class actions arising out of the same allegations—the New York Action, Jacobsen Decl. Ex. 1, which was filed on January 17, 2019, and this California Action, filed on March 5, 2019.  Altimeo and ODS had jointly moved in the New York Action and have jointly moved in the California Action to be appointed as Co-Lead Plaintiffs with Pomerantz LLP as counsel in both the New York and California Actions.   Jacobsen Decl. Ex. 2; Dkt. 10.[2]   No other parties have moved for appointment as Lead Plaintiff.  The New York Action and this California Action both arise out of the same going-private merger, allege the same alleged securities violations, involve the same parties, and are brought on behalf of the same putative class.  Compl. ¶¶ 1-4; Jacobsen Decl. Ex. 1 at ¶¶ 1-4.

Defendant Qihoo 360 is incorporated under the laws of the Cayman Islands with principal offices located in China.  Compl. ¶ 15.  Defendant Eric Chen is located in California.  Dkt. 17-2. Prior to Qihoo's going-private merger, the Company's ADS's were listed and traded on the NYSE, located in the Southern District of New York.  Compl. ¶ 15.  According to the express terms of the ADS receipt, "[a]ny controversy, claim or cause of action arising out of or relating to the Shares or other Deposited Securities, the American Depositary Shares, the Receipts or the Deposit Agreement . . . shall be litigated in the Federal and state courts in the Borough of Manhattan."  Jacobsen Decl. Ex. 5, 5/8/14 Deposit Agreement at Exhibit A, Section 24(b).[3]

---

[2] After a substitution of counsel in the New York Action, Notice, Dkt. 22 at 2, Pomerantz was counsel for Lead Plaintiff Movants in the New York Action and is currently counsel for Lead Plaintiff Movants in the California Action.
[3] Exhibit A to the Deposit Agreement is referred to as the "Receipt."  *See* Jacobsen

Plaintiff Altimeo filed the Complaint "on behalf of all former owners of Qihoo 360 stock and American Depositary Shares ('ADSs') who: (a) sold shares, and were damaged thereby." Compl. ¶ 1. The crux of its claim is that Defendants "fail[ed] to provide shareholders adequate disclosure of all material information" regarding a Merger the Company entered into on December 18, 2015. *Id*. at ¶¶ 2, 4. The Complaint alleges that the Company "ma[de] false assurances about the fair value of Qihoo 360's stock and ADS" between January 11, 2016 and July 15, 2016 such that "shareholders were misled into accepting consideration from the Merger that was well below fair value for their Qihoo 360 shares." *Id.* at ¶¶ 1-2. Altimeo attempts to allege misstatements or omissions in the January 11, 2016 Proxy Statement and subsequent Amended Proxy Statements. *Id.* at ¶¶ 5, 24-27, 29. It also states that these statements influenced the shareholder vote that took place on March 30, 2016 in China. *Id.* at ¶¶ 4, 6. Finally, it asserts that the Company made misstatements and omissions in its April 28, 2016 Annual Report. *Id*. at ¶ 28. The Complaint in the New York Action alleges virtually identical allegations. *Compare, e.g.*, Compl. ¶¶ 1-2, 4-6, 24-29 *with* Jacobsen Decl. Ex. 1, ¶¶ 1-2, 4-6, 22-27. In the Press Releases announcing these events, the listed U.S. media and investor contact is in New York. *See, e.g.*, Jacobsen Decl. Ex. 6, 3/3/16 Form 6-K at Ex. 99.1 at 5; Ex. 7, 3/30/16 Form 6-K at Ex. 99.1 at 5. Neither Qihoo's ADS receipt, nor the public documents at issue involves California.

On April 15, 2019, Lead Plaintiff Movants moved to transfer the New York Action to the Central District of California. *See* Jacobsen Decl. Ex. 8. On April 18, 2019, before Defendants had filed appearances, the Southern District of New York Court dismissed the New York Action without prejudice in response to Lead Plaintiff Movants' Motion to Transfer, but noted that the dismissal was intended to preserve defendants' ability to oppose transfer. *Id.* at 3. On April 25, 2019, Lead Plaintiff

Jacobsen Decl. Ex. 5, 5/8/14 Deposit Agreement at Section 1, § 1.01, 2.01, Exhibit A.

