# EXHIBIT 3

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ODS CAPITAL LLC, Individually and On Behalf of All Others Similarly Situated, | |
| Plaintiff, | Case No. 1:19-cv-00501-PAE |
| v. | |
| QIHOO 360 TECHNOLOGY CO. LTD., HONGYI ZHOU, XIANGDONG QI AND ERIC X. CHEN, | |
| Defendants. | |

## DEFENDANTS QIHOO 360 TECHNOLOGY CO. LTD. AND ERIC X. CHEN'S OPPOSITION TO THE LEAD PLAINTIFF MOVANTS' MOTION TO TRANSFER TO THE CENTRAL DISTRICT OF CALIFORNIA

DECHERT LLP
David H. Kistenbroker*
Joni S. Jacobsen*
Angela Liu*
35 West Wacker Drive
Suite 3400
Chicago, IL 60601
(312) 646-5800
david.kistenbroker@dechert.com
joni.jacobsen@dechert.com
angela.liu@dechert.com

*Counsel for Defendants Qihoo 360 Technology Co. Ltd. and Eric X. Chen*

*admitted *pro hac vice*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

FACTS ..................................................................................................................................... 3

ARGUMENT ............................................................................................................................ 5

I.      LEAD PLAINTIFF MOVANTS' MOTION TO TRANSFER VENUE TO THE
        CENTRAL DISTRICT OF CALIFORNIA SHOULD BE DENIED ............................... 5

        A.      The Forum Selection Clause Requires the Action to Remain in This Court. ........ 6

        B.      Lead Plaintiff Movants Cannot Overcome the "First-Filed Rule" ........................ 9

        C.      To the Extent The Court Considers Other Factors, the Balance of
                Convenience Weighs in Favor of the Southern District of New York ................ 10

                1.      The Original Choice of Forum Should Remain in Place. ........................ 10

                2.      Trial Efficiency and the Interests of Justice Do Not Favor Transfer. ....... 11

                3.      The Convenience of the Parties and Witnesses Is Neutral at Best. ......... 12

                4.      On Balance, the Remaining Factors Weigh Against Transfer. ................ 13

CONCLUSION ...................................................................................................................... 15

## TABLE OF AUTHORITIES

CASES

*Altimeo Asset Management v. Qihoo 360 Technology Co. Ltd., et al.*,
  Case No. 2:19-cv-01619 (C.D. Cal.)........................................................................1, 3

*Atl. Recording Corp. v. Project Playlist, Inc.*,
  603 F. Supp. 2d 690 (S.D.N.Y. 2009)..............................................................13, 14

*Bakken Resources, Inc. v. Edington*,
  No. 15 Civ. 8686 (ALC), 2019 WL 1437273 (S.D.N.Y. Mar. 29, 2019)................11

*Capitol Records, Inc. v. MP3tunes, LLC*,
  No. 07 Civ. 9931, 2008 WL 4450259 (S.D.N.Y. Sept. 29, 2008)............................6

*D.H. Blair & Co. v. Gottdiener*,
  462 F.3d 95 (2d Cir. 2006).........................................................................5, 9, 10

*Eslworldwide.com, Inc. v. Interland, Inc.*,
  No. 06 CV 2503(LBS), 2006 WL 1716881 (S.D.N.Y. June 21, 2006)...................13

*Fasano v. Peggy Yu Yu, et al.*,
  921 F.3d 333 (2d Cir. 2019).................................................................................7, 8

*Ferrostaal, Inc. v. M/V EAGLE*,
  No. 02 Civ. 1887(NRB), 2003 WL 21496689 (S.D.N.Y. June 30, 2003)...............11

*Grant & Eisenhofer, P.A. v. Bernstein Liebhard LLP*,
  No. 14–CV–9839, 2015 WL 5751252 (S.D.N.Y. Sept. 30, 2015) .........................13

*In re Geopharma, Inc.*,
  No. 04 Civ. 9463(SAS), 2005 WL 1123883 (S.D.N.Y. May 11, 2005)..................13

*In re Nematron Corp. Sec. Litig.*,
  30 F. Supp. 2d 397 (S.D.N.Y. 1998)....................................................................14

