Jennifer Pafiti (SBN 282790)
**POMERANTZ LLP**
1100 Glendon Avenue
15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
E-mail: jpafiti@pomlaw.com

*Counsel for Lead Plaintiff Movant ODS*
*Capital LLC, and Proposed Lead Counsel*
*for the Class*

*(Additional Counsel listed on signature page)*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## (WESTERN DIVISION – LOS ANGELES)

| | |
|---|---|
| ALTIMEO ASSET MANAGEMENT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>QIHOO 360 TECHNOLOGY CO. LTD., HONGYI ZHOU, XIANGDONG QI and ERIC X. CHEN,<br><br>Defendants. | Case No. 2:19-cv-01619-JAK-JC<br><br>**ODS CAPITAL LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT QIHOO 360 AND ERIC X. CHEN'S MOTION TO TRANSFER VENUE**<br><br>**Hearing Date:** September 23, 2019<br>**Hearing Time:** 8:30 a.m.<br>**Judge: Hon.** John A. Kronstadt |

MEMO IN OPPOSITION TO MOTION TO TRANSFER

# **TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................................1

II.   FACTS ..................................................................................................................3

III.  ARGUMENT .........................................................................................................6

    A.    The ADS Forum Selection Clause Does Not Support Transfer ...................6

        1.    The Forum Selection Clause Does Not Apply to the Exchange
            Act Claims Here ...............................................................................6

        2.    The Forum Selection Clause is Not Valid as to the Exchange
            Act Claims Here ...............................................................................8

        3.    Defendants Fail to Address the Validity of the Forum Selection
            Clause in the Context of Securities Class Actions...........................12

        4.    The Individual Defendants Are Not Parties to the ADS...................14

    B.    All of the Ordinary Factors Support Keeping This Action Here ................14

        1.    The Dismissed New York Action Does Not Support Transfer ........15

        2.    The Convenience Factors Strongly Support Keeping This
            Action Here ....................................................................................16

        3.    The Remaining Private and Public Factors Support Keeping
            This Action Here or Are Neutral .....................................................20

IV.   CONCLUSION....................................................................................................22

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
   946 F.2d 622 (9th Cir. 1991) ...............................................................................15

*AMA Multimedia, LLC v. Sagan Ltd.*,
   720 F. App'x 873 (9th Cir. 2018) ..........................................................................14

*Atl. Marine Constr. Co. v. U.S. Dist. Ct.*,
   571 U.S. 49 (2013)...............................................................................................12

*Bondali v. Yum! Brands, Inc.*, No. SACV 13-117-JST,
   2013 U.S. Dist. LEXIS 196916 (C.D. Cal. May 1, 2013)..........................................19

*Chadbourne & Parke LLP v. Troice*,
   571 U.S. 377 (2014)...............................................................................................7

*CXA Corp. v. Mazal Invs. LLC*, No. CV 12-08269 JGB,
   2013 U.S. Dist. LEXIS 201764 (C.D. Cal. Mar. 14, 2013)..................................17, 18

*DiRienzo v. Philip Servs. Corp.*,
   294 F.3d 21 (2d Cir. 2002) ....................................................................................13

*Dura Pharm., Inc. v. Broudo*,
   544 U.S. 336 (2005)................................................................................................9

*Exec. Law Grp., Inc. v. Exec. Law Grp. PL*, No. SACV 13-01823 MMM,
   2014 U.S. Dist. LEXIS 195510 (C.D. Cal. Mar. 24, 2014).......................................15

*Fasano v. Yu Yu*,
   921 F.3d 333 (2d Cir. 2019) ...........................................................................1, 12, 13

*Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, No. CV 13-5693 PSG,
   2013 U.S. Dist. LEXIS 201175 (C.D. Cal. Dec. 3, 2013).........................................21

*Friese v. Super. Ct.*,
   134 Cal. App. 4th 693 (2005) .............................................................................10, 11

*Galaviz v. Berg*,
   763 F. Supp. 2d 1170 (N.D. Cal. 2011).................................................................12

*Grady v. CenturyLink Commc'ns*, *LLC*, No. CV 15-85-BLG-BMM,
  2015 U.S. Dist. LEXIS 158861 (D. Mont. Nov. 24, 2015) .........................................20

*Herman v. W. Union Co.*, No. 17-CV-00650-CBM-AJW,
  2017 U.S. Dist. LEXIS 221047 (C.D. Cal. Mar. 30, 2017).........................................18

*In re Orange, S.A.*,
  818 F.3d 956 (9th Cir. 2016) ......................................................................................6

*In re Yahoo! Inc.*, No. CV 07-3125 CAS,
  2008 U.S. Dist. LEXIS 20605 (C.D. Cal. Mar. 10, 2008).........................................19

*Johnson v. Experian Info. Sols., Inc.*, No. SACV 12-230-JST,
  2012 U.S. Dist. LEXIS 159144 (C.D. Cal. Sept. 5, 2012) ...................................17, 20

*LaCross v. Knight Transp., Inc.*,
  95 F. Supp. 3d 1199 (C.D. Cal. 2015) .......................................................................12

*Longyu Int'l Inc. v. E-Lot Elecs. Recycling Inc.*, No. 13-cv-07086-CAS,
  2014 U.S. Dist. LEXIS 59544 (C.D. Cal. Apr. 29, 2014) ....................................18, 19

