Nathan M. McClellan (SBN 291435)
Email: nathan.mcclellan@dechert.com
**DECHERT LLP**
US Bank Tower
633 West 5th Street, Suite 4900
Los Angeles, CA 90071
Telephone: 213-808-5700

*Counsel for Defendants*
*Qihoo 360 Technology Co. Ltd.*
*and Eric X. Chen*

(Additional Counsel listed on signature page)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION, LOS ANGELES**

| | |
|---|---|
| ALTIMEO ASSET MANAGEMENT, Individually and on Behalf of All Others Similarly Situated, | Case No. 2:19-cv-1619-JAK-JC |
| Plaintiff, | **REPLY IN SUPPORT OF DEFENDANTS QIHOO 360 TECHNOLOGY CO. LTD. AND ERIC X. CHEN'S MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF NEW YORK** |
| v. | |
| QIHOO 360 TECHNOLOGY CO. LTD., HONGYI ZHOU, XIANGDONG QI and ERIC X. CHEN, | **Hearing Date**: September 23, 2019 |
| Defendants. | **Hearing Time**: 8:30 a.m. **Judge**: Hon. John A. Kronstadt |

CASE NO. 2:19-CV-1619-JAK-JC

## I.      Preliminary Statement

Lead Plaintiff ODS ("ODS") does not contest that venue is proper in the Southern District of New York ("SDNY").  In fact, it concedes in its Opposition that it brought this Action in New York, but dismissed it because ODS "had the opportunity to review the arguments that Defendants made in opposition to transferring the New York Action."  Instead, ODS (not located in California) plucks tangential factors to suggest that the Complaint against a Cayman Islands company, headquartered in China, with American Depositary Shares ("ADS") traded on the New York Stock Exchange ("NYSE") should ignore a forum selection clause and proceed in California.  But the case belongs in the SDNY.

*First,* ODS falls far short of its burden to "clearly show" that the clause should not be enforced and thus cannot escape the plain language of the forum-selection clause in the receipts for the ADS's, requiring the case to proceed in New York.  ODS attempts to argue that the forum selection clause is inapplicable to a securities class action suit, but it cannot ignore that the forum selection clause plainly states that causes of action arising out or relating to the ADS's "shall be litigated in the federal and state courts in . . . New York."  The governing forum selection mandates transfer.

*Second*, ODS heavily relies on Defendant Chen being the only defendant located in the United States.  But ODS's speculation that this forum is "convenient" for Defendant Chen is undermined by his preference for the case to be litigated in New York.  ODS similarly fails to point to any parties, relevant witnesses, or evidence that favor maintaining this Action in California.  This Court should transfer this action to the only appropriate and logical venue—the SDNY.

## II.      ODS Failed to Meet Its Burden and the Forum-Selection Clause Governs.

ODS[1] has failed to meet its heavy burden to overcome the plain language of

---

[1] Defendants address this reply to ODS, Opp. at 1 n.1, but maintain that these arguments apply with equal force to co-Lead Plaintiff Altimeo Asset Management, who also does not reside in California but did not join ODS's Opposition to Defendants' Motion to Transfer.  Mot. at 1.

the forum-selection clause as required for a party seeking to escape the provision. *See* Mot. at 5 (citing *Yates v. Norsk Titanium US, Inc.*, No. 17-01089 AG, 2017 WL 8232188, at *2 (C.D. Cal. Sept. 20, 2017) (unless party flouting forum-selection clause can "clearly show that enforcement would be unreasonable and unjust," it must be enforced)).  Accordingly, the Action must be transferred to New York.

