Jennifer Pafiti (SBN 282790)
E-mail: jpafiti@pomlaw.com
**POMERANTZ LLP**
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190

Michael Grunfeld
E-mail: mgrunfeld@pomlaw.com
**POMERANTZ LLP**
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100

*Counsel for Lead Plaintiffs Altimeo*
*Asset Management and ODS Capital LLC*
*and Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## (WESTERN DIVISION – LOS ANGELES)

| | |
|---|---|
| ALTIMEO ASSET MANAGEMENT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>QIHOO 360 TECHNOLOGY CO. LTD., HONGYI ZHOU, XIANGDONG QI and ERIC X. CHEN,<br><br>Defendants. | Case No. 2:19-cv-01619-JAK-JC<br><br>**DECLARATION OF MICHAEL GRUNFELD IN RESPONSE TO ORDER TO SHOW CAUSE**<br><br>**Judge:** Hon. John A. Kronstadt |

DECLARATION IN RESPONSE TO ORDER TO SHOW CAUSE

I, MICHAEL GRUNFELD, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am an attorney licensed to practice law in the State of New York. I am admitted *pro hac vice* to the Bar of this Court. I am a partner with the law firm of Pomerantz LLP and counsel for Altimeo Asset Management ("Altimeo") and ODS Capital LLC ("ODS" and, collectively with Altimeo, "Lead Plaintiffs")).

2. I submit this declaration in response to the Court's July 7, 2019 Order to Show Cause as to why Defendants Hongyi Zhou ("Zhou") and Xiangdon Qi ("Qi") should not be dismissed for lack of prosecution. (Dkt. No. 43.)

3. Defendants Zhou and Qi have not been located in the United States. In addition, Counsel for Defendants Qihoo 360 Technology Co. Ltd. ("Qihoo 360") and Eric X. Chen have stated that they do not represent Defendants Zhou and Qi and are not able to accept service of process on their behalf.

4. The proxy statement that Qihoo 360 issued in connection with the merger that is the subject of this action identifies Zhou's and Qi's business address as Building #2, 6 Jiuxianqiao Road, Chaoyang District, Beijing 100015, the People's Republic of China. A true and correct copy of an excerpt of this proxy statement that Qihoo 360 filed with the SEC on March 3, 2016 is attached as Exhibit A.

5. Lead Plaintiffs, through their counsel Pomerantz LLP, have engaged the Shreefer Law Firm LLC to effect service of process upon Defendants Zhou and Qi under

Rule 4(f) of the Federal Rules of Civil Procedure, at the address referenced in the prior paragraph and in accordance with Article 5 of the Hague Convention. Lead Plaintiffs will file proof of completion of service if, and when, it is completed. An affidavit from Karina Shreefer of the Shreefer Law Firm, LLC describing these efforts is attached as Exhibit B.

6.      Lead Plaintiffs, through their counsel, formally engaged the Shreefer Law Firm in these efforts on June 4, 2019, after a related action that was pending in the United States District Court for the Southern District of New York (*ODS Capital LLC v. Qihoo 360, et al.*, No. 19-cv-0501-PAE (S.D.N.Y.)) was voluntarily dismissed without prejudice on May 20, 2019 and the parties that have appeared in this Action agreed on a proposed case schedule that was filed with the Court on June 3 and 4, 2019 (*see* Dkt. Nos. 31 and 36).

7.      Defendants Qihoo 360 and Eric X. Chen have been properly served and this action has been proceeding on schedule as to these defendants. (*See* Dkt. Nos. 17, 28, 30).

8.      Rule 4(m) of the Federal Rules of Civil Procedure provides that the 90-day time limit for service described in that section "does not apply to service in a foreign country under Rule 4(f)." *See also Sport Lisboa e Benfica-Futebol, SAD v. Doe*, No. CV 18-2978-RSWL-E, 2018 U.S. Dist. LEXIS 142971, at *9-11 (C.D. Cal. Aug. 21, 2018) (holding that "[a] party that executes service under Rule 4(f) is not subject to the deadline set forth in Rule 4(m)" and that plaintiff, who was in the process of serving defendant through the Hague Convention "should continue to use reasonable efforts to serve

Defendants in a timely manner"); *Prods. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*, 2017 U.S. Dist. LEXIS 55430, *8 (N.D. Cal. Apr. 1, 2017) (holding "Plaintiff has made good faith efforts to serve Foreign Defendants though the Hague Convention").

9.      Lead Plaintiffs should be permitted to continue their diligent efforts to serve Defendants Zhou and Qi.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in New York, New York on August 6, 2019.

By: */s/ Michael Grunfeld*
Michael Grunfeld