# EXHIBIT 8

Case 1:19-cv-10067-PAE     Document 59-8     Filed 10/11/19     Page 2 of 5

SC 13E3 1 v428644_sc13e3.htm SC 13E3

## UNITED STATES
## SECURITIES AND EXCHANGE COMMISSION
**Washington, D.C. 20549**

## SCHEDULE 13E-3

**RULE 13e-3 TRANSACTION STATEMENT**
**(Pursuant to Section 13(e) of the Securities Exchange Act of 1934)**

## Qihoo 360 Technology Co. Ltd.
**(Name of the Issuer)**

**Qihoo 360 Technology Co. Ltd.**
**Tianjin Qixin Zhicheng Technology Co., Ltd.**
**Tianjin Qixin Tongda Technology Co., Ltd.**
**True Thrive Limited**
**New Summit Limited**
**Hongyi Zhou**
**Global Village Associates Limited**
**Xiangdong Qi**
**Young Vision Group Limited**

**(Names of Persons Filing Statement)**

**Ordinary Shares, par value $0.001 per share**
**American Depositary Shares, every two representing three Class A Ordinary Shares**
**(Title of Class of Securities)**

**74734M109**
**(CUSIP Number)[1]**

| | |
|---|---|
| **Qihoo 360 Technology Co. Ltd.** | **Tianjin Qixin Zhicheng Technology Co., Ltd.** |
| | **Tianjin Qixin Tongda Technology Co., Ltd.** |
| | **True Thrive Limited** |
| | **New Summit Limited** |
| | **Hongyi Zhou** |
| | **Global Village Associates Limited** |

---

[1] This CUSIP applies to the American Depositary Shares, evidenced by American depositary receipts, every two representing three class A ordinary shares.

**INTRODUCTION**

This Rule 13E-3 transaction statement on Schedule 13E-3, together with the exhibits hereto (this "Transaction Statement"), is being filed with the Securities and Exchange Commission (the "SEC") pursuant to Section 13(e) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), jointly by the following persons (each, a "Filing Person," and collectively, the "Filing Persons"): (a) Qihoo 360 Technology Co. Ltd., an exempted company with limited liability incorporated under the laws of the Cayman Islands (the "Company"), the issuer of the ordinary shares, consisting of Class A ordinary shares and Class B ordinary shares, par value $0.001 per share (each, a "Share"), including the Shares represented by the American depositary shares ("ADSs"), every two representing three Class A ordinary shares of the Company, that are subject to the transaction pursuant to Rule 13e-3 under the Exchange Act; (b) Mr. Hongyi Zhou, the chairman of the board of directors and chief executive officer of the Company ("Mr. Zhou"); (c) Global Village Associates Limited ("Global Village"), a British Virgin Islands company controlled by Mr. Zhou, (d) Mr. Xiangdong Qi, a director and the president of the Company ("Mr. Qi"); (e) Young Vision Group Limited ("Young Vision" and, together with Global Village, the "Founder Securityholders"), a British Virgin Islands company controlled by Mr. Qi, (f) Tianjin Qixin Zhicheng Technology CO., Ltd. (天津奇信志成科技有限公司), a limited liability company incorporated under the laws of the People's Republic of China ("Holdco"); (g) Tianjin Qixin Tongda Technology Co., Ltd. (天津奇信通达科技有限公司), a limited liability company incorporated under the laws of the People's Republic of China ("Parent"); (h) True Thrive Limited (诚盛有限公司), an exempted company incorporated with limited liability under the laws of the Cayman Islands and a wholly owned subsidiary of Parent ("Midco"); (i) New Summit Limited (新峰有限公司), an exempted company incorporated with limited liability under the laws of the Cayman Islands and a wholly owned subsidiary of Midco ("Merger Sub" and, together with Holdco, Parent and Midco, each a "Parent Party" and collectively the "Parent Parties").

On December 18, 2015, Holdco, Parent, Midco, Merger Sub, the Company, and, solely for purposes of Section 6.19 of the Merger Agreement (as defined below), Global Village and Young Vision, entered into an agreement and plan of merger (the "Merger Agreement") providing for the merger of Merger Sub with and into the Company (the "Merger") with the Company continuing as the surviving company after the Merger as a wholly owned subsidiary of Midco. Midco is wholly owned by Parent. At the effective time of the Merger (the "Effective Time"), the Company is expected to be beneficially owned by: (i) the Parent Parties, the Founder Securityholders and the equity investors named in Exhibit B of the Merger Agreement and their affiliates; and (ii) Tianjin Qirui Zhongxin Technology Partnership (Limited Partnership) (天津奇睿众信科技合伙企业(有限合伙)) (the "Plan Vehicle") or such other arrangements through which former holders of unvested Company Options (as defined below) and Company Restricted Shares (as defined below) immediately prior to the Effective Time will hold after the Effective Time equity incentive awards of Parent resulting from the assumption or conversion of such unvested Company Options and Company Restricted Shares pursuant to the Merger Agreement.

If the Merger is consummated, at the Effective Time, each Share issued and outstanding immediately prior to the Effective Time will be cancelled and cease to exist in exchange for the right to receive $51.33 ("Per Share Merger Consideration") and each issued and outstanding ADS will represent the right to receive $77.00, in each case, in cash, without interest and net of any applicable withholding taxes. The ADS holders will pay any applicable fees, charges and expenses of The Bank of New York Mellon (the "Depositary") and government charges (including withholding taxes if any) due to or incurred by the Depositary, in its capacity as the ADS depositary, in connection with the cancellation of the ADSs surrendered and distribution of the merger consideration to holders of ADSs, including applicable ADS cancellation fees ($5.00 for each 100 ADSs (or portion thereof)). Notwithstanding the foregoing, if the Merger is consummated, the following Shares (including Shares represented by ADSs) will not be converted into the right to receive the consideration described in the immediately preceding sentence but will be cancelled and cease to exist at the Effective time:

https://www.sec.gov/Archives/edgar/data/1508913/000114420416074992/v428644_sc13e3.htm

## SIGNATURES

After due inquiry and to the best of my knowledge and belief, I certify that the information set forth in this statement is true, complete and correct.

Date: January 11, 2016

**Qihoo 360 Technology Co. Ltd.**

By:    /s/ Eric X. Chen
Name: Eric X. Chen
Title:   Director, Chairman of the Special
           Committee

**Tianjin Qixin Zhicheng Technology Co., Ltd.**
(天津奇信志成科技有限公司)

By:    /s/  Hongyi Zhou
Name:  Hongyi Zhou
Title:  Legal Representative

**Tianjin Qixin Tongda Technology Co., Ltd.**
(天津奇信通达科技有限公司)

By:    /s/  Hongyi Zhou
Name: Hongyi Zhou
Title:    Legal Representative

**True Thrive Limited**
(诚盛有限公司)

By:    /s/  Hongyi Zhou
Name: Hongyi Zhou
Title:  Director

29

**New Summit Limited**
(新峰有限公司)

By:     /s/ Hongyi Zhou
Name: Hongyi Zhou
Title:  Director

**Hongyi Zhou**
**/s/ Hongyi Zhou**

**Global Village Associates Limited**

By:     /s/ Huan Hu
Name: Huan Hu
Title:  Director

**Xiangdong Qi**
**/s/ Xiangdong Qi**

**Young Vision Group Limited**

By:     /s/  Xiangdong Qi
Name: Xiangdong Qi
Title:  Director

30