**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALTIMEO ASSET MANAGEMENT, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>      v.<br><br>QIHOO 360 TECHNOLOGY CO. LTD., HONGYI ZHOU, XIANGDONG QI and ERIC X. CHEN,<br><br>      Defendants. | 1:19-cv-10067-PAE<br><br>Oral Argument Requested |

**DEFENDANTS QIHOO 360 TECHNOLOGY CO. LTD AND ERIC X. CHEN'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

David H. Kistenbroker*
Joni S. Jacobsen*
Angela M. Liu*
35 West Wacker, Suite 3400
Chicago, IL 60601
Telephone: (312) 646-5800
david.kistenbroker@dechert.com
joni.jacobsen@dechert.com
angela.liu@dechert.com

DECHERT LLP
Brian C. Raphel
1095 Avenue of the Americas
New York, New York 10036
Telephone: (212) 698-3500
brian.raphel@dechert.com

*Attorneys for Qihoo 360 Technology Co. Ltd. and Eric X. Chen*

*admitted *pro hac vice*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 1

I. PLAINTIFFS HAVE NOT PLEADED FALSE OR MISLEADING STATEMENTS .................................................................................................... 1

II. PLAINTIFFS HAVE NOT PLEADED SCIENTER ......................................................... 4

III. PLAINTIFFS HAVE NOT PLEADED RELIANCE ....................................................... 7

IV. PLAINTIFFS HAVE NOT PLEADED LOSS CAUSATION ......................................... 9

V. PLAINTIFFS HAVE NOT PLEADED A SECTION 20A CLAIM .............................. 10

CONCLUSION ............................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Affiliated Ute Citizens of Utah v. United States*,
   406 U.S. 128 (1972) ................................................................................................................8

*Altayyar v. Etsy, Inc.*,
   242 F. Supp. 3d 161 (E.D.N.Y. 2017) .....................................................................................3

*In re Atlas Air Worldwide Holdings, Inc. Sec. Litig.*,
   324 F. Supp. 2d 474 (S.D.N.Y. 2004) .....................................................................................5

*Basic v. Levinson*,
   485 U.S. 224 (1988) .............................................................................................................7, 8

*Bd. of Trs. of City of Ft. Lauderdale Gen. Emps.' Ret. Syst. v. Mechel OAO*,
   811 F. Supp. 2d 853 (S.D.N.Y. 2011) ...................................................................................10

*Black v. Finantra Capital, Inc.*,
   418 F.3d 203 (2d Cir. 2005) ....................................................................................................8

*Buxbaum v. Deutsche Bank*,
   2000 U.S. Dist. LEXIS 5838 (S.D.N.Y. Mar. 6, 2000) ...........................................................2

*Caiola v. Citibank, N.A., N.Y.*,
   295 F.3d 312 (2d Cir. 2002) ....................................................................................................2

*City of Sterling Heights Police & Fire Ret. Sys. v. Abbey Nat'l, PLC*,
   423 F. Supp. 2d 348 (S.D.N.Y. 2006) .....................................................................................5

*City of Taylor Gen. Emps. Ret. Sys. v. Magna Int'l Inc.*,
   967 F. Supp. 2d 771 (S.D.N.Y. 2013) ...................................................................................10

*Cohen v. Kitov Pharms. Holds., Ltd.*,
   2018 U.S. Dist. LEXIS 45676 (S.D.N.Y. Mar. 20, 2018) .......................................................7

*Davis v. Scottish Re Grp. Ltd.*,
   159 A.D.3d 528 (N.Y. App. Div. 2018) ..................................................................................9

*Dura Pharms, Inc. v. Broudo*,
   544 U.S. 336 (2005) .................................................................................................................9

*Glaser v. The9, Ltd.*,
   772 F. Supp. 2d 573 (S.D.N.Y. 2011) .....................................................................................5

*Gordon v. Sonar Capital Mgmt. LLC*,
   2014 U.S. Dist. LEXIS 111543 (S.D.N.Y. July 31, 2014) ...................................................... 8

*Gordon v. Sonar Capital Mgmt. LLC*,
   962 F. Supp. 2d 525 (S.D.N.Y. 2013) ................................................................................... 10

*Grace v. Rosenstock*,
   228 F.3d 40 (2d Cir. 2000) ...................................................................................................... 8

*Gruber v. Gilbertson*,
   2018 WL 1418188 (S.D.N.Y. Mar. 20, 2018) ...................................................................... 10

*Lewy v. SkyPeople Fruit Juice, Inc.*,
   2012 U.S. Dist. LEXIS 128416 (S.D.N.Y. Sept. 10, 2012) .................................................... 5

