20–3074

*Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co. Ltd.*

1:19-cv-010067-PAE

# In the
# United States Court of Appeals
## FOR THE SECOND CIRCUIT

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Dec 15 2021

AUGUST TERM 2020

No. 20-3074

**ALTIMEO ASSET MANAGEMENT AND ODS CAPITAL LLC,**
**INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**
*Plaintiffs-Appellants*,

v.

**QIHOO 360 TECHNOLOGY CO. LTD., ERIC X. CHEN,**
*Defendants-Appellees*,

**HONYI ZHOU, XIANGDONG QI,**
*Defendants.*[*]

On Appeal from the United States District Court
for the Southern District of New York

ARGUED: JUNE 3, 2021
DECIDED: NOVEMBER 24, 2021

Before:     CALABRESI, POOLER, and MENASHI, *Circuit Judges*.

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

Plaintiffs-Appellants Altimeo Asset Management and ODS Capital LLC brought this putative class action on behalf of investors who traded Qihoo 360 Technology securities between December 18, 2015, and July 15, 2016. The proxy materials given to the investors explained that the company was being taken private, that there were no "current plans, proposals or negotiations" for an "extraordinary corporate transaction," and that in the future, the company "may propose or develop plans and proposals" to relist. The investors agreed to sell their securities, and sixteen months after the company was taken private, it was announced that it would be relisted in the Chinese public market. The investors sued Qihoo 360 Technology Co. Ltd. and its controlling officers, alleging that the defendants-appellees violated the Exchange Act by, among other things, deceiving investors about the plan to relist the company. The district court dismissed the complaint, holding that the investors failed adequately to allege a material misstatement or omission of fact. Because the allegations in the complaint were sufficient to survive a motion to dismiss on that ground, we vacate the dismissal and remand to the district court for further proceedings.

---

JEREMY A. LIEBERMAN (Michael Grunfeld, *on the brief*), Pomerantz LLP, New York, NY, *for Plaintiffs-Appellants*.

DAVID KISTENBROKER (Joni Jacobsen, Angela Liu, Brian Raphel, *on the brief*), Dechert LLP, Chicago, IL, *for Defendants-Appellees.*

---

2

20–3074
*Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co. Ltd.*

MENASHI, *Circuit Judge*:

In this case, we must decide whether the appellants, representing a putative class of investors, plausibly alleged a misstatement or omission of material fact sufficient to state a claim for securities fraud and therefore to survive a motion to dismiss. The appellants claim that the appellees represented to shareholders that there were no plans to relist the company following a shareholder buyout, when in fact the company had such a plan at the time of the buyout. Usually, to survive a motion to dismiss a complaint need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, "[f]or complaints alleging securities fraud, we apply heightened pleading requirements imposed by Federal Rule [of Civil Procedure] 9(b) and the [Private Securities Litigation Reform Act]." *In re Synchrony Fin. Sec. Litig.*, 988 F.3d 157, 166 (2d Cir. 2021). The district court considered the sources and contents of the pleaded facts, and it held that the appellants' complaint did not meet those requirements.

We disagree. We hold that the appellants adequately alleged a misstatement or omission of material fact. In the complaint, the appellants included facts from which we can infer that, in order for the company to have been relisted when it was, the appellees must have been planning to relist at the time of the shareholder vote. The appellants also included references to news articles indicating that, before the shareholder vote, the appellees were already planning to relist the company. We therefore vacate the district court's dismissal of the appellants' claim and remand for further proceedings.

**BACKGROUND**

"We review a district court's grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Henry v. County of Nassau*, 6 F.4th 324, 328 (2d Cir. 2021) (internal quotation marks omitted). We therefore rely on the facts as alleged in the complaint in deciding this appeal.

**I**

Appellee Qihoo 360 Technology Co. Ltd. ("Qihoo") is an internet company, incorporated under the laws of the Cayman Islands and headquartered in Beijing. It was founded by Hongyi Zhou and Xiangdong Qi; Zhou served as the chairman and chief executive officer of Qihoo, while Qi served as its president and a director.[1] In 2011, Qihoo listed its American depository shares on the New York Stock Exchange. Zhou and Qi owned Qihoo securities through their holding vehicles Global Village Associates Limited and Young Vision Group Limited, respectively.

