**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALTIMEO ASSET MANAGEMENT, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>QIHOO 360 TECHNOLOGY CO. LTD., HONGYI ZHOU, XIANGDONG QI and ERIC X. CHEN,<br><br>　　　　　　　　　Defendants. | Case No. 1:19-cv-10067-PAE |

**LEAD PLAINTIFFS' MEMORANDUM OF LAW IN**
**SUPPORT OF MOTION FOR ALTERNATIVE SERVICE**
**OF DEFENDANTS HONGYI ZHOU AND XIANGDONG QI**

**TABLE OF CONTENTS**

                                                                                                                      Page

I.      PRELIMINARY STATEMENT ..................................................................................... 1

II.     STATEMENT OF FACTS .............................................................................................. 2

III.    ARGUMENT.................................................................................................................. 5

        A.  The Proposed Methods of Service Are Not Prohibited By International Agreement... 6

        B.  The Proposed Methods of Service Comport With Due Process ................................... 8

        C.  The Circumstances Here Warrant Permitting the Requested Service ........................ 10

IV.     CONCLUSION............................................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brown v. China Integrated Energy, Inc.*,
  285 F.R.D. 560 (C.D. Cal. 2012) ...................................................................................................11

*Cody v. Mello*,
  59 F.3d 13 (2d Cir. 1995) ...............................................................................................................11

*Dama S.P.A. v. Doe*,
  No. 15-cv-4528 (VM), 2015 U.S. Dist. LEXIS 178076
  (S.D.N.Y. June 12, 2015) .................................................................................................................7

*Elsevier, Inc. v. Chew*,
  287 F. Supp. 3d 374 (S.D.N.Y. 2018) .................................................................................6-7, 8-9

*FTC v. PCCare247 Inc.*,
  No. 12 Civ. 7189 (PAE), 2013 U.S. Dist. LEXIS 31969
  (S.D.N.Y. Mar. 7, 2013) ........................................................................................................ 7, 8-9

*Hausler v. JP Morgan Chase Bank, N.A.*,
  141 F. Supp. 3d 248 (S.D.N.Y. 2015) ..............................................................................................7

*In re BRF S.A. Sec. Litig.*,
  No. 18-CV-2213 (PKC), 2019 WL 257971 (S.D.N.Y. Jan. 18, 2019) ............................................8

*In re GLG Life Tech Corp. Sec. Litig*,
  287 F.R.D. 262 (S.D.N.Y. 2012). ..............................................................................................8, 10

*In re S. Afr. Apartheid Litig.*,
  643 F. Supp. 2d 423 (S.D.N.Y. 2009) ..............................................................................................6

*In re Shanda Games Ltd. Sec. Litig.*,
  No. 18-CV-02463 (S.D.N.Y. Nov. 16, 2018), ECF No. 37 .........................................................6, 9

*Intercontinental Indus. Corp. v. Luo*,
  No. 10-cv-4174-JST, 2011 WL 221880 (C.D. Cal. Jan. 20, 2011) ............................................. 7-8

*Juicero, Inc. v. iTaste Co.*,
  No. 17-cv-01921-BLF, 2017 U.S. Dist. LEXIS 86033
  (N.D. Cal., June 5, 2017) ..................................................................................................................7

*Mattel, Inc. v. Uenjoy L.L.C.*,
  No. 18-cv-7896 (PKC), 2020 U.S. Dist. LEXIS 94217
  (S.D.N.Y. May 29, 2020)................................................................................................................10

*New York v. Green*,
  420 F.3d 99 (2d Cir. 2005).........................................................................................11

*Philip Morris USA Inc. v. Veles Ltd.*,
  No. 06 CV 2988 (GBD), 2007 U.S. Dist. LEXIS 19780
  (S.D.N.Y. Mar. 12, 2007) .............................................................................................7

