**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALTIMEO ASSET MANAGEMENT, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> QIHOO 360 TECHNOLOGY CO. LTD., HONGYI ZHOU, XIANGDONG QI. and ERIC X. CHEN, <br><br> Defendants. | 19 Civ. 10067 (PAE) |

## DEFENDANTS QIHOO 360 TECHNOLOGY CO. LTD.'S AND ERIC X. CHEN'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT

Defendants Qihoo 360 Technology Co. Ltd. and Eric X. Chen (collectively, "Defendants"), by their attorneys,[1] make the following answers and assert the following defenses in response to Lead Plaintiffs' First Amended Class Complaint ("FAC"). In responding to the FAC, Defendants (i) incorporate into each such response a denial of all allegations in the FAC to the extent they assert or suggest that Defendants' statements or omissions during the putative class period were materially false or misleading in any respect; and (ii) denies any averments in the introductory paragraph, cover page, table of contents, headings, subheadings, and footnotes of the FAC. For each Paragraph in the FAC that contains footnotes, the corresponding answer is responsive to that Paragraph, inclusive of all footnotes.

---

[1] Undersigned Counsel do not represent Defendants Hongyi Zhou or Xiangdong Qi.

**ANSWER TO INTRODUCTION:** Defendants lack knowledge or information sufficient to admit or deny the allegations regarding Lead Plaintiffs' personal knowledge and its counsel's investigation.  To the extent that any answer is necessary, Defendants deny any allegations and characterizations contained in the introductory paragraph and refers to their answers to the numbered paragraphs of the FAC set forth below.

**ANSWER 1:**    Defendants deny the allegations in Paragraph 1 or lack information sufficient to form a belief as to the allegations and characterizations of Paragraph 1 and so deny same, except that Defendants admit that the Merger occurred in 2016 and resulted in the Company becoming a private entity.

**ANSWER 2:**    To the extent the allegations of Paragraph 2 purport to characterize Defendants' statements to the market, Defendants state that their public statements and the Company's public filings with the United States Securities and Exchange Commission ("SEC") speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents. Defendants otherwise deny the allegations and characterizations of Paragraph 2 or lack sufficient information to form a belief as to the allegations and characterizations of Paragraph 2 and so deny same, except that Defendants admit that Qihoo describes itself as one of the leading internet companies in China.

**ANSWER 3:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents. To the extent that Paragraph 3 implies there is a valid class or that the Class Period as defined is appropriate, Defendants deny the allegations in Paragraph 3.

**ANSWER 4:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 4 or lack sufficient information to form a belief as to the allegations and characterizations of Paragraph 4 and so deny the same, except that Defendants admit that between January 11, 2016 and March 3, 2016, the Company's proxy materials were filed in Schedule 13E-3 forms with the SEC, that on March 30, 2016, Qihoo announced that the Merger passed the shareholder vote that was held that day, that the Merger proceeded to close on July 15, 2016, and that Qihoo became a privately held company as a result of the Merger.

**ANSWER 5:**    Paragraph 5 contains legal conclusions to which no responsive pleading is required.  To the extent Paragraph 5 refers to unidentified news reports, Defendants respectfully refer the Court to those reports for a complete and accurate statement of their contents, without conceding the accuracy of the content of those reports.  To the extent a response is required, Defendants otherwise deny the allegations and characterizations of Paragraph 5.

**ANSWER 6:**    Defendants state that to the extent Paragraph 6 refers to an article that appeared in the *Financial Times*, Defendants respectfully refer the Court to that article for a complete and accurate statement of its contents, without conceding the accuracy of the contents of that article. Defendants deny the remaining allegations and characterizations of Paragraph 6 or lack sufficient information to form a belief as to the allegations and characterizations of Paragraph 6 and so deny same.

**ANSWER 7:**    Defendants state that to the extent Paragraph 7 refers to an article that appeared in the *Financial Times*, Defendants respectfully refer the Court to that article for a complete and accurate statement of its contents, without conceding the accuracy of the contents

of that article. Defendants deny the remaining allegations and characterizations of Paragraph 6 or lack sufficient information to form a belief as to the allegations and characterizations of Paragraph 7 and so deny same.

**ANSWER 8:**     Paragraph 8 contains legal conclusions to which no responsive pleading is required.  To the extent that Paragraph 8 purports to refer to certain reporting in "the Chinese media," Defendants respectfully refer the Court to such reporting, to the extent it exists, for a complete and accurate statement of its contents, without conceding the accuracy of such reporting.  To the extent any further response is required, Defendants deny the allegations and characterizations of Paragraph 8.

**ANSWER 9:**     Paragraph 9 contains legal conclusions to which no responsive pleading is required.  To the extent that Paragraph 9 purports to refer to certain communications with the SEC, Defendants respectfully refer the Court to such communications for a complete and accurate statement of their contents.  To the extent any further response is required, Defendants deny the allegations and characterizations of Paragraph 9.

**ANSWER 10:**     Paragraph 10 contains legal conclusions to which no responsive pleading is required.  To the extent any further response is required, Defendants deny the allegations and characterizations of Paragraph 10 or lack sufficient information to form a belief as to the allegations and characterizations of Paragraph 10 and so deny the same.

**ANSWER 11:**     Defendants deny the allegations and characterizations of Paragraph 11, except that Defendants admit that there is an appraisal action pending in the Cayman Islands.  To the extent that Paragraph 11 purports to refer to certain portions of the record in the Cayman Islands proceedings, Defendants respectfully refer the Court to that record for a complete and accurate statement of its contents.

**ANSWER 12:**    Defendants deny the allegations and characterizations of Paragraph 12 or lack sufficient information to form a belief as to the allegations and characterizations of Paragraph 12 and so deny the same.

**ANSWER 13:**    Defendants deny the allegations and characterizations of Paragraph 13 or lack sufficient information to form a belief as to the allegations and characterizations of Paragraph 13 and so deny same, except that, to the extent Paragraph 13 refers to an article that appeared in *Bloomberg,* Defendants respectfully refer the Court to that article for a complete and accurate statement of its contents, without conceding the accuracy of that article.

**ANSWER 14:**    Paragraph 14 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 14.

**ANSWER 15:**    Paragraph 15 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 15, except that Qihoo registered its ADS with the SEC pursuant to the Exchange Act, that these securities traded on the New York Stock Exchange ("NYSE"), and that The Bank of New York Mellon served as the ADS Depositary for Qihoo's ADS.

**ANSWER 16:**    Paragraph 16 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 16.

**ANSWER 17:**    Paragraph 17 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 17.

**ANSWER 18:**    Defendants lack sufficient information to form a belief as to the allegations and characterizations of Paragraph 18 and so deny same, except that Defendants admit that Altimeo sought appointment as Lead Plaintiff and that Altimeo purported to attach an assignment as Exhibit A to the *Declaration of Jennifer Pafiti in Support of Motion of Altimeo Asset Management and ODS Capital LLC For Appointment As Lead Plaintiffs And Approval Of Counsel* (ECF No. 12).

**ANSWER 19:**    Defendants lack sufficient information to form a belief as to the allegations and characterizations of Paragraph 19 and so deny same, except that Defendants admit that Altimeo attached certain shareholder certifications executed by Altimeo and ODS as Exhibit C to the *Declaration of Jennifer Pafiti in Support of Motion of Altimeo Asset Management and ODS Capital LLC For Appointment As Lead Plaintiffs And Approval Of Counsel* (ECF No. 12).

