Case 1:19-cv-10067-PAE    Document 117    Filed 05/04/22    Page 1 of 4

# Dechert
LLP

35 West Wacker Drive
Suite 3400
Chicago, IL  60601
+1 312 646 5800  Main
+1 312 646 5858  Fax
www.dechert.com

May 4, 2022

**DAVID KISTENBROKER**

**VIA ECF**

david.kistenbroker@dechert.com
+1 312 646 5811  Direct
+1 312 276 8942  Fax

Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re: Altimeo Asset Management v. Qihoo 360 Technology Co. Ltd., et al., No. 1:19-cv-10067-PAE (S.D.N.Y.);
    Letter Motion To Amend Scheduling Order

Dear Judge Engelmayer:

We represent Defendants Qihoo 360 Technology Co. Ltd. ("Qihoo") and Eric X Chen ("Chen") in the above-captioned matter. Pursuant to Rule 1.E of your Individual Rules and Practices in Civil Cases, we are writing to request an adjournment of certain dates set in the Revised Civil Case Management Plan and Scheduling Order ("CMP") (ECF 97). Such adjournment is necessary because Defendant Hongyi Zhou ("Zhou") filed a motion to dismiss on April 29, 2022 ("Zhou's Motion"), which triggers the automatic stay of discovery under the Private Securities Litigation Reform Act ("PSLRA"). Although Qihoo and Chen have agreed voluntarily to continue to negotiate the scope of discovery and continue to work through potential issues under applicable international law, including but not limited to the People's Republic of China ("PRC"), the current deadlines governing discovery and class certification have been rendered impracticable or impossible because it is unlikely that the automatic stay will be lifted before these deadlines occur. Given the lack of prejudice to Plaintiffs, as discussed in more detail below, Qihoo and Chen respectfully request that all deadlines in the CMP between now and September 30, 2022 be withdrawn and that all parties be directed to file a revised proposed CMP within 14 days of any ruling on Zhou's Motion.[1] This is Qihoo and Chen's first request for this extension.

Background

On December 23, 2019, Qihoo and Chen filed a motion to dismiss the Complaint on numerous grounds, including that Plaintiffs had failed to plead a material misstatement or omission, failed to plead scienter, failed to plead reliance, and failed to plead loss causation. See ECF 78. Briefing on that motion was completed on February 21, 2020. See ECF 83. Six months later, on August 14, 2020, this Court granted the motion, finding that Plaintiffs had failed to adequately plead any misrepresentation or omission regarding a concrete relisting plan for Qihoo. Having reached this conclusion, the Court did not address Qihoo and Chen's additional arguments that Plaintiffs had failed to adequately plead scienter, reliance, or loss causation. The Second Circuit reversed this ruling on November 24, 2021, finding only that Plaintiffs have sufficiently alleged a misrepresentation regarding Qihoo's relisting plan to satisfy the permissive standard on a motion to dismiss. Thus, no Court has addressed whether Plaintiffs' remaining allegations regarding other misrepresentations or allegations regarding scienter, reliance, or loss causation are pleaded adequately.

---

[1] In the alternative, Qihoo and Chen respectfully request that the current deadlines in the CMP be extended by six months to accommodate resolution of Zhou's Motion.



Hon. Paul A. Engelmayer
May 4, 2022
Page 2

Because arguments regarding the remaining elements for Plaintiffs' Section 10(b) claim had been expressly preserved, Qihoo and Chen decided that it may be more efficient to present these arguments later, with a more developed record. Thus, in an effort to expedite these proceedings, Qihoo and Chen agreed to answer the Amended Complaint and negotiated the CMP with Plaintiffs. This Court entered the CMP on January 20, 2022. Under the CMP, discovery must be substantially completed by September 30, 2022 and class certification briefing will begin on May 31, 2022 and must also be completed by September 30, 2022.

Since entry of the CMP, Defendant Zhou, who had not appeared previously in this case, was served by alternative means and entered an appearance through counsel. On April 4, at the request of Zhou and Plaintiffs, this Court entered a scheduling order setting forth a briefing schedule for Zhou's Motion. *See* ECF 111. Zhou filed the Motion on April 29, 2022, in which he asserted similar arguments related to, among other issues, reliance and loss causation that Qihoo and Chen had expressly preserved by asserting them previously.[2] No hearing date has been set on Zhou's Motion but, because briefing will not be complete until June 24, 2022, Qihoo and Chen anticipate that Zhou's Motion should likely be resolved late this year. Even if a more expedited ruling is feasible for the Court, it is unlikely that Zhou's Motion will be resolved before September 30, 2022.

<u>Modifications To The CMP Are Reasonable And Warranted Due To The Automatic Stay Under The PSLRA</u>

