UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALTIMEO ASSET MANAGEMENT, *individually and on behalf of all others similarly situated*, and ODS CAPITAL LLC,

                              Plaintiffs,

-v-

QIHOO 360 TECHNOLOGY CO. LTD., HONGYI ZHOU, XIANGDONG QI, and ERIC X. CHEN,

                              Defendants.

19 Civ. 10067 (PAE)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

Before the Court is a letter motion from defendants Qihoo 360 Technology Co. Ltd. ("Qihoo") and Eric X. Chen (together, the "Moving Defendants") to stay all discovery in this case pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B). Dkt. 117 (the "Motion"). Defendant Hongyi Zhou, who has not moved to stay discovery, and has filed the only motion to dismiss currently pending in this lawsuit, supports the Motion. Plaintiffs oppose the Motion. For the reasons that follow, the Court grants the Motion.

The relevant background is as follows. On December 23, 2019, the Moving Defendants filed a motion to dismiss the operative Amended Complaint ("AC"). Dkts. 77–79. On February 21, 2020, that motion became fully briefed. Dkt. 83. As of that time, defendants Zhou and Xiangdong Qi had not appeared in the action. On August 14, 2020, the Court granted the motion to dismiss. Dkt. 84.[1] On September 10, 2020, plaintiffs filed a notice of appeal. Dkts. 86, 87.

---

[1] The Court granted the motion to dismiss solely on the basis that plaintiffs had failed to plausibly allege an actionable misrepresentation or omission by defendants regarding a concrete plan for relisting Qihoo. *See* Dkt. 84. The Court did not reach Qihoo and Chen's alternative arguments for dismissal that plaintiffs had failed to plausibly allege scienter, reliance, and loss

1

On December 15, 2021, the Second Circuit vacated the Court's judgment, and remanded for further proceedings. Dkt. 90.

On January 14, 2022, the Court held an initial pretrial conference. On January 20, 2022, the Court approved a revised case management plan proposed by plaintiffs and the Moving Defendants, setting, *inter alia*, briefing schedules for plaintiffs' motion for class certification and the parties' potential motions for summary judgment, and a discovery schedule accommodating those briefing schedules. Dkt. 97. On February 1, 2022, the Court permitted plaintiffs to serve defendants Zhou and Qi by alternative means. Dkt. 100. On February 3, 2022, Zhou and Qi appeared in the action. Dkts. 101, 102. On March 15, 2022, the Moving Defendants filed an answer to the AC. Dkt. 105. On April 29, 2022, Zhou filed a motion to dismiss the AC, arguing that plaintiffs failed to plausibly allege scienter, reliance, or loss causation. Dkt. 114. Qi has not answered or otherwise responded to the AC. On May 4, 2022, the Moving Defendants filed the instant motion to stay discovery under the PSLRA, 15 U.S.C. § 78u-4(b)(3)(B). Dkt. 117. That same day, Zhou, filed a letter supporting the Motion. Dkt. 119. On May 9, 2022, plaintiffs opposed the Motion. Dkt. 121 ("Opp'n"). On May 11, 2022, Moving Defendants filed a reply. Dkt. 124 ("Reply").

The PSLRA provides that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B). Plaintiffs argue that the PSLRA is ambiguous as to the situation presented here, where a motion to dismiss by some defendants (the Moving

---

causation. The Moving Defendants answered the AC after the Second Circuit's ruling, rather than pursue these arguments.

2

Defendants) has been decided, but a motion to dismiss by another defendant (Zhou) is pending. Opp'n at 2. That is wrong. The statutory text is crystal clear. In mandatory prose, it provides that *all* discovery shall be stayed during the pendency of *any* motion to dismiss. Such categorical language does not leave room for the argument that discovery may proceed where some, but not all defendants have moved to dismiss. And "[w]hen a statute speaks with clarity to an issue, judicial inquiry into its meaning, in all but the most extraordinary circumstances, is finished." *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 475 (1992).

The overwhelming weight of—and the most persuasive—case authority is in accord. *See, e.g., Sedona Corp. v. Ladenburg Thalmann*, No. 03 Civ. 3120 (LTS) (THK), 2005 WL 2647945, at *3 (S.D.N.Y. Oct. 14, 2005) ("In this Court's view, there is no ambiguity in the plain language of the PSLRA's stay provision; the automatic stay applies while 'any motion to dismiss' is pending . . . . Thus, the stay would apply where there is a pending motion to dismiss brought by either one or all of the defendants."); *id.* (collecting cases in which "courts do not appear to have been troubled by any ambiguity in the statute, and have concluded both that the stay applies to successive motions to dismiss, and that discovery should be stayed as to all defendants, even though motions to dismiss were filed by only some of the defendants"); *Union Cent. Life Ins. Co. v. Ally Fin., Inc.*, No. 11 Civ. 2890 (GBD) (JCF), 2012 WL 3553052, at *2–3 (S.D.N.Y. Aug. 17, 2012) (rejecting argument that statutory language is ambiguous as to whether it "should be evaluated individually with respect to each defendant"). Although there is limited case law that has found the PSLRA textually ambiguous on this point, it is distinctly the minority reading. *See In re Refco, Inc.*, No. 05 Civ. 8626 (GEL), 2006 WL 2337212, at *4 (S.D.N.Y. Aug. 8, 2006) (surveying decisions and noting that "the weight of authority" holds the stay

3

provision is not ambiguous on this point); *but see Latham v. Stein*, Nos. Civ. 06-2995, 08-3183, 2010 WL 3294722, at *3 (D.S.C. Aug. 20, 2010) (finding such ambiguity).

Nor have plaintiffs shown a necessity to "preserve evidence or to prevent undue prejudice to [any] party." 15 U.S.C. § 78u-4(b)(3)(B). As to the former, plaintiffs do not put forth any argument at all. They do not claim that relevant discovery is in jeopardy of disappearing during the stay. As to the latter, plaintiffs state only that a discovery stay would delay progress of this litigation. Opp'n at 2. "However, delay in and of itself is not sufficient to establish undue prejudice, as delay is simply a part of the process in a securities case." *STMicroelectronics N.V. v. Credit Suisse Grp.*, No. 08 Civ. 3201 (CPS) (RML), 2009 WL 10695214, at *2 (E.D.N.Y. Apr. 27, 2009) (citing cases); *see also In re Refco, Inc.*, 2006 WL 2337212, at *2 ("[D]elay is an inherent part of every stay of discovery required by the PSLRA." (citation omitted)). And plaintiffs do not contend that the deferred resolution of this putative class action under the securities laws would meaningfully injure any party or absent class member.

The Court accordingly grants the Moving Defendants' Motion and stays all discovery in this action pending resolution of Zhou's motion to dismiss. After resolving that motion, the Court will schedule a new case management conference to set a discovery plan and briefing schedule. The current case management conference in this case, scheduled for August 8, 2022, is adjourned.

The Clerk of Court is respectfully directed to close the motion pending at Dkt. 117.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: May 25, 2022
New York, New York

4