**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALTIMEO ASSET MANAGEMENT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>QIHOO 360 TECHNOLOGY CO. LTD., HONGYI ZHOU, XIANGDONG QI, and ERIC X. CHEN,<br><br>Defendants. | Case No. 1:19-cv-10067-PAE<br><br>**AFFIRMATION IN SUPPORT OF REQUEST FOR CERTIFICATE OF DEFAULT** |

STATE OF NEW YORK        )
                                              ) ss.:
COUNTY OF NEW YORK   )

I, Jake Bissell-Linsk, hereby declare as follows:

1.      I am a member of the Bar of this Court and am associated with the firm of Labaton Sucharow LLP, attorneys for Lead Plaintiffs in the above-entitled action and I am familiar with all the facts and circumstances in this action.

2.      I make this affirmation pursuant to Rule 55.1 and 55.2 of the Local Rules for the Southern District of New York, in support of Lead Plaintiffs' request for the certification of entry of default against Defendant Xiangdong Qi.

3.      This is an action to recover money damages in an amount to be determined before the District Court owed by Defendant to Plaintiffs and the putative Class for violations of the Securities Exchange Act of 1934.

4.      Jurisdiction of the subject matter of this action is based on Section 27 of the Securities Exchange Act (15 U.S.C. § 78aa(a)) and 28 U.S.C. § 1331.

5.      This action was commenced on March 5, 2019 with the the filing of a complaint and request for the issuance of a summons.

6.      A copy of the summons and complaint was attempted to be served on Defendant Xiangdong Qi ("Qi") by sending requests pursuant to the Hague Convention of November 15, 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), with the assistance of a firm experienced in international service, on July 8, 2019.

7.      The Court entered an Order permitting service through publication and electronic message, pursuant to Federal Rule of Civil Procedure 4(f)(3) on February 1, 2022.  *See* ECF No. 100.

8.      A copy of the summons and complaint was served on Defendant Qi on February 7, 2022, by email and by publication in the International Edition of the New York Times on March 9, 2022, March 15, 2022, March 23, 2022, and March 28, 2022, pursuant to an Order of the District Court (ECF No. 100) and Federal Rule of Civil Procedure 4(f)(3).

9.      On April 6, 2022, I filed a declaration indicating that such service had been completed, attaching proof of service.  *See* ECF No. 112.

10.     Defendant Qi has not answered or otherwise responded to the complaint and the time for Defendant Qi to answer the complaint has expired.

11.     This action seeks judgment for compensatory money damages for violation of the Securities Exchange Act of 1934, in an amount to be determined by the District Court, plus interest.

2

12.     Defendant Qi is not a minor, is not in the military service of the United States, and to the best of my knowledge he is not mentally incompetent.  Indeed, he is currently an executive at a publicly traded company.

WHEREFORE, Lead Plaintiffs request the Clerk's certificate of entry of Default.

Dated: New York, New York
      June 15, 2022

_____
Jake Bissell-Linsk

3