UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

ALTIMEO ASSET MANAGEMENT and ODS
CAPITAL LLC, *individually and on behalf of all others similarly situated*,

                              Plaintiffs,

-v-

QIHOO 360 TECHNOLOGY CO. LTD., HONGYI
ZHOU, XIANGDONG QI, and ERIC X. CHEN,

                              Defendants.

19 Civ. 10067 (PAE)

ORDER

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

       A case management conference is scheduled in this case for Monday, April 10, 2023, at 11 am. The purpose of the conference had been predominantly to put in place an orderly schedule for discovery and to discuss the sequence and timing of anticipated motions (class certification and summary judgment). *See* Dkt. 153 (parties' joint proposed case management plan, with alternative proposed schedules). On April 5, 2023, however, plaintiffs moved for, *inter alia*, partial reconsideration of the Court's decision on the motion to dismiss by defendant Zhou. The Court has set a briefing schedule for that motion, which contemplates plaintiffs' reply brief being filed on May 3, 2023. *See* Dkt. 155.

       The pending motion for partial reconsideration has the capacity to alter significantly the contours of and issues litigated in this case, insofar as it would restore the claims of the "tenderer shareholders" on a theory of loss causation distinct from that associated with the "seller shareholders," whose claims the Court, in principal part, has sustained as plausibly pled. As such, the resolution of that motion has the potential to affect the scope of relevant and proper discovery. The timing of the Court's resolution of the pending motion for reconsideration, which

as yet cannot be accurately forecast, will also inevitably affect the ensuing dates in the case, insofar as, *inter alia*, discovery and briefing on the anticipated motion for class certification presupposes clarity as to whether the surviving plaintiffs are limited to the seller shareholders or also include the tenderer shareholders.

Under these circumstances, it would be inefficient for discovery to commence pending resolution the outstanding motion for partial reconsideration or for a case management plan containing a discovery schedule to be adopted. The Court further notes that plaintiffs' motion for partial reconsideration is a motion to amend the existing complaint, and defendants' anticipated opposition to such an amendment, in substance although not form, is a motion to dismiss anticipatorily the proposed amended claims. *See Cotto v. Fed. Nat'l Mortg. Ass'n*, No. 20 Civ. 6487 (MKV), 2021 WL 4340668, at *4 (S.D.N.Y. Sept. 22, 2021) (granting leave to amend and, therefore, denying as motion to dismiss as moot). As such, the principles underlying the automatic stay of discovery under the Private Securities Litigation Reform Act of 1995 are implicated by the pending motion. *See* 15 U.S.C. § 78u-4(b)(3)(B) ("[A]ll discovery and other proceedings shall be stayed during the pendency of any motion to dismiss[]."); *see, e.g.*, *Sedona Corp. v. Ladenburg Thalmann*, No. 03 CIV. 3120 (LTS) (THK), 2005 WL 2647945, at *2 (S.D.N.Y. Oct. 14, 2005) (staying discovery where plaintiff intended to replead some claims, and Court had yet to determine adequacy of those allegations) (collecting cases, including case staying discovery while motion for reconsideration was pending).

The Court accordingly adjourns the April 10, 2023 case management conference *sine die* and maintains the stay of discovery, pending resolution of the partial motion for reconsideration. Promptly upon the resolution of that motion, the Court will schedule a new case management conference, and solicit a proposed case management plan from the parties.

The Court, however, directs counsel promptly to begin discussing, in concrete detail, the parameters of the discovery that will be proper relating to the sustained claims of the seller shareholders (both to merits and class certification discovery). Such will expedite the adoption of a case management plan, and the initiation of discovery, following resolution of the partial motion for reconsideration

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: April 7, 2023
　　　　New York, New York