

**Michael Grunfeld**
Partner

**VIA CM-ECF**

October 16, 2023

Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re:    *Altimeo Asset Management v. Qihoo 360 Technology Co. Ltd., et al.*,
       No. 1:19-cv-10067-PAE (S.D.N.Y.);

Dear Judge Engelmayer:

        We write on behalf of Lead Plaintiffs Altimeo Asset Management and ODS Capital LLC (collectively, "Plaintiffs") in response to Defendants' letter motion to compel filed on October 11, 2023.  (ECF No. 183, "Letter").

        ***The Documents Defendants Seek Are Irrelevant.*** Plaintiffs have agreed to produce all documents related to their investments in Qihoo based on a search for documents that "contain the phrase Qihoo (or derivations thereof)." (Letter at 2). Defendants' request for Plaintiffs to search 23 additional search terms that do not reference Qihoo, and in many instances refer to entirely separate companies, goes far afield of what is relevant for purposes of discovery from plaintiffs in securities class actions. Requests for "documents relating to a party's 'general understanding' of certain industry terms or industry-wide practices"—exactly what Defendants seek here—are "overly broad, not calculated to lead to admissible evidence, and impose an unwarranted burden" on plaintiffs in securities class actions. *In re Bank N.Y. Mellon Corp. Forex Transactions Litig.*, 2013 WL 5769915, at *4 (S.D.N.Y. Oct. 24, 2013) ("*BNYM*").

        This rule is particularly applicable here because Plaintiffs are producing over 1,800 documents just from their email searches for documents related to Qihoo, among other documents that Plaintiffs have agreed to produce from their files. These documents contain discussions of "market trends" that Defendants seek. Given the scope of this production, there is no reason whatsoever to think that documents not referencing Qihoo even have additional information that Defendants seek, much less any relevance to this case. Any documents containing the 23 search terms that Defendants seek, by design, do not mention Qihoo. Defendants do not articulate how these documents are relevant to Plaintiffs' investments in Qihoo or to the claims or defenses here. The examples that Defendants give *relate to Qihoo*. (*See* Letter at 2 (referencing "why Zhou sought to relist ***Qihoo***"; "***Qihoo's*** assessments of an 'economic slowdown'"; the time it would take ***Qihoo***

mgrunfeld@pomlaw.com

600 Third Avenue, New York, NY 10016  Main: 212.661.1100  Direct: 646.581.9994
NEW YORK • CHICAGO • LOS ANGELES • LONDON • PARIS • TEL AVIV
www.pomlaw.com

Page 2

to complete a reverse merger; and the "comparison of *Qihoo*" to other companies) (emphasis added)). Defendants also do not explain how these documents relate to the elements of "falsity, reliance, and causation." (Letter at 3). Falsity deals with whether Qihoo had "a concrete plan to relist." (*Id.*). Similarly, according to Defendants, causation deals with whether the "market [was] surprised" by that plan. (*Id.*). Reliance has to do with Plaintiffs' decision to sell Qihoo securities.

The law is clear that none of Defendants' arguments provides a reason to vastly expand discovery beyond the Plaintiffs' investments in the company at issue. *See BNYM*, 2013 WL 5769915, at *4; *In re New Century*, 2009 WL 10691336, at *3 (C.D. Cal. Dec. 7, 2009) (citing cases) (holding that "in securities class actions, courts routinely deny general discovery into a plaintiff's trading and investment strategy in other securities"); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 2006 WL 8429110, at *3 (S.D.N.Y. June 21, 2006) (denying motion to compel production of documents concerning plaintiffs' securities transactions in the telecommunications industry); *In re Northfield Lab'ys Inc. Sec. Litig.*, 264 F.R.D. 407, 411 (N.D. Ill. 2009); *In re Assisted Living Concepts, Inc. Sec. Litig.*, 2001 WL 37119214, at *1 (D. Or. Apr. 13, 2001) (same as to "plaintiffs' personal investment experience, history, objectives, and strategy"); *In re Motel 6 Sec. Litig.*, 1996 WL 474175, at *1 (S.D.N.Y. Aug. 21, 1996) (rejecting "blunderbuss request for plaintiffs' prior trading in other, unrelated securities"). The general rule against requiring plaintiffs to produce documents related to industry trends or trading strategies is especially pertinent here give the large number of documents that Plaintiffs are already producing.

Defendants try to frame the issues of "general market perception about the valuation of Chinese technology companies or the other general trends" as uniquely relevant to this case, as opposed to requests related to transactions in other specific companies. (Letter at 3). But the cases cited above rejected requests seeking information on investment strategies untethered to the company at issue, which is precisely what Defendants seek here. Indeed, Defendants do not cite a single case in which plaintiffs in a securities class action were compelled to produce documents. Defendants' citation to *In re Omnicom Grp., Inc. Sec. Litig.*, 541 F. Supp. 2d 546 (S.D.N.Y. 2008), belies their argument because it addressed loss causation at the summary judgment stage based on news articles, market commentary, and expert reports—not based on the plaintiffs' personal perceptions. Parties often dispute the relevance of market or industry trends in securities cases (such as *Omnicom*)—no different than the issues Defendants are raising here—yet courts are clear that "a party's 'general understanding' of certain industry terms or industry-wide practices" are not grounds for discovery from plaintiffs. *BNYM*, 2013 WL 5769915, at *4.

