# EXHIBIT A

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALTIMEO ASSET MANAGEMENT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>QIHOO 360 TECHNOLOGY CO. LTD., HONGYI ZHOU, XIANGDONG QI and ERIC X. CHEN,<br><br>Defendants. | Case No. 1:19-cv-10067-PAE |

### LEAD PLAINTIFF ODS CAPITAL LLC'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Lead Plaintiff ODS Capital LLC ("ODS Capital" or "Lead Plaintiff"),[1] by and through its undersigned counsel, hereby provides the following responses and objections to Defendants' Second Set of Requests for Production of Documents (the "Requests") in the above-captioned action (the "Action").

### PRELIMINARY STATEMENT

Lead Plaintiff's responses to the Requests are made without prejudice to Lead Plaintiff's rights to contend at any other stage of the proceedings that the requested documents are irrelevant, inadmissible, or otherwise objectionable. No incidental or implied admissions are intended in these responses, and neither the responses below, nor the production of any documents, concede the relevance, materiality, or admissibility of any information sought. Lead Plaintiff's responses to all or any part of a Request are not an admission that: (a) Lead Plaintiff accepts or admits the existence

---

[1] ODS Capital is Co-Lead Plaintiff in this action with Altimeo Asset Management (collectively, "Lead Plaintiffs").

1

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

of any fact(s) set forth or assumed by that Request; (b) Lead Plaintiff has in its possession, custody, or control any documents responsive to that Request; (c) documents responsive to that Request exist; or (d) Lead Plaintiff's responses constitute admissible evidence. Lead Plaintiff's response to all or any part of a Request does not waive all or any part of its objection(s) to that Request.

While Lead Plaintiff's investigative efforts have been substantial, Lead Plaintiff has not completed discovery of the facts relating to the Action. The following responses are based upon information known at this time. Lead Plaintiff reserves the right to revise, supplement, correct or clarify any of its responses as necessary or appropriate.

## GENERAL OBJECTIONS

The following General Objections are hereby incorporated into each of Lead Plaintiff's responses as if fully set forth therein:

1. Lead Plaintiff objects to each Request, Definition and Instruction to the extent it purports to impose obligations on Lead Plaintiff that are greater than or beyond those required by the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Southern District of New York ("Local Rules"). Any responses to the Requests for Production will comply with the requirements of the Federal Rules and the Local Rules.

2. Lead Plaintiff objects to each Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privileges or immunities. Lead Plaintiff will not produce protected or privileged documents. No waiver of any such privilege or immunity is intended by any production of documents by Lead Plaintiff. Documents will be produced on the condition that in the event that any document subject to any such privilege, protection, or immunity is inadvertently produced, such documents will be returned pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) and

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

pursuant to the protective order to be entered in this Action. Such inadvertent disclosure does not operate as a waiver pursuant to Federal Rule of Evidence 502(b).

3.      Lead Plaintiff's Responses and Objections are based upon its understanding of the Requests and the specific language employed by Defendants. Lead Plaintiff's answers do not mean that Lead Plaintiff adopts, admits, or otherwise agrees whatsoever with any facts assumed by the Requests. To the extent it may later be determined that any of the Requests were intended to be construed in a manner different from Lead Plaintiff's interpretation at the time of service of these responses, Lead Plaintiff reserves the right to amend its responses.

4.      The responses below are based on Lead Plaintiff's knowledge as of the date these Responses and Objections are being served. Lead Plaintiff notes that discovery concerning it remains ongoing and reserves the right to supplement, clarify, revise, correct, add to, or amend the objections and responses set forth herein if further information becomes available.

5.      Lead Plaintiff objects to each Request to the extent it is overbroad, unduly burdensome, disproportionate to the needs of this case, vague, ambiguous, intended solely to harass, or it seeks documents irrelevant to the claim or defense of any party or documents of such marginal relevance that their probative value is substantially outweighed by the burden imposed on Lead Plaintiff in having to search for and produce such documents.

6.      Lead Plaintiff objects to each Request to the extent it is broader than the Requests for Production that Defendants Qihoo 360 Technology Co. Ltd. and Eric X. Chen served on Lead Plaintiff on February 28, 2022.

7.      Lead Plaintiff objects to each Request to the extent documents requested are already in Defendants' possession, custody or control, publicly available, found in the pleadings to this

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

action, or are available to Defendants from another source that is more convenient, less burdensome, or less expensive.

8.      Lead Plaintiff objects to each Request to the extent it seeks documents outside of Lead Plaintiff's possession, custody or control.

9.      Lead Plaintiff objects to the Requests to the extent they seek documents within the possession, custody, or control of third parties.

10.     Lead Plaintiff objects to each Request to the extent it purports to require Lead Plaintiff to assume an unreasonable burden or expense.

11.     Lead Plaintiff objects to each Request to the extent it seeks documents prematurely, including, but not limited to, documents subject to expert discovery.

12.     Lead Plaintiff objects to the Requests to the extent that they seek the production of documents or information, the production of which would result in the violation of any applicable law or regulation of any country or jurisdiction.

13.     Lead Plaintiff objects to each Request to the extent it calls for legal conclusions or arguments or to the extent that it seeks documents concerning Lead Plaintiff's factual or legal contentions in this Action and, as such, is premature at this stage of the litigation, when discovery is ongoing and the record has not yet been fully developed, or is invasive of the attorney work product doctrine.

14.     Lead Plaintiff objects to unreasonably cumulative or duplicative requests as unduly burdensome.

15.     Lead Plaintiff objects to each Request as overly burdensome to the extent it is duplicative and repetitive of another Request, or to the extent that it requests that Lead Plaintiff

4

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

generate documents containing duplicative information for the benefit of Defendants, when such information will be provided through other means of discovery.

16.   Lead Plaintiff objects to each Request to the extent they seek Documents or Communications from an unlimited period of time.

17.   Lead Plaintiff's failure to object on a particular ground shall not be construed as a waiver of Lead Plaintiff's right to object on any additional grounds.

18.   Lead Plaintiff's production of any document in response to the Requests does not concede its relevance to or admissibility in support of any claim or defense in this Action.

19.   Lead Plaintiff objects to Requests that improperly seek identification or production of "all" documents or "any" documents as overly broad, unduly burdensome, and not tailored to relevant subject matter. It may be impossible to locate "all" or "any" document or item of information responsive to such discovery requests. Lead Plaintiff will produce documents in response to the Requests only to the extent such documents can be located after a reasonable search.

20.   Lead Plaintiff generally objects to the Requests to the extent that they seek confidential and sensitive Documents or Communications even though there is not yet a protective order governing the disclosure of such Documents or Communications in place in this Action. Any Documents or Communications produced in response to these Requests shall be subject to the terms of the protective order that is to be entered in this action to the extent that such Documents or Communications otherwise qualify for protection under that order.

21.   Lead Plaintiff reserves the right to revise, supplement, withdraw, or modify these responses in accordance with the Federal Rules of Civil Procedure.

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

22.     Any statement herein that "Lead Plaintiff will perform a reasonable search for, and will produce, relevant, non-privileged documents in its possession, custody, or control that are responsive to" any Request—or the substantive equivalent—means that Lead Plaintiff will conduct a reasonable search for documents where Lead Plaintiff believes such documents are likely to be located, if such documents have not already been produced. Lead Plaintiff is not conceding that any such documents actually exist or are within its possession, custody, or control.

23.     To the extent that the Requests are overbroad, unduly burdensome, and/or seek documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case, Lead Plaintiff is prepared to meet and confer with Defendants about narrowing the Requests to an appropriate scope.

24.     All of Lead Plaintiff's General Objections shall be deemed applicable to each of the responses to the specific Requests set forth below, even when not referred to in those responses.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.     Lead Plaintiff objects to the Definitions and Instructions to the extent that they purport to impose obligations on Lead Plaintiff greater than or beyond those required under the Federal Rules of Civil Procedure or the Local Rules.

2.     Lead Plaintiff objects to the Instructions to the extent that they purport to impose requirements, procedures, or obligations on Lead Plaintiff different than those in any protective order governing the treatment of confidential information or protocol for the handling of electronically stored information agreed upon by the parties.

3.     Lead Plaintiff objects to Instruction 10, which extends the start date of the Requests to January 1, 2015, even though the Class Period starts December 18, 2015. Except where

6

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

otherwise noted, Lead Plaintiff undertakes no obligation to search for or produce documents earlier than the start of the Class Period and is willing to meet and confer on the time frame for production.

4.    Lead Plaintiff objects to the definition of "ODS Capital" to the extent it refers to individuals or entities who are not parties to this action, or include ODS Capital's counsel, and require production of documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or both.

5.    Lead Plaintiff objects to Defendants' definition of the term "Other financial investment(s)" to the extent it includes "any other investment product other than Qihoo Securities," which makes these Requests overbroad and unduly burdensome, and improper, insofar as they improperly seek information not relevant to this litigation and not proportional to the needs of this litigation.

6.    Lead Plaintiff objects to Defendants' definition of the term "Qihoo Securities" as overbroad and unduly burdensome, and improper, insofar as it improperly seeks documents or information not relevant to this litigation and not proportional to the needs of this litigation.

7.    Lead Plaintiff objects to the definitions of "You," "Your," "Plaintiff," and "ODS" to the extent they refer to individuals or entities who are not parties to this action, or include Lead Plaintiff's counsel, and require production of documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or both.

8.    Lead Plaintiff objects to Defendants' definition of the term "identify," with respect to a person, to the extent it includes "present or last known address" and "present or last known place of employment," which makes these Requests overbroad and unduly burdensome, and improper, insofar as they improperly seek documents and information not relevant to this litigation and not proportional to the needs of this litigation.

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

## OBJECTIONS AND RESPONSES TO SPECIFIC DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications, without regard to any specified time period, regarding the allegations set forth in the FAC or the Certifications, including, but not limited to, all Documents referred to in the FAC or the Certifications or relied upon by You in drafting the FAC or the Certifications.

