**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALTIMEO ASSET MANAGEMENT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>QIHOO 360 TECHNOLOGY CO. LTD., HONGYI ZHOU, XIANGDONG QI and ERIC X. CHEN,<br><br>Defendants. | Case No. 1:19-cv-10067-PAE |

### [PROPOSED] ORDER CERTIFYING THE CLASS, APPOINTING CLASS REPRESENTATIVES, AND APPOINTING CLASS COUNSEL

The Court, having reviewed Plaintiffs' motion for class certification and all supporting and opposing papers thereon, and the Court finding that:

(a) under Rule 23(a)(1) of the Federal Rules of Civil Procedure ("Rule 23(a)(1)") the proposed Class is sufficiently numerous rendering joinder of all class members impracticable;

(b) under Rule 23(a)(2) there exist common questions of law and fact as to all class members, which include, *inter alia*: (i) whether Defendants' statements were materially false and misleading; (ii) whether the underlying misrepresentations and omissions were made with scienter; (iii) whether the price of Qihoo's ADS was artificially deflated during the Class Period; and (iv) whether Defendants' misrepresentations and omissions caused Class members to suffer economic losses;

(c) under Rule 23(a)(3) the claims and defenses of the proposed class representatives are typical of the claims and defenses of all class members in that: (1) the proposed representatives sold Qihoo's ADS during the Class Period; (2) the proposed representatives' claims, like those of

all other Class members, derive from the same legal theories and the same misrepresentations and omissions;

(d) under Rule 23(a)(4) the proposed class representatives have demonstrated that each of them will fairly and adequately protect the interests of the Class;

(e) under Rule 23(g) the proposed lead counsel for the Class, Pomerantz LLP, and additional counsel for Co-Lead Plaintiff ODS Capital LLC, Labaton Sucharow LLP, have demonstrated that they are experienced in prosecuting class actions of this nature and will adequately represent the interests of the Class;

(f) under Rule 23(b)(3) the questions of law or fact are common to the members of the class (*e.g.*, whether Defendants have violated the federal securities laws, and if so, the appropriate measure of damages) and predominate over any questions affecting only individual members;

(g) a class action is superior to other available methods for the fair and efficient adjudication of the controversy given the inherent similarity of each of the claims and defenses to be asserted in the action and the adequacy of the class representative; and

(h) it appearing to the Court that good cause has been shown,

IT IS HEREBY ORDERED THAT

1.      This case is certified as a class action pursuant to Rules 23(a) and 23(b)(3);

2.      The "Class" of plaintiffs is defined as follows: All owners and former owners of Qihoo ADS, who sold their Qihoo ADS and were damaged thereby, during the period from December 18, 2015 through July 15, 2016, inclusive.

3.      Excluded from the Class are Defendants; current and former officers and directors of Qihoo; members of their immediate families and their legal representatives, heirs, successors or assigns; and any entity in which Defendants have or had a controlling interest.

4.      Lead Plaintiffs Altimeo Asset Management and ODS Capital LLC are appointed as Class Representatives.

5.      Pomerantz LLP is appointed as Class Counsel for all purposes in this action and Labaton Sucharow LLP shall continue to serve as additional counsel for Co-Lead Plaintiff ODS Capital LLC.

**SO ORDERED.**

Dated: _____
        New York, New York

_____
HONORABLE PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK