**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ALTIMEO ASSET MANAGEMENT and ODS
CAPITAL LLC, *individually and on behalf of all others*
*similarly situated,* Plaintiffs,

-v-

QIHOO 360 TECHNOLOGY CO. LTD., HONGYI
ZHOU, XIANGDONG QI, and ERIC X. CHEN,
Defendants.

19 Civ. 10067 (PAE)

<u>STIPULATED</u>
<u>CONFIDENTIALITY</u>
<u>AGREEMENT AND</u>
<u>PROTECTIVE ORDER</u>

---

PAUL A. ENGELMAYER, District Judge:

WHEREAS, the parties to this action (collectively, the "Parties" and each individually, a

"Party")[1] request that this Court issue a protective order pursuant to the Federal Rule of Civil

Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive

information that they may need to disclose in connection with discovery in this action; and

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored

protective order governing the confidentiality of certain information in this action; and

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents,

servants, employees, and attorneys, as well as any other person in active concert or participation

with any of the foregoing and all other persons with actual notice of this Order, will adhere to the

following terms, upon risk of contempt:

---

[1] The "Parties" include Plaintiffs Altimeo Asset Management and ODS Capital LLC and
Defendants Qihoo 360 Technology Co. Ltd., Hongyi Zhou, and Eric X. Chen.  Defendant
Xiangdong Qi has not appeared in this action.

{00488377;10 }                                    1

1.      No person or entity subject to this Order may disclose "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a Party or person has designated as "Confidential" pursuant to this Order to any other person or entity except as permitted expressly by this Order.

2.      The Party or person producing or disclosing Discovery Material (each, a "Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

(a)      nonpublic financial information (including without limitation profitability reports or estimates, financial statements, tax returns, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, sale margins, transaction records, investments, and account information);

(b)      nonpublic information relating to ownership or control of any non-public company;

(c)      nonpublic business plans, product-development information, marketing plans, marketing studies or other sensitive nonpublic information concerning business or legal strategy or operations;

(d)      any information of a personal or intimate nature regarding any individual;

(e)      any information which is subject to or in good faith believed to be subject to limitations on disclosure pursuant to federal, state, or foreign data protection laws or other privacy obligations, including, without limitation, *Law of the People's Republic of China on Guarding State Secrets* (effective October 1, 2010), the *State Security Law of the People's Republic of China* (effective July 1, 2015), the *PRC Data Security Law* (effective September 1, 2021), the *Cybersecurity Law of the People's Republic of China* (effective

June 1, 2017), the *Measures for Security Assessment for Cross-border Data Transfer* (effective September 1, 2022), the *Personal Information Protection Law of the People's Republic of China* (effective November 1, 2021), and/or the *Securities Law of the People's Republic of China* (effective March 1, 2020);

(f)    any information which is otherwise prohibited from public disclosure pursuant to the laws of the country in which the information originated; or

(g)    any other category of information given confidential status by this Court after the date of this Order.

3.    The Producing Party or its counsel shall designate confidential portions of Discovery Material as Confidential by stamping or otherwise clearly marking as Confidential the protected portion in a manner that will not interfere with legibility or audibility.

4.    A Producing Party or its counsel may designate deposition exhibits, deposition transcripts, or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

5. The parties anticipate that Discovery Material in this matter could include foreign language documents. To the extent that any Party prepares a translation of any Discovery Material that the Producing Party designated as Confidential, such designation(s) shall also apply to the translation of the Discovery Material without need for any further action or notice by the Producing Party.

6. If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the Confidential designation within two (2) business days of providing such notice.

7. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

8. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel of record for this action, including any paralegal, clerical, contracted support personnel, or other assistant that such counsel employs and assigns to this matter;

(c)    outside vendors or service providers (such as litigation support service providers, copy-service providers, foreign language translators, and document-management consultants) that counsel hire and assign to this matter;

(d)    any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e)    as to any document, its author, its addressee, and any other person indicated on the face of the document or in its metadata as having received a copy;

(f)    any witness who counsel of record believes in good faith may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g)    any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h)    stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i)    this Court, including any appellate court, its support personnel, and court reporters.