Movants moved the Southern District of New York Court to reconsider its April 18, 2019 Order and to grant the Motion to Transfer. *Id.*   In response, the Southern District of New York Court ordered Defendants to file an appearance and submit a brief setting forth their position regarding Lead Plaintiff Movants' Motion to Transfer. *Id.* Perhaps in an attempt to avoid the New York Court from reviewing Defendants' Opposition and denying Plaintiff's Motion, a few days later, on May 20, 2019, Lead Plaintiff Movants filed a notice of voluntary dismissal in the New York Action.   Jacobsen Decl. Ex. 4.   As demonstrated below, this case should be transferred to the Southern District of New York—a forum specifically chosen by ODS, one of the Lead Plaintiff Movants.

**III.    The Court Should Transfer Venue to New York.**

The proper venue for this action is the Southern District of New York, which is the venue expressly chosen in the forum-selection clause found in the receipts for the ADS's at issue, where this case was first filed, and where the interests of convenience and justice indicate this case should be adjudicated.

**A.    The Forum-Selection Clause Requires the Action to Be Transferred to the Southern District of New York.**

Parties may use a motion to transfer under 28 U.S.C. § 1404(a) to enforce a forum-selection clause. *Yates v. Norsk Titanium US, Inc.*, No. SACV 17-01089 AG (SKx), 2017 WL 8232188, at *2 (C.D. Cal. Sept. 20, 2017) (granting motion to transfer).   Indeed, "a proper application of section 1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases." *LaCross v. Knight Trans., Inc.*, 95 F. Supp. 3d 1199, 1202-1203 (C.D. Cal. 2015). Although the burden of demonstrating the desirability of transfer ordinarily lies with the party moving to transfer, where a forum-selection clause governs, it is "the party seeking to escape a forum-selection clause [that] bears the 'heavy burden' of establishing that transfer is unwarranted." *Yates*, 2017 WL 8232188, at *2 (granting motion to transfer to Southern District of New York, the forum specified

MEMO ISO MOTION TO TRANSFER

5

in the forum-selection clause) (citation omitted).

Although purporting to represent Qihoo ADS holders during the relevant time period, Lead Plaintiff Movants have blatantly flouted express contractual obligations of all holders and owners of Qihoo ADS's, who agreed with the Company to have controversies and causes of actions arising out of the ADS's to be "litigated in the Federal and state courts in the Borough of Manhattan." Jacobsen Decl. Ex. 5, 5/8/14 Deposit Agreement, Exhibit A at Section 24(b).[4]  Indeed, courts in this Circuit have stated that where there is a mandatory forum-selection clause, the party seeking to escape the clause must "clearly show that enforcement would be unreasonable and unjust." *Yates*, 2017 WL 8232188, at *2; *see also Atl. Marine Const. Co. v. U.S. Dist. Court*, 571 U.S. 49, 63 (2013) (granting § 1404(a) motion to transfer because "a valid forum-selection clause is given controlling weight in all but the most exceptional cases.") (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988)).  Thus, the case should be transferred to the forum agreed upon in the receipts for the ADS's.

Here, the express terms of the receipts for the ADS's states that "[a]ny controversy, claim or cause of action arising out of or relating to the Shares or other Depositary Shares, the Receipts or the Deposit Agreement . . . shall be litigated in the Federal and state courts in the Borough of Manhattan." Jacobsen Decl. Ex. 5, 5/8/14 Deposit Agreement, Exhibit A at Section 24(b).  Moreover, the Deposit Agreement for the ADS's reiterates that the courts of New York are its chosen forum:  "This Deposit Agreement and the Receipts shall be interpreted and all rights hereunder and