*Janbay v. Canadian Solar, Inc.*,
  272 F.R.D. 112 (S.D.N.Y. 2010) ...............................................................6, 10, 14

*Paduano v. Express Scripts Inc.*,
  55 F. Supp. 3d 400 (E.D.N.Y. 2014) ........................................................5, 6, 10

*Pfeiffer v. Himax Tech.*,
  530 F. Supp. 1121 (C.D. Cal. 2008) ....................................................................12

*Royal & Sun Alliance Ins., PLC v. Nippon Express USA, Inc.*,
  202 F. Supp. 3d 399 (S.D.N.Y. 2016).............................................................14, 15

*Sotheby's, Inc. v. Minor*,
No. 08 Civ. 7694, 2009 WL 73134 (S.D.N.Y. Jan. 6, 2009).......................................................9

**STATUTES**

15 U.S.C. § 78u-4(a)(3)(B)(ii) ................................................................................................12

28 U.S.C. § 1404(a) ..........................................................................................................3, 5, 6, 9

Private Securities Litigation Reform Act.............................................................................3, 12

**OTHER AUTHORITIES**

Fed. R. Civ. P. 42(a) ................................................................................................................11

Defendants Qihoo 360 Technology Co. Ltd. ("Qihoo 360" or the "Company") and Eric X. Chen (collectively, the "Defendants") respectfully submit this Memorandum of Law in opposition to the Motion to Transfer to the Central District of California ("Motion" or "Mot.", Dkt. 15) filed by Plaintiff ODS Capital LLC ("ODS") and Altimeo Asset Management ("Altimeo", and collectively with ODS, "Lead Plaintiff Movants").[1]

**PRELIMINARY STATEMENT**

This securities class action suit belongs in the Southern District of New York. Plaintiff ODS's complaint, first filed in the Southern District of New York, is brought on behalf of former owners of Qihoo 360 stock and American Depositary Shares ("ADS's") previously traded on the New York Stock Exchange ("NYSE"), and challenges public statements relating to a going-private merger (the "New York Action"). Weeks later, another securities owner, Altimeo, filed a complaint in the Central District of California against the same defendants. That suit, *Altimeo Asset Management v. Qihoo 360 Tech. Co. et al.*, No. 2:19-cv-01619 (C.D. Cal. filed March 5, 2019) (the "California Action"), also involves the same allegations. According to Plaintiffs, "[t]his case concerns a scheme by Qihoo 360 and certain of its officers and/or directors to depress the value of Qihoo 360's stock and ADS in order to avoid paying a fair price to Qihoo 360's shareholders during a transaction to take the Company private" in violation of the Securities Exchange Act. Subsequently, Altimeo and ODS jointly moved in both actions to be appointed as Co-Lead Plaintiffs with Pomerantz LLP as counsel in both actions and sought to transfer the New York Action to the Central District of California.

On April 18, 2019, before Defendants had appeared in the action, the Court dismissed this action without prejudice in response to Lead Plaintiff Movants' Motion to Transfer (the "April 18,

---

[1] The remaining defendants Hongyi Zhou and Xiangdong Qi have not yet been served.

2019 Order") but noted that the dismissal "preserve[s] defendants' ability to argue, in a future action, that transfer to this District, or another District, is appropriate." Dkt. 18 at 2. On April 25, 2019, Lead Plaintiff Movants moved the Court to reconsider its April 18, 2019 Order and to grant the Motion to Transfer. In response, Defendants take no position on this Court's reconsideration of its dismissal of the Complaint, but Defendants oppose Lead Plaintiff Movants' Motion to Transfer. As demonstrated below, the case should remain in the Southern District of New York—a forum specifically chosen by ODS, one of the Lead Plaintiff Movants.

*First,* the forum selection clause in the receipts for the ADS's requires the New York Action remain in a court in New York. Indeed, the forum selection clause plainly states that controversies and causes of action arising out of the ADS's "shall be litigated in the federal and state courts in the Borough of Manhattan, The City of New York."