*Marquez v. U.S. Bank, N.A.*, No. LA CV15-06658 JAK (Ex),
  2016 U.S. Dist. LEXIS 65051 (C.D. Cal. May 16, 2016)..........................................10

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
  678 F.2d 93 (9th Cir. 1982) .......................................................................................15

*Pecoware Co. v. Posh Int'l Ltd (USA)*, No. 03 Civ. 6535 (LAK),
  2004 U.S. Dist. LEXIS 1353 (S.D.N.Y. Feb. 4, 2004) .............................................18

*Perez v. Performance Food Group, Inc.*, No. 15-cv-02390,
  2017 U.S. Dist. LEXIS 2319 (N.D. Cal. Jan. 6, 2017)..............................................21

*Petersen v. Boeing Co.*,
  715 F.3d 276 (9th Cir. 2013) .....................................................................................11

*Petersen v. Cal. Special Educ. Hearing Office McGeorge Sch. Law*, No. C 07-2400 SI,
  2007 U.S. Dist. LEXIS 87137 (N.D. Cal. Nov. 6, 2007) ..........................................17

*Pfeiffer v. Himax Technologies, Inc.*,
  530 F. Supp. 2d 1121 (C.D. Cal. 2008) .....................................................................19

*Santa Fe Indus., Inc. v. Green*,
  430 U.S. 462 (1977)...................................................................................................10

MEMO IN OPPOSITION TO MOTION TO TRANSFER

*Sciabacucchi v. Salzberg*, No. 2017-0931-JTL,
  2018 Del. Ch. LEXIS 578 (Del. Ch. Ct. Dec. 19, 2018) .................................9, 10, 11

*T&M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*,
  83 F. Supp. 3d 855 (N.D. Cal. 2015) ................................................................. 14

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007)........................................................................................ 11

*Todd v. Tempur-Sealy Int'l, Inc.*, No. 13-cv-04984-JST,
  2017 U.S. Dist. LEXIS 102382 (N.D. Cal. June 30, 2017)......................................... 20

*Tran v. Third Ave. Mgmt. LLC*, No. CV-16-602-MWF,
  2016 U.S. Dist. LEXIS 182577 (C.D. Cal. Apr. 12, 2016) ................................. 16, 17

*UBS Sec. LLC v. Highland Capital Mgmt., L.P.*,
  924 N.Y.S.2d 312, 2011 N.Y. Misc. LEXIS 798 (N.Y. Sup. Ct. N.Y. Cty. 2011)..... 10

*Wilmington Sav. Fund Soc'y FSB v. PHL Variable Ins. Co.*, No. 12-cv-4926-SVW-AJW,
  2013 U.S. Dist. LEXIS 201150 (C.D. Cal. Mar. 28, 2013)......................................... 19

*Yates v. Norsk Titanium US, Inc.*, No. SACV 17-01089 AG (SKx),
  2017 U.S. Dist. LEXIS 222165 (C.D. Cal. Sept. 20, 2017) ...................................... 12

## Statutes

15 U. S. C. §78c(a)(10) ............................................................................................7

28 U.S.C. Section 1404(a) ...........................................................................1, 2, 12, 14

California's Corporate Securities Law ........................................................................ 11

Delaware General Corporation Law ........................................................................ 10

New York Business Corporation Law Section 402(c) .................................................... 10

Private Securities Litigation Reform Act of 1995 ...........................................................3

Securities Exchange Act of 1934 Sections 10(b).......................................................7, 8

Securities Exchange Act of 1934 Sections 20(a)............................................................7

Lead Plaintiff Movant ODS Capital LLC ("ODS" or "Lead Plaintiff Movant") respectfully submits this Memorandum of Points and Authorities in opposition to the Motion of Defendants Qihoo 360 Technology Co. Ltd. ("Qihoo 360" or the "Company") and Eric X. Chen ("Chen") to transfer venue to the Southern District of New York (the "Motion," Dkt. No. 33).[1]

## I.    INTRODUCTION

This is a putative securities class action arising from a scheme by Qihoo 360 and certain of its officers and directors to depress the value of Qihoo 360's stock and American Depository Shares ("ADS") in order to avoid paying a fair price to Qihoo 360's shareholders during a transaction to take the Company private in July 2016 (the "Merger"). All of the factors that courts consider when deciding whether to transfer an action under 28 U.S.C. Section 1404(a) support maintaining this action in the Central District of California.  Most importantly, Defendant Chen, the only defendant that resides in the United States, is located in this District.

Defendants attempt to avoid the ordinary analysis that courts typically conduct under Section 1404(a) by citing to a forum selection clause embedded in the ADS that ODS purchased.  But Defendants fail to address how that clause applies in the context of

---

[1] Co-Lead Plaintiff Movant Altimeo Asset Management ("Altimeo") does not participate in, and takes no position on, the Motion or this opposition, given its involvement in the *Fasano v. Yu Yu*, 921 F.3d 333 (2d Cir. 2019), action that Defendants reference in their Motion.  Altimeo together with ODS are referred to as the "Lead Plaintiff Movants."

a securities class action.  Clear legal authority shows that the venue of securities fraud class actions—which allow investors who purchase securities in open-market transactions to recover damages for corporate fraud—cannot be circumscribed by forum selection clauses that are inserted into ADS.  These types of claims serve an important public interest and are unrelated to internal corporate governance matters that companies can regulate through ordinary corporate activity.