### A.     The Forum-Selection Clause Is Valid and Enforceable.

ODS does not—because it cannot—dispute that (i) the Qihoo ADS receipts contain plainly written contractual obligations of ADS holders who agreed with the Company that causes of actions relating to "the Shares or other Deposited Securities, the American Depositary Shares, the Receipts or the Deposit Agreement . . . ***shall be*** litigated in the Federal and state courts in the Borough of Manhattan," Mot. at 6; Opp. at 6-7 (emphasis added); and (ii) that the forum-selection clause's language applies to "*[a]ny controversy*, *claim or cause of action* arising out of or ***relating to***" those shares.  Opp. at 6-7 (citing Jacobsen Decl., Ex. 5 at Exhibit A, Section 24(b)) (emphasis added)).  Indeed, the forum-selection clause in the receipts for the ADS's broadly covers all actions—including securities law claims—that in any way relate to the ADS's between a shareholder and Qihoo 360.  *See, e.g.*, *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989) (granting transfer and applying forum-selection clause in contract between plaintiff and defendant company, holding that "where venue is specified with mandatory language the clause will be enforced.") (emphasis added); *Sharpe v. AmeriPlan Corp.*, No. CV 12–05531 SJO (PLAx), 2012 WL 13014337, at *5-6 (C.D. Cal. July 25, 2012) (granting transfer and applying forum-selection clause to claims for fraud because it stated that "[v]enue for any legal proceeding ***relating to or arising out of this agreement shall be*** Dallas County, Texas.") (emphasis added).

ODS, however, blatantly flouts reality by arguing that the claims do not fall under the broad language of the receipts for the ADS's because the Complaint "does not discuss at all—or base any of its claims on the terms of—these documents," and

REPLY ISO MOTION TO TRANSFER

2

CASE NO. 2:19-CV-1619-JAK-JC

besides, Section 10(b) claims for securities fraud can arise out of different types of securities. Opp. at 6-7. But ODS turns a blind eye to how *this* securities class action, involving a non-U.S. company, even exists in the first place. As set forth in the Complaint, this case:

- Alleges that "Defendants executed this scheme by failing to provide shareholders adequate disclosure of all material information related to the Merger, and making false assurances about the fair value of Qihoo 360's stock and ADS," Compl. ¶ 2;
- Is brought on behalf of "all former owners of Qihoo 360 stock and American Depositary Shares," *id.* ¶ 1; and
- Is comprised of a putative class of shareholders who "purchased Qihoo 360 stock and ADS between the time Defendants misrepresented or failed to disclose material facts and the time the true facts were disclosed." *Id.* ¶ 38.

To say the ADS agreement has nothing to do with this case, Opp. at 6-8, is untrue.[2]

Further, despite ODS's attempts to argue that securities fraud can affect a range of securities, ODS ignores that Qihoo 360 exclusively listed ADS's on the New York Stock Exchange. Jacobsen Decl. Ex. 10, 3/24/2011 Form F-1/A Registration Statement at 3 ("This is our initial public offering. . . . No public market currently exists for our ordinary shares or ADSs. . . . We have applied to list our ADSs on the New York Stock Exchange under the symbol 'QIHU'"); *id*. Ex. 11 at 4, 12/18/2015 Form 6-K, Ex. 99.1 ("[T]he merger will result in the Company becoming a privately-held company and *its ADSs will no longer be listed on the [NYSE].*") (emphasis added). Thus, ODS's argument that a securities fraud claim can arise out of a range of securities is misplaced.[3]

---

[2] ODS cannot seriously deny that this case belongs in New York, where it originally brought this lawsuit. Even the Merger Agreement provides that the agreement "shall be interpreted, construed, performed and enforced in accordance with the Laws of New York. . . ." Jacobsen Decl. Ex. 11 at 8, 12/18/15 Form 6-K, Ex. 99.1.

[3] ODS is misguided in relying on cases involving attempts to enforce a forum-

In a last ditch effort, ODS argues that neither the purchasers nor the individual defendants are parties to the receipt for the ADS's. Not so. That the publicly available receipt is blank as to putative class members is of no consequence, as Section 2.01 expressly states that "Definitive Receipts shall be substantially in the form set forth in Exhibit A annexed to this Deposit Agreement with appropriate insertions, modifications and omissions, as hereinafter provided." Dkt. 35-5 (Jacobsen Decl. Ex. 5 at Section 2.01. And as for the individual defendants, ODS does not dispute *the Company* is subject to the receipts for the ADS, and thus ODS's case law on this point is inapposite. *See* Opp. at 14 (citing *AMA Multimedia, LLC v. Sagon Ltd.*, 720 F. App'x 873, 874 (9th Cir. 2018) (enforcing forum-selection clause even where *none* of the defendants was a party to the agreement but affirming that affiliates were bound); *T&M Solar & Air Cond., Inc. v Lennox Int'l Inc.*, 83 F. Supp. 3d 855, 881 (N.D. Cal. 2015) (plaintiff provided evidence that version of credit application did not include forum-selection clause, court unable to determine whether binding clause existed)).).[4] Further, ODS does not argue that the Company is not a party to the receipt for the ADS, nor account for the fact that the individual defendants are sued in their capacity as officers and directors of the Company. Compl. ¶¶ 16-18. ODS fails to meet its burden to overcome the forum-selection clause.