*Lydon v. Estate of Winston*,
   715 F. Supp. 600 (S.D.N.Y. 1989) ......................................................................................... 2

*In re MCI Worldcom, Inc. Sec. Litig.*,
   93 F. Supp. 2d 276 (E.D.N.Y. 2000) ...................................................................................... 7

*McIntire v. China Media MediaExpress Holdings, Inc.*,
   38 F. Supp. 3d 415 (S.D.N.Y. 2014) ....................................................................................... 8

*In re Merrill Lynch Auction Rate Sec. Litig.*,
   2011 U.S. Dist. LEXIS 35363 (S.D.N.Y. Mar. 29, 2011) ...................................................... 3

*Meyer v. JinkoSolar Holdings Co.*,
   761 F.3d 245 (2d Cir. 2014) .................................................................................................... 2

*In re Molycorp, Inc. Sec. Litig.*,
   2015 WL 1097355 (S.D.N.Y. Mar. 12, 2015) ........................................................................ 5

*Novak v. Kasaks*,
   216 F.3d 300 (2d Cir. 2000) .................................................................................................... 6

*Okla. Firefighters Pension & Ret. Sys. v. Student Loan Corp.*,
   951 F. Supp. 2d 479 (S.D.N.Y. 2013) ..................................................................................... 3

*In re Petrobras Sec.*,
   862 F.3d 250 (2d Cir. 2017) .................................................................................................... 8

*Plumbers & Pipefitters Nat'l Pension Fund v. Orthofix Int'l N.V.*,
   89 F. Supp. 3d 602 (S.D.N.Y. 2015) ....................................................................................... 6

*In re Shanda Games Ltd. Sec. Litig.*,
   2019 U.S. Dist. LEXIS 171592 (S.D.N.Y. Sept. 30, 2019) ........................................... *passim*

*Shemian v. Research In Motion Ltd.*,
    2013 WL 1285779 (S.D.N.Y. Mar. 29, 2013) .................................................................5

*Simon DeBartolo Grp. v. Richard E. Jacobs Grp.*,
    186 F.3d 157 (2d Cir. 1999)...........................................................................................9

*Special Situations Fund III QP, L.P. v. Deloitte Touch Tohmatsu CPA, Ltd.*,
    645 F. App'x 72 (2d Cir. 2016) .....................................................................................3

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007).......................................................................................................4

*Tracinda Corp. v. DaimlerChrysler AG*,
    197 F. Supp. 2d 42 (D. Del. 2002).................................................................................9

*In re TVIX Sec. Litig.*,
    25 F. Supp. 3d 444 (S.D.N.Y. 2014)..............................................................................7

*In re UBS AG Sec. Litig.*,
    2012 WL 4471265 (S.D.N.Y. Sept. 28, 2012)...............................................................5

*Vine v. Bene. Fin. Co.*,
    374 F.2d 627 (2d Cir. 1967).........................................................................................10

*In re Vivendi, S.A. Sec. Litig.*,
    838 F.3d 223 (2d Cir. 2016)...........................................................................................4

*Wilson v. Great Am. Indus., Inc.*,
    855 F.2d 987 (2d Cir. 1988)...........................................................................................9

**Statutes**

15 U.S.C. §78t-1(a)................................................................................................................10

15 U.S.C. § 78u-4 ....................................................................................................................7

**PRELIMINARY STATEMENT**

Plaintiffs, sophisticated investors represented by repeat-litigators, familiar with bringing securities suits (Mot. at 4), regret foregoing their appraisal rights and find themselves cobbling together securities class action claims.  Relying entirely on conjecture, Plaintiffs are gratuitous in their allegations, but plead no underlying *facts*—let alone particularized ones—to suggest that Qihoo or Chen was engaged in a secret, definitive plan to defraud investors when the post-Merger management team relisted at a higher value over a year after Qihoo went private.  This theory ignores the actual disclosures, including the explicit warning of the possibility of a relisting.  Similarly, Plaintiffs speculate scienter based on contradictory news articles, a low-level employee's statements, and impermissible hindsight, but their allegations are *consistent with* Qihoo's disclosures.  On this weak foundation, Plaintiffs' reliance and loss causation allegations further elucidate why this suit is not a securities class action.  This attorney-driven litigation fails.

**ARGUMENT**[1]

**I. PLAINTIFFS HAVE NOT PLEADED FALSE OR MISLEADING STATEMENTS**

Plaintiffs have not pleaded any false or misleading statements because they: (1) woefully fail to satisfy their obligation to plead particularized facts to support their theory that a purported finite plan to relist during the putative class period was not disclosed, (2) ignore Qihoo's actual disclosures, and (3) impermissibly base allegations on forward-looking statements.