In May 2015, Zhou discussed with two investment funds the possibility of taking Qihoo private. He also discussed the possibility with Qi. On June 17, Zhou—along with four investment funds, Global Village, Young Vision, and other investors (the "Buyer Group")—provided Qihoo's board with a proposal to acquire all outstanding shares not owned by the board (the "Merger"). The proposal prompted the board to form a Special Committee chaired by director Eric Chen, who is also an appellee in this case. The Special Committee retained J.P. Morgan Securities (Asia Pacific) Limited to evaluate the

---

[1] The complaint named Zhou and Qi as defendants, but they were never successfully served.

proposal. Ultimately, J.P. Morgan gave the Special Committee its opinion that the proposal was fair, and in December 2015 the Special Committee "expressly adopted" J.P. Morgan's "analyses and opinion." J. App'x 403, 405. The Special Committee and the board approved the Merger, and the board recommended that the shareholders approve it as well. On December 18, 2015, Qihoo executed the Merger with the Buyer Group.

The shareholders still had to vote on the Merger for it to be consummated. In anticipation of the shareholder vote on the Merger, Qihoo published proxy statements, amended three times (collectively, the "Proxy Materials"). The Proxy Materials stated that "[u]pon the completion of the Merger, the Surviving Company will become a private company beneficially owned solely by the Buyer Group." *Id.* at 754. The documents also stated that, "except as set forth in this proxy statement, the Buyer Group does not have any current plans, proposals or negotiations that relate to or would result in an extraordinary corporate transaction involving the Company's corporate structure, business, or management, such as a merger, reorganization, liquidation, relocation of any material operations, or sale or transfer of a material amount of the Company's assets." *Id.* at 758. The Proxy Materials further stated that, "subsequent to the consummation of the Merger, the Surviving Company's management and Board … may propose or develop plans and proposals, … including the possibility of relisting the Surviving Company or a substantial part of its business on another internationally recognized stock exchange." *Id.* The Merger was approved with 99.8 percent of the votes cast at the shareholder meeting, and it was closed on July 15, 2016. The outstanding shares were purchased for $9.4 billion.

After the Merger, Qihoo spun off its main businesses into 360 Technology Co. Ltd. On November 2, 2017, SJEC—an elevator-manufacturing company listed on the Shanghai Stock Exchange—"announced that it would be conducting a backdoor listing," that is, a reverse merger, with 360 Technology Co. Ltd. *Id.* at 419. About four months later, on February 28, 2018, the necessary asset restructuring was completed and Qihoo shares effectively began trading on the Shanghai Stock Exchange. By the end of the first trading day, Qihoo had a market capitalization of $62 billion.

## II

Altimeo Asset Management ("Altimeo") is a portfolio management company based in France. ODS Capital LLC ("ODS") is a Florida limited liability company with its primary office in Jupiter, Florida. Both Altimeo and ODS, the appellants in this case, traded Qihoo securities during the period from December 2015 to June 2016.

In August 2019, Altimeo and ODS, on behalf of themselves and similarly situated plaintiffs, filed a putative class action complaint in the U.S. District Court for the Central District of California. The complaint alleged that Qihoo, Zhou, Qi, and Chen violated § 10(b), § 20(a), and § 20A of the Exchange Act, as well as SEC Rule 10b-5. The complaint alleged that the Buyer Group had a plan to relist Qihoo in the Chinese capital market at the time of the Merger and that the financial projections the appellees provided to the Buyer Group differed from the projections provided in the Proxy Materials. Because the appellants did not know of the plan to relist or these more optimistic projections, they sold their securities at "artificially deflated prices." J. App'x 500.