*S.E.C. v. Anticevic*,
  No. 05 CV 6991 (KMW), 2009 U.S. Dist. LEXIS 11480
  (S.D.N.Y. Feb. 8, 2009) .........................................................................................7, 8, 9

*S.E.C. v. Baldassare*,
  No. 11-cv-5970, 2014 WL 2465622 (E.D.N.Y. May 29, 2014)................................9

*S.E.C. v. Shehyn*,
  No. 04-cv-2003 (LAP), 2008 WL 6150322 (S.D.N.Y. Nov. 26, 2008) ...................9

*S.E.C. v. Tome*,
  833 F.2d 1086 (2d Cir. 1987)....................................................................................9

*Sicav v. Wang*,
  989 F. Supp. 2d 264 (S.D.N.Y. 2013) (Engelmayer, J.) ................................... *passim*

*Sulzer Mixpac AG v. Medenstar Indus. Co., Ltd.*,
  312 F.R.D. 329 (S.D.N.Y. 2015) ........................................................................7, 11

*United States v. Estate of Machat*,
  No. 08-cv-7936 (JGK), 2009 WL 3029303 (S.D.N.Y. Sept. 21, 2009) ...................7

*Zhang v. Baidu.com Inc.*,
  932 F. Supp. 2d 561 (S.D.N.Y. 2013)......................................................................11

**Statutes & Rules**

Fed. R. Civ. P. 4(f).............................................................................................. *passim*

Lead Plaintiffs Altimeo Asset Management and ODS Capital LLC (collectively, "Lead Plaintiffs") respectfully submit this Memorandum of Law in support of their Motion for Alternative Service upon Defendants Hongyi Zhou and Xiangdong Qi.

## I.    PRELIMINARY STATEMENT

This is a securities fraud case arising out of the privatization of Qihoo 360 Technology Co. Ltd. ("Qihoo" or the "Company").  Defendants Hongyi Zhou ("Zhou") and Xiangdong Qi ("Qi", together with Zhou, the "Founders") were Qihoo's two top executives, co-founders, and largest shareholders.  They led the buyout of Qihoo, wherein Lead Plaintiffs allege investors were defrauded out of billions of dollars, to the benefit of the Founders.

Lead Plaintiffs successfully served Defendants Qihoo and Eric X. Chen ("Chen") and the case has been proceeding against them.  Lead Plaintiffs attempted service on the Founders by sending requests pursuant to the Hague Convention of November 15, 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), with the assistance of a firm experienced in international service, on July 8, 2019.

The division of the Chinese government responsible for processing Hague Convention requests (the "Central Authority") has notified Lead Plaintiffs that their service request has been closed and that neither of the Founders were successfully served.

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Lead Plaintiffs request to serve the Founders through (1) electronic message; (2) publication in the International Edition of the New York Times; (3) service through the domestic service agent of businesses run by the Defendant Zhou; and (4) service through Counsel for Qihoo.  These methods of service are regularly accepted in Rule 4(f)(3) motions and comport with due process.  The Court has wide discretion to grant this motion and the request is warranted by the circumstances of this case.

## II.    STATEMENT OF FACTS

The First Amended Complaint (ECF No. 53) alleges that Defendants misrepresented Qihoo's privatization (the "Merger") to reap billions of dollars in profits by relisting Qihoo in China at multiple times the price the Founders and other purchasers paid Qihoo's in the Merger. At the time of the Merger, Defendant Zhou was Qihoo's CEO and Chairman, and Defendant Qi was its President and a Director.  ¶¶22-23.[1]  The Founders were Qihoo's largest shareholders. ¶¶62-64, 266.