**ANSWER 20:**    Defendants lack sufficient information to form a belief as to the allegations and characterizations of Paragraph 20 and so deny same, except that Defendants admit that ODS sought appoint as Lead Plaintiff and that ODS attached certain shareholder certifications executed by Altimeo and ODS as Exhibit C to the *Declaration of Jennifer Pafiti in Support of Motion of Altimeo Asset Management and ODS Capital LLC For Appointment As Lead Plaintiffs And Approval Of Counsel* (ECF No. 12).

**ANSWER 21:**    Admitted.

**ANSWER 22:**    Admitted.

**ANSWER 23:**    Admitted.

**ANSWER 24:**    Admitted.

**ANSWER 25:**    The allegations in Paragraph 25 require no response.

**ANSWER 26:**    Defendants deny the allegations and characterizations of Paragraph 26, except that Defendants admit that on June 19, 2015, Qihoo's Board of Directors formed a special committee to consider the Merger (the "Special Committee") and that the Special Committee consisted of three members: Defendant Chen, who served as its Chairman, and Dr. Ming Huang and Dr. Jianwen Liao.

**ANSWER 27:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants also deny any allegations to the extent that Paragraph 27 implies the Special Committee was "instructed" to take any action or was not empowered to take actions other than those listed above.  Defendants further deny the allegations and characterizations of Paragraph 27.

**ANSWER 28:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 28.

**ANSWER 29:**    Admitted.

**ANSWER 30:**    Admitted.

**ANSWER 31:**    Admitted.

**ANSWER 32:**    Admitted.

**ANSWER 33:**    Admitted.

**ANSWER 34:**     Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary

to, or not supported by, the entirety of those documents.  Defendants further deny the allegations
and characterizations of Paragraph 34.

**ANSWER 35:**    Defendants admit that Qhioo's core products in 2015 included 360 Safe Guard
and 360 Anti-Virus, Internet security products in China, and 360 Mobile Safe, a mobile security
product in China.  Defendants otherwise deny the allegations in Paragraph 35.

**ANSWER 36:**    Defendants admit that during the relevant time period, Qhioo offered the 360
Personal Start-up Page (which is the default homepage of Qihoo's browsers and an access point
to popular Internet services and applications); 360 Search (Qihoo's proprietary search engine and
the default search engine of its browsers); and 360 Mobile Assistant (an Android app store for
smartphones).

**ANSWER 37:**    Defendants state that their public statements and the Company's public filings
with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not
supported by, the entirety of those documents.  Defendants further deny the allegations and
characterizations of Paragraph 37.

**ANSWER 38:**    Admitted.

**ANSWER 39:**    Admitted.

**ANSWER 40:**    Admitted.

**ANSWER 41:**    Admitted.

**ANSWER 42:**    Admitted.

**ANSWER 43:**    Admitted.

**ANSWER 44:**    Defendants state that their public statements and the Company's public filings
with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not

supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 44.

**ANSWER 45:**    Admitted.

**ANSWER 46:**    Admitted.

**ANSWER 47:**    Admitted.

**ANSWER 48:**    Admitted.

**ANSWER 49:**    Admitted.

**ANSWER 50:**    Admitted.

**ANSWER 51:**    Admitted.

**ANSWER 52:**    Admitted.

**ANSWER 53:**    Admitted.

**ANSWER 54:**    Defendants state that their public statements and the Company's public filings with the SEC, including the  Opinion of J.P. Morgan Securities (Asia Pacific) Limited that was attached as Annex C to the Final Proxy Statement, speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 54.

**ANSWER 55:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 55.

**ANSWER 56:**     Defendants deny the allegations and characterizations of Paragraph 56, except that Defendants admit only that the financial projections that Qihoo's management

provided to J.P. Morgan were an input into both J.P. Morgan's DCF analysis and its public trading multiples analysis.

**ANSWER 57:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 57.

**ANSWER 58:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 58.

**ANSWER 59:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 59.

**ANSWER 60:**    Admitted.

**ANSWER 61:**    Admitted.

**ANSWER 62:**    Admitted.

**ANSWER 63:**    Defendants deny the allegations and characterizations of Paragraph 63, except that Defendants admit that in the Merger, 3,534 Class A ordinary shares and 29,340,466 Class B ordinary shares held by Global Village, and 4,904,709 Class B ordinary shares held by Young Vision were cancelled without any monetary consideration paid for them and that Defendant Zhou owns stakes in the Company following the Merger.  Defendants state that their public

statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.

**ANSWER 64:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 64.

**ANSWER 65:**    Defendants deny the allegations and characterizations of Paragraph 65.

**ANSWER 66:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 66.

**ANSWER 67:**    Admitted.

**ANSWER 68:**    Admitted.

**ANSWER 69:**    Admitted.

**ANSWER 70:**    Paragraph 70 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations of Paragraph 70.

**ANSWER 71:**    Paragraph 71 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations of Paragraph 71.

**ANSWER 72:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not

supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 72.

**ANSWER 73:**     Defendants state that the Proxy Materials speak for themselves, respectfully refer the Court to those documents for a complete and accurate statement of its contents, and deny any allegation inconsistent with the entirety of the documents.  Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 73.

**ANSWER 74:**     Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 74.

**ANSWER 75:**     Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 75.

**ANSWER 76:**     Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 76.

**ANSWER 77:**     Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not

supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 77.

**ANSWER 78:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 78.

**ANSWER 79:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 79.

**ANSWER 80:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 80.

**ANSWER 81:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  All other allegations and characterizations in Paragraph 81 are denied or are legal conclusions to which no responsive pleading is required.

**ANSWER 82:**    Defendants admit that the Proxy Materials disclosed the Company's belief that the Merger price was "fair."  All other allegations and characterizations in Paragraph 82 are denied or are legal conclusions to which no responsive pleading is required.

**ANSWER 83:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not

supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph.

**ANSWER 84:**   Admitted.

**ANSWER 85:**   Defendants admit that, in order for the Merger to be approved, approximately 5.4% of the voting rights of all issued and outstanding shares would have to be voted in favor of the Merger by Qihoo Securityholders that were not members of the Buyer Group, assuming that all parties affiliated with the Buyer Group voted their shares in favor of the Merger, and that all shareholders would be present and voting in person or by proxy at the extraordinary general meeting.  Defendants further admit that the Merger agreement did not include a "majority of the minority" condition.  All other allegations and characterizations in Paragraph 85 are denied.

**ANSWER 86:**   Admitted.

**ANSWER 87:**   Defendants deny the allegations in Paragraph 87 or lack information sufficient to form a belief as to the allegations and characterizations of Paragraph 87 and so deny the same.

**ANSWER 88:**   Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 88.

**ANSWER 89:**   Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 89.

**ANSWER 90:**   Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not

supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 90.

**ANSWER 91:**    Defendants deny the allegations in Paragraph 90, lack information sufficient to form a belief as to the allegations and characterizations of Paragraph 90, or are not required to provide any response because the allegations in Paragraph 90 constitute legal conclusions. Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.

**ANSWER 92:**    Defendants deny the allegations in Paragraph 92, lack information sufficient to form a belief as to the allegations and characterizations of Paragraph 90, or are not required to provide any response because the allegations in Paragraph 92 constitute legal conclusions.  To the extent any further response is required, Defendants deny the allegations and characterizations in Paragraph 92.

**ANSWER 93:**    Admitted.

**ANSWER 94:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 94.

**ANSWER 95:**    Defendants deny the allegations and characterizations of Paragraph 95, except that Defendants admit that Qihoo restructured its business and that as a result of such restructuring, certain aspects of its business were moved into an entity called 360 Technology Co. Ltd.

**ANSWER 96:**    Defendants state that their public statements and SJEC's public statements speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 96.