Because Zhou has filed a motion to dismiss—as he had the right to do—discovery is now stayed automatically under the PSLRA throughout the pendency of that motion. *See* 15 U.S.C. § 78u-4(b)(3)(B) ("In any private action arising under this chapter, <u>all discovery and other proceedings</u> shall be stayed during the pendency of any motion to dismiss.") (emphasis added). The automatic stay applies to <u>all defendants</u> in this action, even though Qihoo and Chen do not have a pending motion to dismiss. *See Union Central Life Ins. Co. v. Ally Financial Inc.*, 2012 WL 3553052, *2 (S.D.N.Y. Aug. 17, 2012) (rejecting argument that "the PSLRA stay . . . should be resolved independently with respect to each defendant" as "inconsistent with the plain language of the PSLRA, which 'expressly applies to federal securities <u>actions</u> (not claims) arising under the federal securities laws") (quoting *Gardner v. Major Automotive Cos.*, 2012 WL 1230135, at *3 (E.D.N.Y. April 12, 2012)) (emphasis in original); *Sedona Corp v. Ladenburg Thalman*, 2005 WL 2647945, at *3 (S.D.N.Y. Oct. 14, 2005) (collecting cases and concluding "there is no ambiguity in the plain language of the PSLRA's stay provision; the automatic stay applies while 'any motion to dismiss' is pending . . . Thus, the stay would apply where there is a pending motion to dismiss brought by either one or all of the defendants[.]"); *In re Refco Inc.*, 2006 WL 2337212, at *4 (S.D.N.Y. Aug. 8, 2006) (holding that "the weight of authority" rejects the argument that discovery may proceed against some defendants while the PSLRA is in place for others). This basic legal principle is particularly appropriate here, given that Zhou raises overlapping issues with those raised in Qihoo and Chen's own motion to dismiss, which were never ruled upon. A favorable ruling on Zhou's Motion would likely result in the dismissal of the entire case. Proceeding with discovery against Qihoo and Chen while Zhou's Motion is pending runs contrary to the interests of efficiency and judicial economy.

It is also unclear how the Court could address a motion for class certification while Zhou's Motion remains pending, given that Zhou's Motion could significantly alter the nature and scope of actionable claims, as well as this Court's analysis of the class certification requirements under Fed. R. Civ. P. 23. Indeed, courts regularly defer consideration of class certification when a dispositive motion is pending. *See, e.g., In re Starbucks Employee*

---

[2] To be clear, <u>all</u> Defendants who have appeared maintain that Plaintiffs are unable to demonstrate reliance and loss causation.



*Gratuity Litig.*, 264 F.R.D. 67, 75 (S.D.N.Y. 2009); *Encarnacion ex rel. George v. Barnhart*, 191 F. Supp. 2d 463, 469 (S.D.N.Y. 2002). Further, the automatic stay will make it impossible for the parties to engage in expert discovery and party depositions related to class certification since the stay applies to "all discovery."

The requested modifications to the CMP will not alter resolution of this matter on the merits in any way but will, instead, ensure an orderly procedure for the resolution of pending and anticipated motions. Nevertheless, Plaintiffs have not agreed to this request because they appear to believe that the automatic stay does not apply to Qihoo or Chen. Although Qihoo and Chen will respond to such arguments if and when they are presented to this Court, and expressly reserve their right to do so, Qihoo and Chen note that, as stated above, the clear weight of authority recognizes that the PSLRA stay <u>does</u> apply to them <u>automatically</u>. Moreover, there is no basis for granting Plaintiffs any exception from this automatic stay. The PSLRA makes clear that the stay may only be lifted when "necessary to preserve evidence or to prevent undue prejudice to the [moving] party." 15 U.S.C. § 78u-4(b)(3)(b). Here, there is no basis for concern that any relevant evidence will be lost during the pendency of this stay. Further, Plaintiffs cannot demonstrate that normal operation of the automatic stay will result in "undue prejudice" to them. Such prejudice exists only in "exceptional circumstances." *See In re Refco Inc.*, 2006 WL 2337212, at *1; *see also Gruber v. Gilbertson*, 2017 WL 3891701, *2 (S.D.N.Y. Sept. 5, 2017) (observing the "PSLRA's strong presumption against discovery"). Importantly, "Plaintiffs' inability to gather evidence for settlement negotiations or to plan a litigation strategy is no evidence of undue prejudice" because "'delay is an inherent part of every stay of discovery required by the PSLRA.'" *In re Refco Inc.*, 2006 WL 2337212, at *2 (quoting *In re Smith Barney Transfer Agent Litig.*, 2006 WL 1738078, at *2 (S.D.N.Y. June 26, 2006)). Instead, Plaintiffs must allege "exceptional circumstances" similar to those present in *In re WorldCom, Inc. Securities Litigation*, in which Judge Cote granted only a partial lifting of the automatic stay because (1) the company had declared bankruptcy and (2) plaintiffs would need to participate in court-ordered settlement negotiations just one month later, alongside other interested parties who had already received the materials. 234 F. Supp. 2d 301, 305 (S.D.N.Y.2002). No such circumstances exist here.

Importantly, Qihoo and Chen do <u>not</u> intend to sit idly by while the automatic stay is in place. Although not required under the PSLRA, Qihoo and Chen have made clear to Plaintiffs that they intend to continue to negotiate the scope of discovery (including search terms and custodians) and to work through compliance issues under applicable international laws so that Qihoo and Chen will be better positioned to proceed with discovery if any claims remain when the stay is lifted.[3] Thus, Plaintiffs cannot demonstrate any prejudice, let alone "undue" prejudice, from the automatic stay.

We are available to further address these issues through briefing or oral argument if either would be helpful to the Court.

---

[3] Potentially relevant documents held by Qihoo and Chen in the People's Republic of China may be subject to the PRC's Cybersecurity Law, Data Security Law, Personal Information Protection Law, and Law on Keeping National Secrets. To avoid significant fines and other penalties, Qihoo and Chen must seek regulatory approval before producing any materials subject to these laws. In order to minimize delay, Qihoo and Chen will continue to work through this regulatory process voluntarily while the automatic stay remains in place.



Hon. Paul A. Engelmayer
May 4, 2022
Page 4

Sincerely,

*/s/ David Kistenbroker*

David Kistenbroker
Partner

DHK

The Court directs plaintiffs, by May 9, 2022, to file a letter setting forth their views as to how the PSLRA's automatic stay of discovery applies in light of the motion to dismiss filed by defendant Zhou.  SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: May 4, 2022