In addition to being irrelevant to this case because they are not related to Qihoo, Defendants' requests are improper for the ***independent reason*** that discovery from Plaintiffs focuses on issues related to class certification and the documents that Defendants seek are "irrelevant to any class-wide liability issues." *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, 2005 WL 3801463, at *4 (N.D. Ill. Apr. 18, 2005); *see also Funke v. Life Fin. Corp.*, 2003 WL 1787125, at *2 (S.D.N.Y. Apr. 3, 2003) (denying motion to compel production of "documents relating to other trades in similar companies since their sophistication in general says nothing about their actual knowledge about" the investment and defendants at issue). This is plainly so for the elements of falsity and loss causation, which are "are considered common issues" not relevant to

Page 3

class certification. *Haw. Structural Ironworkers Pension Tr. Fund, Inc. v. AMC Ent. Holds.*, 338 F.R.D. 205, 215 (S.D.N.Y. 2021). It is also true for reliance because "[g]iven Plaintiffs' reliance on the fraud on the market theory, resolution of individualized reliance issues is not necessary to establishing class-wide liability." *Household Int'l*, 2005 WL 3801463, at *4. Even discovery related to the company at issue—which Defendants' requests are not—"for purposes of rebutting the fraud on the market theory as to individual class members ***need not occur until after liability is established.***" *Id.*; *see also Sayce v. Forescout Techs.*, 2020 WL 6802469, at *7 (N.D. Cal. Nov. 19, 2020) (holding "the central question" is "whether defendants made misrepresentations that artificially inflated the company's stock price"); *In re Avon Sec. Litig.*, 1998 WL 834366, at *8 (S.D.N.Y. Nov. 30, 1998) ("investor sophistication is largely irrelevant to the issue of class certification" based on the fraud-on-the-market theory of reliance). In addition to seeking documents that are irrelevant, Defendants' requests are improper because Plaintiffs invoke the fraud-on-the-market presumption. (*See* ECF No. 145 (Zhou MTD Order) at 51).

***Defendants' 23 Additional Search Terms Are Overly Burdensome.*** Defendants' expansive requests for discovery related to "market trends" that do "not reference Qihoo by name" (Letter at 1) are also overly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Even if these topics were relevant (and they are not, as explained above), given the volume of documents that Plaintiffs are producing related to Qihoo, which already happen to include the type of irrelevant information that Defendants seek, searching Defendants' 23 additional terms will "impose an unwarranted burden," *BNYM*, 2013 WL 5769915, at *4, and their "relevance is minimal at best." *In re New Century*, 2009 WL 10691336, at *4 (holding even if "the subject documents were relevant," producing them "would be unduly burdensome and that the burden outweighs the need for the information"); *In re Assisted Living*, 2001 WL 37119214, at *1 (finding defendants' document requests "overbroad, far-reaching and burdensome"). While these courts did not address the specific number of documents at issue, the burden here is clear because Altimeo alone would have to search at least thousands of documents hitting on Defendants' 23 additional terms having nothing to do with Qihoo.

***Defendants Mischaracterize the Record.*** Defendants mischaracterize the record in several ways. They brought this motion before reviewing any of the Plaintiffs' documents, over three months before their opposition to class certification is due, and without even giving Plaintiffs notice of when they would be filing this motion. Moreover, Defendants' claim that they are not seeking the production of "documents entirely focused on companies other than Qihoo" (Letter at 1 n.1), rings hollow because 12 of the 23 search terms they request are the names or tickers of companies other than Qihoo. In addition, any comparison of the scope of Defendants' requests to the scope of Plaintiffs' discovery requests to Defendants—about which the parties are still conferring—is inapt because "[t]he key concern [in this case] is the defendants' behavior rather than the plaintiffs." *Forescout*, 2020 WL 6802469, at *7.

Furthermore, Defendants make gratuitous assertions about other issues that are still pending—and completely unrelated to the issues in their motion—such as their unsupported reference to Plaintiffs' purported profits or document custodians. These vague assertions should not distract from the key issue here, which is that Plaintiffs have already agreed to go

mgrunfeld@pomlaw.com

600 Third Avenue, New York, NY 10016  Main: 212.661.1100  Direct: 646.581.9994
NEW YORK • CHICAGO • LOS ANGELES • LONDON • PARIS • TEL AVIV
www.pomlaw.com

Page 4

above-and-beyond what is required of them and there is no need for them to undertake the substantial burden of searching for 23 additional terms that are unrelated to Qihoo.[1]

For the reasons explained above, the Court should deny Defendants' motion to compel.

Respectfully submitted,

*/s/ Michael Grunfeld*
Michael Grunfeld

POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: mgrunfeld@pomlaw.com

**Lead Counsel for Co-Lead Plaintiffs Altimeo Asset Management and ODS Capital LLC**

*/s/ Carol C. Villegas*
Carol C. Villegas

LABATON SUCHAROW LLP
140 Broadway, 34th Floor
New York, NY  10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: cvillegas@labaton.com

**Additional Counsel for Co-Lead Plaintiff ODS Capital LLC**

---

[1] In fact, while the parties have reached agreement on certain items, Defendants have been unwilling to make reasonable agreements on key parts of Plaintiffs' discovery requests, and have even backtracked on certain points, though the parties are continuing to confer about these issues.

mgrunfeld@pomlaw.com

600 Third Avenue, New York, NY 10016  Main: 212.661.1100  Direct: 646.581.9994
NEW YORK • CHICAGO • LOS ANGELES • LONDON • PARIS • TEL AVIV
www.pomlaw.com