**RESPONSE TO REQUEST NO. 1:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Lead Plaintiff further objects to this Request to the extent it seeks documents that are already in Defendants' possession, are equally accessible to Defendants from public sources (including, but not limited to, filings with the Securities and Exchange Commission and news articles concerning Defendants), or available to Defendants from another source that is more convenient, less burdensome, or less expensive. Lead Plaintiff further objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case, including because it is not limited temporally. Lead Plaintiff further objects to this Request on the grounds that it is vague and ambiguous in its references to "the FAC or the Certifications." Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff will perform a reasonable search for, and will produce, relevant, non-privileged

8

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

documents in its possession, custody, or control that are responsive to this Request, to the extent

such documents exist.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications, without regard to any specified time period, regarding any investigation undertaken by You or any other potential class member regarding the allegations in the FAC or the Certifications prior to hiring counsel in this Action.

**RESPONSE TO REQUEST NO. 2:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome. Lead Plaintiff further objects to this Request insofar as it seeks documents and communications that are beyond Lead Plaintiff's possession, custody or control, are already in the possession, custody or control of Defendants, are equally accessible to Defendants from public sources (including, but not limited to, filings with the Securities and Exchange Commission and news articles concerning Defendants), or are available to Defendants from another source that is more convenient, less burdensome, and/or less expensive. Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff will perform a reasonable search for, and will produce, relevant, non-privileged

9

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

documents in its possession, custody, or control that are responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 3:**

Documents, without regard to any specified time period, sufficient to show the identity, title, and role of all Persons, including all agents, financial advisors, investment advisors, custodians, brokers, broker-dealers, managers, consultants, investment management firms, or any other Person (i) involved in Your decision to enter into any purchase, sale, or other transaction in Qihoo Securities, (ii) responsible for performing research or analysis on Your behalf regarding Qihoo Securities, the Securities of Qihoo's competitors, or the internet security industry, or (iii) who supplied You or anyone on Your behalf with information or recommendations, or with whom You or anyone on Your behalf communicated regarding any transactions or potential transactions in Qihoo Securities, including, with respect to each, the most recent resumes or curriculum vitae of all such Persons as of the dates of Your transactions in Qihoo Securities.

**RESPONSE TO REQUEST NO. 3:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents that are neither relevant to any party's claim or defense, nor proportional to the needs of the case, including its reference to "all agents, financial advisors, investment advisors, custodians, brokers, broker-dealers, managers, consultants, investment management firms, or any other Person," and to "Qihoo Securities, the Securities of Qihoo's competitors, or the internet security industry." Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome. Lead Plaintiff further objects to this Request insofar as it seeks documents

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

that are beyond Lead Plaintiff's possession, custody, or control. Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff refers to its productions showing its transactions in Qihoo Securities and states that it did not have any financial advisors, investment advisors, or consultants involved in the activities referenced in this Request.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications, without regard to any specified time period, regarding Your transactions in Qihoo Securities, including but not limited to Your trade ledger, trade confirmation slips, account statements, prospectuses, information provided by agents, financial advisors, investment advisors, custodians, brokers, broker-dealers, managers, consultants, investment management firms, or any other Person, marketing literature, any Documents showing the date, time, price, and/or quantity of any of Your acquisitions, purchases, sales, exchanges, and transfers of Qihoo Securities, and all Documents from and Communications with the service provider for Your brokerage account or accounts regarding Your transactions in Qihoo Securities.

**RESPONSE TO REQUEST NO. 4:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents that are neither relevant to any party's claim or defense, nor proportional to the needs of the case, including

11

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

because it seeks documents that are not related to Qihoo or transactions in Qihoo securities, including its request for Lead Plaintiff's "trade ledger" and "account statements." Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome. Lead Plaintiff further objects to this Request to the extent the discovery sought is unreasonably cumulative of the discovery sought in prior Document Requests. Lead Plaintiff further objects to this Request insofar as it seeks documents that are beyond Lead Plaintiff's possession, custody, or control. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff will perform a reasonable search for, and will produce, relevant, non-privileged documents in its possession, custody, or control that are sufficient to show its transactions in Qihoo Securities.

**REQUEST FOR PRODUCTION NO. 5:**

Any agreements You have or have had with agents, financial advisors, investment advisors, custodians, brokers, broker-dealers, managers, consultants, investment management firms, or any other Person to buy, sell, transact, hold, or manage Your shareholdings.

**RESPONSE TO REQUEST NO. 5:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects that this Request is overly broad, unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense, nor proportional to the needs of the case, including because it seeks documents that are not related to Qihoo or transactions in Qihoo securities. Lead Plaintiff further objects that the phrase "Your

12

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

shareholdings" is vague and ambiguous in that it is unclear what specific shareholdings Defendants are interested in.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff refers to its response to Request No. 3 above and otherwise undertakes no obligation to search for or produce any documents pursuant to this Request.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications, without regard to any specified time period, that You or someone acting on Your behalf reviewed, considered, or relied on, in whole or in part, in connection with Your decision(s) to acquire, purchase, sell, exchange, or transfer Qihoo Securities, including but not limited to analysts' reports, newspaper articles, prospectuses, registration statements, annual, quarterly or other SEC filings or press releases filed or issued by any of the Defendants or Documents received from any agent, financial advisor, investment advisor, custodian, broker, broker-dealer, manager, consultant, investment management firm, or any other Person.

**RESPONSE TO REQUEST NO. 6:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including because reliance is established based on the presumption of reliance set out in *Basic Inc. v. Levinson*, 485 U.S. 224 (1988), among other legal bases for satisfying the element of reliance. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome. Lead

13

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff will perform a reasonable search for, and will produce, relevant, non-privileged documents in its possession, custody, or control that are responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications, including, but not limited to, any research or investigation You or someone acting on Your behalf conducted, any internal or external reporting that You prepared or received, or any Communications with investors, regarding (i) Qihoo; (ii) other internet security companies or the internet security industry generally; (iii) China; or (iv) Chinese companies that are or were listed on U.S. stock exchanges.

**RESPONSE TO REQUEST NO. 7:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects that this Request is overly broad and unduly burdensome, and seeks documents that are not relevant to this litigation and not proportional to the needs of this litigation, including because it seeks documents that are not related to Qihoo or transactions in Qihoo securities, including its request for documents regarding "other internet security companies or the internet security industry generally," "China," and "Chinese companies that are or were listed on U.S. stock exchanges." Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff will perform a reasonable search for, and will produce, relevant, non-privileged documents in its possession, custody, or control that are responsive to this Request as it relates to Qihoo. Lead Plaintiff undertakes no obligation to search for or produce any documents pursuant to subparts (ii), (iii), and (iv) of this Request other than to the extent Lead Plaintiff has otherwise agreed to produce documents in response to other Requests.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications regarding any investment You considered, at any time, as an alternative to Your investment in Qihoo Securities, including, but not limited to Documents and Communications regarding Your Securities transactions in other internet security companies other than Qihoo Securities, including but not limited to trade confirmation slips, account statements, prospectuses, information provided by agents, financial advisors, investment advisors, custodians, brokers, broker-dealers, managers, consultants, investment management firms, or any other Person, marketing literature, and any Documents showing the date, time, price, and/or quantity of any of Your acquisitions, purchases, sales, exchanges, and transfers of those Securities or other financial investments.

**RESPONSE TO REQUEST NO. 8:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects that this Request is overbroad, unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case, including because it seeks documents that are not related to Qihoo or transactions in Qihoo securities, including its request for documents related to "transactions in other internet security companies other than Qihoo Securities." Lead Plaintiff

15

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff undertakes no obligation to search for or produce any documents pursuant to this Request other than to the extent Lead Plaintiff has agreed to produce documents in response to other Requests.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications, without regard to any specified time period, regarding Your research on, analysis of, or investment in the shares of any China-based companies that were delisted from a U.S.-based stock exchange and/or cross-listed or relisted on a China-based stock exchange, including, but not limited to Jumei International Holding Limited; WuXi PharmaTech (Cayman) Inc.; China Dangdang, Inc.; E-House (China) Holdings Limited; Shanda Games Limited; JA Solar Holdings Co., Ltd.; Alibaba Group Holding Limited; JD.com, Inc., Baidu, Inc., NetEase, Inc., and Weibo Corporation.

**RESPONSE TO REQUEST NO. 9:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects that this Request is overbroad, unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case, including because it seeks documents that are not related to Qihoo or transactions in Qihoo securities, including its request for documents related to "the shares of any China-based companies that were delisted from a U.S.-based stock exchange and/or cross-listed or relisted on a China-based stock exchange." Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

16

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff undertakes no obligation to search for or produce any documents pursuant to this Request other than to the extent Lead Plaintiff has agreed to produce documents in response to other Requests.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications, without regard to any specified time period, regarding any difference in valuation between U.S.-listed and China-listed companies.

**RESPONSE TO REQUEST NO. 10:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference.  Lead Plaintiff further objects that this Request is overbroad, unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case because it seeks documents regarding "any difference in valuation between U.S.-listed and China-listed companies," without any reference to Qihoo. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome. Lead Plaintiff further objects to this Request to the extent that it seeks documents that are publicly available, found in the pleadings to this action, or are available to Defendants from another source that is more convenient, less burdensome, or less expensive. Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff will perform a reasonable search for, and will produce, relevant, non-privileged

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

documents in its possession, custody, or control that are responsive to this Request as it pertains to Qihoo, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications regarding any investment portfolio that includes Qihoo Securities.