9.    Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 8(d), 8(f), or 8(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms.  If counsel provides a copy of this Order to an individual as contemplated herein, counsel must retain each signed Non-Disclosure

Agreement, hold it in escrow, and produce it to opposing counsel upon request, either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10.     This Order binds the Parties and certain others to treat as Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential.

11.     In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. Any Party that seeks to file Confidential Discovery Material under seal must file an application in accordance with Rule 4(B) of this Court's Individual Rules of Practice in Civil Cases. The Parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

12.     Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 2(C) of this Court's Individual Rules and Practices in Civil Cases.

13.     Any Party who requests additional limits on disclosure may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with

particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Rule 2(C) of this Court's Individual Rules and Practices in Civil Cases.

14.    Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to the use of its own documents or information produced in this action.

15.    Nothing in this Order will prevent any Party from producing any Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 21 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

16.    Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17.    Within ninety (90) days of the final disposition of this action – including all appeals – all recipients of Confidential Discovery Material must use good faith efforts to either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof, except: (1) backup tapes or other disaster recovery systems that are routinely deleted or written over in accordance with an

{00488377;10 }                                                    7

established routine system maintenance practice; (2) documents that must be preserved as federal records or in compliance with other statutory, regulatory or legal authorities; or (3) communications between outside counsel for the recipient. In either event, by the 90-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product (including all emails attaching or referring to the Confidential Discovery Material), even if such materials contain or reference Confidential Discovery Material. Any such archival copies that contain or reference Confidential Discovery Material remain subject to this Order.

18.     This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed.

19.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED:

**LATHAM & WATKINS LLP LLP**

By:  /s/ *Eric F. Leon*

Eric F. Leon
Jason C. Hegt
Hanyu (Iris) Xie
1271 Avenue of the Americas
New York, New York 10020
(212) 906-1200
eric.leon@lw.com
jason.hegt@lw.com
iris.xie@lw.com

*Counsel for Defendants Qihoo 360 Technology Co. Ltd., Hongyi Zhou, and Eric Chen*

**POMERANTZ LLP**

By:  /s/ *Michael Grunfeld*

Jeremy A. Lieberman
Michael Grunfeld
600 Third Avenue, 20th floor
New York, NY 10016
212-661-1100
mgrunfeld@pomlaw.com
jalieberman@pomlaw.com

*Lead Counsel for Lead Plaintiffs*

**SO ORDERED.**

_____
Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York

{00488377;10 }                                    9

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALTIMEO ASSET MANAGEMENT and ODS CAPITAL LLC, *individually and on behalf of all others similarly situated,* Plaintiffs,<br><br>-v-<br><br>QIHOO 360 TECHNOLOGY CO. LTD., HONGYI ZHOU, XIANGDONG QI, and ERIC X. CHEN, Defendants. | 19 Civ. 10067 (PAE) |

### EXHIBIT A – CONFIDENTIALITY AGREEMENT

The undersigned, having been requested to assist in connection with Civil Action No. 19-CV-10067-PAE pending in the United States District Court for the Southern District of New York, hereby agrees as follows:

1.      I have read the Protective Order entered by the Court in this action and agree to abide by its terms.

2.      I agree that any discovery material or information designated as "CONFIDENTIAL" which I see, hear, or learn about in connection with this lawsuit, including documents and deposition transcripts, may be used solely for the purpose of this lawsuit and not for any other purpose. I agree not to disclose to any person any such discovery material or information designated as "CONFIDENTIAL" except as specifically authorized by the Protective Order.

3.      When this litigation is terminated. I agree to destroy or return to the party and lawyers whom I am assisting any discovery material and information designated as "CONFIDENTIAL" and to retain no copies of such materials.

Dated this ___ day of _____ 2022

_____

Signature

_____

Name

_____

Company