---

[4] To the extent the Court requires it, Defendants request that this Court take judicial notice of the SEC filings at issue, as they are a matter of undisputed public record. *See, e.g.*, *Yates*, 2017 WL 8232188, at *1 (although judicial notice was likely unnecessary on a motion to transfer, the court took notice of federal legislative materials, reasoning that "a court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.") (internal alterations and citation omitted).  SEC filings are public records of which this Court routinely takes notice. *E.g.*, *Yuen v. U.S. Stock Transfer Co.*, 966 F. Supp. 944, 945 n.1 (C.D. Cal. 1997).

thereunder and provisions hereof and thereof shall be governed by the laws of the State of New York . . . ." *Id.* at Section 7.09. There is no question that the forum specified in the Agreement is New York—perhaps why Plaintiff ODS first filed its Complaint in this judicial district.

The Second Circuit was recently presented with this exact issue in *Fasano v. Peggy Yu Yu, et al.*, 921 F.3d 333 (2d Cir. 2019). There, the plaintiffs-appellants, including Lead Plaintiff Movant Altimeo, appealed a judgment of the district court, which had previously dismissed a putative class action involving a "going private merger" of a Chinese-based company, incorporated in the Cayman Islands, on *forum non conveniens* grounds. In fact, Plaintiff Altimeo argued in the district court and on appeal in *Fasano* that "it is an abuse of discretion for a district court not to consider such a forum clause," which provided that the case should be litigated in New York. *Id.* at 336-337. The Second Circuit disagreed with the district court's holding that the Cayman Islands provided an adequate alternative forum, instead turning to the express language of the mandatory forum-selection clause. *Id.* Specifically, the forum-selection clause stated that certain controversies, claims, or causes of action arising out of the ADSs "shall be litigated in the Federal and state courts in the Borough of Manhattan, The City of New York." *Id.* (quoting Jacobsen Decl. Ex. 9, Dangdang ADS Agreement Ex. A, Section 23(b)). The Second Circuit ultimately held that the district court's failure to consider the forum-selection clause in its *forum non conveniens* analysis was "an abuse of discretion," *id.*, explaining that "a forum selection clause modifies, and therefore should be a part of, the *forum non conveniens* analysis." *Id.* Although this case is not controlling, its well-reasoned holding is grounded in the interpretation of the same federal transfer statute applied to strongly analogous facts, and Defendants respectfully submit that this Court should use the decision as a roadmap for determining here that the forum-selection clause controls.

Moreover, given Plaintiff Altimeo's arguments in *Fasano*, it cannot possibly now turn around and seriously contend that the choice of forum set forth in the forum-

selection clause should be ignored. The mandatory forum-selection clause in Qihoo's receipts for the ADS's requires that any action "shall be litigated" in New York courts. The ADS receipt at issue here includes identical language to the forum-selection clause in *Fasano.* *Compare* Jacobsen Decl. Ex. 9, Dangdang ADS Agreement Ex. A, Section 23(b) ("Any controversy, claim or cause of action arising out of or relating to the Shares or other Deposited Securities, the American Depositary Shares, the Receipts or the Deposit Agreement not subject to arbitration under Section 7.06 of the Deposit Agreement shall be litigated in the Federal and state courts in the Borough of Manhattan, The City of New York . . . ") *to* Jacobsen Decl. Ex. 5, 5/8/14 Deposit Agreement, Exhibit A at Section 24(b) ("Any controversy, claim or cause of action arising out of or relating to the Shares or other Deposited Securities, the American Depositary Shares, the Receipts or the Deposit Agreement not subject to arbitration under Section 7.06 of the Deposit Agreement shall be litigated in the Federal and state courts in the Borough of Manhattan, The City of New York. . ."). Accordingly, the forum-selection clause's express provision requiring litigation to be adjudicated in a New York court mandates transfer, particularly given that the convenience of witnesses and parties and the interests of justice also weigh in favor of transfer, *see infra* Section III.C., and Plaintiff cannot meet its "heavy burden" of establishing that transfer is improper. *LaCross, Inc.*, 95 F. Supp. 3d at 1207.