*Second*, in addition to the plain language of the forum selection clause, the first-to-file rule as upheld by courts in Second Circuit provides that absent special circumstances or a balance of convenience in the movants' favor—neither of which are present here—the location of the first-filed action takes priority. Thus, this case should remain in the Southern District of New York.

*Third*, given the facts alleged, Lead Plaintiff Movants have not met their burden of making a clear and convincing showing that the case should be transferred elsewhere. Qihoo's headquarters are in China, and the Company is incorporated in the Cayman Islands. And other than Defendant Chen, Lead Plaintiff Movants have failed to identify any potentially relevant witnesses or documentary evidence that are located in California. Indeed, while Plaintiff claims that Defendant Chen is located in California and thus it is more convenient for him, it is not up to Plaintiff—but instead Defendant Chen—to decide whether he objects to the venue on convenience grounds. Moreover, while Defendants do not disagree that consolidation is efficient, particularly

2

given that the Private Securities Litigation Reform Act ("PSLRA") contemplates consolidation before a lead plaintiff is chosen, this factor does not help Lead Plaintiff Movants meet their burden; consolidation could just as easily be accomplished in the Southern District of New York as the Central District of California.

As set forth more fully below, Lead Plaintiff Movants fail to make a clear and convincing showing that the balance of convenience factors favor transfer. Thus, pursuant to 28 U.S.C. § 1404(a), the Court should deny Lead Plaintiff Movants' Motion to Transfer this action to the Central District of California.

## **FACTS**

As Lead Plaintiff Movants acknowledge, there are currently two pending putative securities class actions arising out of the same allegations—this action, which was filed on January 17, 2019, and the California Action, *Altimeo Asset Management v. Qihoo 360 Technology Co. Ltd., et al.*, Case No. 2:19-cv-01619 (C.D. Cal.), filed on March 5, 2019. Jacobsen Decl. Ex. 1. Altimeo and ODS have jointly moved in both actions to be appointed as Co-Lead Plaintiffs with Pomerantz LLP as counsel in both the New York and California Actions (Dkt. Nos. 7 to 9; California Action Dkt Nos. 10 to 12)).[2] No other parties have moved for appointment as Lead Plaintiff. As Lead Plaintiff Movants acknowledge, this New York Action and the California Action allege the same issues arising out of a going-private merger, involve the same parties, and are brought on behalf of the same putative class. Mot. at 3 (Dkt. 3).

Defendant Qihoo 360 is incorporated under the laws of the Cayman Islands with principal offices located in China. Compl. ¶ 13. Defendant Eric Chen is located in California. Mot. at 1, 3. Prior to Qihoo's going-private merger, the Company's ADS's were listed and traded on the

---

[2] After a substitution of counsel (Dkt. 6), Pomerantz is currently counsel for Lead Plaintiff Movants in both the New York Action and California Action.

NYSE, located in this District. Compl. ¶ 11. According to the express terms of the ADS receipt, "[a]ny controversy, claim or cause of action arising out of or relating to the Shares or other Depositary Shares, the Receipts or this Deposit Agreement . . . shall be litigated in the Federal and state courts in the Borough of Manhattan." Jacobsen Decl. Ex. 2, 5/8/14 Deposit Agreement at Exhibit A, Section 24(b)).[3]

Plaintiff filed the Complaint "on behalf of all former owners of Qihoo 360 stock and American Depositary Shares ('ADSs') who sold shares, and were damaged thereby." Compl. ¶ 1. The heart of its claim is centered on the idea that Defendants "fail[ed] to provide shareholders adequate disclosure of all material information" regarding a Merger the Company entered into on December 18, 2015. *Id*. at ¶¶ 2, 4. The Complaint alleges that the Company "ma[de] false assurances about the fair value of Qihoo 360's stock and ADS" between January 11, 2016 and July 15, 2016 such that "shareholders were misled into accepting consideration from the Merger that was well below fair value for their Qihoo 360 shares." *Id.* at ¶¶ 1-2. ODS attempts to allege misstatements or omissions in the January 11, 2016 Proxy Statement and subsequent Amended Proxy Statements. *Id.* at ¶¶ 5, 24-26. It also states that these statements influenced the shareholder vote that took place on March 30, 2016 in China. *Id.* at ¶ 6. Finally, it asserts that the Company made misstatements and omissions in its April 28, 2016 Annual Report. *Id*. at ¶ 26. In the Press Releases announcing these events, the listed U.S. media and investor inquiries contact is in New York. *See, e.g.*, Jacobsen Decl. Ex. 3, 3/3/16 Form 6-K at Ex. 99.1 at 5; Ex. 4, 3/30/16 Form 6-K at Ex. 99.1 at 5. Neither Qihoo's ADS receipt, nor the public documents at issue involves California.