Once Defendants' misplaced argument based on the forum selection clause is dispensed with, the traditional factors that courts consider when deciding whether to transfer an action under Section 1404(a) overwhelmingly support maintaining this Action in this Court.  Defendant Chen, who resides in California, was the Chairman of the Special Committee of Qihoo 360's Board of Directors that approved the Merger at issue in this litigation and will be a crucial witness in this matter.  In addition, this District allows for more convenient travel from Beijing, China, where Defendant Qihoo 360—and associated witnesses—are located.  In the face of these facts, Defendants either raise irrelevant details that do not have any legal significance in the transfer analysis or concede that the remaining factors are neutral as between this District and the Southern District of New York.

The Court should therefore deny Defendants' Motion to Transfer and allow this Action to proceed in this District.

## II.    FACTS

This action alleges a very significant fraud perpetrated on the investors in Qihoo 360 arising from the Merger. (*See* Dkt. No. 1 ("Complaint").)  ODS initially filed a class action complaint on January 17, 2019 in the United States District Court for the Southern District of New York (*ODS Capital LLC v. Qihoo 360, et al.*, No. 19-cv-0501-PAE (S.D.N.Y.), the "New York Action").  Altimeo then filed its class action complaint in this Court on March 5, 2019.

On March 18, 2019, which was the deadline under the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for parties to move for appointment as Lead Plaintiff, Altimeo and ODS jointly moved to be appointed as Co-Lead Plaintiffs. (Dkt. Nos. 10 to 12.)  No other parties have moved for appointment as Lead Plaintiff and the deadline for doing so under the PSLRA has now passed.  Also on March 18, 2019, while both actions were pending, the court in the New York Action approved ODS's request that Pomerantz LLP, which was already counsel for Altimeo, be substituted as ODS's counsel as well. (Declaration of Michael Grunfeld in Support of ODS Capital LLC's Opposition to Motion to Transfer ("Grunfeld Decl."), Ex. 1 (New York Action Dkt. No. 6).) ODS effectively decided to join Altimeo's efforts in these actions.  ODS and Altimeo therefore sought to transfer the New York Action to this Court so that they could be consolidated and proceed together.

This Action has a far greater connection to California than New York.  Defendant Chen, the only Defendant currently known to have a physical presence in the United

States, resides in California. (Dkt. No. 17, Ex. B (showing Chen was served with the Summons and Complaint at his place of business in California).)  Chen was Chairman of the Special Committee of Qihoo 360's Board of Directors that approved the Merger. (Grunfeld Decl., Ex. 2; Complaint ¶ 18.)  He will therefore be a crucial witness and possesses key evidence in this Action.  Qihoo 360 is based in Beijing, China, along with the other Individual Defendants. (Complaint ¶¶ 7-8, 15-17.)[2] Beijing is significantly closer to Los Angeles than it is to New York City.  (Grunfeld Decl., Ex. 3.)  The other two individual defendants in this Action, who have not yet appeared, also appear to reside in China.  The Central District of California is therefore the better location for this Action because it is a far-more convenient location for all Defendants and related witnesses than is the Southern District of New York.

Defendants make much of the fact that rather than respond to their arguments against transfer in the New York Action, ODS and Altimeo chose instead to simply dismiss the New York Action so that this Action could proceed here.  There is, however, a much more straightforward explanation for ODS's actions. After ODS filed the New York Action, it joined forces with Altimeo, which filed this Action in this District.  Lead

[2] Plaintiffs attempted to serve Defendant Qihoo in the United States, through Corporation Service Company in New York, which Qihoo listed as its "agent for service of process in the United States" in its last annual report that it filed with the SEC before the Merger. (*See* Grunfeld Decl., Ex. 4.)  But Corporation Service Company rejected this service. (Dkt. No. 17, Ex. C.)  Plaintiffs ended up serving Qihoo in the Cayman Islands, where it is incorporated. (Dkt. No. 28.)  This further demonstrates that Qihoo 360 does not have significant contacts with New York supporting transfer.

Plaintiff Movants then sought to transfer the New York Action out of an abundance of caution concerning an issue related to the statute of limitations that is not of significant concern.  (Grunfeld Decl., Ex. 5 (New York Action Dkt. No. 20 at 4-5).)  When ODS and Altimeo filed their Motion to Transfer the New York Action, Defendants Qihoo 360 and Chen had not even bothered to appear in either action, much less express any opposition to transferring the New York Action to Defendant Chen's home state.  Defendants subsequently appeared in that action only after being ordered by the Court there to do so. (Grunfeld Decl., Ex. 6 (New York Action Dkt. No. 21).)  After Lead Plaintiff Movants had the opportunity to review the arguments that Defendants made in opposition to transferring the New York Action, Lead Plaintiff Movants took the far-more efficient course of action and voluntarily dismissed the New York Action so that their claims could proceed in this Action.

As Lead Plaintiff Movants noted in the New York Action, they decided to "stand by the [New York Action] Court's April 18, 2019 Order dismissing [the New York] Action without prejudice in favor of the similar action that is pending in the . . . Central District of California."  (Grunfeld Decl., Ex. 7 (New York Action Dkt. No. 38).)  Defendants, however, have now further complicated matters by seeking to transfer this Action back to New York.  The Court should deny Defendants' Motion for the reasons explained below.