## B. Courts Must Consider the Forum-Selection Clause in Exchange Act Claims.

selection clause wholly unrelated to the dispute, or no forum-selection clause at all. Opp. at 6 (citing *In re Orange, S.A.*, 818 F.3d 956, 962 (9th Cir. 2016) (breach of contract case, where the contract breached did not contain the forum-selection clause); *see also* Opp. at 7 (*Chadbourne & Parke LLP v. Troice*, 571 U.S. 377, 382 (2014) (involving no forum-selection clause and standing for the unremarkable proposition that the Exchange Act includes other securities)).

[4] Forum-selection clauses may apply to non-signatories. *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 456-57 (9th Cir. 2007) (holding that forum-selection clauses applied to non-signatories); *JH Portfolio Debt Equities, LLC v. Garnet Capital Advisors, LLC*, No. 2:17-cv-08839-CAS(JCx), 2018 WL 6112695, at *5 (C.D. Cal. Mar. 16, 2018) (granting transfer because fraud and misrepresentation claims against non-signatory party "would not exist without the Sale Agreement—the Agreement is the common denominator that brought the parties together.").

Next, ODS spills much ink explaining the irrelevant distinction between the internal corporate affairs doctrine and claims for securities fraud, erroneously suggesting that the ADS forum-selection clause at issue here is similar to those found in corporate charters, which govern the internal affairs of a company.  Opp. at 8-10, 12.  However, ODS ignores the difference between the receipt for the ADS's (an ordinary agreement) with a corporate charter or the internal affairs doctrine, which is underscored by the cases upon which it relies.  For example, *Sciabacucchi v. Salzberg*, No. 2017-0931-JTL, 2018 WL 6719718 (Del. Ch. Ct. Dec. 19, 2018), is a Delaware case explaining that a Delaware charter-based forum-selection clause, which includes the state of Delaware, cannot preclude a party from bringing a claim under the Securities Act of 1933 in state court because the Securities Act allows a plaintiff to do so.  *Id.* at *1, 20-21.  But unlike in *Sciabacucchi* and ODS's other cited cases,[5] here, Defendants are not pointing to the articles of incorporation, a document governing the company's internal conduct and incorporating by reference the limitations imposed by Delaware statute, to restrict the right of shareholders to bring securities claims in state court.  Rather, Defendants are simply enforcing the ordinary contract that governs the external relationship between the company and owners and holders of ADS's and requires disputes to be litigated in New York, where Plaintiff agrees it can be litigated.[6]

[5] ODS cites cases for the unremarkable proposition that securities laws and internal corporate affairs can be the basis for distinct causes of action. *See, e.g.*, *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 341 (2005) (§10(b) claim not a common law tort action); *Santa Fe Indus., Inc. v. Green*, 430 U.S. 462, 479 (1997) (state law governs the internal affairs of a corporation); *see also Galaviz v. Berg*, 763 F. Supp. 2d 1170 (N.D. Cal. 2011) (finding that shareholders were not subject to forum-selection clause that (a) was unilaterally adopted in the corporation's bylaws after the conduct at issue took place; and (b) required federal courts to defer to state corporation law).

[6] While ODS also argues that the forum-selection clause in the receipts for the ADS's violates public policy, its cases are inapposite. Opp. at 11 (citing *Petersen v. Boeing Co.*, 715 F.3d 276, 280 (9th Cir. 2013) (finding forum-selection clause violated public policy where the party feared being imprisoned in the transferee forum, Saudi Arabia); *Friese v. Superior Court*, 134 Cal. App. 4th 693, 710 (2005) (no forum-selection clause; finding defendants could not rely on internal affairs doctrine to prevent shareholder from bringing securities suit under state blue sky laws)).