*First***,** at every turn, Plaintiffs fail to plead particularized facts that establish Defendants' disclosures were false and misleading.  Plaintiffs plead "*no* factual allegations that support an inference that the alleged plan to [relist] in the future had been formulated prior to the [M]erger."

---

[1] Exhibit references ("Ex.") refer to exhibits to the Declaration of Brian C. Raphel (Dkt. 79).  Unless otherwise indicated, all emphases in text and case citation have been added and internal citations have been omitted.

- 1 -

*Lydon v. Estate of Winston*, 715 F. Supp. 600, 602 (S.D.N.Y. 1989) (dismissing claims based on alleged failure to disclose plan to resell company at a higher price 17 months post-acquisition).[2] Rather than "conflate pleading and proof," Opp. at 11, Defendants merely ask that Plaintiffs offer more than rank speculation that a "current plan" existed.

Indeed, Plaintiffs wholly dismiss the disclosures in Qihoo's Proxy Statements, arguing that Qihoo's warning failed to tell investors its "true plans," Opp. at 6, and once Defendants chose to speak, they had an obligation to "tell the whole truth," Opp. at 10. But each Proxy was forthright with investors. Mot. at 8. The actual language in the Proxy Statements discloses that relisting on another stock exchange was a possibility. FAC ¶ 170 (quoting Ex. 1, 1/11/16 Proxy Statement at 66).[3] Absent a firm plan to relist, Qihoo and Mr. Chen were not obligated to say more.[4]

Plaintiffs suggest that Defendants' statements are false because a "statement that [a defendant] is not planning a certain course of action is false when the defendant is already planning to do exactly that." Opp. at 7-8. Unlike the cases Plaintiffs cite, however, a close reading of the FAC reveals that Defendants never denied it might relist in the future. In *Buxbaum v. Deutsche Bank*, 2000 U.S. Dist. LEXIS 5838, at *42, 48-49 (S.D.N.Y. Mar. 6, 2000), the Court denied

---

[2] Despite Plaintiffs' protestations, Opp. at 10 n.7, *Lydon*'s facts are directly relevant to this case, particularly because Defendants did not expressly deny a plan to relist in the future. Mot. at 9.

[3] Plaintiffs are forced to concede that Defendants expressly disclosed the possibility of a transaction in the future. Opp. at 10. On this concession, Plaintiffs have no basis to suggest that Defendants made false statements about reasons for the Merger, namely the benefits of privatization. *Id*. at 6. The potential of a future relisting does not diminish any benefits Qihoo enjoyed from the Merger before relisting. Moreover, upon a careful reading, the Proxy Statements never even *deny* the existence of a "current plan" to *relist in the future*, as Plaintiffs suggest. *Compare* FAC ¶ 159(a), *with id.* ¶ 170 (quoting Ex. 1, 1/11/16 Proxy Statement at 66 (Buyer Group's "Plans for the Future")).

[4] Plaintiffs' cases are inapposite. They involve particularized allegations of circumstances that already existed at the time of the statements at issue. Opp. at 10 (citing, *e.g.*, *Meyer v. JinkoSolar Holdings Co.*, 761 F.3d 245, 251 (2d Cir. 2014) (prospectus's description of pollution prevention equipment and 24-hour monitory teams was misleading given existing problems with pollution abatement equipment already reported to Chinese regulators); *Caiola v. Citibank, N.A., N.Y.*, 295 F.3d 312, 330-31 (2d Cir. 2002) (denying dismissal based on misrepresentations where bank made assurances that trading and hedging practices would not change post-merger, despite contemporaneously ceasing hedging and changing the nature of its trading portfolio)).

defendants' motion to dismiss, finding the company's CEO expressly denied takeover talks even though the parties were already engaged in merger discussions.[5]  Here, Plaintiffs ***never allege*** Mr. Chen or Qihoo made such denials about potential future plans.

***Second***, Plaintiffs have not pleaded that Defendants' opinions assessing the fairness of the Merger were misleading.  Mot. at 12-15.  "[P]laintiffs allege no ***facts*** whatsoever to support their argument that defendants did not honestly believe" their statements when made.  *Okla. Firefighters Pension & Ret. Sys. v. Student Loan Corp.*, 951 F. Supp. 2d 479, 497 (S.D.N.Y. 2013) (dismissing complaint); *see* Opp. at 11 (speculating that Defendants could predict the Buyer Group would relist for "over five times the price").  Nor do they describe any information that "outright contradicted" Defendants' assessment.  *Special Situations Fund III QP, L.P. v. Deloitte Touch Tohmatsu CPA, Ltd.*, 645 F. App'x 72, 76 (2d Cir. 2016) (affirming dismissal); *see In re Shanda Games Ltd. Sec. Litig.*, 2019 U.S. Dist. LEXIS 171592, at *19 (S.D.N.Y. Sept. 30, 2019) (fairness statements "inactionable" where "Complaint does not allege that the facts supporting the belief that the deal was fair are untrue").[6]  Indeed, Defendants' fairness opinions are ***precisely*** the type of statements protected by *Omnicare*: a subjective judgment, not questioned by auditors, and "subject to interpretation."  *Altayyar v. Etsy, Inc.*, 242 F. Supp. 3d 161, 174 (E.D.N.Y. 2017).