To support its allegations, the complaint refers to several sources. It refers to a confidential witness who "worked in Qihoo's Public Relations department" from 2014 to 2017 and "reported to a senior editor in the department." *Id.* at 435. Among other things, the witness claims that, in mid-2015, the witness "attended a department meeting where Defendant Qi directed the attendees that they needed to keep a low profile concerning the relisting plan and should 'not release this information outside the company.'" *Id.* at 436. The complaint also incorporates news articles in Chinese publications from November and December 2015 in which the authors report that the privatization plan Qihoo distributed to the Buyer Group included plans to relist the company. And the complaint further alleges that "[i]t typically takes companies at least a full year on the quickest possible timeline, and usually longer, from the time they first start to consider a backdoor listing until they reach agreement with a shell company to conduct a reverse merger." *Id.* at 422-23.[2] Moreover, the complaint states that "Qihoo's fundamental restructuring of its businesses was particularly complex and would have required a significant amount of time to complete following the Merger." J. App'x 424.

The case was transferred to the U.S. District Court for the Southern District of New York on October 30, 2019. The appellees

---

[2] The complaint lists eight distinct steps: "[h]iring a financial advisor (or investment bank) and a legal advisor"; "[i]dentifying potential shell companies"; "[r]eaching a preliminary agreement with a shell company"; "[c]onducting auditing and compliance work"; "[b]oth sides to the transaction performing due diligence on each other"; "[c]onducting regulatory assessments"; "[n]egotiating the transaction terms"; and "[c]onducting corporate restructurings." J. App'x 423.

filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The district court granted the motion, holding that the complaint "does not adequately allege any material misrepresentations or omissions by defendants." *Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co. Ltd.*, No. 19-CV-10067, 2020 WL 4734989, at *8 (S.D.N.Y. Aug. 14, 2020). In particular, the district court held that the complaint did not adequately plead "that defendants, as of the Merger, had in place a concrete plan to relist Qihoo" as opposed merely "to envisioning a possible future relisting." *Id.* at 17.

Altimeo and ODS now appeal.

## DISCUSSION

We review the district court's dismissal of a complaint *de novo. Synchrony Fin. Sec. Litig.*, 988 F.3d at 166. The appellants' complaint contains three counts. Count I alleges that the appellees are liable for false or misleading statements in violation of § 10(b) of the Exchange Act and SEC Rule 10b-5. Count II claims that Qihoo, Zhou, and Qi traded Qihoo securities while in possession of insider information in violation of § 20A of the Exchange Act. Finally, Count III asserts that Zhou, Qi, and Chen violated § 20(a) of the Exchange Act as controlling persons of Qihoo during the time Qihoo violated § 10(b). The district court dismissed the complaint in its entirety. We address each count in turn.

## I

First, we consider the appellants' claim under § 10(b) and Rule 10b-5. Section 10(b) provides that it is unlawful "[t]o use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, … any manipulative or deceptive device." 15 U.S.C. § 78j(b). Rule 10b-5

implements that statute by prohibiting "mak[ing] any untrue statement of a material fact or [omitting] to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, … in connection with the purchase or sale of any security." 17 C.F.R. § 240.10b-5. The appellants allege that four groups of statements violate those provisions: (1) "statements throughout the Proxy Materials stating clearly that there were no plans in place for … relisting Qihoo on a Chinese stock exchange"; (2) "statements throughout the Proxy Materials stating clearly that there were no alternatives to the Merger that would be more beneficial" to shareholders; (3) "statements concerning the fairness of the Merger"; and (4) statements "[c]oncerning the [r]easons for the Merger." J. App'x 448-49.

To state a claim for relief under § 10(b) and Rule 10b-5, "a plaintiff must allege that the defendant (1) made misstatements or omissions of material fact, (2) with scienter, (3) in connection with the purchase or sale of securities, (4) upon which the plaintiff relied, and (5) that the plaintiff's reliance was the proximate cause of its injury." *Setzer v. Omega Healthcare Invs., Inc.*, 968 F.3d 204, 212 (2d Cir. 2020) (quoting *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 105 (2d Cir. 2007)). In addition, because such a claim sounds in fraud, the plaintiff "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *see also* 15 U.S.C. § 78u-4(b)(1) ("[I]f an allegation regarding the [misleading] statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed.").