Lead Plaintiffs served Defendant Qihoo at its registered office in the Cayman Islands on April 2, 2019 and served Defendant Chen at his place of business on March 29, 2019. (ECF Nos. 17, 28).  Defendants Zhou and Qi are located in China.[2]  ECF Nos. 49 ¶3, No. 76 ¶7.  Lead Plaintiffs, through their counsel, engaged the Shreefer Law Firm LLC—a firm experienced in the service of foreign defendants—to effect service of process upon Zhou and Qi under Rule 4(f) of the Federal Rules of Civil Procedure and in accordance with the Hague Convention.  ECF.  No. 49 ¶5.  On July 8, 2019, Karina Shreefer of the Shreefer Law Firm sent requests that included the documents required by the Hague Convention, via FedEx, to the Chinese Ministry of Justice for Defendants Zhou and Qi.  ECF.  No. 55 at 2-3.

On July 21, 2020, Ms. Shreefer received a certificate from the relevant authority in China stating that its service on Defendant Zhou, was not successful.  Grunfeld Decl. ¶2.[3]  This service attempt should have succeeded because it was attempted on a business address for Qihoo's

---

[1] Unless otherwise stated, citations to "¶__" refer to paragraphs of the Amended Complaint ("AC"), ECF No. 53.
[2] Defendant Zhou continues to serve as management of Qihoo, which is based in China and public sources indicate he resides in China.  *See* Profile of Zhou Hongyi, *Forbes*, available at https://www.forbes.com/profile/zhou-hongyi/?sh=760ab9ba14b5.  Public sources also indicate that Qi resides in China. Profile of Qi Xiangdong, Forbes, available at https://www.forbes.com/profile/qi-xiangdong/?sh=e8feb8549772.
[3] Citations to the "Grunfeld Decl." refer to the contemporaneously filed Declaration of Michael Grunfeld in support of this motion.  Citations to "Ex. __" refer to exhibits to the Grunfeld Decl.

internet security business, which Defendant Zhou continues to run as its Chairman and General Manager.  Grunfeld Decl. ¶2.

On September 16, 2021, Ms. Shreefer received a certificate from the Beijing Higher People's Court stating that its attempted service on Defendant Qi was not successful.  Grunfeld Decl. ¶2.   This service attempt also should have succeeded because the stated reason that the service was not completed was, inexplicably: "The recipient refused to accept the documents." Grunfeld Decl. ¶2.

Plaintiffs, through Lead Counsel, have conducted a thorough investigation and determined three appropriate methods to formally serve the Founders.

**Electronic Messages.**  Defendant Zhou maintains an account on the professional social network platform LinkedIn and can be sent messages directly to that account.  *See* Grunfeld Dec. ¶3.  Defendant Zhou also maintains verified Weibo accounts on the popular social media and messaging platform Weibo and on Weibo Taiwan and can be sent messages directly to that account.  *See* Grunfeld Dec. ¶4.  Defendant Zhou's email address associated with his position at Qihoo (now known as 360 Group) is zhy@360.cn.  *See* Grunfeld Dec. ¶5 (explaining that Zhou listed this email address in a post on his Weibo Taiwan account that has since been deleted). Finally, Zhou can be contacted by email through messages to the official email addresses listed for Qihoo on its website, which are kefu@360.cn and media@360.cn.[4]

Defendant Qi is a shareholder, legal representative, and executive director of a number of Chinese firms, which each list the email address 18311062936@163.com.  *See* Grunfeld Dec. ¶6. While these listing do not directly state that this is Defendant Qi's email address, it is highly likely that it is his address because it is listed on these disparate firms that are all connected by

---

[4] Contact Us, 360.com, available at http://www.360.cn/about/contactus.html?page=qita

Defendant Qi. Regardless, as the email address listed on formal documents of firms that Qi runs and represents as legal representative, this is clearly an address that Qi can be contacted at.