**ANSWER 97:**    Paragraph 97 contains legal conclusions to which no responsive pleading is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 97.

**ANSWER 98:**    Defendants state that details of the listing are a matter of public record, which speaks for itself, and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of that record.  Defendants further deny the allegations and characterizations of Paragraph 98.

**ANSWER 99:**    Defendants state that their public statements and SJEC's public statements speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 95.

**ANSWER 100:**    Defendants state that details of the listing are a matter of public record, which speaks for itself, and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of that record.  Defendants further deny the allegations and characterizations of Paragraph 100.

**ANSWER 101:**    Defendants state that to the extent Paragraph 101 refers to an article that appeared in *Bloomberg*, Defendants respectfully refer the Court to that article for a complete and accurate statement of its contents, without conceding the accuracy of the contents of that article. Defendants deny the remaining allegations and characterizations of Paragraph 101 or lack

sufficient information to form a belief as to the allegations and characterizations of Paragraph 101 and so deny the same.

**ANSWER 102:**    Defendants state that details of the listing and the referenced IPO are a matter of public record, which speaks for itself, and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of that record.  Defendants further deny the allegations and characterizations of Paragraph 102.

**ANSWER 103:**    Defendants state that details of the listing are a matter of public record, which speaks for itself, and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of that record.  Defendants further deny the allegations and characterizations of Paragraph 103.

**ANSWER 104:**    Defendants state that details regarding the Company's market capitalization at any given time is a matter of public record, which speaks for itself, and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of that record.  Defendants further deny the allegations and characterizations of Paragraph 104.

**ANSWER 105:**    Defendants deny the allegations and characterizations of Paragraph 105.

**ANSWER 106:**    Defendants state that to the extent Paragraph 106 refers to an article that appeared in the *CN Stock*, Defendants respectfully refer the Court to that article for a complete and accurate statement of its contents, without conceding the accuracy of the contents of that article. Defendants deny the remaining allegations and characterizations of Paragraph 106 or lack sufficient information to form a belief as to the allegations and characterizations of Paragraph 106 and so deny the same.

**ANSWER 107:**    Defendants state that to the extent Paragraph 106 refers to an article that appeared in the *CN Stock*, Defendants respectfully refer the Court to that article for a complete

and accurate statement of its contents, without conceding the accuracy of the contents of that article. Defendants deny the remaining allegations and characterizations of Paragraph 107 or lack sufficient information to form a belief as to the allegations and characterizations of Paragraph 107 and so deny the same.

**ANSWER 108:**    Defendants deny the allegations and characterizations of Paragraph 108 or lack sufficient information to form a belief as to the allegations and characterizations of Paragraph 108 and so deny the same.

**ANSWER 109:**    Defendants deny the allegations and characterizations of Paragraph 109.

**ANSWER 110:**    Defendants state that to the extent Paragraph 109 refers to an article that appeared in *Tencent Technology*, Defendants respectfully refer the Court to that article for a complete and accurate statement of its contents, without conceding the accuracy of the contents of that article. Defendants deny the remaining allegations and characterizations of Paragraph 109 or lack sufficient information to form a belief as to the allegations and characterizations of Paragraph 109 and so deny the same except Defendants admit that Buyer Group decided to retain Huatai United Securities Co., Ltd. as a financial advisor and underwriter in connection with the Merger.

**ANSWER 111:**    Defendants deny the allegations and characterizations of Paragraph 111 or lack sufficient information to form a belief as to the allegations and characterizations of Paragraph 111 and so deny the same.

**ANSWER 112:**    Defendants deny the allegations and characterizations of Paragraph 112 or lack sufficient information to form a belief as to the allegations and characterizations of Paragraph 112 and so deny the same, except that, to the extent Paragraph 112 refers to an article

that appeared in *Netease,* Defendants respectfully refer the Court to that article for a complete and accurate statement of its contents, without conceding the accuracy of that article.

**ANSWER 113:**    Defendants deny the allegations and characterizations of Paragraph 113 or lack sufficient information to form a belief as to the allegations and characterizations of Paragraph 113 and so deny the same, except that, to the extent Paragraph 113 refers to an article that appeared in *Caixin,* Defendants respectfully refer the Court to that article for a complete and accurate statement of its contents, without conceding the accuracy of that article, and Defendants admit that Qihoo was delisted from the NYSE in July 2016.

**ANSWER 114:**    Defendants deny the allegations and characterizations of Paragraph 114 or lack sufficient information to form a belief as to the allegations and characterizations of Paragraph 114 and so deny the same, except that, to the extent Paragraph 114 refers to an article that appeared in *Caixin,* Defendants respectfully refer the Court to that article for a complete and accurate statement of its contents, without conceding the accuracy of that article.

**ANSWER 115:**    Defendants deny the allegations and characterizations of Paragraph 115 or lack sufficient information to form a belief as to the allegations and characterizations of Paragraph 115 and so deny the same, except that, to the extent Paragraph 115 refers to an article that appeared in *Financial Times,* Defendants respectfully refer the Court to that article for a complete and accurate statement of its contents, without conceding the accuracy of that article.

**ANSWER 116:**    Defendants deny the allegations and characterizations of Paragraph 116 or lack sufficient information to form a belief as to the allegations and characterizations of Paragraph 116 and so deny the same, except that, to the extent Paragraph 116 refers to articles that appeared in *Pandaily* and *CBN,* Defendants respectfully refer the Court to those articles for a complete and accurate statement of its contents, without conceding the accuracy of the articles.

**ANSWER 117:**    Defendants deny the allegations and characterizations of Paragraph 117.

**ANSWER 118:**    Defendants deny the allegations and characterizations of Paragraph 118 or

lack sufficient information to form a belief as to the allegations and characterizations of

Paragraph 118 and so deny the same, except that, to the extent Paragraph 118 refers to an article

that appeared in *Netease,* Defendants respectfully refer the Court to that article for a complete

and accurate statement of its contents, without conceding the accuracy of that article.

**ANSWER 119:**    Defendants deny the allegations and characterizations of Paragraph 119 or

lack sufficient information to form a belief as to the allegations and characterizations of

Paragraph 119 and so deny the same, except that, to the extent Paragraph 119 refers to an article

that appeared in *The Paper,* Defendants respectfully refer the Court to that article for a complete

and accurate statement of its contents, without conceding the accuracy of that article.

**ANSWER 120:**    Defendants deny the allegations and characterizations of Paragraph 120 or

lack sufficient information to form a belief as to the allegations and characterizations of

Paragraph 120 and so deny the same, except that, to the extent Paragraph 120 refers to an article

that appeared in *The Paper,* Defendants respectfully refer the Court to that article for a complete

and accurate statement of its contents, without conceding the accuracy of that article.

**ANSWER 121:**    Defendants deny the allegations and characterizations of Paragraph 121 or

lack sufficient information to form a belief as to the allegations and characterizations of

Paragraph 121 and so deny the same, except that, to the extent Paragraph 121 refers to an article

that appeared in *Caixin,* Defendants respectfully refer the Court to that article for a complete and

accurate statement of its contents, without conceding the accuracy of that article.

**ANSWER 122:**    Defendants deny the allegations and characterizations of Paragraph 122 or

lack sufficient information to form a belief as to the allegations and characterizations of

Paragraph 122 and so deny the same, except that, to the extent Paragraph 122 refers to an article that appeared in *The Paper,* Defendants respectfully refer the Court to that article for a complete and accurate statement of its contents, without conceding the accuracy of that article.