**RESPONSE TO REQUEST NO. 11:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects that this Request is overbroad and unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case, including because it seeks documents that are not related to Qihoo or transactions in Qihoo securities in that it requests "[a]ll Documents and Communications regarding any investment portfolio" that happens to include Qihoo Securities.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff undertakes no obligation to search for or produce any documents pursuant to this Request other than to the extent Lead Plaintiff has agreed to produce documents in response to other Requests.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents regarding any short or other positions You took in order to hedge Your exposure to Qihoo Securities, either directly or indirectly. For purposes of this Request, an "indirect" hedge means positions intended to hedge exposure to a group of companies or sector of companies of which Qihoo is a member.

18

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

**RESPONSE TO REQUEST NO. 12:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects that this Request is overbroad and unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case, including because it seeks documents that are not related to Qihoo or transactions in Qihoo securities. Lead Plaintiff further objects to this Request on the grounds that the terms "hedge" and "'indirect' hedge" are vague and ambiguous.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff responds that, to the best of its knowledge, there are no non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents, including margin agreements, pledge agreements, and/or promissory notes, by which any Qihoo Securities were utilized by You, or by any Person You owned, controlled, had authority from, or were the beneficiary of, as security for any debt or obligation or by which any money was borrowed to purchase any Qihoo Securities.

**RESPONSE TO REQUEST NO. 13:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects that this Request is overbroad and unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Lead Plaintiff further objects that the terms "margin agreements," "pledge agreements," and "promissory notes" are vague and ambiguous.

19

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff refers to its productions showing its transactions in Qihoo Securities and otherwise undertakes no obligation to search for or produce any documents pursuant to this Request.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents and Communications, from January 1, 2015 through the present, regarding: (a) Your investment objectives and strategies; (b) risk analysis or risk evaluation with respect to the purchase, holding, or sale of Securities by or on behalf of You; (c) Your risk tolerance with respect to the purchase, holding or sale of Securities; (d) the use of risk consultants with respect to the purchase, holding, or sale of Securities by or on behalf of You; (e) any consultations You had with investment advisors or any other Person regarding Your investment objectives and strategies, and (f) Your investment philosophy or approach of any of Your investment advisors, including any sales brochures or pitch materials supplied or reviewed in the process by which You retained any such investment advisors.

**RESPONSE TO REQUEST NO. 14:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects that this Request is overbroad and unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case, including because it seeks documents that are not related to Qihoo or transactions in Qihoo securities.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff undertakes no obligation to search for or produce any documents pursuant to this Request other than to the extent Lead Plaintiff has agreed to produce documents in response to other Requests.

20

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

**REQUEST FOR PRODUCTION NO. 15:**

Without regard to any specified time period, the certificate, articles, agreement, partnership agreement, charter, constitution, bylaws, plan, initial information report, or similar Documents under which (i) You were formed or organized, (ii) which were in effect from January 1, 2015 through July 15, 2016, and (iii) under which You currently operate.

**RESPONSE TO REQUEST NO. 15:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects that this Request is not limited temporally, and/or seeks documents from time periods that are not relevant to the claims and defenses in this Action, and is therefore overly broad and unduly burdensome. Lead Plaintiff further objects that this Request is overbroad and unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case, including because it seeks documents that are not related to Qihoo or transactions in Qihoo securities. Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff undertakes no obligation to search for or produce any documents pursuant to this Request other than to the extent Lead Plaintiff has agreed to produce documents in response to other Requests.

21

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

**REQUEST FOR PRODUCTION NO. 16:**

Organizational charts of You, including, but not limited to, Documents sufficient to identify Your officers, board members, trustees, and administrative staff from January 1, 2015 through the present.

**RESPONSE TO REQUEST NO. 16:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects that this Request is overbroad and seeks documents that are neither relevant to any party's claim or defense, nor proportional to the needs of the case, insofar as it relates to Lead Plaintiff's "officers, board members, trustees, and administrative staff from January 1, 2015 through the present."

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff responds that, to the best of its knowledge, there are no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 17:**

Documents and Communications sufficient to identify the names of any and all mutual funds, index funds, exchange-traded funds, other financial investment(s), or any other portfolio-based financial investment through which You own or owned Qihoo Securities, as well as the policies, procedures, practices, guidelines, or criteria governing the makeup of those funds.

**RESPONSE TO REQUEST NO. 17:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects that this Request is overbroad and unduly burdensome and seeks documents and communications that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Lead Plaintiff further objects to this

22

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

Request insofar as it seeks documents that are beyond Lead Plaintiff's possession, custody, or control.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff responds that, to the best of its knowledge, there are no non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents and Communications, without regard to any specified time period, regarding (i) Your decision to commence this Action or sue any Defendant, (ii) Your decision to apply to be lead plaintiff or to serve as a class representative in this Action; or (iii) compensation or benefits of any sort that You have received, will receive, or may receive in exchange for participating in any litigation matter, whether open or closed, including but not limited to this Action.

**RESPONSE TO REQUEST NO. 18:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome. Lead Plaintiff further objects to this Request to the extent that it seeks documents that are protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine, including documents that were prepared by Lead Counsel and/or any agent of Co-Lead Counsel during the course of investigating or litigating this Action. Lead Plaintiff further objects to the extent that this Request because it is overly broad and seeks documents that are not relevant to this litigation nor proportional to the needs of this litigation, because it seeks documents regarding "any litigation matter" other than this Action.

23

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff refers to its Certification, filed at ECF No. 1-21 to 23. In addition, without such production constituting a waiver of attorney-client privilege or work product protection, Lead Plaintiff will produce its retainer agreement with its counsel in this action.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents and Communications, without regard to any specified time period, regarding any lawsuit, arbitration, or administrative proceeding in which You have been, are, or sought to be a party or class member, under any federal or state Securities laws or pursuant to any common law or statute, including any complaints, orders, rulings, or transcripts of any testimony previously given by You in depositions, trials, or otherwise.

**RESPONSE TO REQUEST NO. 19:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant, proportional to the needs of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, because it seeks documents that are not related to this Action. Lead Plaintiff further objects that this Request intends to harass. Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Lead Plaintiff further objects to this Request to the extent it seeks documents over an indefinite time period and to the extent it calls for information Lead Plaintiff has already disclosed in this Action. Lead Plaintiff further objects to this request to the

24

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

extent it seeks information beyond that which is required to be disclosed by Lead Plaintiff in connection with its role as Lead Plaintiff under the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Lead Plaintiff further objects to this request to the extent it seeks materials beyond those available on the publicly accessible dockets of the court proceedings listed in its Certification filed on January 17, 2019 (ECF No. 1-21 to 23). Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff states that it has already provided the information that Congress, in enacting the Private Securities Litigation Reform Act of 1995, deemed relevant, *see* ECF No. 1-21, and that Defendants may explore the information provided there as they wish.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents and Communications, without regard to any specified time period, regarding Your decision as to which law firm to retain to pursue Your claims against Defendants, including but not limited to any Documents and Communications regarding fees, expenses, the nature of the legal services, any potential recovery on Your behalf or on behalf of the class.

**RESPONSE TO REQUEST NO. 20:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome. Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Lead Plaintiff further objects to this Request on the grounds that it seeks documents that are neither relevant nor reasonably calculated to lead to the

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

discovery of admissible evidence. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

Subject to and without waiving the General Objections and Specific Objections herein, and without such production constituting a waiver of attorney-client privilege or work product protection, Lead Plaintiff will produce its retainer agreement with its counsel in this action.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents and Communications, without regard to any specified time period, regarding fee arrangements or agreements between You and any Person regarding the payment of attorneys' fees, costs, or expenses in this Action.

**RESPONSE TO REQUEST NO. 21:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome. Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Lead Plaintiff further objects to this Request on the grounds that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

Subject to and without waiving the General Objections and Specific Objections herein, and without such production constituting a waiver of attorney-client privilege or work product protection, Lead Plaintiff will produce its retainer agreement with its counsel in this action.

26

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

**REQUEST FOR PRODUCTION NO. 22:**

All Documents and Communications, without regard to any specified time period, regarding portfolio monitoring or other similar services provided to You by any law firm with respect to Qihoo Securities.

**RESPONSE TO REQUEST NO. 22:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome. Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Lead Plaintiff further objects to this Request on the grounds that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

Subject to and without waiving the General Objections and Specific Objections herein, and without such production constituting a waiver of attorney-client privilege or work product protection, Lead Plaintiff will produce its retainer agreement with its counsel in this action.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents and Communications, without regard to any specified time period, (i) between You and Altimeo, or (ii) between You and any Person regarding Qihoo or the Action.

**RESPONSE TO REQUEST NO. 23:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

applicable privilege or immunity. Lead Plaintiff further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks documents that are neither relevant, proportional to the needs of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, because it seeks documents that are not related to this Action. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome. Lead Plaintiff further objects to this Request as vague and ambiguous in how its subparts relate to each other. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff will perform a reasonable search for, and will produce, relevant, non-privileged documents in its possession, custody, or control regarding Qihoo or the Action that are responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications, without regard to any specified time period, concerning any lawsuit or civil, regulatory, administrative, or criminal proceeding or action: (a) that You filed, caused to be filed, or sought to file, in which You claimed or sought to be a representative of a class of Persons or in which You sued or sought to sue derivatively on behalf of a corporation; or (b) that You filed, caused to be filed, sought to file, or in which You participated that asserted claims for violations of Securities laws.