> **B.    Lead Plaintiff Movants Concede that the Case Could And Should Be Brought in New York, as the New York Action Was "First-Filed."**

A court may transfer under Section 1404(a) to any district where the case "might have been brought." *See* 28 U.S.C. § 1404(a); *Mollicone v. Universal Handicraft, Inc.*, No. 2:16–cv–07322–CAS(MRWx), 2017 WL 1405157, at * 4 (C.D. Cal. Apr. 17, 2017). Co-Lead Plaintiff Movant ODS first filed a case in the Southern District of New York on January 17, 2019. Jacobsen Decl. Ex. 1. A few weeks later, Plaintiff Altimeo filed the present case—a virtually identical complaint with identical

claims—in this Court on March 5, 2019. Dkt. 1. Defendants and Counsel in both the New York Action and California Action were the same, and similar to Altimeo in this Action, ODS and Altimeo jointly moved for appointment of co-Lead Plaintiffs in both the New York Action and the California Action. Jacobsen Decl. Ex. 2; California Action, Dkt. 10. Even the putative classes alleged in the complaints are virtually identical. Jacobsen Decl. Ex. 1 at ¶ 1; Dkt. 1 at ¶ 1. In the New York Action, co-Lead Plaintiff Movant ODS conceded that venue was proper in the Southern District of New York. Jacobsen Decl. Ex. 1 at ¶ 11 (venue is proper in the Southern District of New York under 15 U.S.C. § 78aa and 28 U.S.C. § 1391(b) because "[d]uring the Class Period, Qihoo 360's stock and ADS were listed and traded on the New York Stock Exchange ('NYSE'), located within [the Southern District of New York]"). Therefore, the parties agree that this Action can proceed in the Southern District of New York.

Moreover, the "first-to-file" rule also militates in favor of transfer. The rule states that "unless compelling circumstances justify departure from the rule, the first-filed action should be permitted to proceed." *Tricom Research, Inc. v. Tactical Support Equipment, Inc.*, No. CV 08–2130–RGK (PLAx), 2008 WL 11338513, at *3 (C.D. Cal. June 27, 2008) (internal quotations and citation omitted). Perhaps aware that the forum-selection clause and first-filed rule defeated their Motion to Transfer the New York Action to this Court—and rather than expose their inability to show "compelling circumstances" for the New York Action to be transferred—Lead Plaintiff Movants instead voluntarily dismissed the first-filed action. Jacobsen Decl. Ex. 4. Lead Plaintiff Movants should not be rewarded for using gamesmanship to avoid adjudicating this dispute in the forum contractually agreed upon in the forum-selection clause, and the case should be transferred to the Southern District of New York.

### C. To the Extent The Court Considers Other Factors, Convenience and the Interests of Justice Weigh in Favor of the Southern District of New York.

Though the Court should grant the Motion to Transfer on the independent basis of the forum-selection clause,[5] Defendants nonetheless address the convenience of the parties and witnesses and the interests of justice because these factors also weigh in favor of transfer to the Southern District of New York. The Court may transfer a case where the convenience of the parties, the convenience of the witnesses, and the interests of justice weigh in favor of transfer. *See* 28 U.S.C. § 1404(a); *Mollicone*, 2017 WL 1405157, at *4. To determine whether the "interests of justice" favor transfer, courts in the Central District of California have discretion to weigh: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of the compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *See EFG Bank AG, Cayman Branch v. Lincoln Nat'l Life Ins. Co.*, CV 17-817 JFW(KSx), 2017 WL 5635022, at *2 (C.D. Cal. June 8, 2017) (granting motion to transfer venue) (citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-499 (9th Cir. 2000).

### 1. Plaintiffs' Choice of Forum is Entitled to No Weight.

First, although the Plaintiffs' forum choice is generally given deference, where the action is a class action and the plaintiff does not reside in the chosen forum, "the usual reasons for deferring to a plaintiff's choice of forum do not apply." *Mollicone*,

---

[5] Unless Plaintiffs can "clearly show that enforcement [of the forum-selection clause] would be unreasonable and unjust," the forum-selection clause must be enforced. *Yates*, 2017 WL 8232188, at *2.