---

[3] Exhibit A to the Deposit Agreement is referred to as the "Receipt." *See* Jacobsen Decl. Ex. 2, 5/8/14 Deposit Agreement at Section 1, § 1.01, 2.01, Exhibit A.

On April 15, 2019, Lead Plaintiff Movants moved the Court to transfer the New York Action to the Central District of California. Dkt. 14. On April 18, 2019, before Defendants had filed appearances, the Court dismissed the New York Action without prejudice in response to Lead Plaintiff Movants' Motion to Transfer but noted that the dismissal was intended to preserve defendants' ability to oppose transfer. Dkt. 18 at 2. On April 25, 2019, Lead Plaintiff Movants moved the Court to reconsider its April 18, 2019 Order and to grant the Motion to Transfer. Dkt. 19. In response, Court ordered Defendants to file an appearance and submit a brief setting forth their position regarding Lead Plaintiff Movants' Motion to Transfer. Dkt. 21.

## ARGUMENT

**I. LEAD PLAINTIFF MOVANTS' MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA SHOULD BE DENIED.**

Despite Lead Plaintiff Movants' protestations, the New York Action should remain in the Southern District of New York pursuant to 28 U.S.C. § 1404(a). Between two competing lawsuits on a Section 1404(a) motion to transfer, the first suit has priority unless the moving party can show the balance of convenience weighs in favor of the second. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). The existence of a forum selection clause can also be dispositive. *Paduano v. Express Scripts Inc.*, 55 F. Supp. 3d 400, 432 (E.D.N.Y. 2014) (the court "should not consider arguments about the parties' private interests" where there is a forum selection clause) (citation omitted). Where the courts reach additional balance of convenience considerations, courts in the Southern District of New York consider the following factors: (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded to a plaintiff's choice of forum; and (9)

trial efficiency and the interests of justice. *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 121-22 (S.D.N.Y. 2010) (citing *Capitol Records, Inc. v. MP3tunes, LLC*, No. 07 Civ. 9931, 2008 WL 4450259, at *5 (S.D.N.Y. Sept. 29, 2008)). The "burden of demonstrating the desirability of transfer lies with the moving party," who must "make a clear and convincing showing that the balance of convenience favors [the movant's] choice." *Janbay*, 272 F.R.D. at 121-22 (internal quotations and citation omitted).

First, the ADS receipt's forum selection clause requires the New York Action remain in this Court. Next, the New York Action was filed first in the Southern District of New York. Last, Lead Plaintiff Movants have not made a clear and convincing showing that the balance of convenience factors warrants transfer to California.

### A.      The Forum Selection Clause Requires the Action to Remain in This Court.

Although purporting to represent Qihoo ADS holders during the relevant time period, Lead Plaintiff Movants have blatantly flouted express contractual obligations of all holders and owners of Qihoo ADS's, who agreed with the Company to have controversies and causes of actions arising out of the ADS's to be "litigated in the Federal and state courts in the Borough of Manhattan." Jacobsen Decl. Ex. 2, 5/8/14 Deposit Agreement, Exhibit A at Section 24(b). Indeed, courts in this Circuit have stated that where there is a mandatory forum selection clause, the court should ignore all other private factors in considering a motion to transfer. *Paduano*, 55 F. Supp. 3d at 438 (granting a motion to transfer to the forum specified in the forum selection clause). When a district court is considering a Section 1404(a) motion, "the plaintiff's choice of forum merits no weight, and a court should not consider arguments about the parties' private interests, as they previously agreed (contractually) to litigate in a specified forum." *Id.* at 432 (internal quotations and citation omitted). Thus, as the parties flouting the chosen forum, Lead Plaintiff Movants bear the burden

6

of demonstrating that the public-interest factors merit transfer, and absent special circumstances, the case should remain in the forum specified in the receipts for the ADSs. *Id.* at 432.