## III.    ARGUMENT

Defendants' arguments in favor of transfer ignore the key facts that tie this Action to California and misapply the law to argue incorrectly that a forum selection clause requires transfer.

### A.    The ADS Forum Selection Clause Does Not Support Transfer

Defendants' main argument in favor of transfer is that a forum selection clause in Qihoo 360's ADS requires that this Action be brought in New York. (Defs.' Memorandum in Support of Motion to Transfer (Dkt. No. 34, "Mem.") at 5-8.). This argument ignores the relevant law and fails to understand the nature of securities class actions.

#### 1.    The Forum Selection Clause Does Not Apply to the Exchange Act Claims Here

A forum selection clause applying to claims "arising out of or relating to" the contract at issue does not apply to claims that bear "no relation to" that agreement. *In re Orange, S.A.*, 818 F.3d 956, 962 (9th Cir. 2016). For example, in *Orange, S.A.*, the Ninth Circuit affirmed the District Court's decision that a forum selection clause covering all claims "arising out of or relating to" a non-disclosure agreement ("NDA") did not apply to claims for theft of trade secrets because not only did the claims at issue "not require analyzing the NDA to decide them, but also bore no relation to the NDA." *Id.* So too here, the allegations in the Complaint are not connected to ODS's ADS.

The forum selection clause here, by its terms, applies to "[a]ny controversy, claim or cause of action arising out of or relating to the Shares or other Depositary Shares, the Receipts or the Deposit Agreement not subject to arbitration under Section 7.06 of the

Deposit Agreement." (Declaration of Joni S. Jacobsen in Support of Defendants' Motion to Transfer (Dkt. No. 35, "Jacobsen Decl."), Ex. 5 at Exhibit A, Section 24(b).) The Complaint does not discuss at all—or base any of its claims on the terms of—these documents that the forum selection clause references. Rather, the Complaint's claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 are grounded in the allegation that "Defendants authorized the filing of materially false and misleading statements with the SEC," including in Qihoo 360's proxy materials in connection with the July 2016 Merger and in its 2015 Annual Report, but not in its ADS. (Complaint ¶¶ 4-6.) Indeed, the ADS address technical administrative details related to the ownership of Qihoo 360 securities, not substantive information related to the Merger that would occur several years after the ADS were originally offered in 2011. (*See* Jacobsen Decl., Ex. 5, introduction to Deposit Agreement.)

In addition, a Section 10(b) claim for securities fraud can just as easily arise out of false and misleading statements that affect the price of other types of securities (such as bonds or options) that have nothing to do with ADS. *See Chadbourne & Parke LLP v. Troice*, 571 U.S. 377, 382 (2014) (explaining that the "Exchange Act defines 'security' *broadly* to include not just things traded on national exchanges, but also 'any note, stock, treasury stock, security future, security-based swap, bond, debenture . . . [or] certificate of deposit for a security'" (quoting 15 U. S. C. §78c(a)(10) (emphasis in original)). It would make little sense for a forum selection clause to apply to one type of security holder but not apply to the same cause of action brought by another kind of

security holder.  This basic feature of Section 10(b) claims further highlights why the forum selection clause in Qihoo 360's ADS does not cover the Exchange Act claims in the Complaint.

Furthermore, when a Section 10(b) claim is brought as a class action, it is even more attenuated from any securities contract, such as Qihoo 360's ADS.  This type of securities class action is brought on behalf of a class of investors who bought and sold securities in open-market transactions.  The Complaint expressly disclaims any individual reliance by the plaintiffs because "the market for Qihoo 360 stock and ADS promptly digested current information regarding Qihoo 360 from publicly available sources and reflected such information in Qihoo 360's stock price. Under these circumstances, all sellers of Qihoo 360 stock and ADS during the Class Period suffered similar injury through their sale of Qihoo 360 stock and ADS at artificially deflated prices and the presumption of reliance applies." (Complaint ¶ 41.)  The Exchange Act claims at issue here thus do not "arise out of or relate to" the ADS when the Plaintiffs expressly disclaim individual reliance on Defendants' false and misleading statements.  This stands in stark contrast to a securities claim brought by an individual purchaser that transacted directly with the issuer, where the purchaser must show individual reliance.

### 2.    The Forum Selection Clause is Not Valid as to the Exchange Act Claims Here

The forum selection clause in the ADS here not only does not apply to the Complaint's securities claims based on the language of the particular provision at issue, but also would not be valid even if its language were interpreted to cover such claims.  The

Delaware Chancery Court recently analyzed the validity of a forum selection clause in corporate bylaws that expressly applied to Securities Act claims.  In the course of holding that the provision was not allowed under state law, the court explained that "[a]t best for the defendants, a 1933 Act claim resembles a tort or contract claim brought by a plaintiff who happens also to be a stockholder, but under circumstances where stockholder status is incidental to the claim. A 1933 Act claim is an external claim that falls outside the scope of the corporate contract." *Sciabacucchi v. Salzberg*, No. 2017-0931-JTL, 2018 Del. Ch. LEXIS 578, at \*40 (Del. Ch. Ct. Dec. 19, 2018).  The same is true for claims under the Exchange Act.  *See Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 341 (2005) ("The courts have implied from these statutes and Rule a private damages action, which resembles, but is not identical to, common-law tort actions for deceit and misrepresentation.").