ODS attempts, but fails, to distinguish *Fasano v. Yu Yu*, 921 F.3d 333 (2d Cir. 2019).  While ODS concedes that the Second Circuit in *Fasano* held that "the district court abused its discretion in not considering the forum-selection clause", ODS urges the Court to do exactly that.  Opp. at 13.  While the Second Circuit did not decide that the forum-selection clause was outcome determinative, it still held that the court must consider it.  *Fasano*, 921 F.3d at 336-37.  And while ODS tries to distinguish the *Fasano* case on the grounds that it dealt "with the very different issue of whether the case should take place in the Cayman Islands versus the United States" and that the forum-selection clause in *Fasano* involves a public offering, such arguments ring hollow.  Similar to here, the putative class action in *Fasano* involves a "going private merger" of a Chinese-based company, incorporated in the Cayman Islands, and the terms of the forum-selection clause are ***identical***.  Mot. at 7-8.  The cases even involve the same co-Lead Plaintiff Altimeo who specifically argued and agreed that the forum-selection clause in *Fasano* shows that the case belongs in New York.  Tellingly, Lead Plaintiff Altimeo "does not participate in, and takes no position on" this issue, further demonstrating the cases are not as distinguishable as ODS would lead the Court to believe.  Opp. at 1 n.1.

In short, the receipts for the ADS's mandate transfer to New York.

**III.   Convenience and Interests of Justice Favor Transfer.**

While the Court should grant the Motion to Transfer on the independent basis that ODS has failed to meet its burden of clearly showing that the forum-selection clause should not be enforced,[7] Plaintiff also does not contest that venue is proper in the SDNY, but instead dedicates much of its Opposition to challenging that

---

[7] ODS admits the convenience factors are "ordinary factors," Opp. at 14, and thus insufficient to constitute extraordinary circumstances to overcome a forum-selection clause. *See Pelleport Investors, Inc. v. Budco Quality Theatres*, 569 F. Supp. 612, 614 (C.D. Cal. 1983) (granting remand under § 1404(a) based on forum-selection clause), *aff'd*, 741 F.2d 273 (9th Cir. 1984), *abrogated on other grounds by Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224 (2007)).

"convenience" warrants transfer.  Opp. at 14-21.  ODS's arguments fail.

## A.    ODS's Second-Choice Forum is Entitled to No Weight.

ODS's argument that the Court should give substantial weight to its choice of forum ignores two critical points.

First, ODS does not deny—nor can it—that the choice of venue of a class-action plaintiff who does not reside in the chosen forum is given *no weight*.  Mot. at 10-11.  Instead, ODS cites two inapposite cases to support its assertion that a plaintiff's choice of forum is "still given 'some deference'" in a class action.  Opp. at 20 (citing *Todd v. Tempur-Sealy Int'l, Inc.*, No. 13-cv-04984-JST, 2017 WL 2840272 (N.D. Cal. June 30, 2017); *Grady v. Century Link Commc'ns, LLC*, No. CV 15-85-BLG-BMM, 2015 WL 7566677 (D. Mont. Nov. 24, 2015)).  But *Todd* supports Defendants' position given that the court *granted* the motion to transfer because plaintiff's choice is given less weight in a class action.  2017 WL 2840272, at *6.  And in *Grady*, unlike here where neither Lead Plaintiff resides in California, the plaintiff's choice of forum was given some deference because of the "significant contacts" in Montana, including that both the plaintiffs lived and worked in Montana, the company conducted business there, and the challenged conduct arose there.  2015 WL 7566677, at *2.  ODS's choice of forum argument fails.  *See* Mot. at 10-11.