Plaintiffs disregard *In re Shanda Games*, Mot. at 13, suggesting it is distinguishable because here, "defendants were alleged to have had a secret, conflicting set of projections" underlying the fairness opinion, Opp. 12 n.10.  But Plaintiffs do not (nor could they) allege any

---

[5] In *In re Merrill Lynch Auction Rate Securities Litigation*, 2011 U.S. Dist. LEXIS 35363, at *11, 26 (S.D.N.Y. Mar. 29, 2011), the Court found the defendants made misleading statements by reassuring plaintiffs of the ARS market's liquidity, although they (and only they) knew of a lack of ARS demand that would cause the market would fail absent intervention.

[6] Plaintiffs do not dispute their failure to plead that Mr. Chen or Qihoo did not subjectively believe in the accuracy of their opinion that the Merger was fair and in the best interests of the Company, nor that they disagreed with the projections used.  Mot. at 13; Opp. at 11-12.

particularized facts that *Qihoo* or *Mr. Chen* knew of a "secret, conflicting set of projections," let alone particularized facts suggesting that such projections existed.[7] Plaintiffs also ignore that this Court found fairness statements inactionable "even if the [underlying] projections were faulty." *In re Shanda Games*, 2019 U.S. Dist. LEXIS 171592, at *19.

*Third*, Plaintiffs ignore that their FAC is riddled with Defendants' statements regarding what *may* happen *after* the Merger (including relisting) whilst arguing that the statements are not forward-looking or subject to the bespeaks caution doctrine. Mot. 10-11; Opp. at 8-9.[8] Consistent with the cases in the Motion, Mot. at 10-11, Qihoo's Proxy Statements offered cautionary language, "disclos[ing] the exact information at issue"—that relisting was a possibility, Opp. at 9 n.5.[9] Any attempt to cast this disclosure as meaningless is baseless. Plaintiffs' allegations fail for this additional reason.

## II.     PLAINTIFFS HAVE NOT PLEADED SCIENTER

Considering Plaintiffs' allegations holistically, the so-called "evidence" on which they rely contradicts any "firm plan to relist Qihoo in China for multiple times the Merger price." Opp. at 2. The far more compelling inference is that Defendants acted reasonably by not promising a relisting when it remained only a possibility for the yet-formed surviving entity. *See Tellabs Inc.*

---

[7] Plaintiffs base this argument on a single *Financial Times* article (published well after the class period) describing vague "marketing materials" not alleged to be in the possession of Qihoo or Mr. Chen. FAC ¶ 115. Indeed, Qihoo disclaimed that the financial projections "should not be relied upon as being necessarily indicative of future results, and readers of this document are cautioned not to place undue reliance on the prospective financial information." Ex. 1, 1/11/16 Proxy at 51. Such allegations and a page-long string cite about faulty fairness opinions cannot save their Amended Complaint.

[8] Although the Proxy's statement that the Buyer Group (*not* Qihoo or Mr. Chen) did not have any "current plans" may be viewed as a present statement of fact that is not forward-looking, when read out of context, it disregards the very next sentence explaining what may happen "subsequent to the consummation of the Merger." FAC ¶ 170.

[9] For example, in *In re Vivendi, S.A. Securities Litigation*, 838 F.3d 223, 247 (2d Cir. 2016) (holding sufficient evidence to support jury finding), the company's cautionary statements about new products and services, competition, and provider relationships were entirely "irrelevant to the [liquidity problems] at issue," and therefore distinguishable.

*v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007).