The district court held that the appellants failed adequately to allege the first element of a Rule 10b-5 claim—specifically, the

9

complaint "[did] not adequately allege any material misrepresentations or omissions by defendants." *Altimeo Asset Mgmt.*, 2020 WL 4734989, at *8. The district court considered the appellants' allegation that, at the time the Proxy Materials were sent to shareholders, "the Buyer Group already planned to relist Qihoo at a far-higher valuation in China post-transaction." *Id.* (internal quotation marks omitted). But the district court disregarded the confidential witness's allegations as unreliable, and it found that the news articles did not describe "a concrete plan to relist"—that is, the articles did not provide the "terms, participants, profitability, or mechanics" of the alleged plan. *Id.* at *16. The district court therefore dismissed the appellants' claim under § 10(b) and Rule 10b-5.

We disagree that the appellants failed adequately to allege any material misrepresentations or omissions. Although pleading standards are heightened for securities fraud claims, "we must be careful not to mistake heightened pleading standards for impossible ones." *Synchrony Fin. Sec. Litig.*, 988 F.3d at 161. "In considering a motion to dismiss a [§] 10(b) action, we must accept all factual allegations in the complaint as true and must consider the complaint in its entirety." *Slayton v. Am. Express Co.*, 604 F.3d 758, 766 (2d Cir. 2010). We "draw all reasonable inferences in favor of the plaintiff," and "dismissal is appropriate only where appellants can prove no set of facts consistent with the complaint that would entitle them to relief." *Meyer v. JinkoSolar Holdings Co.*, 761 F.3d 245, 249 (2d Cir. 2014) (alteration omitted).

The appellants adequately alleged misstatements and omissions on the part of the appellees. The appellants allege in the complaint that, according to "[a]n expert in Chinese and United States M&A and capitals market transactions," it "typically takes companies

10

at least a full year on the quickest possible timeline, and usually longer, from the time they first start to consider a backdoor listing until they reach agreement with a shell company to conduct a reverse merger." J. App'x 422-23. The complaint goes on to list the multiple steps required to perform a backdoor listing. *See supra* note 2*.* Additionally, the appellants provide two news articles from 2015 which report that a privatization plan was provided to the Buyer Group that involved relisting the company on the Chinese stock market. J. App'x 422, 424. We can infer from these allegations, taken together, that the statement in the Proxy Materials that "the Buyer Group does not have any current plans" to relist Qihoo—as well as its omission of any such plan—was misleading. *Id.* at 758; *see also Fecht v. Price Co.*, 70 F.3d 1078, 1083 (9th Cir. 1995) ("A plaintiff may … satisfy Rule 9(b) with allegations of circumstantial evidence if the circumstantial evidence alleged explains how and why the statement was misleading when made.").[3] The allegations create a plausible inference that a concrete plan was in place at the time Qihoo issued the Proxy Materials.

The alleged misstatements and omissions were also material. A

---

[3] The district court disregarded the statements attributed to the confidential witness, finding that those statements bore "none of the indicia of reliability that have led courts … to sustain [confidential witness] allegations as worthy of crediting." *Altimeo Asset Mgmt.*, 2020 WL 4734989, at \*14. Because the other facts alleged in the complaint sufficiently plead material misstatements and omissions, we need not consider whether the district court's treatment of the confidential witness's statements was correct. *See Novaks v. Kasaks*, 216 F.3d 300, 314 (2d Cir. 2000) ("[W]here plaintiffs rely on confidential personal sources but also on other facts, they need not name their sources as long as the latter facts provide an adequate basis for believing that the defendants' statements were false.").

statement is materially misleading when "the defendants' representations, taken together and in context, would have misled a reasonable investor." *Rombach v. Chang*, 355 F.3d 164, 172 n.7 (2d Cir. 2004) (quoting *I. Meyer Pincus & Assocs., P.C. v. Oppenheimer & Co.*, 936 F.2d 759, 761 (2d Cir. 1991)). Omissions are material when "there is a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the total mix of information made available." *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 38 (2011) (internal quotation marks omitted). In *Basic Inc. v. Levinson*, the Supreme Court concluded that "materiality will depend at any given time upon a balancing of both the indicated probability that the event will occur and the anticipated magnitude of the event in light of the totality of the company activity." 485 U.S. 224, 238 (1998) (internal quotation marks omitted).