Plaintiffs propose messaging the Founders through these accounts: (1) Defendant Zhou through his LinkedIn account; (2) Defendants Zhou through his Weibo account; (3) Defendant Zhou through his Weibo Taiwan account; (4) Defendant Zhou through his 360 Group email address, zhy@360.cn email address; and (5) Defendant Qi through the 18311062936@163.com email address that several of his businesses use. In each case the message would link to the Summons and AC and would have the following text: [5]

> **Subject**: OFFICIAL SERVICE OF LEGAL DOCUMENTS FOR [DEFENDANT'S NAME] IN A SUIT REGARDING QIHOO 360.
>
> **Body**: You are named as a defendant in the case *Altimeo Asset Managment v. Qihoo 360 Technology Co. Ltd.*, No. 1:19-cv-10067-PAE, in the United States District Court for the Southern District of New York. The case alleges you violated U.S. laws and seeks money damages and other relief. The complaint and summons can be found at http://info.labaton.com/Qihoo. If you do not appear in the case or contact the plaintiff at +1-212-907-0700, a judgment may be entered against you in 21 days.

**Service by Publication**. The International Edition of the New York Times circulates in countries around the world, including in China. Both Founders can be served by publication of a notice in the International Edition of the New York Times once per week for four consecutive weeks with the following text:

> **NOTICE TO HONGYI ZHOU AND XIANGDONG QI**
>
> You are named as a defendant in the case *Altimeo Asset Managment v. Qihoo 360 Technology Co. Ltd.*, No. 1:19-cv-10067-PAE, in the United States District Court for the Southern District of New York. The case alleges you violated U.S. laws and seeks money damages and other relief. The complaint and summons can be found at http://info.labaton.com/Qihoo. If you do

---

[5] Lead Plaintiffs may make insubstantial changes to the proposed text to accommodate any formatting restrictions.

> not appear in the case or contact the plaintiff at +1-212-907-0700,
> a judgment may be entered against you in 21 days.

**Service Through 360 DigiTech, Inc**.  Defendant Zhou is the Chairman of the board of directors of 360 Digitech, Inc. ("360"),[6] an entity it that was spun out of Qihoo.  Unlike Qihoo, 360 remains a publicly traded entity in the United States and documents can be readily served on 360, through its registered agent in the United States.[7]  Thus, Plaintiffs propose serving Defendant Zhou by serving the AC and summons upon the agent for 360 Digitech and directing the documents to Defendant Zhou.

**Service Through Counsel.**  Defendant Qihoo has appeared in this action through counsel Dechert LLP.  It is overwhelmingly likely that the Founders are already aware of this litigation — given it alleges billions of dollars in damages against Qihoo, and given the Founders historical positions at Qihoo.  Furthermore, Defendant Zhou is *currently* the CEO and Chairman of Qihoo.[8]  Lead Plaintiffs could serve the Founders by providing Dechert LLP a copy of the AC and Summons and directing Dechert LLP to provide these documents to the Founders.

## III.    ARGUMENT

Under Rule 4(f)(3) of the Federal Rules of Civil Procedure, individuals in foreign countries may be served "by any internationally agreed means of service that is reasonably calculated to give notice" or "by other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(1), (3).  "Under . . . Rule 4(f)(3), a Court may fashion means of service on an individual in a foreign country, so long as the ordered means of service (1) is not prohibited by international agreement;" "(2) comports with constitutional notions of due

---

[6] Board of Directors Profile, 360 Digitech, Inc., available at https://ir.360shuke.com/corporate/board-of-directors.
[7] ADS Deposit Agreement, 360 Digitech, Inc., available at
https://www.sec.gov/Archives/edgar/data/1741530/000110465919033306/a19-10977_1ex4d3.htm
[8] Founder, 360.cn, available at www.360.cn/about/founder.html

process[;]" and (3) the circumstances warrant the court's exercise of its discretion to allow service under Rule 4(f)(3). *See Sicav v. Wang*, 989 F. Supp. 2d 264, 278, 280 (S.D.N.Y. 2013) (Engelmayer, J.) (internal quotation marks omitted).

The law is clear "that there is no hierarchy among the subsections in Rule 4(f). Rule 4(f)(3) is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *Id.* at 278. (citation and internal quotation marks omitted). This Court has therefore held that plaintiffs are "not required to attempt service through the other provisions of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3)." *Id.* (internal quotation marks omitted). Moreover, courts are "afforded wide discretion in ordering service of process under Rule 4(f)(3)." *In re S. Afr. Apartheid Litig.*, 643 F. Supp. 2d 423, 433 (S.D.N.Y. 2009) (internal quotation marks omitted).