**ANSWER 123:**     Defendants deny the allegations and characterizations of Paragraph 123 or lack sufficient information to form a belief as to the allegations and characterizations of Paragraph 123 and so deny the same, except that, to the extent Paragraph 123 refers to an article that appeared in *The Paper,* Defendants respectfully refer the Court to that article for a complete and accurate statement of its contents, without conceding the accuracy of that article.

**ANSWER 124:**     Defendants deny the allegations and characterizations of Paragraph 124 or lack sufficient information to form a belief as to the allegations and characterizations of Paragraph 124 and so deny the same, except that, to the extent Paragraph 124 refers to an article that appeared in *Pandaily,* Defendants respectfully refer the Court to that article for a complete and accurate statement of its contents, without conceding the accuracy of that article.

**ANSWER 125:**     Defendants deny the allegations and characterizations of Paragraph 125 or lack sufficient information to form a belief as to the allegations and characterizations of Paragraph 125 and so deny the same, except that, to the extent Paragraph 125 refers to an article that appeared in *Pandaily,* Defendants respectfully refer the Court to that article for a complete and accurate statement of its contents, without conceding the accuracy of that article.

**ANSWER 126:**     Defendants deny the allegations and characterizations of Paragraph 126 or lack sufficient information to form a belief as to the allegations and characterizations of Paragraph 126 and so deny the same, except that, to the extent Paragraph 126 refers to an article that appeared in *Pandaily,* Defendants respectfully refer the Court to that article for a complete and accurate statement of its contents, without conceding the accuracy of that article.

**ANSWER 127:**    Defendants deny the allegations and characterizations of Paragraph 127 or lack sufficient information to form a belief as to the allegations and characterizations of Paragraph 127 and so deny the same, except that, to the extent Paragraph 127 refers to an article that appeared in *Bloomberg,* Defendants respectfully refer the Court to that article for a complete and accurate statement of its contents, without conceding the accuracy of that article.

**ANSWER 128:**    Defendants deny the allegations and characterizations of Paragraph 128 or lack sufficient information to form a belief as to the allegations and characterizations of Paragraph 128 and so deny the same, except that, to the extent Paragraph 128 refers to an article that appeared in *Pandaily,* Defendants respectfully refer the Court to that article for a complete and accurate statement of its contents, without conceding the accuracy of that article.

**ANSWER 129:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 129.

**ANSWER 130:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 130.

**ANSWER 131:**    Defendants deny the allegations and characterizations of Paragraph 131 or lack sufficient information to form a belief as to the allegations and characterizations of Paragraph 131 and so deny the same, except that, to the extent Paragraph 131 refers to an article that appeared in *Financial Times,* Defendants respectfully refer the Court to that article for a complete and accurate statement of its contents, without conceding the accuracy of that article.

Defendants further state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.

**ANSWER 132:**    Defendants deny the allegations and characterizations of Paragraph 132 or lack sufficient information to form a belief as to the allegations and characterizations of Paragraph 132 and so deny the same, except that, to the extent Paragraph 132 refers to an article that appeared in *Pandaily,* Defendants respectfully refer the Court to that article for a complete and accurate statement of its contents, without conceding the accuracy of that article. Defendants further state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.

**ANSWER 133:**    Defendants deny the allegations and characterizations of Paragraph 133 or lack sufficient information to form a belief as to the allegations and characterizations of Paragraph 133 and so deny the same, except that, to the extent Paragraph 133 refers to an article authored by Apostolos Dasilas and Stergios Leventis and an article authored by Eckbo and Thorburn,  Defendants respectfully refer the Court to those articles for a complete and accurate statement of its contents, without conceding the accuracy or reliability of those articles. Defendants further state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.

**ANSWER 134:**    Defendants lack knowledge or information sufficient to admit or deny the allegations regarding CW1 in Paragraph 134.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 134.

**ANSWER 135:**    Defendants lack knowledge or information sufficient to admit or deny the allegations regarding CW1 in Paragraph 135. To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 135.

**ANSWER 136:**    Defendants lack knowledge or information sufficient to admit or deny the allegations regarding CW1 in Paragraph 136. To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 136.

**ANSWER 137:**    Defendants lack knowledge or information sufficient to admit or deny the allegations regarding CW1 in Paragraph 137. To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 137.

**ANSWER 138:**    Admitted.

**ANSWER 139:**    Defendants deny the allegations and characterizations of Paragraph 139, except that Defendants admit that the Appraisal Action is still pending.  To the extent that Paragraph 139 purports to refer to certain portions of the record in the Cayman Islands proceedings, Defendants respectfully refer the Court to that record for a complete and accurate statement of its contents.

**ANSWER 140:**    To the extent that Paragraph 140 purports to refer to certain portions of the record in the Appraisal Action, Defendants state that the record from the Appraisal Action speaks for itself, and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of that record.  Defendants further deny the allegations and characterizations of Paragraph 140.

**ANSWER 141:**    Defendants state that the record from the Appraisal Action speaks for itself, and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of that record.  Defendants further deny the allegations and characterizations of Paragraph 141.

**ANSWER 142:**    Defendants state that the record from the Appraisal Action speaks for itself, and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of that record.  Defendants further deny the allegations and characterizations of Paragraph 142.

**ANSWER 143:**    Defendants state that the record from the Appraisal Action speaks for itself, and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of that record.  Defendants further deny the allegations and characterizations of Paragraph 143.

**ANSWER 144:**    Defendants state that the record from the Appraisal Action speaks for itself, and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of that record.  Defendants further deny the allegations and characterizations of Paragraph 144.

**ANSWER 145:**    Defendants state that the record from the Appraisal Action speaks for itself, and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of that record.  Defendants further deny the allegations and characterizations of Paragraph 145.

**ANSWER 146:**    Defendants state that the record from the Appraisal Action speaks for itself, and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of that record.  Defendants further deny the allegations and characterizations of Paragraph 146.

**ANSWER 147:**    Defendants state that the record from the Appraisal Action speaks for itself, and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of that record.  Defendants further deny the allegations and characterizations of Paragraph 147.

**ANSWER 148:**    Defendants state that the record from the Appraisal Action speaks for itself, and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of that record.  Defendants further deny the allegations and characterizations of Paragraph 148.

**ANSWER 149:**    Defendants state that the record from the Appraisal Action speaks for itself, and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of that record.  Defendants further deny the allegations and characterizations of Paragraph 149.

**ANSWER 150:**    Defendants state that the record from the Appraisal Action speaks for itself, and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of that record.  Defendants further deny the allegations and characterizations of Paragraph 150.

**ANSWER 151:**    Defendants state that the record from the Appraisal Action speaks for itself, and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of that record.  Defendants further deny the allegations and characterizations of Paragraph 151.

**ANSWER 152:**    Defendants deny the allegations and characterizations of Paragraph 152 or lack sufficient information to form a belief as to the allegations and characterizations of Paragraph 152 and so deny the same, except that, to the extent Paragraph 152 refers to articles that appeared in *Pandaily* and *Bloomberg,* Defendants respectfully refer the Court to those articles for a complete and accurate statement of its contents, without conceding the accuracy of the articles.

**ANSWER 153:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 153.

**ANSWER 154:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and

characterizations of Paragraph 154, except Defendants admit that the Company provided J.P. Morgan with financial projections.

**ANSWER 155:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 155.

**ANSWER 156:**    Defendants deny the allegations and characterizations of Paragraph 156 or lack sufficient information to form a belief as to the allegations and characterizations of Paragraph 156 and so deny the same, except that, to the extent Paragraph 156 refers to an article that appeared in *Pandaily,* Defendants respectfully refer the Court to that article for a complete and accurate statement of its contents, without conceding the accuracy of that article. Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.