**RESPONSE TO REQUEST NO. 24:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks documents that are neither relevant, proportional

28

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

to the needs of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, because it seeks documents that are not related to this Action. Lead Plaintiff further objects that this Request intends to harass. Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Lead Plaintiff further objects to this Request to the extent it seeks documents over an indefinite time period and to the extent it calls for information Lead Plaintiff has already disclosed in this Action. Lead Plaintiff further objects to this request to the extent it seeks information beyond that which is required to be disclosed by Lead Plaintiff in connection with its role as Lead Plaintiff under the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Lead Plaintiff further objects to this request to the extent it seeks materials beyond those available on the publicly accessible dockets of the court proceedings listed in its Certification filed on January 17, 2019 (ECF No. 1-21 to 23). Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff states that it has already provided the information that Congress, in enacting the Private Securities Litigation Reform Act of 1995, deemed relevant, *see* ECF No. 1-21, and that Defendants may explore the information provided there as they wish.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and Communications, without regard to any specified time period, regarding: (a) any civil or criminal charges, complaints, proceedings, fines, disciplinary actions, decisions, or judgments filed, issued, or entered against You in any federal, state, or other court, in any arbitration, or by any governmental agency, any stock exchange, or any self-regulating association or organization that participates in the Securities industry; (b) any investigations of

29

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

You by any governmental agency, any stock exchange, or any self-regulating association or organization that participates in the Securities industry; (c) any sanction imposed on You by any court or regulatory body; or (d) any lawsuit, arbitration, or administrative proceeding brought against You regarding alleged violations of state or federal law, common law, or statutory law, including but not limited to laws governing the purchase, investment, holding, or sale of Securities.

**RESPONSE TO REQUEST NO. 25:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks documents that are neither relevant, proportional to the needs of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, because it seeks documents that are not related to this Action. Lead Plaintiff further objects that this Request intends to harass. Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Lead Plaintiff further objects to this Request to the extent it seeks documents over an indefinite time period and to the extent it calls for information Lead Plaintiff has already disclosed in this Action. Lead Plaintiff further objects to this request to the extent it seeks information beyond that which is required to be disclosed by Lead Plaintiff in connection with its role as Lead Plaintiff under the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Lead Plaintiff further objects to this request to the extent it seeks materials beyond those available on the publicly accessible dockets of the court proceedings listed in its Certification filed on January 17, 2019 (ECF No. 1-21 to 23). Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff undertakes no obligation to search for or produce any documents pursuant to this Request other than to the extent Lead Plaintiff has agreed to produce documents in response to other Requests.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications, without regard to any specified time period, regarding any transactions, business activities, Communications, or relationships (business or otherwise) between You and any of Your counsel in this Action or any other attorneys at the law firms of Pomerantz LLP or Labaton Sucharow LLP, including but not limited to all engagement letters between You and any law firm regarding this Action.

**RESPONSE TO REQUEST NO. 26:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome. Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

Subject to and without waiving the General Objections and Specific Objections herein, and without such production constituting a waiver of attorney-client privilege or work product protection, Lead Plaintiff will produce its retainer agreement with its counsel in this action.

31

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

**REQUEST FOR PRODUCTION NO. 27:**

All Documents and Communications, without regard to any specified time period, regarding the alleged amount of loss or damage suffered by You or any other potential class member by reason of any matter alleged in the FAC and the Certification.

**RESPONSE TO REQUEST NO. 27:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome. Lead Plaintiff further objects to this Request on the grounds that it calls for a legal conclusion. Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Lead Plaintiff further objects to this Request to the extent that it prematurely seeks a class-wide computation of damages. Lead Plaintiff further objects to this Request to the extent it calls for the production of materials that are not discoverable under Federal Rule of Civil Procedure 26(b)(3). Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff will produce documents sufficient to show its transactions in Qihoo Securities. In addition, an expert report delineating damages will be produced at the appropriate time, in accordance with Rule 26(a)(2) of the Federal Rules of Civil Procedure and as ordered by the Court.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications, without regard to any specified time period, regarding Your discussions with or interviews of any current or former Qihoo employees, including, but not limited to, the individual identified as "CW1" in the FAC, conducted by You,

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

anyone working on Your behalf, or Your counsel, including but not limited to all notes, memoranda, or other documentation of information that such witnesses provided.

**RESPONSE TO REQUEST NO. 28:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Lead Plaintiff further objects to this Request to the extent it seeks documents that are already in Defendants' possession, publicly available, or available to Defendants from another source that is more convenient, less burdensome, or less expensive. Lead Plaintiff further objects to this Request to the extent the discovery sought is unreasonably cumulative of the discovery sought in prior Document Requests. Lead Plaintiff further objects to this Request on the grounds that it seeks confidential and sensitive personal information even though there is not yet a protective order governing the disclosure of such information in place in this Action. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff states that it had no direct communications with the individual identified as "CW1" in the FAC or any other Qihoo employees. Any communications with such individuals were undertaken by counsel or those working at its direction, during the course of investigating the claims at issue and in furtherance of this litigation, and thus are protected from discovery by, among other things, the work product doctrine and similar privileges or protections.

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

**REQUEST FOR PRODUCTION NO. 29:**

All Documents and Communications regarding Your reliance upon any allegedly false or misleading statements or omissions referenced in the FAC in purchasing Qihoo Securities.

**RESPONSE TO REQUEST NO. 29:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Lead Plaintiff further objects to this Request on the grounds that it calls for a legal conclusion. Lead Plaintiff further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including because reliance is established based on the presumption of reliance set out in *Basic Inc. v. Levinson*, 485 U.S. 224 (1988), among other legal bases for satisfying the element of reliance. Lead Plaintiff further objects to this Request to the extent that the documents requested are already in Defendants' possession, are publicly available, or are available to Defendants from another source that is more convenient, less burdensome, or less expensive.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff will perform a reasonable search for, and will produce, relevant, non-privileged documents in its possession, custody, or control that are responsive to this Request, to the extent such documents exist.

34

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

**REQUEST FOR PRODUCTION NO. 30:**

All Documents and Communications regarding Your allegations that any of the false or misleading statements or omissions by Defendants alleged in the FAC caused the losses or damage upon which You base Your claims.

**RESPONSE TO REQUEST NO. 30:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Lead Plaintiff further objects to this Request because it calls for a legal conclusion. Lead Plaintiff further objects to this Request because it is premature. Lead Plaintiff further objects to this Request to the extent it calls for the production of materials that are not discoverable under Federal Rule of Civil Procedure 26(b)(3).

Subject to and without waiving the General Objections and Specific Objections herein, an expert report delineating damages will be produced at the appropriate time, in accordance with Rule 26(a)(2) of the Federal Rules of Civil Procedure and as ordered by the Court.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents and Communications on which You intend to rely in connection with summary judgment, class certification, or trial in this Action.

**RESPONSE TO REQUEST NO. 31:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, work product doctrine, or other applicable protection. Lead Plaintiff further objects to this Request because it calls for a legal

35

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

conclusion. Lead Plaintiff further objects to this Request because it is premature. Lead Plaintiff further objects to this Request because it calls for the production of information that is not in its possession, custody, or control.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff will produce an expert report in connection with its motion for class certification, as well as materials in connection with any motion for summary judgment and trial, in accordance with the Federal Rules of Civil Procedure, the Updated Civil Case Management Plan and Scheduling Order in place in this Action (ECF No. 178), and any subsequent case management plan or scheduling order that is ordered by the Court.

**REQUEST FOR PRODUCTION NO. 32:**

Documents sufficient to show Your attempts to mitigate Your alleged damages from the conduct alleged in the FAC and the Certification.

**RESPONSE TO REQUEST NO. 32:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Lead Plaintiff further objects to this Request because it calls for a legal conclusion. Lead Plaintiff further objects to this Request on the grounds that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff will perform a reasonable search for, and will produce, relevant, non-privileged

36

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

documents in its possession, custody, or control that are responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents and Communications referenced in drafting responses to or identified in response to any interrogatory propounded to You in connection with this Action or received in response to formal or informal discovery requests or subpoenas to any non-party to this Action in connection with this Action.

**RESPONSE TO REQUEST NO. 33:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects to this Request to the extent it seeks information already in Defendants' possession, custody, or control. Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff will perform a reasonable search for, and will produce, relevant, non-privileged documents in its possession, custody, or control that are responsive to this Request within a reasonable time as they become available, consistent with the Federal Rules of Civil Procedure and Local Rules.

**REQUEST FOR PRODUCTION NO. 34:**

Documents sufficient to identify Your ten largest investors and the percentage share of Your outstanding equity or ownership interests that each such investor owns.

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

**RESPONSE TO REQUEST NO. 34:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects to this Request because it seeks information that is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff responds that, to the best of its knowledge, there are no non-privileged documents responsive to this Request in its possession, custody, or control.


Dated: August 28, 2023



**LABATON SUCHAROW LLP**

By: /s/ Carol C. Villegas
Carol C. Villegas
Jake Bissell-Linsk
David J. Schwartz
Telephone: (212) 907-0824
Email: cvillegas@labaton.com
        Jbissel-linsk@labaton.com
        dschwartz@labaton.com

*Counsel for ODS Capital LLC*

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of August, 2023, I served the foregoing document, Lead Plaintiff ODS's Responses and Objections to Defendants' Second Set of Requests for Production to Defendants, in accordance with the Federal Rules of Civil Procedure and the agreement of the parties, via email to all counsel of record.


*/s/ Carol Villegas*
Carol Villegas

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALTIMEO ASSET MANAGEMENT, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>QIHOO 360 TECHNOLOGY CO. LTD., HONGYI ZHOU, XIANGDONG QI and ERIC X. CHEN,<br><br>                    Defendants. | Case No. 1:19-cv-10067-PAE |

**LEAD PLAINTIFF ALTIMEO ASSET MANAGEMENT'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Lead Plaintiff Altimeo Asset Management ("Altimeo" or "Lead Plaintiff"),[1] by and through its undersigned counsel, hereby provides the following responses and objections to Defendants' Second Set of Requests for Production of Documents (the "Requests") in the above-captioned action (the "Action").