2017 WL 1405157, at * 5 (granting motion to transfer class action from plaintiff's chosen forum); *In re Yahoo! Inc.*, Nos. CV 07–3125 CAS (FMOx), CV07–3902–CAS(FMOx), 2008 WL 707405, at *3, 6 (C.D. Cal. Mar. 10, 2008) (there is "no reason to accord plaintiffs' choice of forum special deference" where the putative class is defined as "all persons who purchased [defendant]'s common stock within the Class Period," meaning the class "presumably consists of persons residing throughout the United States").

Here, Lead Plaintiff Movants have not alleged that they reside in California. Dkt. 1; Jacobsen Decl. Ex. 1. Moreover, the suit is brought on behalf of a putative class, where the class is not alleged to be concentrated in any U.S. jurisdiction. Compl. ¶ 1. Importantly, as explained *supra* Section III.B., co-Lead Plaintiff Movant ODS originally filed in the Southern District of New York.  Given that co-Lead Plaintiff Movant Altimeo subsequently chose to file in this Court to which it has no ties, Lead Plaintiff Movants' choice of forum "deserves no special treatment." *In re Yahoo! Inc.*, 2008 WL 707405, at *7.

### 2. The Convenience of Parties and Witnesses Favors Transfer.

The convenience of the parties and witnesses weighs in favor of transfer.  As explained above, neither of the Lead Plaintiff Movants allege that they reside in California, and in a securities class action, plaintiff's choice of forum is entitled to no weight.  *In re Yahoo! Inc.*, 2008 WL 707405, at *3 (granting motion to transfer where no plaintiff resides in the transferor district or that it was for some reason especially convenient for them).  Plaintiff ODS also originally considered this forum to be convenient by virtue of the fact that they chose it as their original place of filing. *See supra* Section III.B.[6]

---

[6] To the extent the Court considers the convenience of the parties' counsel, both Pomerantz LLP and Dechert LLP have offices in New York. *See, e.g., Perez v. Performance Food Group, Inc.*, No.15-cv-02390-HSG, 2017 WL 66874, at *5 n.9 (N.D. Cal. Jan. 6, 2017) (finding the convenience of the parties weighed in favor of transfer where both plaintiff and defense counsel maintained offices in the transferee forum).

Here, as Lead Plaintiff Movants recognize, Qihoo 360's principal executive offices are located in China.  Compl. ¶ 15.  Indeed, two of the defendants reside outside of the United States, as Plaintiff has initiated service via Hague Convention upon them. Dkt. 17 at 1-2.  Courts consider the difference in travel between China and New York versus California to be insignificant. *Pfeiffer v. Himax Tech. Inc.*, 530 F. Supp. 2d 1121, 1124 (C.D. Cal. 2008) (finding S.D.N.Y. and C.D. Cal. neutral with regard to travel from China); *see also Atl. Recording Corp. v. Project Playlist, Inc.*, 603 F. Supp. 2d 690, 695-96 n.8 (S.D.N.Y. 2009) (the distance between C.D. Cal. and S.D.N.Y. is "not significant" for purposes of the convenience analysis).  And while Defendant Chen is located in California, it is not up to Lead Plaintiff Movant to determine what is more convenient for Defendant Chen, who does not oppose transfer to the Southern District of New York.  Moreover, Qihoo 360's listed U.S. media and investor inquiries contact in the Press Releases relating to the alleged misstatements—is in New York. *See*, *e.g.*, Jacobsen Decl. Ex. 6, 3/3/16 Form 6-K at Ex. 99.1 at 5; Ex. 7, 3/30/16 Form 6-K at Ex. 99.1 at 5.

Therefore, the convenience of the parties and witnesses favor transfer to the Southern District of New York.