Here, the express terms of the receipts for the ADSs states that "[a]ny controversy, claim or cause of action arising out of or relating to the Shares or other Depositary Shares, the Receipts or the Deposit Agreement . . . shall be litigated in the Federal and state courts in the Borough of Manhattan." Jacobsen Decl. Ex. 2, 5/8/14 Deposit Agreement, Exhibit A at Section 24(b). Moreover, the Deposit Agreement for the ADSs reiterates that the courts of New York are its chosen forum: "This Deposit Agreement and the Receipts shall be interpreted and all rights hereunder and thereunder and provisions hereof and thereof shall be governed by the laws of the State of New York . . . ." *Id.* at Section 7.09. There is no question that the forum specified in the Agreement is New York—perhaps why Plaintiff ODS first filed its Complaint in this judicial district.

The recent Second Circuit case, *Fasano v. Peggy Yu Yu, et al.*, 921 F.3d 333 (2d Cir. 2019), is instructive. There, the plaintiffs-appellants, including Lead Plaintiff Movant Altimeo, appealed a judgment of the district court, which had previously dismissed a putative class action involving a "going private merger" of a Chinese-based company, incorporated in the Cayman Islands, on *forum non conveniens* grounds. In fact, Lead Plaintiff Movant Altimeo argued in the district court and on appeal in *Fasano* that "it is an abuse of discretion for a district court not to consider such a forum clause," which provided that the case should be litigated in New York. *Fasano*, 921 F.3d at 336-37. The Second Circuit disagreed with the district court's holding that the Cayman Islands provided an adequate alternative forum, instead turning to the express language of the mandatory forum selection clause. 921 F.3d at 336. Specifically, the forum selection clause stated that certain controversies, claims, or causes of action arising out of the ADSs "shall be litigated in the Federal

7

and state courts in the Borough of Manhattan, The City of New York." *Id.* (quoting Jacobsen Decl. Ex. 5, Dangdang ADS Agreement Ex. A, Section 23(b)). The Second Circuit ultimately held that the district court's failure to consider the forum selection clause in its *forum non conveniens* analysis was "an abuse of discretion," *id.* at 337, explaining that "the forum selection clause modifies, and therefore should be a part of, the *forum non conveniens* analysis." *Id.*

Given co-Lead Plaintiff Movant Altimeo's arguments in *Fasano*, it cannot possibly now turn around and seriously contend that the choice of forum set forth in the Forum Selection Clause should be ignored. The mandatory forum selection clause in Qihoo's receipts for the ADS's requires that any action "shall be litigated" in New York courts. The ADS receipt at issue here includes identical language to the forum selection clause in *Fasano.* *Compare* Jacobsen Decl. Ex. 5, Dangdang ADS Agreement Ex. A, Section 23(b) ("Any controversy, claim or cause of action arising out of or relating to the Shares or other Deposited Securities, the American Depositary Shares, the Receipts or the Deposit Agreement not subject to arbitration under Section 7.06 of the Deposit Agreement shall be litigated in the Federal and state courts in the Borough of Manhattan, The City of New York . . . ") *to* Jacobsen Decl. Ex. 2, 5/8/14 Deposit Agreement, Exhibit A at Section 24(b) ("Any controversy, claim or cause of action arising out of or relating to the Shares or other Deposited Securities, the American Depositary Shares, the Receipts or the Deposit Agreement not subject to arbitration under Section 7.06 of the Deposit Agreement shall be litigated in the Federal and state courts in the Borough of Manhattan, The City of New York. . ."). Accordingly, the forum selection clause's express provision of litigating in a New York court must be considered for purposes of this Motion to Transfer, and given the absence of other factors weighing in favor of California, *see infra* Section I.C., the selection of New York should be respected.