Qihoo 360's ability to issue securities stems from its articles of association and is therefore subject to the same "internal affairs" limitation that was at issue in *Sciabacucchi*. (*See* Grunfeld Decl., Ex. 8 (Qihoo 360 Fifth Amended and Restated Articles of Association), Memorandum of Association ¶ 5 and Articles of Association ¶ 7 ("Issue of Shares").)  In addition, the fact that an Exchange Act claim can be brought in connection with many different types of securities further shows how disconnected the claims here are from the type of corporate activity that companies may regulate.  *See supra* at 7-8; *see also Sciabacucchi*, 2018 Del. Ch. LEXIS 578, at \*38 (holding that the many types of

MEMO IN OPPOSITION TO MOTION TO TRANSFER

securities covered by the Securities Act "underscore[] the absence of any meaningful connection between a 1933 Act claim and stockholder status").[3]

The federal securities laws also recognize the distinction between internal corporate affairs and claims for securities fraud. *See Santa Fe Indus., Inc. v. Green*, 430 U.S. 462, 479 (1977) (holding that securities law and internal corporate affairs occupy separate domains). Forum selection clauses are particularly anathema to federal securities *class actions*, which, by their nature, allow for open-market purchasers to band together to recover for common harm that they suffered as a result of a company's misconduct. As the Supreme Court has recognized, "meritorious private actions to enforce federal antifraud securities laws are an essential supplement to criminal prosecutions and civil

---

[3] Defendants have failed to address this important issue concerning the permissible the scope of the forum selection clause in Qihoo 360's ADS. They have therefore waived the ability to argue that the analysis would be different under any particular forum's law as compared to Delaware's leading interpretation of state corporate law. *See Marquez v. U.S. Bank, N.A.*, No. LA CV15-06658 JAK (Ex), 2016 U.S. Dist. LEXIS 65051, at *32 n.6 (C.D. Cal. May 16, 2016) (holding that "arguments not raised by a party in its opening brief are deemed waived" (internal quotation marks omitted)). However, to the extent that New York law applies to the interpretation of the forum selection clause based on the choice of law provision contained in the ADS (*see* Jacobsen Decl., Ex. 5 § 7.09), Section 402(c) of the New York Business Corporation Law ("NYBCL"), which governs the contents of corporate bylaws, provides for the same scope of corporate action as do the Delaware provisions that were at issue in *Sciabacucchi*. *Compare* Section 402(c) of the NYBCL to *Sciabacucchi*, 2018 Del. Ch. LEXIS 578, at *33-34 (discussing Sections102(b)(1) and 109(b) of the Delaware General Corporation Law); *see also UBS Sec. LLC v. Highland Capital Mgmt., L.P.*, 924 N.Y.S.2d 312, 2011 N.Y. Misc. LEXIS 798, at *8 (N.Y. Sup. Ct. N.Y. Cty. 2011) (holding that the issue of "alter ego liability" does "not implicate the corporation's internal affairs"); *Friese v. Super. Ct.*, 134 Cal. App. 4th 693, 708-09 (2005) (holding that "a state's corporate securities laws are not subject to the internal affairs doctrine").

enforcement actions brought, respectively, by the Department of Justice and the Securities and Exchange Commission." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313 (2007). Both Congress and the Supreme Court have repeatedly stressed that the class-action mechanism is integral to this private enforcement of the securities laws. *See* Jill E. Fisch, *Federal Securities Fraud Litigation as a Lawmaking Partnership*, 93 Wash. U. L. Rev. 453, 464–69 (2015).

The forum selection clause in the ADS here is therefore also unenforceable for the additional reason that it violates public policy. *See Petersen v. Boeing Co.*, 715 F.3d 276, 280 (9th Cir. 2013) (holding that a forum selection clause is unenforceable "if enforcement would contravene a strong public policy of the forum in which suit is brought" (internal quotation marks omitted)). California state courts have recognized that certain provisions of California's Corporate Securities Law "serve[] broad public interests rather than the more narrow interests of a corporation's shareholders." *Friese*, 134 Cal. App. 4th at 710. Allowing the forum selection provision in Qihoo 360's ADS to apply to ODS's claims would violate the equally important public policy that corporations should not be able to regulate or limit federal securities class actions through corporate activity such as the issuance of ADS.[4]

---

[4] The court in *Sciabacucchi* did not reach the issue of whether the forum selection clause contravened public policy. 2018 Del. Ch. LEXIS 578, at *49-50.

MEMO IN OPPOSITION TO MOTION TO TRANSFER

### 3.    Defendants Fail to Address the Validity of the Forum Selection Clause in the Context of Securities Class Actions

Defendants tellingly do not cite any cases where a court actually enforced a forum selection clause in the unique context of a securities class action, particularly with respect to an open-market purchaser that was not a signatory to such a clause.[5]  Their failure to address this significant issue is an independent reason for the Court to conduct the ordinary analysis that applies to motions to transfer under Section 1404(a) rather than to transfer this Action based on the forum selection clause in Qihoo 360's ADS.  *See Galaviz v. Berg*, 763 F. Supp. 2d 1170, 1175 (N.D. Cal. 2011) (holding the defendant "has not shown federal law requires or even permits the federal courts to defer to any provision of state corporate law that might purport to give a corporation's directors the power to control venue under the circumstances discussed above").