Second, ODS's choice of forum argument is further negated by its originally filing of a nearly identical suit in the SDNY.  By choosing to initially file in the SDNY, ODS concedes that the case "could have been brought" there as required under § 1404(a). Mot. at 8-9.  And while ODS attempts to explain that ODS sought transfer to California after it "joined forces with Altimeo," Opp. at 4, ODS acknowledges that it chose to voluntarily dismiss to avoid having the SDNY deny its Motion to Transfer. Opp. at 5 ("After review[ing] the arguments that Defendants made in opposition to transferring the New York Action, [they] . . . voluntarily

dismissed."); Mot. at 9.  This Court should transfer this case to the SDNY.[8]

### B.    The Convenience of Parties and Witnesses Favors Transfer.

ODS also fails to provide any persuasive argument that it would be more convenient to proceed in this Court rather than the SDNY.  Neither Lead Plaintiff resides in California, and in a securities class action, the plaintiff's choice of forum is given no weight.  Mot. at 11-12 (citing *In re Yahoo! Inc.*, Nos. CV 07–3125 CAS (FMOx), CV07–3902–CAS(FMOx), 2008 WL 707405, at *3, 5 (Mar. 10, 2008)); *supra* III.A. ODS also originally considered this forum to be convenient because they chose it as their original place of filing.  *Supra* III.A.[9]

Here, as ODS recognizes, Qihoo 360's principal executive offices are located in China (Opp. at 18; Compl. ¶ 15) and two of the defendants reside outside of the United States.  Opp. at 16.  ODS cites two cases for the proposition that flying to China from California is more convenient. Opp. at 18-19 (citing *Longyu Intern. Inc. v. E-Lot Electronics Recycling Inc.*, No. 2:13–cv–07086–CAS(JCGx), 2014 WL 1682811, at *7 (C.D. Cal. Apr. 29, 2014) (citation omitted)); *Pecoware Co., Inc. v Posh Intern. Ltd. (USA)*, No. 03 Civ. 6535(LAK), 2004 WL 210634 (S.D.N.Y. Feb. 4, 2004)).  Neither case supports ODS.  In both cases, there were indisputable connections to California, as "a substantial part of the events or omissions giving rise to the claim occurred in the Central District" and/or both parties were located in California.  *Id.*  Thus, the convenience of intercontinental travel is insignificant for purposes of a motion to transfer.  Mot. at 12 (citing *Pfeiffer v. Himax Tech. Inc.*, 530 F. Supp. 2d 1121, 1124 (C.D. Cal. 2008) (S.D.N.Y. and C.D. Cal. neutral with regard to travel from China)); *see also Hangzhou Chic Intell. Tech. Co., Ltd. v. Swagway, LLC*, No. 16-cv-04804-HSG, 2017 WL 1425915, at *3 (N.D. Cal. Apr. 21, 2017).

---

[8] That the "first-to-file rule requires *pending* cases" is inconsequential (Opp. at 15), since Defendants merely argue the action could have been brought in New York, and it is telling that ODS originally brought the case there.  Mot. at 9.

[9] Neither parties' counsel is inconvenienced by transfer because both Pomerantz LLP and Dechert LLP have offices in New York.  Mot. at 11 n.6.

And while ODS repeatedly mentions that Defendant Chen is located in California, it does not address why the Central District would be more convenient, as his location in San Carlos, California is a flight or a six-hour drive. Dkt. 17-2. Nor does ODS explain why Chen, who for five years has served as a director of a company headquartered over 6000 miles away, Opp. Ex. 3, would suddenly be inconvenienced by a flight to New York. ODS cannot speculate about what is more convenient for Defendant Chen, who does not oppose transfer to the SDNY. Mot. at 12.[10] Therefore, the convenience of the parties and witnesses favors transfer.

### C.   On Balance, the Interests of Justice Weigh In Favor of Transfer.

The lack of contacts relating to ODS's cause of action in California also weighs in favor of transfer. In this case, allegations are based on Qihoo's allegedly false or misleading public statements transmitted from its headquarters in China, allegedly impacting the price of ADS's traded on the NYSE. *See, e.g.*, Compl. ¶¶ 6 15. As explained above, the U.S. contact listed on these public statements is located in New York. *Supra* III.B. As the party responsible for fielding U.S. investor inquiries related to the public statements at issue (Dkt. 35-6, 35-7 (3/3/16 Form 6-K at Ex. 99.1 at 5; 3/30/16 Form 6-K at Ex. 99.1 at 5)), this contact's connection to the occurrence of the purported securities fraud is greater than ODS's unsubstantiated argument that Chen—to whom not even a single statement in the 53-paragraph Complaint is specifically attributed—was in California when he supposedly "made" the statements at issue. Dkt. 1; Opp. at 18. Therefore, this factor favors transfer.