  ***First***, by focusing exclusively on Messrs. Zhou and Qi, who have not yet been served in this action, Plaintiffs acknowledge that they have not pleaded any motive as to Mr. Chen.  Opp. at 14-15; *In re UBS AG Sec. Litig.*, 2012 WL 4471265, at *9 (S.D.N.Y. Sept. 28, 2012) (obligation to plead scienter as to each defendant).  This absence of motive is not saved by allegations about Mr. Chen's position on the Special Committee.[10]  Mot. at 17.  Indeed, Mr. Chen was selected to serve on the Special Committee because he was an independent, disinterested director, Ex. 1, 1/11/2016 Proxy at vi, 5, 29,[11] "representing Qihoo's shareholders in the Merger," Opp. at 2.  In fact, rather than the Buyer Group, Mr. Chen was a signatory on behalf of Qihoo, distinguishing the interests of the Company and Buyer Group.  Ex. 10, Registration Statement at 29-30.  Plaintiffs fail to plead that any "plan" was even known by the Qihoo's Special Committee, and by extension, Mr. Chen, who was not a part of the Buyer Group.  Thus, it was ***not*** "virtually inconceivable" that Chen never had access to or knowledge of any purported plan. Opp. at 19.[12]

  Further, the alleged scienter of the Individual Defendants cannot be imputed to Qihoo.

---

[10] "[T]hat [Mr. Chen] signed or certified [Qihoo's Proxy Statements] is insufficient to support a finding of scienter." *In re Molycorp, Inc. Sec. Litig.*, 2015 WL 1097355, at *12 (S.D.N.Y. Mar. 12, 2015); *contra* Opp. at 15-16.

[11] Plaintiffs offer only general allegations that the Special Committee had broad responsibility and access to internal information. Therefore, the cases they cite with far more particularized allegations of a defendant's knowledge are inapposite.  Opp. at 18; *see, e.g.*, *City of Sterling Heights Police & Fire Ret. Sys. v. Abbey Nat'l, PLC*, 423 F. Supp. 2d 348, 361 (S.D.N.Y. 2006) ("egregious refusal to see the obvious" where plaintiffs alleged misrepresentations of massive write-downs, a portfolio with substantial holdings in Enron and WorldCom, and SEC investigations of WorldCom); *Lewy v. SkyPeople Fruit Juice, Inc.*, 2012 U.S. Dist. LEXIS 128416, at *47-48 (S.D.N.Y. Sept. 10, 2012) (CFO's filings directly contradicted subsidiary's filings with the Chinese State Administration for Industry and Commerce).

[12] Similarly, Plaintiffs cannot salvage their FAC with allegations of the core operations doctrine. *Shemian v. Research in Motion Ltd.*, 2013 WL 1285779, at *17 (S.D.N.Y. Mar. 29, 2013).  *See also Glaser v. The9, Ltd.*, 772 F. Supp. 2d 573, 596 n.17 (S.D.N.Y. 2011) (collecting cases where other courts "have found that [core operations doctrine] is no longer viable").  Plaintiffs have not pled (because they cannot) particularized facts, as their cited cases require, that Mr. Chen received and disregarded any information, including projections, from the Buyer Group that contradicted Qihoo's cautionary expression of a potential relisting.  Opp. at 19 (*see, e.g.*, *In re Atlas Air Worldwide Holdings, Inc. Sec. Litig.*, 324 F. Supp. 2d 474, 489 (S.D.N.Y. 2004) (applying core operations doctrine where 12 CWs and internal company reports attested to awareness of accounting problem that resulted in bankruptcy)).

Although the Court in *In re Shanda Games* imputed individuals' motives to the company because the CEO and Director of the Board were both "members of Buyer Group," 2019 U.S. Dist. LEXIS 171592, at *21, here, the Amended Complaint does not state that either Qihoo or Mr. Chen was a member of the Buyer Group. Additionally, the Proxy Statement disclosed Messers. Zhou and Qi's interests in certain entities of the Buyer Group, *see, e.g.*, Ex. 1, 1/11/2016 Proxy at 11, 29, and repeatedly emphasized that both ***abstained*** from the Board's vote to endorse the Special Committee's approval of the Merger, *see, e.g.*, Ex. 1, 1/11/2016 Proxy Statement at iii, 5.[13]

***Second***, reliance on CW1 fares no better. FAC ¶¶ 134-37. Contrary to their assertions, Plaintiffs did not "describe[] in the complaint with sufficient particularity to support the probability that a person in the position occupied by the source would possess the information alleged." *Novak v. Kasaks*, 216 F.3d 300, 314 (2d Cir. 2000). Plaintiffs offer no reason for Mr. Qi to tell a low-level PR employee about a future relisting plan if he did not want said-plan brought to the public's attention. FAC ¶ 135.[14] Rather than the secrecy Plaintiffs gratuitously suggest, the more plausible inference is that CW1 was instructed not to share these informal discussions because any rumored "plan" was too speculative.