For the purpose of surviving a motion to dismiss, the alleged misstatements and omissions meet our standard for materiality. "[B]ecause the materiality element presents a mixed question of law and fact, it will rarely be dispositive in a motion to dismiss." *In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d 347, 360 (2d Cir. 2010) (internal quotation marks omitted); *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 163 (2d Cir. 2000) ("We held that the materiality of merger negotiations depends on the specific facts of each case."). "[A] complaint may not properly be dismissed … on the ground that the alleged misstatements or omissions are not material unless they are so obviously unimportant to a reasonable investor that reasonable minds could not differ on the question of their importance." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). In *SEC v. Shapiro*, information concerning merger negotiations was material even when

"negotiations had not jelled to the point where a merger was probable." 494 F.2d 1301, 1306-07 (2d Cir. 1974). Here, the appellants allege that the relisting process would have similarly required negotiations and "[r]eaching a preliminary agreement with a shell company." J. App'x 423. Because the relisting was announced a mere sixteen months after the Merger, the appellants allege that these negotiations were ongoing—or had already happened—at the time of the shareholder vote. We do not find those alleged negotiations "so obviously unimportant to a reasonable investor" as to allow the dismissal of the appellants' claims. *Goldman*, 754 F.2d at 1067.

In sum, "even securities plaintiffs need not prove their entire case within the confines of the complaint." *Synchrony Fin. Sec. Litig.*, 988 F.3d at 161. Regardless of whether the appellants ultimately prove that there are material misstatements or omissions of fact, they have alleged enough to survive a motion to dismiss on those grounds.[4]

## II

The appellants also allege violations of § 20(a) and § 20A of the Exchange Act. The district court dismissed the appellants' claims under § 20(a) and § 20A because it held that the appellants did not adequately allege an independent Exchange Act violation—here, the § 10(b) claim. *Altimeo Asset Mgmt.*, 2020 WL 4734989, at *17.

---

[4] The appellants also allege that the district court erred when it held that the complaint's "claims of material misrepresentations and omissions all turn on" whether the "defendants, as of the Merger, had in place a concrete plan to relist Qihoo." *Altimeo Asset Mgmt.*, 2020 WL 4734989, at *17. In the appellants' view, the appellees made material misstatements or omissions regarding the fairness of the merger price or the reasons for the merger independent of whether there was a plan to relist Qihoo. Appellants' Br. 47-52. Because we conclude the appellants plausibly alleged that there was a relisting plan, we need not rely on this argument in this appeal.

Section 20(a) "provides that individual executives, as 'controlling person[s]' of a company, are secondarily liable for their company's violations of the Exchange Act." *Employees' Ret. Sys. v. Blanford*, 794 F.3d 297, 305 (2d Cir. 2015) (alteration in original) (quoting 15 U.S.C. § 78t(a)). Section 20A "provides an express private right of action for those who trade contemporaneously with an inside trader." *Steginsky v. Xcelera Inc.*, 741 F.3d 365, 372 (2d Cir. 2014). Actions under either section require an independent violation of the Exchange Act. *See Boguslavsky v. Kaplan*, 159 F.3d 715, 720 (2d Cir. 1998) ("In order to establish a *prima facie* case of liability under § 20(a), a plaintiff must show … a primary violation by a controlled person."); *Jackson Nat'l Life Ins. Co. v. Merrill Lynch & Co.*, 32 F.3d 697, 704 (2d Cir. 1994) (holding that a plaintiff, "in order to state a claim under § 20A, must plead as a predicate an independent violation of the" Exchange Act).

As we have explained, the district court erred when it held that the appellants failed adequately to allege a material misstatement or omission. We therefore vacate the district court's dismissal of the § 20(a) and § 20A claims as well.

## CONCLUSION

Because the district court reached only the question of whether the appellants adequately alleged a material misstatement or omission, we leave all other aspects of the case to the district court to consider in the first instance. We **VACATE** the district court's dismissal of the complaint and **REMAND** for further proceedings consistent with this opinion.

14