All of the relevant factors under Rule 4(f)(3) support service of the Founders by the means requested. These proposed methods of service are not prohibited by international agreement, they comport with due process, and the circumstances here strongly support the Court's exercising its discretion to allow alternative service of Defendants Zhou and Qi.

### A. The Proposed Methods of Service Are Not Prohibited By International Agreement

Lead Plaintiffs request permission to complete service by four different means, none of which are prohibited by international agreement.

**Service By Electronic Message.** Courts in this District regularly hold that the service by email or other electronic means of individual defendants located in China is not prohibited by international agreement, namely the Hague Convention, which China is a signatory to. *See* Order, *In re Shanda Games Ltd. Sec. Litig.*, No. 18-CV-02463 (S.D.N.Y. Nov. 16, 2018), ECF No. 37 (permitting email service of China-based defendants through Rule 4(f)(3)); *Elsevier, Inc.*

*v. Chew*, 287 F. Supp. 3d 374, 379-80 (S.D.N.Y. 2018) (same); *Dama S.P.A. v. Doe*, No. 15-cv-4528 (VM), 2015 U.S. Dist. LEXIS 178076, at *6 (S.D.N.Y. June 12, 2015) (same); *Philip Morris USA Inc. v. Veles Ltd.*, No. 06 CV 2988 (GBD), 2007 U.S. Dist. LEXIS 19780, at *5-9 (S.D.N.Y. Mar. 12, 2007).  While China objects to service by postal mail, that objection "does not cover service by email, and these forms of communication differ in relevant respects." *Sulzer Mixpac AG v. Medenstar Indus. Co., Ltd.*, 312 F.R.D. 329, 332 (S.D.N.Y. 2015).  That is because "[e]mail communications may be more reliable than long-distance postal communications, and the arrival of an email at its destination address may be more readily tracked." *Id.*   This same reasoning applies to service by other forms of electronic communication, such as social media.  *FTC v. PCCare247 Inc.*, No. 12 Civ. 7189 (PAE), 2013 U.S. Dist. LEXIS 31969, at *10 (S.D.N.Y. Mar. 7, 2013) (allowing alternative service under Rule 4(f)(3) by email and Facebook); *see also Juicero, Inc. v. iTaste Co.*, No. 17-cv-01921-BLF, 2017 U.S. Dist. LEXIS 86033, at *7-9 (N.D. Cal., June 5, 2017) (authorizing e-mail service and service through Facebook account on Chinese defendants in infringement case).

**Service by Publication**.  Courts routinely recognize that service by publication is a permissible form of alternative service under Rule 4(f)(3).  *S.E.C. v. Anticevic*, No. 05 CV 6991 (KMW), 2009 U.S. Dist. LEXIS 11480, at *9 (S.D.N.Y. Feb. 8, 2009) ("the Court finds that service by publication fulfills the two requirements of Rule 4(f)(3), and also finds that discretionary considerations weigh in favor of permitting Plaintiff to effectuate service . . . by publication."); *United States v. Estate of Machat*, No. 08-cv-7936 (JGK), 2009 WL 3029303, at *4 (S.D.N.Y. Sept. 21, 2009) (permitting service by publication under Rule 4(f)(3)); *Hausler v. JP Morgan Chase Bank, N.A.*, 141 F. Supp. 3d 248, 252-53 (S.D.N.Y. 2015) (same).  More specifically, courts have held that there is no international agreement or component of the Hague

7

Convention that bars service by publication to reach China-based Defendants. *Intercontinental Indus. Corp. v. Luo*, No. 10-cv-4174-JST, 2011 WL 221880, at *2 (C.D. Cal. Jan. 20, 2011).