**ANSWER 157:**    Defendants deny the allegations and characterizations of Paragraph 157 or lack sufficient information to form a belief as to the allegations and characterizations of Paragraph 157 and so deny the same, except that, to the extent Paragraph 157 refers to Bloomberg's "trading comp," Defendants respectfully refer the Court to Bloomberg's "trading comp" for a complete and accurate statement of its contents, without conceding the accuracy or reliability of Bloomberg's "trading comp," and deny any allegation inconsistent with the entirety of Bloomberg's "trading comp."

**ANSWER 158:**    Defendants deny the allegations and characterizations in Paragraph 158.

**ANSWER 159:**   Paragraph 159 contains legal conclusions to which no responsive pleading is required.  To the extent Paragraph 159 refers to the Proxy Materials, Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 159.

**ANSWER 160:**   Paragraph 160 contains legal conclusions to which no responsive pleading is required.  To the extent Paragraph 160 refers to the Proxy Materials, Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 160.

**ANSWER 161:**   Admitted.

**ANSWER 162:**   Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 162.

**ANSWER 163:**   Paragraph 163 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 163.

**ANSWER 164:**   Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 164.

**ANSWER 165:**   Paragraph 165 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 165.

**ANSWER 166:**   Admitted.

**ANSWER 167:**   Paragraph 167 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 167.

**ANSWER 168:**   Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 168.

**ANSWER 169:**   Paragraph 169 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 169.

**ANSWER 170:**   Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 170.

**ANSWER 171:**   Paragraph 171 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 171.

**ANSWER 172:**   Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not

supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 172.

**ANSWER 173:**    Paragraph 173 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 173.

**ANSWER 174:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 174.

**ANSWER 175:**    Paragraph 175 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 175.

**ANSWER 176:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 176.

**ANSWER 177:**    Paragraph 177 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 177.

**ANSWER 178:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not

supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 178.

**ANSWER 179:**    Paragraph 179 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 179.

**ANSWER 180:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 180.

**ANSWER 181:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 181.  Defendants also deny any emphasis in Paragraph 181.

**ANSWER 182:**    Paragraph 182 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 182.

**ANSWER 183:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 183.  Defendants also deny any emphasis in Paragraph 183.

**ANSWER 184:**    Paragraph 184 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 184.

**ANSWER 185:**   Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 185.

**ANSWER 186:**   Paragraph 186 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 186.

**ANSWER 187:**   Paragraph 186 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 187.

**ANSWER 188:**   Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 188.  Defendants also deny any emphasis in Paragraph 188.

**ANSWER 189:**   Paragraph 189 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 189.

**ANSWER 190:**   Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 190.  Defendants also deny any emphasis in Paragraph 190.

**ANSWER 191:**    Paragraph 191 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 191.

**ANSWER 192:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 192.

**ANSWER 193:**    Paragraph 193 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 193.

**ANSWER 194:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 194.

**ANSWER 195:**    Paragraph 195 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 195.

**ANSWER 196:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 196.

**ANSWER 197:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not

supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 197.

**ANSWER 198:**   Defendants deny the allegations and characterizations in Paragraph 198, except that Defendants admit that the Board (other than Defendant Zhou, Defendant Qi and Mr. Neil Nanpeng Shen who abstained from the vote, and Mr. William Mark Evans, who was not present) acted upon the unanimous recommendation of the Special Committee, determining that the Merger was fair to unaffiliated Qihoo Securityholders and its deciding to approve and recommend the Merger.

**ANSWER 199:**   Paragraph 199 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 199.

**ANSWER 200:**   Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 200.

**ANSWER 201:**   Paragraph 201 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 201.

**ANSWER 202:**   Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 202.

**ANSWER 203:**    Paragraph 203 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 203.

**ANSWER 204:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 204.

**ANSWER 205:**    Paragraph 205 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 205.

**ANSWER 206:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 206.

**ANSWER 207:**    Paragraph 207 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 207.

**ANSWER 208:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 208.

**ANSWER 209:**    Paragraph 209 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 209.

**ANSWER 210:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 210.

**ANSWER 211:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 211.

**ANSWER 212:**    Paragraph 212 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 212.

**ANSWER 213:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 213.

**ANSWER 214:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 214.

**ANSWER 215:**   Paragraph 215 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 215.

**ANSWER 216:**   Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 216.

**ANSWER 217:**   Paragraph 217 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 217.

**ANSWER 218:**   Paragraph 218 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 218.

**ANSWER 219:**   Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 219.

**ANSWER 220:**   Paragraph 220 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 220.

**ANSWER 221:**   Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not

supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 221.

**ANSWER 222:**    Paragraph 222 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 222.

**ANSWER 223:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 223.

**ANSWER 224:**    Paragraph 224 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 224.

**ANSWER 225:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 225.

**ANSWER 226:**    Paragraph 226 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 226.

**ANSWER 227:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 227.

**ANSWER 228:**    Paragraph 228 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 228.

**ANSWER 229:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 229.  Defendants also deny any emphasis in Paragraph 229.

**ANSWER 230:**    Paragraph 230 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 230.

**ANSWER 231:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 230.

**ANSWER 232:**    Paragraph 232 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 232.

**ANSWER 233:**    Defendants admit that Qihoo filed the Amended Proxy Materials with the SEC as an amendment to Qihoo's earlier-filed Form 13E3 on February 8, 2016.  Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 233.

**ANSWER 234:**    Paragraph 234 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 234.  Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.

**ANSWER 235:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 235.

**ANSWER 236:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 236.

**ANSWER 237:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 237.

**ANSWER 238:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 238.

**ANSWER 239:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not

supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 239.

**ANSWER 240:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 240.

**ANSWER 241:**    Paragraph 241 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 241.

**ANSWER 242:**    Paragraph 242 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 242.

**ANSWER 243:**    Defendants admit that Qihoo filed Second Amended Proxy Materials with the SEC as an amendment to Qihoo's earlier-filed Form 13E3 on February 26, 2016.  Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 243.

**ANSWER 244:**    Paragraph 244 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 244.

**ANSWER 245:**    Defendants admit that Qihoo filed Third Amended Proxy Materials on Form 13E-3 on March 3, 2016. Defendants state that their public statements and the Company's public

filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 245.

**ANSWER 246:**    Paragraph 246 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 246.

**ANSWER 247:**    Defendants deny the allegations and characterizations of Paragraph 247, except that Defendants admit that the Individual Defendants held senior positions at Qihoo and participated in the management of the company.  Paragraph 247 also contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 247.

**ANSWER 248:**    Defendants deny the allegations and characterizations of Paragraph 248 or lack sufficient information to form a belief as to the allegations and characterizations of Paragraph 248 and so deny the same, except that Defendants admit Defendant Zhou served as Qihoo's Chairman, CEO, and Co-Founder and assumed the duties and roles in relation to those positions.

**ANSWER 249:**    Defendants deny the allegations and characterizations of Paragraph 249 or lack sufficient information to form a belief as to the allegations and characterizations of Paragraph 249 and so deny the same, except that Defendants admit Defendant Qi served as President and Director since its inception in 2006, as well as its Co-Founder of Qihoo and assumed the duties and roles in relation to those positions. Paragraph 249 also contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 249.

**ANSWER 250:**    Paragraph 250 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 250, except that Defendants admit that prior to the Merger, Defendant Zhou (including through Global Village) owned 17.3% of the Company's outstanding ordinary shares and 42.7% of its voting rights. Defendant Qi (including through Young Vision) owned 8.1% of the Company's outstanding ordinary shares and 17.9% of its voting rights. Defendants further admit that prior to the Merger, collectively, Defendants Zhou and Qi owned 4,740,568 Class A ordinary shares and 41,263,812 Class B ordinary shares, which represented approximately 25.4% of its outstanding ordinary shares and approximately 60.6% of the Company's voting rights.