**PRELIMINARY STATEMENT**

Lead Plaintiff's responses to the Requests are made without prejudice to Lead Plaintiff's rights to contend at any other stage of the proceedings that the requested documents are irrelevant, inadmissible, or otherwise objectionable. No incidental or implied admissions are intended in these responses, and neither the responses below, nor the production of any documents, concede the relevance, materiality, or admissibility of any information sought. Lead Plaintiff's responses to all or any part of a Request are not an admission that: (a) Lead Plaintiff accepts or admits the existence

---

[1] Altimeo is Co-Lead Plaintiff in this action with ODS Capital LLC (collectively, "Lead Plaintiffs").

1

of any fact(s) set forth or assumed by that Request; (b) Lead Plaintiff has in its possession, custody, or control any documents responsive to that Request; (c) documents responsive to that Request exist; or (d) Lead Plaintiff's responses constitute admissible evidence. Lead Plaintiff's response to all or any part of a Request does not waive all or any part of its objection(s) to that Request.

While Lead Plaintiff's investigative efforts have been substantial, Lead Plaintiff has not completed discovery of the facts relating to the Action. The following responses are based upon information known at this time. Lead Plaintiff reserves the right to revise, supplement, correct or clarify any of its responses as necessary or appropriate.

## **GENERAL OBJECTIONS**

The following General Objections are hereby incorporated into each of Lead Plaintiff's responses as if fully set forth therein:

1.     Lead Plaintiff objects to each Request, Definition and Instruction to the extent it purports to impose obligations on Lead Plaintiff that are greater than or beyond those required by the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Southern District of New York ("Local Rules"). Any responses to the Requests for Production will comply with the requirements of the Federal Rules and the Local Rules.

2.     Lead Plaintiff objects to each Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privileges or immunities. Lead Plaintiff will not produce protected or privileged documents. No waiver of any such privilege or immunity is intended by any production of documents by Lead Plaintiff. Documents will be produced on the condition that in the event that any document subject to any such privilege, protection, or immunity is inadvertently produced, such documents will be returned pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) and

2

pursuant to the protective order to be entered in this Action. Such inadvertent disclosure does not operate as a waiver pursuant to Federal Rule of Evidence 502(b).

3. Lead Plaintiff's Responses and Objections are based upon its understanding of the Requests and the specific language employed by Defendants. Lead Plaintiff's answers do not mean that Lead Plaintiff adopts, admits, or otherwise agrees whatsoever with any facts assumed by the Requests. To the extent it may later be determined that any of the Requests were intended to be construed in a manner different from Lead Plaintiff's interpretation at the time of service of these responses, Lead Plaintiff reserves the right to amend its responses.

4. The responses below are based on Lead Plaintiff's knowledge as of the date these Responses and Objections are being served. Lead Plaintiff notes that discovery concerning it remains ongoing and reserves the right to supplement, clarify, revise, correct, add to, or amend the objections and responses set forth herein if further information becomes available.

5. Lead Plaintiff objects to each Request to the extent it is overbroad, unduly burdensome, disproportionate to the needs of this case, vague, ambiguous, intended solely to harass, or it seeks documents irrelevant to the claim or defense of any party or documents of such marginal relevance that their probative value is substantially outweighed by the burden imposed on Lead Plaintiff in having to search for and produce such documents.

6. Lead Plaintiff objects to each Request to the extent it is broader than the Requests for Production that Defendants Qihoo 360 Technology Co. Ltd. and Eric X. Chen served on Lead Plaintiff on February 28, 2022.

7. Lead Plaintiff objects to each Request to the extent documents requested are already in Defendants' possession, custody or control, publicly available, found in the pleadings to this

3

action, or are available to Defendants from another source that is more convenient, less burdensome, or less expensive.

8.      Lead Plaintiff objects to each Request to the extent it seeks documents outside of Lead Plaintiff's possession, custody or control.

9.      Lead Plaintiff objects to the Requests to the extent they seek documents within the possession, custody, or control of third parties.

10.     Lead Plaintiff objects to each Request to the extent it purports to require Lead Plaintiff to assume an unreasonable burden or expense.

11.     Lead Plaintiff objects to each Request to the extent it seeks documents prematurely, including, but not limited to, documents subject to expert discovery.

12.     Lead Plaintiff objects to the Requests to the extent that they seek the production of documents or information, the production of which would result in the violation of any applicable law or regulation of any country or jurisdiction.

13.     Lead Plaintiff objects to each Request to the extent it calls for legal conclusions or arguments or to the extent that it seeks documents concerning Lead Plaintiff's factual or legal contentions in this Action and, as such, is premature at this stage of the litigation, when discovery is ongoing and the record has not yet been fully developed, or is invasive of the attorney work product doctrine.

14.     Lead Plaintiff objects to unreasonably cumulative or duplicative requests as unduly burdensome.

15.     Lead Plaintiff objects to each Request as overly burdensome to the extent it is duplicative and repetitive of another Request, or to the extent that it requests that Lead Plaintiff

4

generate documents containing duplicative information for the benefit of Defendants, when such information will be provided through other means of discovery.

16.    Lead Plaintiff objects to each Request to the extent they seek Documents or Communications from an unlimited period of time.

17.    Lead Plaintiff's failure to object on a particular ground shall not be construed as a waiver of Lead Plaintiff's right to object on any additional grounds.

18.    Lead Plaintiff's production of any document in response to the Requests does not concede its relevance to or admissibility in support of any claim or defense in this Action.

19.    Lead Plaintiff objects to Requests that improperly seek identification or production of "all" documents or "any" documents as overly broad, unduly burdensome, and not tailored to relevant subject matter. It may be impossible to locate "all" or "any" document or item of information responsive to such discovery requests. Lead Plaintiff will produce documents in response to the Requests only to the extent such documents can be located after a reasonable search.

20.    Lead Plaintiff generally objects to the Requests to the extent that they seek confidential and sensitive Documents or Communications even though there is not yet a protective order governing the disclosure of such Documents or Communications in place in this Action. Any Documents or Communications produced in response to these Requests shall be subject to the terms of the protective order that is to be entered in this action to the extent that such Documents or Communications otherwise qualify for protection under that order.

21.    Lead Plaintiff reserves the right to revise, supplement, withdraw, or modify these responses in accordance with the Federal Rules of Civil Procedure.

22.    Any statement herein that "Lead Plaintiff will perform a reasonable search for, and will produce, relevant, non-privileged documents in its possession, custody, or control that are responsive to" any Request—or the substantive equivalent—means that Lead Plaintiff will conduct a reasonable search for documents where Lead Plaintiff believes such documents are likely to be located, if such documents have not already been produced. Lead Plaintiff is not conceding that any such documents actually exist or are within its possession, custody, or control.

23.    To the extent that the Requests are overbroad, unduly burdensome, and/or seek documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case, Lead Plaintiff is prepared to meet and confer with Defendants about narrowing the Requests to an appropriate scope.

24.    All of Lead Plaintiff's General Objections shall be deemed applicable to each of the responses to the specific Requests set forth below, even when not referred to in those responses.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.    Lead Plaintiff objects to the Definitions and Instructions to the extent that they purport to impose obligations on Lead Plaintiff greater than or beyond those required under the Federal Rules of Civil Procedure or the Local Rules.

2.    Lead Plaintiff objects to the Instructions to the extent that they purport to impose requirements, procedures, or obligations on Lead Plaintiff different than those in any protective order governing the treatment of confidential information or protocol for the handling of electronically stored information agreed upon by the parties.

3.    Lead Plaintiff objects to Instruction 10, which extends the start date of the Requests to January 1, 2015, even though the Class Period starts December 18, 2015. Except where

6

otherwise noted, Lead Plaintiff undertakes no obligation to search for or produce documents earlier than the start of the Class Period and is willing to meet and confer on the time frame for production.

4.      Lead Plaintiff objects to the definition of "ODS Capital" to the extent it refers to individuals or entities who are not parties to this action, or include ODS Capital's counsel, and require production of documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or both.

5.      Lead Plaintiff objects to Defendants' definition of the term "Other financial investment(s)" to the extent it includes "any other investment product other than Qihoo Securities," which makes these Requests overbroad and unduly burdensome, and improper, insofar as they improperly seek information not relevant to this litigation and not proportional to the needs of this litigation.

6.      Lead Plaintiff objects to Defendants' definition of the term "Qihoo Securities" as overbroad and unduly burdensome, and improper, insofar as it improperly seeks documents or information not relevant to this litigation and not proportional to the needs of this litigation.

7.      Lead Plaintiff objects to the definitions of "You," "Your," "Plaintiff," and "Altimeo" to the extent they refer to individuals or entities who are not parties to this action, or include Lead Plaintiff's counsel, and require production of documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or both.

8.      Lead Plaintiff objects to Defendants' definition of the term "identify," with respect to a person, to the extent it includes "present or last known address" and "present or last known place of employment," which makes these Requests overbroad and unduly burdensome, and improper, insofar as they improperly seek documents and information not relevant to this litigation and not proportional to the needs of this litigation.

7

## OBJECTIONS AND RESPONSES TO SPECIFIC DOCUMENT REQUESTS

### REQUEST FOR PRODUCTION NO. 1:

All Documents and Communications, without regard to any specified time period, regarding the allegations set forth in the FAC or the Certifications, including, but not limited to, all Documents referred to in the FAC or the Certifications or relied upon by You in drafting the FAC or the Certifications, and all Documents and Communications regarding the differences between Your original Certification filed on March 18, 2019 (ECF No. 12-3), and Your amended Certification filed on July 10, 2023 (ECF No. 169-1).

### RESPONSE TO REQUEST NO. 1:

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Lead Plaintiff further objects to this Request to the extent it seeks documents that are already in Defendants' possession, are equally accessible to Defendants from public sources (including, but not limited to, filings with the Securities and Exchange Commission and news articles concerning Defendants), or available to Defendants from another source that is more convenient, less burdensome, or less expensive. Lead Plaintiff further objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case, including because it is not limited temporally. Lead Plaintiff further objects to this Request on the grounds that it is vague and ambiguous in its references to "the FAC or the Certifications."