### 3.  On Balance, the Interests of Justice Weigh In Favor of Transfer.

The lack of contacts relating to Plaintiff's cause of action in the chosen forum weighs in favor of transfer.  In a securities fraud action, "alleged misrepresentations and omissions . . . are deemed to 'occur' in the district where they are transmitted or withheld, not where they are received." *In re Yahoo! Inc.*, 2008 WL 707405, at *8 (granting motion to transfer where allegedly false public statements occurred at defendant's headquarters, which was located outside of the transferor forum) (citation omitted).  In this case, the cause of action is based on Qihoo 360's allegedly false or misleading public statements transmitted from its headquarters in China, allegedly impacting the price of ADS's traded on the NYSE. *See, e.g.*, Compl. ¶¶, 6

15. As explained above, the U.S. contact listed on these public statements is located in New York. *Supra* Section III.C.2. The Individual Defendant Chen who allegedly authorized these statements does not object to this case being adjudicated in New York. Compl. ¶ 19. Therefore, this factor weighs in favor of transfer.

The availability of process to compel attendance of unwilling witnesses also favors transfer to New York. Ordinarily, where the transferor forum would not be in a better position to issue a subpoena than the transferee forum, this factor is neutral. *In re Galectin Therapeutics, Inc. Sec. Litig.*, Nos. 3:14–CV–00399–RCJ–WGC, 3:14–CV–00402–RCJ–WGC, 2015 WL 260881, at *5 (D. Nev. Jan. 21, 2015) (granting motion to transfer). However, because Defendant Chen does not object to process in New York, and there are U.S. contacts in New York within reach of a subpoena, Exs. 6-7 (Press Releases), this factor, again, weighs in favor of transfer to New York.

The forum's familiarity with the governing law is a neutral factor. *Tran v. Third Ave. Mgmt. LLC*, CV-16-602, 736, 770, 904-MWF (SSx), 2016 WL 6828217 at *6, (C.D. Cal. April 12, 2016) (familiarity with governing law is a neutral factor because "the courts of [the Central District of California] as well as SDNY are versed in and capable of applying securities law"; granting motion to transfer).

The location of documentary evidence and the concomitant differences in costs of litigation in the two forums are also neutral factors. Where a moving party has not made any concrete illustration of "significant hardship" to either side relating to documents or other non-testimonial evidence, courts hold that the "technological developments have reduced the burden of retrieving and transporting documents" means that any evidence can easily be produced in either forum. *Heredia v. Sunrise Senior Living LLC*, No. 18-cv-00616-HSG, 2018 WL 5734617, at *6 (N.D. Cal. Oct. 31, 2018) (location of evidence "is neutral or carries only minimal weight when the evidence is in electronic form.") (citation omitted); *Wilmington Savings Fund Society FSB v. PHL Variable Ins. Co.*, No. 2:12–cv–4926–SVW–AJW, 2013 WL 12226657,

at *4 (C.D. Cal. Mar. 28, 2013). In this securities litigation case, the public statements at issue were transmitted electronically from Qihoo 360's headquarters in Beijing. Therefore, because litigating this action where the statements were transmitted is presumably not an option and the difference in costs for adjudicating in New York versus California is not legally significant, the costs of litigating in New York versus California and the comparative access to evidence are neutral factors. *See*, *e.g.*, *Bondali v. Yum! Brands, Inc.*, SACV 13-117-JST (JPRx), 2013 WL 12129379, at *6 n.6 (C.D. Cal. May 1, 2013).

Accordingly, on balance, the interests of justice weigh in favor of transfer, and the Motion to Transfer should be granted.

## CONCLUSION

For the foregoing reasons, the Court should grant the Motion to Transfer Venue to the Southern District of New York.

Dated:  June 4, 2019          **DECHERT LLP**

By:   */s/ Nathan M. McClellan*
        Nathan M. McClellan

        David H. Kistenbroker (*pro hac vice*)
        Email: david.kistenbroker@dechert.com
        Joni S. Jacobsen (*pro hac vice*)
        Email: joni.jacobsen@dechert.com
        35 West Wacker, Suite 3400
        Chicago, IL 60601
        Telephone: (312) 646-5800

        *Counsel for Defendants Qihoo Technology Co. Ltd. & Eric Chen*