**B.** **Lead Plaintiff Movants Cannot Overcome the "First-Filed Rule"**

In addition to the plain language of the forum selection clause, it is well-established that "where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *D.H. Blair & Co., Inc.*, 462 F. 3d at 106 (holding investors have not satisfied their burden under Section 1404(a), particularly in light of the first-filed rule) (internal quotations and citation omitted); *see also Sotheby's, Inc. v. Minor*, No. 08 Civ. 7694, 2009 WL 73134, *1 (S.D.N.Y. Jan. 6, 2009) ("It is a well-settled principle in this circuit that where proceedings involving the same parties and issues are pending simultaneously in different federal courts the first-filed of the two takes priority absent special circumstances or a balance of convenience in favor of the second.") (citation omitted).

Plaintiff ODS filed this case in the Southern District of New York on January 17, 2019. Dkt. 1. A few weeks later, Altimeo filed a virtually identical complaint with identical claims in the Central District of California on March 5, 2019. Jacobsen Decl. Ex. 1. The defendants in both the New York Action and California Action are the same. Compl. (Dkt. 1); Jacobsen Decl., Ex. 1. Counsel in both the New York Action and California Action are the same. Both ODS and Altimeo have jointly moved for appointment of co-Lead Plaintiffs in both the New York Action and California Action. Dkt. 7; Jacobsen Decl. Ex. 6. Even the putative classes alleged in the complaints are virtually identical. Compl. ¶ 1; Jacobsen Decl. Ex. 1 (California Action Compl. ¶ 1). The principal difference between the complaints is that the New York Action complaint was filed weeks before the California Action complaint. And Lead Plaintiff Movants have not alleged that there are "special circumstances sufficient to preclude application of the first filed rule." *See D.H. Blair & Co., Inc.*, 462 F.3d at 106 (recognizing an exception to the first-to-file rule where plaintiff establishes that the first-filed action was an "improper anticipatory filing" or that the filing

9

was motivated by forum shopping). Indeed, ODS, one of the Lead Plaintiff Movants, specifically chose the Southern District of New York as the jurisdiction to file its initial Complaint. Accordingly, the New York Action should remain in the Southern District of New York.

### C.    To the Extent The Court Considers Other Factors, the Balance of Convenience Weighs in Favor of the Southern District of New York

Though the Court should deny the Motion to Transfer on the independent bases of either (a) the forum selection clause[4] or (b) the fact that this action in the Southern District of New York was filed first, Defendants nonetheless address the balance of convenience factors because they also weigh in Defendants' favor. *D.H. Blair & Co.*, 462 F.3d at 106 ("Where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second.") (internal alterations and citation omitted). "The burden of demonstrating the desirability of transfer lies with the moving party," who must "make a clear and convincing showing that the balance of convenience favors [the movant's] choice." *Janbay*, 272 F.R.D. at 121-22 (S.D.N.Y. 2010) (citation omitted).

Lead Plaintiff Movants make three fundamentally flawed arguments in attempting to tip the balance of convenience in their favor. Although Lead Plaintiff Movants do not address them, all of the remaining factors considered in the balance of convenience analysis in this Circuit weigh in favor of denying the Motion to Transfer and retaining this case in the Southern District of New York.

### 1.    The Original Choice of Forum Should Remain in Place.

First, Lead Plaintiff Movants argue that their choice of forum "carries great weight." Mot.

---

[4] Indeed, "'private interests' play no role in determining whether to transfer a case based on a forum selection clause" because "when parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses." *Paduano*, 55 F. Supp. 3d at 434.

at 2.  However, "a motion to transfer venue is not ordinarily granted at the request of the party who chose the forum in the first place." *Bakken Resources, Inc. v. Edington*, No. 15 Civ. 8686 (ALC), 2019 WL 1437273, at *6 (S.D.N.Y. Mar. 29, 2019) (citation omitted).  This is because a plaintiff moving to transfer "has already had an opportunity to choose the venue when filing the action. Therefore, a plaintiff moving to transfer must demonstrate, *inter alia*, that after the action was filed there was a change of circumstances that warrants transferring the action to the transferee forum." *Ferrostaal, Inc. v. M/V EAGLE*, No. 02 Civ. 1887(NRB), 2003 WL 21496689 (S.D.N.Y. June 30, 2003) (denying a motion to transfer where the plaintiff failed to show sufficient change in circumstances to warrant transfer); *Bakken Resources, Inc.*, 2019 WL 1437273, at *6 (filing of subsequent lawsuits in another venue is not a sufficient changed circumstance to warrant transfer).