The only case that Defendants cite that involved a securities class action is *Fasano v. Yu Yu*, 921 F.3d 333 (2d Cir. 2019).  But the Second Circuit there did not hold that the forum selection clause actually applied.  Rather, it held only that "the district court abused its discretion in not considering the forum selection clause" and therefore vacated the district court's decision so that it could assess the applicability of the forum selection

---

[5] *See* Mem. at 5-6 (citing *Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 53 (2013) (dealing with a contract dispute related to work on a child development center); *Yates v. Norsk Titanium US, Inc.*, No. SACV 17-01089 AG (SKx), 2017 U.S. Dist. LEXIS 222165, at *1 (C.D. Cal. Sept. 20, 2017) (employment dispute); *LaCross v. Knight Transp., Inc.*, 95 F. Supp. 3d 1199, 1202 (C.D. Cal. 2015) (wage and hour claims arising from allegation that plaintiffs were misclassified as independent contractors)).

clause on remand.  *Id.* at 337.  The *Fasano* case also dealt with the very different issue of whether the case should take place in the Cayman Islands versus the United States.  *Id.* at 335.  Altimeo argued there that "the district court erred in failing to consider this country's interest in having United States courts enforce United States securities laws," particularly as to a company that chose to have its securities trade on a United States stock exchange. (Grunfeld Decl., Ex. 9 at 24).)  That case raised the United States' strong public policy interest in keeping the action in this country so that the securities laws are "clear and enforceable" and "securities markets [can] function efficiently."  (*Id.* at 33 (quoting *DiRienzo v. Philip Servs. Corp.*, 294 F.3d 21, 33 (2d Cir. 2002).)

Furthermore, there is a big difference between applying a forum selection clause in ADS to the company that enters into the deposit agreement and chooses to offer those ADS in a public offering, which was the issue raised in *Fasano*, as compared to holding that the forum selection clause binds open-market purchasers (such as Lead Plaintiff Movant) that never signed or negotiated the terms of the ADS.  (*See* Grunfeld Decl., Ex. 9 at 5; Jacobsen Decl., Ex. 5 at cover page to Exhibit A (leaving blank the name of the ADS owner)).

For all of these reasons, Altimeo's efforts in *Fasano* to hold the defendants accountable in the United States is entirely consistent with ODS's arguments that the forum selection clause in Qihoo 360's ADS does not apply to, and is invalid as to, the Exchange Act claims here.

### 4. The Individual Defendants Are Not Parties to the ADS

Defendants also wholly ignore the fact that the Individual Defendants in this Action are not parties to the ADS. (*See* Jacobsen Decl., Ex. 5, first and last page of Deposit Agreement.) Even if the forum selection clause did apply to the claims against Qihoo 360, it cannot possibly apply to the Individual Defendants. *See AMA Multimedia, LLC v. Sagan Ltd.*, 720 F. App'x 873, 874-75 (9th Cir. 2018) (vacating district court's dismissal of copyright claims on grounds of *forum non conveniens*, because defendants were not parties to the agreement at issue); *T&M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*, 83 F. Supp. 3d 855, 871 (N.D. Cal. 2015) (holding that individual plaintiffs were "not subject to any potential forum selection clause because they were not parties to the credit application").

Because the forum selection clause here does not apply to the claims in the Complaint or to the claims against the Individual Defendants, the Court must conduct the ordinary analysis of private and public factors that apply to motions to transfer under Section 1404(a).

### B. All of the Ordinary Factors Support Keeping This Action Here

Defendants do not have any valid arguments to fall back on to replace their erroneous position on the forum selection clause in Qihoo 360's ADS. The ordinary factors that courts consider when deciding whether to transfer an action under Section 1404(a) do not support transfer to the Southern District of New York.

### 1.    The Dismissed New York Action Does Not Support Transfer

Defendants are wrong that transfer should be granted because the New York Action was filed first. (Mem. at 8-9.)    The law is clear that "the first-to-file rule requires two *pending* cases, and [courts] decline to apply the rule when the first filed action has been dismissed." *Exec. Law Grp., Inc. v. Exec. Law Grp. PL*, No. SACV 13-01823 MMM (RNBx), 2014 U.S. Dist. LEXIS 195510, at *8-9 (C.D. Cal. Mar. 24, 2014) (emphasis in original) (citing sources). The court in *Executive Law Group* held that "[b]ecause the first filed action has been dismissed, the court declines to dismiss or transfer this action under the first-to-file rule." *Id.* at *9.  That is exactly the situation here.  Defendants fail to acknowledge the significance of the New York Action's dismissal in the transfer analysis.

Furthermore, even when separate actions are pending—which is not the case here— "[t]he most basic aspect of the first-to-file rule is that it is discretionary . . . . [D]istrict court judges can, in the exercise of their discretion, dispense with the first-filed principle for reasons of equity." *Alltrade, Inc. v. Uniweld Prods., Inc.,* 946 F.2d 622, 628 (9th Cir. 1991); *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982) (holding that "this 'first to file' rule is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration").

Defendants' argument on this point is heavy on accusatory rhetoric, but absent of legal authority. (*See* Mem. at 8-9.) Moreover, ODS's actions have a far-simpler

explanation than the "gamesmanship" that Defendants allege.  (*See supra* at 4-5.)  The history of these actions therefore does not support Defendants' Motion to Transfer.