Tellingly, ODS does not address—and therefore concedes—that the

---

[10] ODS cites cases plucked out of context to argue the location of a single defendant is determinative of transfer. Opp. at 17 (citing *Johnson v. Experian Info. Solns Inc.*, SACV 12-230-JST (JPRx), 2012 WL 5292955, at *2 (C.D. Cal. Sept. 5, 2012) (not a class action; defendant corporation (and relevant witnesses) headquartered there); *CXA Corp. v. Mazal Invs. LLC*, No. CV 12-08269 JGB (JEMx), 2013 WL 12129379, at *3 (C.D. Cal. Mar. 14, 2013) (all defendants located in California); *Petersen v. Cal. Special Educ. Hearing Office McGeorge Sch. Law*, No. C 07-2400 SI, 2017 WL 66874, at *2 (N.D. Cal. Nov. 6, 2007) (where a complaint "strongly indicate[s]" that the case should remain in its original venue and "the majority of parties (including plaintiffs)" are located there, transfer not warranted)).

availability of process to compel attendance of unwilling witnesses also favors transfer to SDNY.  Ordinarily, where the transferor forum would not be in a better position to issue a subpoena than the transferee forum, this factor is neutral.  *In re Galectin Therapeutics, Inc. Sec. Litig.*, Nos. 3:14–CV–00399–RCJ–WGC, 3:14–CV–00402–RCJ–WGC, 2015 WL 260881, at *5 (D. Nev. Jan. 21, 2015) (granting motion to transfer).  But ODS's only California connection is Defendant Chen, and he does not object to litigating the case in New York.  Moreover, the U.S. contacts in New York are within reach of a subpoena. Dkts. 35-6, 35-7 (Press Releases).  This factor weighs in favor of transfer to SDNY.

To the extent the Court exercises its discretion to look at the optional factor of the "relative congestion" of this Court and SDNY, this factor is also neutral.  Contrary to ODS's characterization of the Judicial Caseload Profiles for the Central District and SDNY, the difference in the median time from filing to disposition is only a few weeks.  Opp. Ex. 10.  And ODS's only support is out of context.  Opp. at 21 (citing *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, No. CV 13-5693 PSG (RZx), 2013 U.S. Dist. LEXIS 201175, at *14-15 (C.D. Cal. Dec. 3, 2013) (finding neutral factor, even where the difference in median times from filing to disposition was more than three months, rather than the .7 month-difference here).[11]  Thus, the relative court-congestion factor cannot overcome the presumption in favor of transfer to the SDNY.

Accordingly, on balance, the interests of justice weigh in favor of transfer, and the Motion to Transfer should be granted.

### CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion.

---

[11] ODS does not contest and thus concedes that the forum's familiarity with the governing law, that the location of documentary evidence in the age of e-discovery, as well as the differences in costs of litigation in the two forums, are also neutral factors. Mot. at 13-14.  *See, e.g.*, *Zaklit v. Global Linguist Solutions, LLC*, No. CV 13-08654 MMM (MANx), 2014 WL 12521725, at *13 (C.D. Cal. Mar. 24, 2014); *see also Star Fabrics, Inc. v. Ross Stores, Inc.*, No. CV 17-5877 PA (PLAx), 2017 WL 10439691, at *3 (C.D. Cal. Nov. 20, 2017).

Dated:  July 9, 2019        **DECHERT LLP**

By:    */s/ Nathan M. McClellan*
Nathan M. McClellan

David H. Kistenbroker (*pro hac vice*)
Email: david.kistenbroker@dechert.com
Joni S. Jacobsen (*pro hac vice*)
Email: joni.jacobsen@dechert.com
35 West Wacker, Suite 3400
Chicago, IL 60601
Telephone: (312) 646-5800
*Counsel for Defendants Qihoo Technology*
*Co. Ltd. & Eric Chen*