***Third***, Plaintiffs attempt, but fail, to avoid dismissal by relying on internally inconsistent articles in Chinese that they claim show that Mr. Chen or Qihoo knew of or were reckless as to

---

[13] While Plaintiffs emphasize that Mr. Zhou eventually reaped $11 billion from the relisting, Opp. at 7; FAC ¶¶ 101, 260, it was entirely possible that the relisting would have resulted in a *lower* stock price without any financial benefit. Additionally, Plaintiffs fail to impute non-Defendant Alex Xu's knowledge to Qihoo where the Complaint only suggests allegations that amount to Mr. Xu's position as Qihoo's co-CFO, which is not indicative of scienter. Opp. at 19; FAC ¶¶ 47, 161. *See* Mot. at 17; *supra* p. 5, n.11.

[14] *Cf. Plumbers & Pipefitters Nat'l Pension Fund v. Orthofix Int'l N.V.*, 89 F. Supp. 3d 602, 616 (S.D.N.Y. 2015) ("In this case [involving 11 CWs who attested to awareness of revenue recognition issues], it is 'highly probable' that the regional director of sales in a region, who has interacted directly with a President of that unit . . . , would be 'well-positioned to attest to the participation of the individual defendants in promoting' certain sales practices in that region.").

any "plan." Opp. at 16-17. Plaintiffs themselves cannot seem to decide whether these articles present a cohesive narrative. In one breath they extoll the articles as indicative of scienter, but in another, they emphasize that the articles are "just rumored reports in Chinese publications." *Compare* Opp. at 16, *with id.* at 9 n.5. The articles are ***consistent*** with Qihoo's disclosures. Indeed, Plaintiffs concede these articles suggest, at most that ***after the Merger's completion***, Mr. Zhou declined to comment on or dispelled questions about the Buyer Group's purported plan to relist—not a vehement denial. FAC ¶¶ 114, 116, 119-21.[15] *Cf.* Opp. at 16 (citing, *e.g.*, *In re MCI Worldcom*, *Inc. Sec. Litig.*, 93 F. Supp. 2d 276, 285 (E.D.N.Y. 2000) (article during the class period directly contradicted statement made by company three days before merger)).

***Fourth,*** Plaintiffs ignore their decision not to avail themselves of their appraisal rights. *See* FAC ¶¶ 88-91. Plaintiffs' allegations about the appraisal proceeding do not satisfy the PSLRA. Mot. at 20-21 (citing *In re Shanda Games*, 2019 U.S. Dist. LEXIS 171592, at *2-3 (dismissing securities claims based on going-private transaction where Cayman appraisal action awarded dissenters higher value)).[16] In sum, Plaintiffs have failed to plead scienter.

### III.     PLAINTIFFS HAVE NOT PLEADED RELIANCE

While Defendants do not dispute the fraud-on-the-market presumption of *Basic v. Levinson*, 485 U.S. 224 (1988),[17] it is inappropriate where, as here, a "forced sale of shares through

---

[15] Plaintiffs' other post-class articles hardly suggest Qihoo or Mr. Chen concealed or was even aware of a plan to relist ***during*** the class period. Accordingly, Plaintiffs' reliance on these articles is impermissible fraud-by-hindsight. *See In re TVIX Sec. Litig.*, 25 F. Supp. 3d 444, 450 (S.D.N.Y. 2014) ("Plaintiffs are not allowed to plead . . . claims with benefit of 20/20 hindsight."). And Plaintiffs' cases suggest the same. Opp. at 16 (*see, e.g.*, *Cohen v. Kitov Pharms. Holds., Ltd.*, 2018 U.S. Dist. LEXIS 45676, at *24 (S.D.N.Y. Mar. 20, 2018) (article confirmed formal investigation that was contemporaneously disclosed in a company press release)).

[16] Qihoo's "behavior" and discovery positions (and the tribunal's comments) in a separate proceeding, Opp. at 2, 17-18, are irrelevant to their securities claims and hardly suggestive of fraudulent intent. Plaintiffs' cases, which involve concrete allegations of reckless conduct that was the subject of the claims, do not suggest otherwise. Opp. at 17-18. What's more, the appraisal process is not yet complete, and Plaintiffs cannot yet assume the Merger price was inadequate.

[17] Many of Plaintiffs' citations stand for the unremarkable proposition that the *Basic* presumption exists without taking

a merger does not constitute an efficient market" because "private transaction[s] are generally treated as inefficient." *In re Shanda Games*, 2019 U.S. Dist. LEXIS 171592 at *25; Mot. at 22. As Plaintiffs acknowledge, the Merger price announced on December 18, 2015, FAC ¶¶ 3, 60, 162, "was negotiated as opposed to being driven by trading volume or external analysis or reporting," *In re Shanda Games*, 2019 U.S. Dist. LEXIS 171592 at *25.[18] Therefore, Plaintiffs cannot demonstrate that the Merger price was based on a fraudulent market price. *Cf.* Opp. at 22 & n.14 (citing, *e.g.*, *McIntire v. China Media MediaExpress Holdings, Inc.*, 38 F. Supp. 3d 415, 433 (S.D.N.Y. 2014) ("The market price for options is directly responsive . . . to changes in the market price of the underlying stock[.]")).[19]