**Service Through Counsel and Service Through 360 Digitech, Inc**. Courts have routinely permitted service upon foreign entities and foreign individuals through counsel representing subsidiaries of foreign entities in domestic litigation and through domestic entities associated with those individuals. For example, in *In re BRF S.A. Sec. Litig.*, No. 18-CV-2213 (PKC), 2019 WL 257971, at *3 (S.D.N.Y. Jan. 18, 2019), the court permitted service pursuant to Rule 4(f)(3) on counsel for certain subsidiaries of a foreign entity. This Court has similarly held that "Substitute service on a U.S. entity does not trigger the requirements of the Hague Convention." *Sicav,* 989 F. Supp. 2d at 278-279. Notably, in *In GLG Life Tech Corp. Sec. Litig.*, the Court permitted service in circumstances almost identical to those here: a CEO living in China was served by a company's registered domestic agent and through service on its counsel. 287 F.R.D. 262, 267 (S.D.N.Y. 2012) ("[u]se of these methods would not run afoul of the Hague Convention").

### B.     The Proposed Methods of Service Comport With Due Process

This Court has explained that "[c]onstitutional notions of due process require that any means of service be 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Sicav*, 989 F. Supp. 2d at 279 (quoting *Anticevic*, 2009 U.S. Dist. LEXIS 11480, at *10). Each of the requested forms of service easily meet this standard.

**Service By Electronic Message**. Courts in this District regularly hold that service through email and other forms of electronic communication satisfy the Constitution's due process requirements. *See Elsevier,* 287 F. Supp. 3d at 379 ("It is well-settled that service by

email on foreign defendants meets this standard in an appropriate case."); *PCCare247 Inc.*, 2013 U.S. Dist. LEXIS 31969, at *12-17 (holding that "[s]ervice by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant" and service through Facebook sufficed as a supplemental means of service).   The proposed electronic messages are "reasonably calculated" to reach the Founders, as the messages will be sent to accounts or email addresses maintained by each Founder.

**Service By Publication**.   Service by publication meets Constitutional due process requirements where it is "reasonably calculate[d] that the published notice is likely to come to the defendant's attention."  *Anticevic*, 2009 U.S. Dist. LEXIS 11480, at *9.  The Second Circuit has expressly approved of the use of The New York Times International Edition (formerly known as the International Herald Tribune) as a means of service that is "reasonably calculated" to provide notice sufficient to satisfy the Constitutional requirement.  *S.E.C. v. Tome*, 833 F.2d 1086, 1093 (2d Cir. 1987); *see also S.E.C. v. Baldassare*, No. 11-cv-5970 (ARR-VVP), 2014 WL 2465622, at *2 (E.D.N.Y. May 29, 2014) ("permitting the Commission to effectuate service on the defendant by publishing notice in the International Herald Tribune"); *S.E.C. v. Shehyn*, No. 04-cv-2003 (LAP), 2008 WL 6150322, at *3 (S.D.N.Y. Nov. 26, 2008) (same).  Recently, in *In re Shanda Ltd. Sec. Litig.,* the Court permitted service by publication in nearly identical circumstances, wherein plaintiff served a notice in the International Edition of the New York Times on corporate executives residing in China.  Order, *In re Shanda Ltd. Sec. Litig.,* No. 1:18-CV-02463 (ALC) (S.D.N.Y. Nov. 16, 2018), ECF No. 37.

**Service Through Counsel and Service Through 360 Digitech, Inc**.  Due to Defendant Zhou's continued role at Qihoo and 360, the requested service on (1) Dechert LLP (Qihoo's counsel in this case) and (2) 360's registered agent are clearly "'reasonably calculated' to apprise

the employee of the pendency of the action." *Sicav*, 989 F. Supp. 2d at 279 (holding that "service on a high-level employee's corporate employer, or counsel for that employer, is 'reasonably calculated' to apprise the employee of the pendency of the action and therefore comports with due process").  In addition, Defendant Zhou was one of Qihoo's highest-level officers and largest shareholders through the Merger, and Zhou continues to serve as Qihoo's Chairman and CEO.  It is therefore "impossible to imagine" that Zhou would not be apprised of this action through Lead Plaintiffs' proposed methods of service.  *Id.* (quoting *In re GLG*, 287 F.R.D. at 267).  Zhou's role as Chairman of 360 also means that he will invariably receive notice of this action if it is served upon 360.