**ANSWER 251:**    Paragraph 251 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations of Paragraph 251.

**ANSWER 252:**    Paragraph 252 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations of Paragraph 252.

**ANSWER 253:**    Paragraph 253 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations of Paragraph 253 except that they admit the Individual Defendants reviewed some reports and press releases before they were issued by the Company.

**ANSWER 254:**    Defendants deny the allegations and characterizations in Paragraph 254, except that Defendants admit the Individual Defendants were among the representatives that signed the SEC filings but note that Defendants Zhou and Qi did sign certain of these filings on

behalf of the Company.  Defendants state that the SEC filings speak for itself, respectfully refer the Court to those documents for a complete and accurate statement of its contents, and deny any allegation inconsistent with the entirety of the documents.  Paragraph 254 also contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations of Paragraph 254.

**ANSWER 255:**    Paragraph 255 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 255.

**ANSWER 256:**    Paragraph 256 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 256.

**ANSWER 257:**    Paragraph 257 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 257.

**ANSWER 258:**    Defendants deny the allegations and characterizations in Paragraph 258, except that Defendants admit that Defendant Zhou was Qihoo's CEO, Chairman of the Board, and Co-Founder, Defendant Qi was Qihoo's President, Director, and Co-Founder, both Defendants Zhou and Qi signed the Proxy Materials and held 60% of the voting interest.

**ANSWER 259:**    Defendants deny the allegations and characterizations in Paragraph 259.

**ANSWER 260:**    Defendants deny the allegations and characterizations in Paragraph 260, except that Defendants admit that Defendant Zhou owned 22.8% of the Company following the Merger and to the extent Paragraph 260 refers to an article that appeared in *Bloomberg,*

Defendants respectfully refer the Court to that article for a complete and accurate statement of its contents, without conceding the accuracy of that article.

**ANSWER 261:**    Defendants deny the allegations and characterizations in Paragraph 261 except that Defendants admit that certain portions of Qihoo's business were separated from the Company before relisting.

**ANSWER 262:**    Paragraph 262 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 262.

**ANSWER 263:**    Defendants state this Paragraph appears to be based on public statements and the Company's public filings with the SEC, which speak for themselves, and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents. Defendants further deny the allegations and characterizations of Paragraph 263.

**ANSWER 264:**    Defendants deny the allegations and characterizations in Paragraph 264, except that Defendants admit that the other members of the Buyer Group were among the representatives that signed the Proxy Materials.  Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Paragraph 264 also contains legal conclusions to which no responsive pleading is required.  To the extent a further response is required, Defendants deny the allegations and characterizations in Paragraph 264.

**ANSWER 265:**    Defendants deny the allegations and characterizations of Paragraph 265 or lack sufficient information to form a belief as to the allegations and characterizations of Paragraph 265 and so deny the same. To the extent that Paragraph 265 purports to refer to

documents cited elsewhere in the Amended Complaint, Defendants respectfully refer the Court to those documents for complete and accurate statements of their contents, and deny any allegation inconsistent with the entirety of the documents.  To the extent a further response is required, Defendants deny the allegations and characterizations in Paragraph 265.

**ANSWER 266:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 266, except Defendants admit that Qi was Qihoo's President, second-largest shareholder, and co-founder.

**ANSWER 267:**    Defendants lack knowledge or information sufficient to admit or deny the allegations regarding CW1 in Paragraph 267. To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 267.

**ANSWER 268:**    Defendants lack knowledge or information sufficient to admit or deny the allegations regarding CW1 in Paragraph 268. To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 268.

**ANSWER 269:**    Defendants deny the allegations and characterizations in Paragraph 269 or lack sufficient information to form a belief as to the allegations and characterizations of Paragraph 269 and so deny the same, except that Defendants admit Defendant Chen served as the Chairman of the Special Committee.

**ANSWER 270:**    Defendants deny the allegations and characterizations of Paragraph 270 or lack sufficient information to form a belief as to the allegations and characterizations of Paragraph 270 and so deny the same, except that Defendants admit that the Special Committee was instructed to "to consider, attend to and take any and all actions in connection with the

written proposal from the Buyer Group in connection with the proposed" Merger and that on

December 9, 2015, the Special Committee had a telephonic meeting.  To the extent that

Paragraph 270 quotes the Final Proxy Statement, Defendants state that their public statements

and the Company's public filings with the SEC speak for themselves and deny any allegations

inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants

further deny the allegations and characterizations of Paragraph 270.

**ANSWER 271:**    Defendants deny the allegations and characterizations of Paragraph 271 or

lack sufficient information to form a belief as to the allegations and characterizations of

Paragraph 271 and so deny the same.  To the extent that Paragraph 271 purports to quote or

reference statements made by Zhou in "the Chinese media," Defendants respectfully refer the

Court to such statements, if they exist, for a complete and accurate statement of their contents,

and deny any allegation inconsistent with the entirety of such alleged statements.  To the extent a

further response is required, Defendants deny the allegations and characterizations in Paragraph

271.

**ANSWER 272:**    Defendants deny the allegations and characterizations of Paragraph 272 or

lack sufficient information to form a belief as to the allegations and characterizations of

Paragraph 272 and so deny the same.  To the extent that Paragraph 272 purports to quote or

reference statements made by Zhou in "the Chinese media," Defendants respectfully refer the

Court to such statements, if they exist, for a complete and accurate statement of their contents,

and deny any allegation inconsistent with the entirety of such alleged statements.  To the extent a

further response is required, Defendants deny the allegations and characterizations in Paragraph

272.

**ANSWER 273:**    Defendants deny the allegations and characterizations of Paragraph 273 or lack sufficient information to form a belief as to the allegations and characterizations of Paragraph 273 and so deny the same, except that, to the extent Paragraph 273 refers to an article that appeared in *Financial Times,* Defendants respectfully refer the Court to that article for a complete and accurate statement of its contents, without conceding the accuracy of that article. Defendants state that the Proxy Materials speak for itself, respectfully refer the Court to those documents for a complete and accurate statement of its contents, and deny any allegation inconsistent with the entirety of the documents.  To the extent a further response is required, Defendants deny the allegations and characterizations in Paragraph 273

**ANSWER 274:**    Defendants deny the allegations and characterizations in Paragraph 274.

**ANSWER 275:**    Defendants state that the record from the Appraisal Action speaks for itself, and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of that record.  Defendants further deny the allegations and characterizations of Paragraph 275.

**ANSWER 276:**    Defendants state that the record from the Appraisal Action speaks for itself, and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of that record.  Defendants further deny the allegations and characterizations of Paragraph 276.

**ANSWER 277:**    Defendants state that the record from the Appraisal Action speaks for itself, and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of that record.  Defendants further deny the allegations and characterizations of Paragraph 277.

**ANSWER 278:**    Defendants deny the allegations and characterizations in Paragraph 278. Defendants state that  their public statements, the Company's public filings with the SEC, and record in the Appraisal Action speak for themselves, respectfully refer the Court to those

documents for a complete and accurate statement of its contents, and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of the documents.

**ANSWER 279:**   Paragraph 279 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 279.

**ANSWER 280:**   Paragraph 280 contains legal conclusions to which no responsive pleading is required.  Defendants lack knowledge or information sufficient to admit or deny the allegations regarding the behavior of putative class members. To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 280, except, to the extent that Paragraph 280 purports to allege trading prices for Qihoo's ADS, which are a matter of public record and speak for themselves.