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff will perform a reasonable search for, and will produce, relevant, non-privileged

8

documents in its possession, custody, or control that are responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications, without regard to any specified time period, regarding any investigation undertaken by You or any other potential class member regarding the allegations in the FAC or the Certifications prior to hiring counsel in this Action.

**RESPONSE TO REQUEST NO. 2:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome. Lead Plaintiff further objects to this Request insofar as it seeks documents and communications that are beyond Lead Plaintiff's possession, custody or control, are already in the possession, custody or control of Defendants, are equally accessible to Defendants from public sources (including, but not limited to, filings with the Securities and Exchange Commission and news articles concerning Defendants), or are available to Defendants from another source that is more convenient, less burdensome, and/or less expensive. Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff will perform a reasonable search for, and will produce, relevant, non-privileged

9

documents in its possession, custody, or control that are responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 3:**

Documents, without regard to any specified time period, sufficient to show the identity, title, and role of all Persons, including all agents, financial advisors, investment advisors, custodians, brokers, broker-dealers, managers, consultants, investment management firms, or any other Person (i) involved in Your decision to enter into any purchase, sale, or other transaction in Qihoo Securities, (ii) responsible for performing research or analysis on Your behalf regarding Qihoo Securities, the Securities of Qihoo's competitors, or the internet security industry, or (iii) who supplied You or anyone on Your behalf with information or recommendations, or with whom You or anyone on Your behalf communicated regarding any transactions or potential transactions in Qihoo Securities, including, with respect to each, the most recent resumes or curriculum vitae of all such Persons as of the dates of Your transactions in Qihoo Securities.

**RESPONSE TO REQUEST NO. 3:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents that are neither relevant to any party's claim or defense, nor proportional to the needs of the case, including its reference to "all agents, financial advisors, investment advisors, custodians, brokers, broker-dealers, managers, consultants, investment management firms, or any other Person," and to "Qihoo Securities, the Securities of Qihoo's competitors, or the internet security industry." Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome. Lead Plaintiff further objects to this Request insofar as it seeks documents

10

that are beyond Lead Plaintiff's possession, custody, or control. Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff refers to its productions showing its transactions in Qihoo Securities and states that it did not have any financial advisors, investment advisors, or consultants involved in the activities referenced in this Request.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications, without regard to any specified time period, regarding Your transactions in Qihoo Securities, including but not limited to Your trade ledger, trade confirmation slips, account statements, prospectuses, information provided by agents, financial advisors, investment advisors, custodians, brokers, broker-dealers, managers, consultants, investment management firms, or any other Person, marketing literature, any Documents showing the date, time, price, and/or quantity of any of Your acquisitions, purchases, sales, exchanges, and transfers of Qihoo Securities, and all Documents from and Communications with the service provider for Your brokerage account or accounts regarding Your transactions in Qihoo Securities.

**RESPONSE TO REQUEST NO. 4:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents that are neither relevant to any party's claim or defense, nor proportional to the needs of the case, including because it seeks documents that are not related to Qihoo or transactions in Qihoo securities,

11

including its request for Lead Plaintiff's "trade ledger" and "account statements." Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome. Lead Plaintiff further objects to this Request to the extent the discovery sought is unreasonably cumulative of the discovery sought in prior Document Requests. Lead Plaintiff further objects to this Request insofar as it seeks documents that are beyond Lead Plaintiff's possession, custody, or control.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff will perform a reasonable search for, and will produce, relevant, non-privileged documents in its possession, custody, or control that are sufficient to show its transactions in Qihoo Securities.

**REQUEST FOR PRODUCTION NO. 5:**

Any agreements You have or have had with agents, financial advisors, investment advisors, custodians, brokers, broker-dealers, managers, consultants, investment management firms, or any other Person to buy, sell, transact, hold, or manage Your shareholdings.

**RESPONSE TO REQUEST NO. 5:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects that this Request is overly broad, unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense, nor proportional to the needs of the case, including because it seeks documents that are not related to Qihoo or transactions in Qihoo securities. Lead Plaintiff further objects that the phrase "Your shareholdings" is vague and ambiguous in that it is unclear what specific shareholdings Defendants are interested in. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

12

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff refers to its response to Request No. 3 above and otherwise undertakes no obligation to search for or produce any documents pursuant to this Request.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications, without regard to any specified time period, that You or someone acting on Your behalf reviewed, considered, or relied on, in whole or in part, in connection with Your decision(s) to acquire, purchase, sell, exchange, or transfer Qihoo Securities, including but not limited to analysts' reports, newspaper articles, prospectuses, registration statements, annual, quarterly or other SEC filings or press releases filed or issued by any of the Defendants or Documents received from any agent, financial advisor, investment advisor, custodian, broker, broker-dealer, manager, consultant, investment management firm, or any other Person.

**RESPONSE TO REQUEST NO. 6:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including because reliance is established based on the presumption of reliance set out in *Basic Inc. v. Levinson*, 485 U.S. 224 (1988), among other legal bases for satisfying the element of reliance. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff will perform a reasonable search for, and will produce, relevant, non-privileged

13

documents in its possession, custody, or control that are responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications, including, but not limited to, any research or investigation You or someone acting on Your behalf conducted, any internal or external reporting that You prepared or received, or any Communications with investors, regarding (i) Qihoo; (ii) other internet security companies or the internet security industry generally; (iii) China; or (iv) Chinese companies that are or were listed on U.S. stock exchanges.

**RESPONSE TO REQUEST NO. 7:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects that this Request is overly broad and unduly burdensome, and seeks documents that are not relevant to this litigation and not proportional to the needs of this litigation, including because it seeks documents that are not related to Qihoo or transactions in Qihoo securities, including its request for documents regarding "other internet security companies or the internet security industry generally," "China," and "Chinese companies that are or were listed on U.S. stock exchanges." Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff will perform a reasonable search for, and will produce, relevant, non-privileged documents in its possession, custody, or control that are responsive to this Request as it relates to Qihoo. Lead Plaintiff undertakes no obligation to search for or produce any documents pursuant

14

to subparts (ii), (iii), and (iv) of this Request other than to the extent Lead Plaintiff has otherwise agreed to produce documents in response to other Requests.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications regarding any investment You considered, at any time, as an alternative to Your investment in Qihoo Securities, including, but not limited to Documents and Communications regarding Your Securities transactions in other internet security companies other than Qihoo Securities, including but not limited to trade confirmation slips, account statements, prospectuses, information provided by agents, financial advisors, investment advisors, custodians, brokers, broker-dealers, managers, consultants, investment management firms, or any other Person, marketing literature, and any Documents showing the date, time, price, and/or quantity of any of Your acquisitions, purchases, sales, exchanges, and transfers of those Securities or other financial investments.

**RESPONSE TO REQUEST NO. 8:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects that this Request is overbroad, unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case, including because it seeks documents that are not related to Qihoo or transactions in Qihoo securities, including its request for documents related to "transactions in other internet security companies other than Qihoo Securities." Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff undertakes no obligation to search for or produce any documents pursuant to this

15

Request other than to the extent Lead Plaintiff has agreed to produce documents in response to other Requests.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications, without regard to any specified time period, regarding Your research on, analysis of, or investment in the shares of any China-based companies that were delisted from a U.S.-based stock exchange and/or cross-listed or relisted on a China-based stock exchange, including, but not limited to Jumei International Holding Limited; WuXi PharmaTech (Cayman) Inc.; China Dangdang, Inc.; E-House (China) Holdings Limited; Shanda Games Limited; JA Solar Holdings Co., Ltd.; Alibaba Group Holding Limited; JD.com, Inc., Baidu, Inc., NetEase, Inc., and Weibo Corporation.

**RESPONSE TO REQUEST NO. 9:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects that this Request is overbroad, unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case, including because it seeks documents that are not related to Qihoo or transactions in Qihoo securities, including its request for documents related to "the shares of any China-based companies that were delisted from a U.S.-based stock exchange and/or cross-listed or relisted on a China-based stock exchange." Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff undertakes no obligation to search for or produce any documents pursuant to this Request other than to the extent Lead Plaintiff has agreed to produce documents in response to other Requests.

16

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications, without regard to any specified time period, regarding any difference in valuation between U.S.-listed and China-listed companies.

**RESPONSE TO REQUEST NO. 10:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects that this Request is overbroad, unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case because it seeks documents regarding "any difference in valuation between U.S.-listed and China-listed companies," without any reference to Qihoo. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome. Lead Plaintiff further objects to this Request to the extent that it seeks documents that are publicly available, found in the pleadings to this action, or are available to Defendants from another source that is more convenient, less burdensome, or less expensive. Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff will perform a reasonable search for, and will produce, relevant, non-privileged documents in its possession, custody, or control that are responsive to this Request as it pertains to Qihoo, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications regarding any investment portfolio that includes Qihoo Securities.

17

**RESPONSE TO REQUEST NO. 11:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects that this Request is overbroad and unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case, including because it seeks documents that are not related to Qihoo or transactions in Qihoo securities in that it requests "[a]ll Documents and Communications regarding any investment portfolio" that happens to include Qihoo Securities. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff undertakes no obligation to search for or produce any documents pursuant to this Request other than to the extent Lead Plaintiff has agreed to produce documents in response to other Requests.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents regarding any short or other positions You took in order to hedge Your exposure to Qihoo Securities, either directly or indirectly. For purposes of this Request, an "indirect" hedge means positions intended to hedge exposure to a group of companies or sector of companies of which Qihoo is a member.