Here, as explained above, ODS specifically chose to file the initial complaint in the Southern District of New York.  The only change in circumstance cited by Lead Plaintiff Movants is the fact that ODS's now co-Lead Plaintiff Movant, Altimeo, subsequently filed suit in the Central District of California.  Mot. at 4.  However, in *Bakken*, the court specifically held that the filing of a subsequent lawsuit in another venue is not a sufficient changed circumstance to warrant transfer.  2019 WL 1437273, at *6.  Therefore, because ODS chose the Southern District of New York as his original filing place, this factor directs that the motion to transfer be denied.

### 2. Trial Efficiency and the Interests of Justice Do Not Favor Transfer.

Second, Lead Plaintiff Movants spill much ink string citing cases supporting the unremarkable proposition that consolidation of two related cases is an efficient result, and noting that co-Lead Plaintiff Movants plan to seek consolidation.  Mot. at 5-6.  Defendants do not disagree that consolidation can be efficient, particularly where, as here, the conditions for consolidation under Federal Rule of Civil Procedure 42(a) are met.  Fed. R. Civ. P. 42(a) (the court may

11

consolidate if the actions before it "involve a common question of law or fact"). Indeed, the PSLRA also contemplates consolidation, providing that where parties seek to consolidate more than one substantially similar class action, "the court shall not make the determination [on appointment of lead plaintiff] until after the decision on the motion to consolidate is rendered." *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thus, the key issue is *where* the consolidation should take place. On this issue, Lead Plaintiff Movants have not met their burden because consolidation could just as easily be accomplished in the Southern District of New York as in the Central District of California. Moreover, the PSLRA contemplates consolidation before any court decides the nearly identical motions for lead plaintiff filed in New York and California.

### 3. The Convenience of the Parties and Witnesses Is Neutral at Best.

The convenience of the parties and witnesses does not tip the balance of conveniences. Lead Plaintiff Movants argue that the New York Action should be transferred because the only individual defendant with a known residence, Eric Chen, is located in California; the remaining witnesses will likely be in China, which, they argue is technically closer to California than New York. Mot. at 7-8. Lead Plaintiff Movants have not met their burden of making a clear and convincing showing that the balance of factors favors California, their choice of forum.

First, as Lead Plaintiff Movants concede, the only parties with known locations are Qihoo, which is headquartered in China, and Defendant Chen, who is located in California. Mot. at 8. Defendant Chen, however, does not object to this case proceeding in the Southern District of New York—thus, Lead Plaintiff Movants cannot use this factor to meet their burden. Moreover, courts consider the difference in travel between China and New York versus California to be insignificant. *Pfeiffer v. Himax Tech.*, 530 F. Supp. 2d 1121, 1124 (C.D. Cal. 2008) (finding S.D.N.Y. and C.D. Cal. neutral with regard to travel from China; denying motion to transfer); *see*

*also Atl. Recording Corp. v. Project Playlist, Inc.*, 603 F. Supp. 2d 690, 695-96 n.8 (S.D.N.Y. 2009) (when witnesses have to travel by plane regardless, the distance between C.D. Cal. and S.D.N.Y. is "not significant" for purposes of the convenience analysis); *Eslworldwide.com, Inc. v. Interland, Inc.*, No. 06 CV 2503(LBS), 2006 WL 1716881, at *4 n.2 (S.D.N.Y. June 21, 2006) (holding that burden of traveling several more hours where party must travel by plane anyway "is not legally significant."). Additionally, Plaintiff ODS originally considered this forum to be convenient by virtue of the fact that they chose it as their original place of filing. *See supra* Section I.C.1.[5] Moreover, neither complaint alleges either of the Lead Plaintiff Movants resides in New York or in California. Dkt. 1; Jacobsen Decl. Ex. 1.