### 2.    The Convenience Factors Strongly Support Keeping This Action Here

Because the forum selection clause in Qihoo 360's ADS and the order of this Action and the New York Action do not compel transfer, the convenience factors that courts typically consider when deciding whether to transfer an action are the determinative issues for the Court to consider here.  *Tran v. Third Ave. Mgmt. LLC*, No. CV-16-602-MWF (SSx), 2016 U.S. Dist. LEXIS 182577, at *11-13 (C.D. Cal. Apr. 12, 2016) (holding that the convenience of witnesses is the single "most important factor" in deciding whether to transfer).  The convenience of the parties and witnesses weighs strongly in favor of maintaining this Action here rather than transferring it to the Southern District of New York.  Yet the most that Defendants can argue as to these convenience factors is to acknowledge that they are neutral or point to irrelevant details that in no way support transfer.

The only Defendant that has been identified as being located in the United States is Defendant Chen, who is located in California.  Lead Plaintiff Movant has served him with process at his place of business in California.  (*See* Dkt. No. 17, Ex. B.)  Chen was the Chairman of the Special Committee of Qihoo's Board of Directors that approved the Merger.  (Grunfeld Decl., Ex. 2.)  He will therefore serve as a crucial witness and is sure to possess key evidence in this Action.

The residence of individual defendants is a crucial factor in the convenience analysis. *Tran*, 2016 U.S. Dist. LEXIS 182577, at *11-13 (favoring forum where more individual defendants resided as key factor in transfer analysis). The fact that Chen is the only party to this action that resides in either New York or California weighs heavily in favor of keeping the case in this forum. *See Johnson v. Experian Info. Sols., Inc.*, No. SACV 12-230-JST (JPRx), 2012 U.S. Dist. LEXIS 159144, at *6 (C.D. Cal. Sept. 5, 2012) (denying motion to transfer because the defendant "seeks to transfer this case from a district where one defendant is located to a district where no defendants are located"); *CXA Corp. v. Mazal Invs. LLC*, No. CV 12-08269 JGB (JEMx), 2013 U.S. Dist. LEXIS 201764, at *7-8, 12-13, 15 (C.D. Cal. Mar. 14, 2013) (denying motion to transfer based on residence of the individual defendants in California); *Petersen v. Cal. Special Educ. Hearing Office McGeorge Sch. Law*, No. C 07-2400 SI, 2007 U.S. Dist. LEXIS 87137, at *6-7 (N.D. Cal. Nov. 6, 2007) (denying motion to transfer because defendants resided in the district).

Defendants argue that Chen does not oppose transfer to the Southern District of New York. (Mem. at 12.) But they do not cite any authority stating that a party's non-opposition to a different venue can override the strong weight that is placed on where that party resides. Indeed, any time that defendants move to transfer an action even though they are located in the current district, they by definition do not oppose the transfer that they seek. That does not stop courts from holding that the defendant's location is a reason to deny transfer because that location is the most convenient place for the action as a

whole. *See CXA Corp.* 2013 U.S. Dist. LEXIS 201764, at *8-9. Moreover, the fact that Chen was located in California when he made the allegedly false and misleading statements at issue, and that he is likely to have evidence located in California, are legally significant factors that weigh heavily against transfer. *See Herman v. W. Union Co.*, No. 17-CV-00650-CBM-AJW, 2017 U.S. Dist. LEXIS 221047, at *4-5 (C.D. Cal. Mar. 30, 2017) (favoring forum where high-level employees signed financial forms in securities class action).

The proximity of the headquarters of defendant companies, whose employees will likely have to testify, is also an important consideration in the convenience analysis. Beijing, China, where Qihoo 360 is based, is closer to Los Angeles than to New York City. (*See* Grunfeld Decl., Ex. 3.) The Central District of California will therefore be a more convenient forum than the Southern District of New York for parties and witnesses traveling from China. *See Longyu Int'l Inc. v. E-Lot Elecs. Recycling Inc.*, No. 13-cv-07086-CAS (JCGx), 2014 U.S. Dist. LEXIS 59544, at *19-20 (C.D. Cal. Apr. 29, 2014) (holding that "[f]lying from China to the Central District of California will be more convenient for those witnesses than flying to the Northern District of New York"); *Pecoware Co. v. Posh Int'l Ltd (USA)*, No. 03 Civ. 6535 (LAK), 2004 U.S. Dist. LEXIS 1353, at *2-3 (S.D.N.Y. Feb. 4, 2004) (transferring action to Central District of California where "all of the witnesses to be provided by any of the parties are from California or the Far East" because "[t]he convenience of the parties and witnesses obviously would be

served by litigating a continent's-width closer to their home bases, a fact as true of any Chinese witnesses as of those associated with the parties").[6]

The most that Defendants can muster when discussing the crucial convenience factors is to cite cases that do not actually support transfer here because in those cases, key witnesses or evidence were located in the transferee forum.[7] Here, in contrast, as between the Central District of California and the Southern District of New York, the Central District of California is the forum that has a far-greater connection to the parties in this litigation and is more convenient for witnesses and evidence located in Beijing, where Qihoo 360 is based.