Plaintiffs' remaining arguments and cases fail. As detailed above, Plaintiffs have not pleaded that the Merger was deceptive given Qihoo's disclosures. *Supra* § I-II. Even so, the Second Circuit "reject[ed]" Plaintiffs' argument that reliance is assumed where "misrepresentations and nondisclosures under Rule 10b-5 are part and parcel of the forced sale." *Grace v. Rosenstock*, 228 F.3d 40, 48-49 (2d Cir. 2000).[20] The *Affiliated Ute Citizens of Utah v.*

---

into account the allegations here. Opp. at 20.

[18] Plaintiffs hastily argue that shares of Qihoo stock sold *pre*-Merger are entitled to the fraud-on-the-market presumption. Opp. at 20. But Plaintiffs' claims and the wrongdoing they describe is predicated on the subsequent relisting and the allegedly undervalued Merger price. FAC ¶¶ 320-21, 326; Opp. at 21-22 (focusing on efficiency of "the market for Qihoo securities **in the Merger**"; claiming "they relied on the integrity of the price of Qihoo's ADS when they chose to sell their securities **in the Merger**"; and asserting they "are entitled to the *Basic* presumption because they chose . . . to sell their securities **in the Merger** rather than take an alternative action").

[19] Plaintiffs do not offer support for the suggestion that the Merger price in a going-private transaction was tied to or based on the market price. *Cf.* Opp. at 22 (citing *Gordon v. Sonar Capital Mgmt. LLC*, 2014 U.S. Dist. LEXIS 111543, at *8-9 (S.D.N.Y. July 31, 2014) (plaintiff who day-traded shares outside market-range prices entitled to the fraud-on-the-market presumption but the court did not consider whether the day-trade market was efficient)).

[20] Plaintiffs unhelpfully cite class certification cases that do not involve going-private transactions. Opp. at 21-22 (citing, *e.g.*, *In re Petrobras Sec.*, 862 F.3d 250, 278-79 (2d Cir. 2017) (describing the evidentiary standards to plead market efficiency at class certification)). And unlike in *Black v. Finantra Capital Inc.*, Plaintiffs did not personally rely on the market price—they expressly disclaimed it. *Compare* 418 F. 3d 203, 209-10 (2d Cir. 2005) (plaintiff testified at trial that he ***personally relied on the market price***), *with* Mot. at 22, n.14.

*United States*, 406 U.S. 128 (1972), presumption is also inapplicable since Plaintiffs allege affirmative misstatements rather than pure omissions pursuant to Qihoo's affirmative disclosure obligations. *See Shanda Games*, 2019 U.S. Dist. LEXIS 171592, at *23 n.2. Neither § 20A nor Cayman law imposes additional disclosure duties, and Plaintiffs' cases fail to suggest otherwise.[21]

### IV. PLAINTIFFS HAVE NOT PLEADED LOSS CAUSATION

Plaintiffs fare no better pleading loss causation. Accepting the blanket assertion (resting on out-of-Circuit cases) that "that misrepresenting information about a merger can be the basis for a securities fraud claim," Opp. at 24, Plaintiffs again shirk basic pleading obligations. Plaintiffs must "provide a defendant with *some indication* of the loss and the causal connection that the plaintiff has in mind." *Dura Pharms, Inc. v. Broudo*, 544 U.S. 336, 347 (2005). Defendants must be able to determine what loss the alleged "misrepresentations actually cause[d]." *Id.* at 342, 345.

But Defendants cannot do so. Plaintiffs' assertions that their shares could have been worth more in the Merger is too speculative a "loss." In *Tracinda Corp. v. DaimlerChrysler AG*, 197 F. Supp. 2d 42, 67-68 (D. Del. 2002), the court found that the stock price was affected by the Merger, given the CEO of Daimler's flagrant post-merger admissions directly contradicting his previous representations about a merger. Here, Plaintiffs allege *no* such blatant admissions that would have affected the Merger price. *Cf.* Opp. at 24 (citing *Tracinda*, 197 F. Supp. 2d at 51-52).[22] Underscoring the speculative nature of this loss, it was entirely possible at the time of the Merger

---

[21] Opp. at 23 (citing, *e.g.*, *Simon DeBartolo Grp. v. Richard E. Jacobs Grp.*, 186 F.3d 157, 173 (2d Cir. 1999) (holding insider trading claim was non-frivolous under Rule 11); *Davis v. Scottish Re Grp. Ltd.*, 159 A.D.3d 528, 529 (N.Y. App. Div. 2018) (with fleeting references to Cayman law and without any reference to reliance for a federal securities claim)).