## C.      The Circumstances Here Warrant Permitting the Requested Service

The facts here firmly establish why the Court should exercise its wide discretion to allow the proposed methods of alternative service.  While plaintiffs are "not required to attempt service through the other provisions of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3)," their efforts to do so show that Lead Plaintiffs have "reasonably attempted to effectuate service on the defendant."  *Sicav*, 989 F. Supp. 2d at 278.

Lead Plaintiffs sent Hague Requests to Defendants Zhou and Qi on July 8, 2019.  ECF. No. 55 at 2-3.  The Zhou Request was not successful for inexplicable reasons and the Request on Qi was denied because Qi (the "recipient") simply refused to accept the documents.  *See supra* [].  Lead Plaintiffs have therefore exhausted their effort to serve the Founders through the Hague Convention and the proposed methods of service provide the best way for Lead Plaintiffs to serve the Founders.[9]

---

[9] Notably, courts have accepted that even *delays* in effectuation of service under the Hague Convention is a legitimate basis for a 4(f)(3) request.  *See e.g., Sicav*, 989 F. Supp. 2d at 280 (citing *In re GLG,* 287 F.R.D. at 266); *see also Mattel, Inc. v. Uenjoy L.L.C.*, No. 18-cv-7896 (PKC), 2020 U.S. Dist. LEXIS 94217, at *13 n.3

10

Allowing this Action to proceed against all Defendants at this time is the most efficient use of judicial resources and presents the best opportunity for this action to be fully adjudicated on the merits. *See Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995) ("This Court has expressed on numerous occasions its preference that litigation disputes be resolved on the merits."); *Zhang v. Baidu.com Inc.*, 932 F. Supp. 2d 561, 568 (S.D.N.Y. 2013) (permitting party to move for alternative service "in light of the 'strong preference' for deciding cases on the merits") (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). Lastly, Defendants Zhou and Qi were Qihoo's two top executives, largest shareholders, and co-founders, and Zhou remains the Chairman and CEO of the 360 Group. There cannot be any serious doubt about whether Zhou and Qi already know about this Action, given the fact that Qihoo has been actively engaged in litigating this case.

## IV. CONCLUSION

For the reasons described above, Lead Plaintiffs respectfully request that the Court issue an Order authorizing alternative service of Defendants Zhou and Qi through the methods described above.

Dated: January 28, 2022

Respectfully submitted,

**POMERANTZ LLP**

By: */s/ Michael Grunfeld*

Jeremy A. Lieberman
Michael Grunfeld
600 Third Avenue, 20th Floor
New York, New York 10016

**LABATON SUCHAROW LLP**

By: *Carol C. Villegas*

Carol C. Villegas
David J. Schwartz
Jake Bissell-Linsk

---

(S.D.N.Y. May 29, 2020) (citing *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 332 (S.D.N.Y. 2015)); *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 562–66 (C.D. Cal. 2012).

11

Telephone: (212) 661-1100
Facsimile: (212) 661-8665
E-mail: jalieberman@pomlaw.com
E-mail: mgrunfeld@pomlaw.com

**Counsel for Lead Plaintiffs Altimeo Asset Management and ODS Capital LLC**

140 Broadway, 34th Floor
New York, NY  10005
Telephone: (212) 907-0700
Email: cvillegas@labaton.com
Email: dschwartz@labaton.com
Email: jbissell-linsk@labaton.com

**Additional Counsel for Lead Plaintiff ODS Capital LLC**

12