**ANSWER 281:**   Paragraph 281 contains legal conclusions to which no responsive pleading is required.  Defendants lack knowledge or information sufficient to admit or deny the allegations regarding the hypothetical behavior of putative class members.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 281.

**ANSWER 282:**   Paragraph 282 contains legal conclusions to which no responsive pleading is required.  Defendants lack knowledge or information sufficient to admit or deny the allegations regarding the behavior of putative class members.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 282.

**ANSWER 283:**   Paragraph 283 contains legal conclusions to which no responsive pleading is required.  Defendants lack knowledge or information sufficient to admit or deny the allegations regarding the behavior of putative class members.  To the extent a response is required,

Defendants deny the allegations and characterizations in Paragraph 283, except that Defendants admit that the Merger consideration was either $77 per ADS or $51.33 per common share.

**ANSWER 284:** Paragraph 284 contains legal conclusions to which no responsive pleading is required. Defendants lack knowledge or information sufficient to admit or deny the allegations regarding the behavior of putative class members. To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 284.

**ANSWER 285:** Paragraph 285 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 285.

**ANSWER 286:** Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents. Defendants further deny the allegations and characterizations of Paragraph 286.

**ANSWER 287:** Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents. Defendants further deny the allegations and characterizations of Paragraph 287.

**ANSWER 288:** Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents. Defendants further deny the allegations and characterizations of Paragraph 288.

**ANSWER 289:** Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not

supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 289.

**ANSWER 290:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 290.

**ANSWER 291:**    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 291.

**ANSWER 292:**    Paragraph 292 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 292.

**ANSWER 293:**    Paragraph 293 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 293.

**ANSWER 294:**    Paragraph 294 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 294.

**ANSWER 295:**    Paragraph 295 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 295.

**ANSWER 296:**    Paragraph 296 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 296Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.

**ANSWER 297:**    Paragraph 297 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 297.

**ANSWER 298:**    Defendants admit that Lead Plaintiffs purport to bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all owners and former owners of Qihoo Securities who sold shares, and were damaged thereby, during the period from December 18, 2015 through July 15, 2016, inclusive, and all owners and former owners of Qihoo Securities who owned shares as of the Effective Time of the Merger and have tendered those shares for the Merger consideration, except as excluded below (the "Class"), but deny that Lead Plaintiffs state legally cognizable claims under the federal law, or any other statute, rule, or the common law, deny that Lead Plaintiffs' claims are properly certifiable as a class, and otherwise deny any and all remaining allegations in Paragraph 298.

**ANSWER 299:**    Paragraph 299 merely defines the proposed class and contains no factual allegations for which a response is required.  To the extent any further response is required, Defendants deny the allegations in Paragraph 299.

**ANSWER 300:**    Paragraph 300 merely defines the proposed class and contains no factual allegations for which a response is required.  To the extent any further response is required, Defendants deny the allegations in Paragraph 300.

**ANSWER 301:**    Paragraph 301 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants admit Qihoo's ADS actively traded on the NYSE and state that Defendants' public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants further deny the allegations and characterizations of Paragraph 301.

**ANSWER 302:**    Paragraph 302 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 302.

**ANSWER 303:**    Paragraph 303 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 303.

**ANSWER 304:**    Paragraph 304 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 304.

**ANSWER 305:**    Paragraph 305 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 305.

**ANSWER 306:**    Paragraph 306 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 306.

**ANSWER 307:**   Paragraph 307 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 307.

**ANSWER 308:**   Paragraph 308 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 308.

**ANSWER 309:**   Defendants deny the allegations and characterizations of Paragraph 309 or lack sufficient information to form a belief as to the allegations and characterizations of Paragraph 309 and so deny the same.

**ANSWER 310:**   Paragraph 310 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 310.

**ANSWER 311:**   Paragraph 311 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 311.

**ANSWER 312:**   Defendants repeat each and every answer set forth above as if fully set forth herein.  Defendants admit that Lead Plaintiffs' purported claim is asserted against all Defendants, but deny that Lead Plaintiffs state legally cognizable claims under the federal law, or any other statute, rule, or the common law, and deny any and all remaining allegations of Paragraph 312.

**ANSWER 313:**   Paragraph 313 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 313.

**ANSWER 314:**    Paragraph 314 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 314.

**ANSWER 315:**    Paragraph 315 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 315.

**ANSWER 316:**    Paragraph 316 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 316.

**ANSWER 317:**    Paragraph 317 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 317.

**ANSWER 318:**    Paragraph 318 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 318.

**ANSWER 319:**    Paragraph 319 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 319.

**ANSWER 320:**    Paragraph 320 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 320.

**ANSWER 321:**   Paragraph 321 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 321.

**ANSWER 322:**   Paragraph 322 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 322.

**ANSWER 323:**   Defendants repeat each and every answer set forth above as if fully set forth herein.  Defendants admit that Lead Plaintiffs' purported claim is asserted against all Defendants, but deny that Lead Plaintiffs state legally cognizable claims under the federal law, or any other statute, rule, or the common law, and deny any and all remaining allegations of Paragraph 323.

**ANSWER 324:**   Paragraph 324 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 324.

**ANSWER 325:**   Paragraph 325 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 325.

**ANSWER 326:**   Defendants lack sufficient information to form a belief as to the allegations and characterizations of Paragraph 326 regarding Lead Plaintiffs' holdings and so deny the same. Paragraph 326 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 326.

**ANSWER 327:**    Paragraph 327 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 327.

**ANSWER 328:**    Paragraph 328 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 328.

**ANSWER 329:**    Paragraph 329 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 329.

**ANSWER 330:**    Defendants repeat each and every answer set forth above as if fully set forth herein.  Defendants admit that Lead Plaintiffs' purported claim is asserted against all Defendants, but deny that Lead Plaintiffs state legally cognizable claims under the federal law, or any other statute, rule, or the common law, and deny any and all remaining allegations of Paragraph 330.

**ANSWER 331:**    Paragraph 331 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 331.

**ANSWER 332:**    Paragraph 332 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 332.

**ANSWER 333:**    Paragraph 333 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 333.

**ANSWER 334:**    Paragraph 334 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 334.

**ANSWER 335:**    Paragraph 335 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 335.

**ANSWER 336:**    Paragraph 336 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 336.

**ANSWER 337:**    Paragraph 337 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 337.

**ANSWER 338:**    Paragraph 338 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 338.

**ANSWER 339:**    Paragraph 339 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 339.

**Answer to Prayer for Relief**

Defendants deny each and every allegation of the Prayer for Relief paragraph and subparagraphs and state that Defendants are not liable to Lead Plaintiffs for any form of relief whatsoever.

**TO THE EXTENT** the foregoing answers do not address any allegation in Lead Plaintiffs' FAC, including but not limited to the Table of Contents, the section headings and subheadings, and the subparts of and footnotes to any paragraph, Defendants hereby explicitly deny those allegations.

## AFFIRMATIVE DEFENSES

Defendants hereby set forth their separate and distinct affirmative defenses to Plaintiff's FAC. By listing these matters as "affirmative defenses," Defendants do not assume the burden of proving any matter upon which Plaintiff bears the burden of proof under the applicable law, nor do they in any way concede Plaintiff has met its burden of establishing any of the requisite elements of Lead Plaintiffs' claim.  Defendants reserve the right to amend these affirmative defenses and allege further affirmative defenses as appropriate and/or as discovered during the course of this litigation.