**RESPONSE TO REQUEST NO. 12:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects that this Request is overbroad and unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case, including because it seeks documents that are not related to

18

Qihoo or transactions in Qihoo securities. Lead Plaintiff further objects to this Request on the grounds that the terms "hedge," "'indirect' hedge," and "group of companies or sector of companies of which Qihoo is a member" are vague and ambiguous. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff responds that, to the best of its knowledge, there are no non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents, including margin agreements, pledge agreements, and/or promissory notes, by which any Qihoo Securities were utilized by You, or by any Person You owned, controlled, had authority from, or were the beneficiary of, as security for any debt or obligation or by which any money was borrowed to purchase any Qihoo Securities.

**RESPONSE TO REQUEST NO. 13:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects that this Request is overbroad and unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Lead Plaintiff further objects that the terms "margin agreements," "pledge agreements," and "promissory notes" are vague and ambiguous. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff refers to its productions showing its transactions in Qihoo Securities and otherwise undertakes no obligation to search for or produce any documents pursuant to this Request.

19

**REQUEST FOR PRODUCTION NO. 14:**

All Documents and Communications, from January 1, 2015 through the present, regarding: (a) Your investment objectives and strategies; (b) risk analysis or risk evaluation with respect to the purchase, holding, or sale of Securities by or on behalf of You; (c) Your risk tolerance with respect to the purchase, holding or sale of Securities; (d) the use of risk consultants with respect to the purchase, holding, or sale of Securities by or on behalf of You; (e) any consultations You had with investment advisors or any other Person regarding Your investment objectives and strategies, and (f) Your investment philosophy or approach of any of Your investment advisors, including any sales brochures or pitch materials supplied or reviewed in the process by which You retained any such investment advisors.

**RESPONSE TO REQUEST NO. 14:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects that this Request is overbroad and unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case, including because it seeks documents that are not related to Qihoo or transactions in Qihoo securities. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff undertakes no obligation to search for or produce any documents pursuant to this Request other than to the extent Lead Plaintiff has agreed to produce documents in response to other Requests.

20

**REQUEST FOR PRODUCTION NO. 15:**

Without regard to any specified time period, the certificate, articles, agreement, partnership agreement, charter, constitution, bylaws, plan, initial information report, or similar Documents under which (i) You were formed or organized, (ii) which were in effect from January 1, 2015 through July 15, 2016, and (iii) under which You currently operate.

**RESPONSE TO REQUEST NO. 15:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects that this Request is not limited temporally, and/or seeks documents from time periods that are not relevant to the claims and defenses in this Action, and is therefore overly broad and unduly burdensome. Lead Plaintiff further objects that this Request is overbroad and unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case, including because it seeks documents that are not related to Qihoo or transactions in Qihoo securities. Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff undertakes no obligation to search for or produce any documents pursuant to this Request other than to the extent Lead Plaintiff has agreed to produce documents in response to other Requests.

**REQUEST FOR PRODUCTION NO. 16:**

Organizational charts of You, including, but not limited to, Documents sufficient to identify Your officers, board members, trustees, and administrative staff from January 1, 2015 through the present.

**RESPONSE TO REQUEST NO. 16:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects that this Request is overbroad and seeks documents that are neither relevant to any party's claim or defense, nor proportional to the needs of the case, insofar as it relates to Lead Plaintiff's "officers, board members, trustees, and administrative staff from January 1, 2015 through the present." Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

Subject to and without waiving the General Objections and Specific Objections herein, and without such production constituting a waiver of attorney-client privilege or work product protection, Lead Plaintiff will produce an organizational chart from the relevant time period.

**REQUEST FOR PRODUCTION NO. 17:**

Documents and Communications sufficient to identify the names of any and all mutual funds, index funds, exchange-traded funds, other financial investment(s), or any other portfolio-based financial investment through which You own or owned Qihoo Securities, as well as the policies, procedures, practices, guidelines, or criteria governing the makeup of those funds.

**RESPONSE TO REQUEST NO. 17:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects that this Request is overbroad and unduly burdensome and seeks documents and communications that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Lead Plaintiff further objects to this Request insofar as it seeks documents that are beyond Lead Plaintiff's possession, custody, or control. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

22

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff responds that, to the best of its knowledge, there are no non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents and Communications, without regard to any specified time period, regarding (i) Your decision to commence this Action or sue any Defendant, (ii) Your decision to apply to be lead plaintiff or to serve as a class representative in this Action; or (iii) compensation or benefits of any sort that You have received, will receive, or may receive in exchange for participating in any litigation matter, whether open or closed, including but not limited to this Action.

**RESPONSE TO REQUEST NO. 18:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome. Lead Plaintiff further objects to this Request to the extent that it seeks documents that are protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine, including documents that were prepared by Lead Counsel and/or any agent of Co-Lead Counsel during the course of investigating or litigating this Action. Lead Plaintiff further objects to the extent that this Request because it is overly broad and seeks documents that are not relevant to this litigation nor proportional to the needs of this litigation, because it seeks documents regarding "any litigation matter" other than this Action.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff refers to its Certifications, filed at ECF Nos. 12-3 and 169-1. In addition, without

such production constituting a waiver of attorney-client privilege or work product protection, Lead Plaintiff will produce its retainer agreement with its counsel in this action.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents and Communications, without regard to any specified time period, regarding any lawsuit, arbitration, or administrative proceeding in which You have been, are, or sought to be a party or class member, under any federal or state Securities laws or pursuant to any common law or statute, including any complaints, orders, rulings, or transcripts of any testimony previously given by You in depositions, trials, or otherwise.

**RESPONSE TO REQUEST NO. 19:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant, proportional to the needs of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, because it seeks documents that are not related to this Action. Lead Plaintiff further objects that this Request intends to harass. Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Lead Plaintiff further objects to this Request to the extent it seeks documents over an indefinite time period and to the extent it calls for information Lead Plaintiff has already disclosed in this Action. Lead Plaintiff further objects to this request to the extent it seeks information beyond that which is required to be disclosed by Lead Plaintiff in connection with its role as Lead Plaintiff under the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Lead Plaintiff further objects to this request to the extent it seeks materials beyond those available on the publicly accessible dockets of the court proceedings listed in its

24

amended Certification filed on July 10, 2023 (ECF No. 169-1). Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff states that it has already provided the information that Congress, in enacting the Private Securities Litigation Reform Act of 1995, deemed relevant, *see* ECF No. 169-1, and that Defendants may explore the information provided there as they wish.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents and Communications, without regard to any specified time period, regarding Your decision as to which law firm to retain to pursue Your claims against Defendants, including but not limited to any Documents and Communications regarding fees, expenses, the nature of the legal services, any potential recovery on Your behalf or on behalf of the class.

**RESPONSE TO REQUEST NO. 20:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome. Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Lead Plaintiff further objects to this Request on the grounds that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the General Objections and Specific Objections herein, and without such production constituting a waiver of attorney-client privilege or work product protection, Lead Plaintiff will produce its retainer agreement with its counsel in this action.

25

**REQUEST FOR PRODUCTION NO. 21:**

All Documents and Communications, without regard to any specified time period, regarding fee arrangements or agreements between You and any Person regarding the payment of attorneys' fees, costs, or expenses in this Action.

**RESPONSE TO REQUEST NO. 21:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome. Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Lead Plaintiff further objects to this Request on the grounds that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the General Objections and Specific Objections herein, and without such production constituting a waiver of attorney-client privilege or work product protection, Lead Plaintiff will produce its retainer agreement with its counsel in this action.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents and Communications, without regard to any specified time period, regarding portfolio monitoring or other similar services provided to You by any law firm with respect to Qihoo Securities.

**RESPONSE TO REQUEST NO. 22:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome. Lead Plaintiff further objects to this Request

26

insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Lead Plaintiff further objects to this Request on the grounds that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the General Objections and Specific Objections herein, and without such production constituting a waiver of attorney-client privilege or work product protection, Lead Plaintiff will produce its retainer agreement with its counsel in this action.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents and Communications, without regard to any specified time period, (i) between You and ODS Capital, or (ii) between You and any Person regarding Qihoo or the Action.

**RESPONSE TO REQUEST NO. 23:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Lead Plaintiff further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks documents that are neither relevant, proportional to the needs of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, because it seeks documents that are not related to this Action. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome. Lead Plaintiff further objects to this Request as vague and ambiguous in how its subparts relate to each other.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff will perform a reasonable search for, and will produce, relevant, non-privileged

27

documents in its possession, custody, or control regarding Qihoo or the Action that are responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications, without regard to any specified time period, concerning any lawsuit or civil, regulatory, administrative, or criminal proceeding or action: (a) that You filed, caused to be filed, or sought to file, in which You claimed or sought to be a representative of a class of Persons or in which You sued or sought to sue derivatively on behalf of a corporation; or (b) that You filed, caused to be filed, sought to file, or in which You participated that asserted claims for violations of Securities laws.

**RESPONSE TO REQUEST NO. 24:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks documents that are neither relevant, proportional to the needs of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, because it seeks documents that are not related to this Action. Lead Plaintiff further objects that this Request intends to harass. Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Lead Plaintiff further objects to this Request to the extent it seeks documents over an indefinite time period and to the extent it calls for information Lead Plaintiff has already disclosed in this Action. Lead Plaintiff further objects to this request to the extent it seeks information beyond that which is required to be disclosed by Lead Plaintiff in connection with its role as Lead Plaintiff under the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Lead Plaintiff further objects to this request to the extent it seeks materials

28

beyond those available on the publicly accessible dockets of the court proceedings listed in its amended Certification filed on July 10, 2023 (ECF No. 169-1). Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff states that it has already provided the information that Congress, in enacting the Private Securities Litigation Reform Act of 1995, deemed relevant, *see* ECF No. 169-1, and that Defendants may explore the information provided there as they wish.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and Communications, without regard to any specified time period, regarding: (a) any civil or criminal charges, complaints, proceedings, fines, disciplinary actions, decisions, or judgments filed, issued, or entered against You in any federal, state, or other court, in any arbitration, or by any governmental agency, any stock exchange, or any self-regulating association or organization that participates in the Securities industry; (b) any investigations of You by any governmental agency, any stock exchange, or any self-regulating association or organization that participates in the Securities industry; (c) any sanction imposed on You by any court or regulatory body; or (d) any lawsuit, arbitration, or administrative proceeding brought against You regarding alleged violations of state or federal law, common law, or statutory law, including but not limited to laws governing the purchase, investment, holding, or sale of Securities.