Second, for the court to consider the convenience of the witnesses, the moving party "must clearly specify key witnesses to be called and must make a general statement of what their testimony will cover." *Grant & Eisenhofer, P.A. v. Bernstein Liebhard LLP*, No. 14–CV–9839, 2015 WL 5751252, at *7 (S.D.N.Y. Sept. 30, 2015) (citation omitted). Lead Plaintiff Movants make no specifications of who their witnesses will be; therefore this factor carries no weight. Because the moving party bears the burden of providing clear and convincing evidence in favor of transfer and Lead Plaintiff Movants have failed to do so here, the Motion to Transfer should be denied.

### 4. On Balance, the Remaining Factors Weigh Against Transfer.

Lead Plaintiff Movants do not address the remaining factors typically considered in the balance of convenience analysis, and therefore cannot use them to help establish their burden.

---

[5] To the extent the Court considers the convenience of the parties' counsel, both Pomerantz LLP and Dechert LLP have offices in New York and California. *See, e.g.*, *In re Geopharma, Inc.*, No. 04 Civ. 9463(SAS), 2005 WL 1123883, at *1 n.12 (S.D.N.Y. May 11, 2005) (finding the convenience of the parties weighed against transfer from the Southern District of New York where both plaintiff and defense counsel maintained offices there).

The locus of operative facts in this case weighs against transfer. In a securities fraud action, alleged "misrepresentations and omissions are deemed to 'occur' in the district where they are transmitted or withheld, not where they are received." *In re Nematron Corp. Sec. Litig.*, 30 F. Supp. 2d 397, 404 (S.D.N.Y. 1998) (transfer appropriate when misleading statements were transmitted in transferee forum). In this case, Lead Plaintiff Movants have not alleged that any of the transmissions at issue occurred in California.

The relative means of the parties, the location of physical evidence, the forum's familiarity with the governing law, and the availability of process to compel attendance of unwilling witnesses are all neutral factors in this analysis. *Janbay*, 272 F.R.D. at 123 ("Where . . . proof of a disparity of means is not provided or does not exist, the relative means of the parties is not a significant factor to be considered."; denying motion to transfer); *Royal & Sun Alliance Ins., PLC v. Nippon Express USA, Inc.*, 202 F. Supp. 3d 399, 410 (S.D.N.Y. 2016) ("In federal court, familiarity with the governing law is generally given little weight when considering transfer of venue."; denying motion to transfer); *Atl. Recording Corp. v. Project Playlist, Inc.*, 603 F. Supp. 2d 690, 697 (S.D.N.Y.2009) (denying motion to transfer; where the moving party does not argue that there are "witnesses [who] would be unwilling to testify at trial in this District . . . this factor is neutral in the Court's analysis.") (internal citations omitted); *see also* Exs. 3-4 (Press Releases) (listing a U.S. contact in New York within reach of a subpoena).

The location of physical evidence—to the extent any exists in this case—is also a neutral factor. Where a moving party has not made "any concrete illustration of inconvenience to either side relating to documents or other non-testimonial evidence," courts hold that the "well-established use of electronic discovery" means any evidence can easily be produced in either forum. *Royal & Sun Alliance Ins., PLC*, 202 F. Supp. 3d at 408-409 ("Courts in this district

14

recognize that the location of documents is neutral in today's era of photocopying, fax machines and Federal Express.") (citation omitted).  In this securities litigation case, Lead Plaintiff Movants have not alleged that any physical evidence is in California, and documents in Defendants' possession either exist electronically or can be copied and sent electronically.  *Id.*  Accordingly, Lead Plaintiff Movants have failed to meet their burden of demonstrating that these factors weigh in favor of transfer, and the Motion to Transfer should be denied.

## CONCLUSION

For the foregoing reasons, the Court should deny the Motion to Transfer.

Dated:  May 14, 2019                                    Respectfully submitted,

/s/ Joni S. Jacobsen
David H. Kistenbroker*
Joni S. Jacobsen*
Angela M. Liu*
35 West Wacker Drive
Suite 3400
Chicago, IL 60601
david.kistenbroker@dechert.com
joni.jacobsen@dechert.com
angela.liu@dechert.com

*Attorneys for Qihoo 360 Technology Co. Ltd and Eric X. Chen*

*admitted *pro hac vice*

15