Defendants also raise irrelevant details that do not affect the convenience analysis because they will not impact the conduct of this litigation. For example, Defendants argue without any legal support that convenience factors support transfer because Qihoo 360

---

[6] Defendants incorrectly argue that "the difference in travel between China and New York versus California [is] insignificant." (Mem. at 12.) The court in *Longyu*, which was decided after the *Pfeiffer v. Himax Technologies, Inc.*, 530 F. Supp. 2d 1121 (C.D. Cal. 2008), case that Defendants cite, concluded that flying from China to the Central District of California is more convenient than flying from China to New York. *Longyu*, 2014 U.S. Dist. LEXIS 59544, at *19-20

[7] *See* Mem. at 11-14 (citing *Bondali v. Yum! Brands, Inc.*, No. SACV 13-117-JST (JPRx), 2013 U.S. Dist. LEXIS 196916, at *15-16 & n.6 (C.D. Cal. May 1, 2013) (most of the individual defendants, and corporate headquarters, were located in transferee district); *Wilmington Sav. Fund Soc'y FSB v. PHL Variable Ins. Co.*, No. 12-cv-4926-SVW-AJW, 2013 U.S. Dist. LEXIS 201150, at *12-13 (C.D. Cal. Mar. 28, 2013) (location of significant hard-copy documents weighed in favor of one of the forums); *In re Yahoo! Inc.*, No. CV 07-3125 CAS (FMOx), 2008 U.S. Dist. LEXIS 20605, at *23-25 (C.D. Cal. Mar. 10, 2008) (location of defendants and witnesses supported transfer to Northern District of California)).

MEMO IN OPPOSITION TO MOTION TO TRANSFER

19

listed a third-party investor relations company with a New York phone number as a contact for U.S.-based media and investor inquiries.  (Mem. at 12 (citing Jacobsen Decl., Exs. 6-7).)  But Defendants do not offer any reason why this investor relations company will play any role in this litigation.  *See Experian Info. Sols.*, 2012 U.S. Dist. LEXIS 159144, at *7-8 (rejecting defendant's "speculative" argument naming potential third-party witnesses located in the transferee forum).  On the other hand, Qihoo 360 itself is located in Beijing, China—a factor that heavily weighs in favor of keeping this Action in the Central District of California.

### 3.    The Remaining Private and Public Factors Support Keeping This Action Here or Are Neutral

Defendants are wrong that Plaintiffs' choice of forum is entitled to "no weight." (Mem. at 10-11.)  While a plaintiff's choice of forum is accorded less weight in a class action, it is still given "some deference."  *Todd v. Tempur-Sealy Int'l, Inc.*, No. 13-cv-04984-JST, 2017 U.S. Dist. LEXIS 102382, at *14-15 (N.D. Cal. June 30, 2017). Moreover, when there are other significant connections to the plaintiff's chosen forum, as is the case here, the plaintiff's choice of forum further supports conducting the litigation there even in a class action.  *See Grady v. CenturyLink Commc'ns*, *LLC*, No. CV 15-85-BLG-BMM, 2015 U.S. Dist. LEXIS 158861, at *3-4 (D. Mont. Nov. 24, 2015).  Altimeo filed this action in the Central District of California. Although ODS originally filed an action in New York, it has since aligned itself with Altimeo by choosing (1) to move together with Altimeo to be Co-Lead Plaintiffs and (2) to be represented by the counsel that Altimeo originally chose when filing this Action.  Their joint choice of forum in the

MEMO IN OPPOSITION TO MOTION TO TRANSFER

20

Central District of California further supports maintaining this Action here.

All of the other factors relevant to the transfer analysis—including the public interest factors—either support maintaining this Action in the Central District of California or are neutral. The interest of lessening court congestion weighs in favor of maintaining this Action here. The most recent Federal Court Management Statistics show that the Southern District of New York is more congested in terms of the median time from filing to trial or other disposition of civil cases and the number of civil cases that are over three years old. (Grunfeld Decl., Ex. 10); *see also Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, No. CV 13-5693 PSG (RZx), 2013 U.S. Dist. LEXIS 201175, at *14-15 (C.D. Cal. Dec. 3, 2013) (determining that the shorter mean times from filing to disposition and filing to trial in the Central District of California, as compared to the Southern District of New York, suggested the case would proceed more expeditiously if retained in this District). In addition, Defendants concede that the Court need not consider the convenience of the parties' counsel. (*See* Mem. at 11 n.6.)[8]

In sum, Defendant Chen is based in California, the Central District of California is a more convenient forum for parties based in Beijing, no Defendants have any greater presence in New York than in anywhere else in the United States, and considerations of efficiency strongly favor maintaining this Action in the Central District of California.

---

[8] Moreover, unlike in *Perez v. Performance Food Group, Inc.*, No. 15-cv-02390, 2017 U.S. Dist. LEXIS 2319, at *12-13 (N.D. Cal. Jan. 6, 2017), which Defendants cite (Mem. at 11 n.6), Pomerantz LLP and Dechert LLP both have offices in Los Angeles.

MEMO IN OPPOSITION TO MOTION TO TRANSFER

## IV.   CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion to Transfer.

Dated: June 25, 2019

Respectfully submitted,

**POMERANTZ LLP**

By: */s/ Michael Grunfeld*
Jeremy A. Lieberman
Michael Grunfeld
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
E-mail: jalieberman@pomlaw.com
E-mail: mgrunfeld@pomlaw.com

*Counsel for Lead Plaintiff Movant*
*ODS Capital LLC and Proposed*
*Lead Counsel for the Class*