[22] In *Tracinda*, the Daimler CEO conceded after a deal, which was previously touted as a "merger of equals," that there was "no reason to maintain [that] fiction" and further admitted, "We had to go a roundabout way but it had to be done for psychological reasons." 197 F. Supp. 2d at 52. Plaintiffs' remaining citations are also factually inapposite or wholly irrelevant. Opp. at 23-24 (citing, *e.g.*, *Wilson v. Great Am. Indus., Inc.*, 855 F.2d 987, 997 (2d Cir. 1988) (trial record concluded that failure to disclose interested party relationships sufficient to prove damages under § 14(a)).

the Company could have relisted at a *lower* price, where, as Plaintiffs acknowledge, the relisting followed a long, complicated restructuring process on a different exchange. FAC ¶ 95.[23]

## V. PLAINTIFFS HAVE NOT PLEADED A SECTION 20A CLAIM

For the reasons detailed above, and those discussed in the Motion, Plaintiffs fail to state a § 20A claim as to Qihoo. Mot. at 25. Plaintiffs do not plead a predicate §10(b) violation, which sufficiently "precludes plaintiff[s'] recovery under section 20A."[24] *City of Taylor Gen. Emps. Ret. Sys. v. Magna Int'l Inc.*, 967 F. Supp. 2d 771, 801 (S.D.N.Y. 2013).[25] Nor did they establish Defendants purchased or sold securities based on insider information. 15 U.S.C. §78t-1(a).[26] Qihoo did not possess material, nonpublic information from the Buyer Group about relisting because Qihoo *publicly disclosed* it could relist. *Supra* § I. Plaintiffs' cases underscore this defect. Opp. at 25 (citing *Gruber v. Gilbertson*, 2018 WL 1418188, at *17 (S.D.N.Y. Mar. 20, 2018) (trading on "nonpublic, material information" *before* "any of [the] information was disclosed")).[27]

## CONCLUSION

For these reasons and those discussed more fully in Defendants Qihoo and Chen's Memorandum, the Complaint should be dismissed in its entirety, with prejudice.

---

[23] Plaintiffs do not dispute that revelations *after* the purported harm could not have caused the harm. Mot. at 24.

[24] Plaintiffs also have failed to state a § 20(a) liability claim against Chen because Plaintiffs fail to plead a primary violation. *See* Mot. at 25 n.17. They have not attempted to argue that he culpably participated in any alleged fraud beyond the assertion that they state "claims against Qihoo, which he controlled." Opp. at 25 n.18.

[25] Despite Plaintiffs' suggestion, *see* Opp. at 25, *both* a predicate violation of the Exchange Act *and* insider trading are required under § 20A. *Gordon v. Sonar Capital Mgmt. LLC*, 962 F. Supp. 2d 525, 531-32 (S.D.N.Y. 2013) (dismissing claim "for failure to meet the first element").

[26] Qihoo is not a purchaser based on the "forced seller doctrine." Opp. at 25. In *Vine v. Beneficial Finance Co.*, 374 F.2d 627, 634-35 (2d Cir. 1967), the defendant was a purchaser of the plaintiff's shares because it was the offeror and acquirer in the Merger. Here, Qihoo was the object of the deal, distinct from the Buyer Group. *Id.* at 634.

[27] Plaintiffs' footnote request for leave to file a second amended complaint fails to explain how it would cure the defects, *see* Opp. at 25 n.19, and having had ample opportunity to investigate, Plaintiffs should not be given leave to amend. *See, e.g.*, *Bd. of Trs. of City of Ft. Lauderdale Gen. Emps.' Ret. Syst. v. Mechel OAO*, 811 F. Supp. 2d 853, 882-83 (S.D.N.Y. 2011).

DATED:  February 21, 2020				Respectfully submitted,

                                                      DECHERT LLP

By: */s/ David H. Kistenbroker*
David H. Kistenbroker*
Joni S. Jacobsen*
Angela M. Liu*
35 West Wacker, Suite 3400
Chicago, IL 60601
Telephone: (312) 646-5800
david.kistenbroker@dechert.com
joni.jacobsen@dechert.com
angela.liu@dechert.com

Brian C. Raphel
1095 Avenue of the Americas
New York, New York  10036
Telephone: (212) 698-3500
brian.raphel@dechert.com

*Attorneys for Qihoo 360 Technology Co. Ltd. and Eric X. Chen*

*admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 21st day of February, 2020, that I filed the foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

*/s/ David H. Kistenbroker*
David H. Kistenbroker