### First Affirmative Defense

The claims asserted in the FAC are barred or fail, in whole or in part, because the Company's relevant SEC filings, press releases, investor presentations, conference calls, and other communications did not contain any materially false or misleading statements or omissions.

### Second Affirmative Defense

The claims asserted in the FAC are barred or fail, in whole or in part, because the Defendants made a reasonable investigation of the facts and had reasonable grounds to believe, and did believe, that the Company's SEC filings, press releases, conference calls, investor presentations and other communications did not contain an untrue statement and did not omit any material fact at the time those documents were issued or became effective.

**Third Affirmative Defense**

The claims asserted in the FAC are barred or fail, in whole or in part, because, throughout the putative class period, Defendants used a reasonable process for estimating the value of the Company at time of delisting and disclosing all materials facts related to that methodology. Thus, no reasonable jury could conclude that Defendants acted with scienter.

**Fourth Affirmative Defense**

The claims asserted in the FAC are barred or fail, in whole or in part, because, throughout the putative class period, Defendants reasonably relied on their third-party advisors and legal counsel in preparing and presenting their Proxy Materials. Thus, no reasonable jury could conclude that Defendants acted with scienter.

**Fifth Affirmative Defense**

The claims asserted in the FAC are barred or fail, in whole or in part, because, throughout the putative class period, Defendants did not possess concrete information undermining the accuracy of their independent third party valuations.  Thus, no reasonable jury could conclude that Defendants acted with scienter.

**Sixth Affirmative Defense**

The claims asserted in the FAC are barred or fail, in whole or in part, because Defendants did not possess any motive and/or opportunity for committing the wrongful acts alleged. Thus, no reasonable jury could conclude that Defendants acted with scienter.

**Seventh Affirmative Defense**

The claims asserted in the FAC are barred or fail, in whole or in part, because the competing inference of non-culpability is the more plausible inference. Thus, no reasonable jury could conclude that Defendants acted with scienter.

**Eighth Affirmative Defense**

The claims asserted in the SAC against the Company are barred or fail, in whole or in part, because any purported wrongdoing cannot be imputed to the Company where Lead Plaintiffs fail to demonstrate that the Company acted recklessly or, in regards to forward-looking statements, with actual knowledge of their allegedly false or misleading nature.

**Ninth Affirmative Defense**

The claims asserted in the FAC are barred or fail, in whole or in part, because Defendants fully met all disclosure obligations; specifically, Defendants did not have any duty to disclose, did not possess information which they had a duty to disclose earlier, and/or did not have a duty to disclose further information than what was disclosed.

**Tenth Affirmative Defense**

Assuming there was any false or misleading statement or omission as alleged in the FAC, and Defendants deny there are any, the claims asserted in the FAC are barred or fail, in whole or in part, because any such false or misleading statement or omission was not material.

**Eleventh Affirmative Defense**

The claims asserted in the FAC are barred or fail, in whole or in part, by the Private Securities Litigation Reform Act's ("PSLRA") safe harbor because the challenged statements contained in the relevant SEC filings, press releases, conference calls, investor presentations, and other communications are forward-looking as defined by the PSLRA and (i) accompanied by meaningful cautionary language, or (ii) immaterial, or (iii) Plaintiff cannot establish Defendants' actual knowledge with respect to such statements.

### Twelfth Affirmative Defense

The claims asserted in the FAC are barred or fail, in whole or in part, because the Company's SEC filings, press releases, conference calls, investor presentations, and other communications bespoke caution.

### Thirteenth Affirmative Defense

The claims asserted in the FAC are barred or fail, in whole or in part, because the alleged misstatements purportedly made by the Company and/or Defendants are nonactionable expressions of puffery, corporate optimism, and/or opinion.

### Fourteenth Affirmative Defense

The claims asserted in the FAC are barred or fail, in whole or in part, because Lead Plaintiffs assumed the risks disclosed in the Company's SEC filings, press releases, investor presentations, conference calls, and other communications, and any losses Lead Plaintiffs experienced were caused because some or all of those risks materialized.

### Fifteenth Affirmative Defense

The claims asserted in the FAC are barred or fail, in whole or in part, because the substance of the information that Lead Plaintiffs allege was misrepresented or omitted was publicly disclosed or widely known to the market and to the investing community.  Moreover, no person or entity may recover from Defendants to the extent such person or entity had actual or constructive knowledge of the facts alleged in the FAC to have been concealed or misrepresented.

### Sixteenth Affirmative Defense

The claims asserted in the FAC are barred or fail, in whole or in part, because the Company and/or Defendants acted at all times in good faith and with the proper exercise of

business judgment, and exercised at least the degree of care, diligence and skill that ordinarily prudent persons would exercise in similar circumstances and like positions.

## Seventeenth Affirmative Defense

The FAC fails to comply with the requirements of the Private Securities Litigation Reform Act.

## Eighteenth Affirmative Defense

The FAC fails to comply with the requirements of Rule 9(b) of the Federal Rules of Civil procedure.

## Nineteenth Affirmative Defense

Lead Plaintiffs have suffered no legally recoverable damages from the acts about which Lead Plaintiffs complain.

## Twentieth Affirmative Defense

Lead Plaintiffs' alleged damages are not recoverable from Defendants because all or part of such damages were not proximately caused by an alleged fraudulent act or omission of Defendants as alleged in the FAC and/or resulted from causes other than any alleged fraudulent act or omission of Defendants, including but not limited to the intervening or superseding acts of third parties and/or market forces.

## Twenty-First Affirmative Defense

Lead Plaintiffs' claims are barred, in whole or in part, to the extent that the damages sought exceed those permitted under the Securities Exchange Act of 1934, the Private Securities Litigation Reform Act, common law, or any other applicable statute, rule or regulation.

### Twenty-Second Affirmative Defense

Any liability of Defendants must be reduced or eliminated under the doctrines of comparative responsibility, contribution, setoff, and/or indemnity.

### Twenty-Third Affirmative Defense

The FAC is not properly maintainable as a class action.

### Twenty-Fourth Affirmative Defense

Lead Plaintiffs' claims are barred or fail, in whole or in part, by the truth-on-the market defense.

### Twenty-Fifth Affirmative Defense

Defendants cannot be held liable under Section 20(a) of the Securities Exchange Act because they acted at all times in good faith and/or were not culpable participants in the act or acts about which Lead Plaintiffs complain.

### Twenty-Sixth Affirmative Defense

Plaintiff's III Count is barred or fails, in whole or in part, because Defendants were not control persons within the meaning of Section 20(a) of the Exchange Act.

### Twenty-Seventh Affirmative Defense

The FAC fails to state a claim against Defendants upon which relief may be granted.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Defendants demand a trial by jury of all the claims asserted in the FAC so triable.

**WHEREFORE,** Defendants respectfully pray that the Court dismiss the FAC with prejudice, that Defendants be awarded their costs and expenses for defending this action; and that the Court award Defendants such other and further relief as it deems just and proper.

-65-

Dated:  March 15, 2022

**DECHERT LLP**

By:    /s/_*David Kistenbroker*_____
   David Kistenbroker
   Joni S. Jacobsen
   Angela M. Liu
   35 W. Wacker Drive, Suite 3400
   Chicago, IL 60601
   312-646-5800
   david.kistenbroker@dechert.com
   joni.jacobsen@dechert.com
   angela.liu@dechert.com

   Brian Raphel
   Three Bryant Park
   1095 Avenue of the Americas
   New York, NY 10036
   212-698-3500
   brian.raphel@dechert.com

   *Counsel for Defendants*
   *Qihoo 360 Technology Co. Ltd.*
   *& Eric Chen*