**RESPONSE TO REQUEST NO. 25:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks documents that are neither relevant, proportional to the needs of this litigation, nor reasonably calculated to lead to the discovery of admissible

29

evidence, because it seeks documents that are not related to this Action. Lead Plaintiff further objects that this Request intends to harass. Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Lead Plaintiff further objects to this Request to the extent it seeks documents over an indefinite time period and to the extent it calls for information Lead Plaintiff has already disclosed in this Action. Lead Plaintiff further objects to this request to the extent it seeks information beyond that which is required to be disclosed by Lead Plaintiff in connection with its role as Lead Plaintiff under the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Lead Plaintiff further objects to this request to the extent it seeks materials beyond those available on the publicly accessible dockets of the court proceedings listed in its amended Certification filed on July 10, 2023 (ECF No. 169-1). Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff undertakes no obligation to search for or produce any documents pursuant to this Request other than to the extent Lead Plaintiff has agreed to produce documents in response to other Requests.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications, without regard to any specified time period, regarding any transactions, business activities, Communications, or relationships (business or otherwise) between You and any of Your counsel in this Action or any other attorneys at the law firms of Pomerantz LLP or Labaton Sucharow LLP, including but not limited to all engagement letters between You and any law firm regarding this Action.

30

**RESPONSE TO REQUEST NO. 26:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome. Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the General Objections and Specific Objections herein, and without such production constituting a waiver of attorney-client privilege or work product protection, Lead Plaintiff will produce its retainer agreement with its counsel in this action.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents and Communications, without regard to any specified time period, regarding the alleged amount of loss or damage suffered by You or any other potential class member by reason of any matter alleged in the FAC and the Certification.

**RESPONSE TO REQUEST NO. 27:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome. Lead Plaintiff further objects to this Request on the grounds that it calls for a legal conclusion. Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Lead Plaintiff further objects to this Request to the extent that it prematurely seeks a class-wide computation of damages. Lead Plaintiff further objects to this Request to the extent it calls for the production of materials that are not discoverable under Federal Rule of Civil Procedure 26(b)(3).

31

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff will produce documents sufficient to show its transactions in Qihoo Securities. In addition, an expert report delineating damages will be produced at the appropriate time, in accordance with Rule 26(a)(2) of the Federal Rules of Civil Procedure and as ordered by the Court.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications, without regard to any specified time period, regarding Your discussions with or interviews of any current or former Qihoo employees, including, but not limited to, the individual identified as "CW1" in the FAC, conducted by You, anyone working on Your behalf, or Your counsel, including but not limited to all notes, memoranda, or other documentation of information that such witnesses provided.

**RESPONSE TO REQUEST NO. 28:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Lead Plaintiff further objects to this Request to the extent it seeks documents that are already in Defendants' possession, publicly available, or available to Defendants from another source that is more convenient, less burdensome, or less expensive. Lead Plaintiff further objects to this Request to the extent the discovery sought is unreasonably cumulative of the discovery sought in prior Document Requests. Lead Plaintiff further objects to this Request on the grounds that it seeks confidential and sensitive personal information even though there is not yet a protective order governing the disclosure of such information in place in this Action. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

32

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff states that it had no direct communications with the individual identified as "CW1" in the FAC or any other Qihoo employees. Any communications with such individuals were undertaken by counsel or those working at its direction, during the course of investigating the claims at issue and in furtherance of this litigation, and thus are protected from discovery by, among other things, the work product doctrine and similar privileges or protections.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents and Communications regarding Your reliance upon any allegedly false or misleading statements or omissions referenced in the FAC in purchasing Qihoo Securities.

**RESPONSE TO REQUEST NO. 29:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Lead Plaintiff further objects to this Request on the grounds that it calls for a legal conclusion. Lead Plaintiff further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including because reliance is established based on the presumption of reliance set out in *Basic Inc. v. Levinson*, 485 U.S. 224 (1988), among other legal bases for satisfying the element of reliance. Lead Plaintiff further objects to this Request to the extent that the documents requested are already in Defendants' possession, are publicly available, or are available to Defendants from another source that is more convenient, less burdensome, or less expensive. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

33

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff will perform a reasonable search for, and will produce, relevant, non-privileged documents in its possession, custody, or control that are responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents and Communications regarding Your allegations that any of the false or misleading statements or omissions by Defendants alleged in the FAC caused the losses or damage upon which You base Your claims.

**RESPONSE TO REQUEST NO. 30:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Lead Plaintiff further objects to this Request because it calls for a legal conclusion. Lead Plaintiff further objects to this Request because it is premature. Lead Plaintiff further objects to this Request to the extent it calls for the production of materials that are not discoverable under Federal Rule of Civil Procedure 26(b)(3). Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

Subject to and without waiving the General Objections and Specific Objections herein, an expert report delineating damages will be produced at the appropriate time, in accordance with Rule 26(a)(2) of the Federal Rules of Civil Procedure and as ordered by the Court.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents and Communications on which You intend to rely in connection with summary judgment, class certification, or trial in this Action.

34

**RESPONSE TO REQUEST NO. 31:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, work product doctrine, or other applicable protection. Lead Plaintiff further objects to this Request because it calls for a legal conclusion. Lead Plaintiff further objects to this Request because it is premature. Lead Plaintiff further objects to this Request because it calls for the production of information that is not in its possession, custody, or control. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff will produce an expert report in connection with its motion for class certification, as well as materials in connection with any motion for summary judgment and trial, in accordance with the Federal Rules of Civil Procedure, the Updated Civil Case Management Plan and Scheduling Order in place in this Action (ECF No. 178), and any subsequent case management plan or scheduling order that is ordered by the Court.

**REQUEST FOR PRODUCTION NO. 32:**

Documents sufficient to show Your attempts to mitigate Your alleged damages from the conduct alleged in the FAC and the Certification.

**RESPONSE TO REQUEST NO. 32:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Lead Plaintiff further objects to this Request because it calls for

35

a legal conclusion. Lead Plaintiff further objects to this Request on the grounds that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff will perform a reasonable search for, and will produce, relevant, non-privileged documents in its possession, custody, or control that are responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents and Communications referenced in drafting responses to or identified in response to any interrogatory propounded to You in connection with this Action or received in response to formal or informal discovery requests or subpoenas to any non-party to this Action in connection with this Action.

**RESPONSE TO REQUEST NO. 33:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects to this Request to the extent it seeks information already in Defendants' possession, custody, or control. Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff will perform a reasonable search for, and will produce, relevant, non-privileged documents in its possession, custody, or control that are responsive to this Request within a

36

reasonable time as they become available, consistent with the Federal Rules of Civil Procedure and Local Rules.

**REQUEST FOR PRODUCTION NO. 34:**

Documents sufficient to identify Your ten largest investors and the percentage share of Your outstanding equity or ownership interests that each such investor owns.

**RESPONSE TO REQUEST NO. 34:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects to this Request because it seeks information that is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff responds that, to the best of its knowledge, there are no non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents and Communications regarding any sale, transfer, assignment, participation, disposition, encumbrance upon, release, or waiver You made or considered making with respect to Your claims brought in this Action, including but not limited to the transfer of any claims from Altimeo Optimum to Altimeo Asset Management (*see* ECF No. 12-1) and from Altimeo Asset Management to MW Gestion (*see* ECF No. 138 n.1).

37

**RESPONSE TO REQUEST NO. 35:**

Lead Plaintiff incorporates its General Objections and Objections to Definitions and Instructions by reference. Lead Plaintiff further objects to this Request on the grounds that it seeks documents that are neither relevant, proportional to the needs of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, because it seeks documents that are from a time period that is not relevant to the claims or defenses in this action and that are irrelevant under Rule 25(c) of the Federal Rules of Civil Procedure. Lead Plaintiff further objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks "[a]ll Documents and Communications regarding any sale, transfer, assignment, participation, disposition, encumbrance upon, release, or waiver You made or considered making with respect to Your claims brought in this Action." Lead Plaintiff further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Lead Plaintiff further objects to this Request to the extent that it seeks documents that are publicly available and that have been referenced in the pleadings to this action (*see* ECF No. 12-1). Lead Plaintiff further objects to this Request insofar as it seeks documents that are not in Lead Plaintiff's possession, custody or control. Lead Plaintiff further objects that this Request is not limited temporally and is therefore overly broad and unduly burdensome.

Subject to and without waiving the General Objections and Specific Objections herein, Lead Plaintiff undertakes no obligation to search for or produce any documents pursuant to this Request other than to the extent Lead Plaintiff has agreed to produce documents in response to other Requests.

Dated: August 28, 2023             **POMERANTZ LLP**

*/s/ Michael Grunfeld*
Jeremy A. Lieberman
Michael Grunfeld
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email:  jalieberman@pomlaw.com
         mgrunfeld@pomlaw.com


*Lead Counsel for Lead Plaintiffs Altimeo*
*Asset Management and ODS Capital LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of August, 2023, I served the foregoing document, Lead Plaintiff Altimeo Asset Management's Responses and Objections to Defendants' Second Set of Requests for Production to Defendants, in accordance with the Federal Rules of Civil Procedure and the agreement of the parties, via email to all counsel of record.

*/s/ Michael Grunfeld*
Michael Grunfeld

40