

**Michael Grunfeld**
Partner

**VIA CM-ECF**

November 21, 2023

Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re:   *Altimeo Asset Management v. Qihoo 360 Technology Co. Ltd., et al.*,
      No. 1:19-cv-10067-PAE (S.D.N.Y.)

Dear Judge Engelmayer:

We write on behalf of Lead Plaintiffs Altimeo Asset Management and ODS Capital LLC ("Plaintiffs") pursuant to Rule 2.C of the Court's Individual Rules and Practices in Civil Cases to request the Court compel Defendants to produce certain documents.

The parties are far along in agreeing on discovery parameters in response to Plaintiffs' document requests, but after several meet-and-confers, have reached an impasse on a critical issue. Among other document requests, Plaintiffs requested Qihoo's document productions and Court files (the "Cayman Documents") from the Cayman Islands appraisal suit that followed Qihoo's buyout ("Appraisal Action").[1] Defendants have refused to produce these documents unless Plaintiffs narrow their requests for discovery from other sources, thus holding other discovery captive and threatening to retrade on other productions Defendants otherwise view as appropriate.

It has been over 20 months since Plaintiffs first served document requests — and over 7 months since the Court denied Defendant Zhou's motion to dismiss. (ECF No. 145). Plaintiffs thus request that the Court direct Defendants to (a) promptly produce the Cayman Documents; and (b) either (i) collect documents for discovery consistent with Plaintiffs' proposal in Exhibit A that they made to Defendants on October 20, 2023, in an effort to compromise after many months of back-and-forth or (ii) provide a "hit report" for Plaintiffs' proposal with the instruction that production of the Cayman Documents does not provide a basis to limit the parameters of other discovery (other than to avoid duplication, as outlined herein). To be clear, Defendants have agreed to produce the 70,000 documents that they produced in the Appraisal Action.[2] They also have agreed to the discovery parameters in Exhibit A, except for objecting to them in combination with

---

[1] *See* Pls' Requests 1-3 of Pls' First Set of Requests for Production of Documents to Defendants Qihoo and Chen (Feb. 28, 2022) and Pls' First Set of Requests for Production of Documents to Defendant Zhou (July 27, 2023). (Exhibit B).
[2] Defendants have not yet stated whether they agree to produce the Court documents from the Appraisal Action, separate from their document productions in that case, but the same arguments apply to both sets of materials.

mgrunfeld@pomlaw.com

600 Third Avenue, New York, NY 10016  Main: 212.661.1100  Direct: 646.581.9994
NEW YORK • CHICAGO • LOS ANGELES • LONDON • PARIS • TEL AVIV
www.pomlaw.com

Page 2

production of the Cayman Documents and raising potential burden or overbreadth concerns as to specific search terms. Defendants' main objection is that they should not be required to produce both sets of materials. They very much should for the reasons explained below.

***Relevance of the Cayman Documents.*** This case is about Defendants' fraudulent denials of plans to relist Qihoo at a profit in disclosures about a buyout led by Qihoo's CEO. We know from the Appraisal Action that the Cayman Documents include evidence of Defendants' relisting plan, such as communications with financial firms and Chinese governmental agencies about those plans.[3] These documents undeniably strike to the core of the sustained claims in this action.

We also know that the Cayman Documents include extensive evidence relevant to Qihoo's valuation.[4] While the Court has rejected loss causation allegations premised on Qihoo's intrinsic value, the issue of valuation remains relevant to several issues, including Defendants' scienter (especially motive), materiality (given the "anticipated magnitude" of the relisting (ECF No. 88 at 12 (quoting *Basic Inc. v. Levinson*)), and statements concerning the fairness of the buyout. For example, Defendants are expected to argue the relisting plan was uncertain, and understanding their view of the upside of a relisting would be highly relevant to scienter. *See* ECF No. 145 (Zhou MTD Decision) at 33-34 n.15, 57 n.24 (describing Zhou's alleged "great private profit" and "economic self-interest" in "secret relisting plan" as supporting scienter and imputation to Qihoo).

In addition to Qihoo's document productions from the Appraisal Action, the Cayman Documents include Court filings, affidavits, judicial decisions, and expert reports. The Cayman Islands do not have a publicly accessible docketing systems and without this discovery plaintiffs will not be able to access this relevant information. Plaintiffs are entitled to review that record, which describes positions taken by Qihoo in a substantively related matter (which may be relevant to issues of estoppel or impeachment), and are relevant to assessing Defendants' Class-Period thoughts and actions. *See In re Scholastic Corp. Sec. Litig.*, 252 F.3d 63, 72 (2d Cir. 2001) (post-class period documents relevant to assessing class-period knowledge). Moreover, that record includes substantial evidence concerning Defendants' document preservation efforts for evidence from the Class Period, which is also a subject of Plaintiffs' document requests. *See* Amended Complaint (ECF No. 53) ¶¶ 142-51; Requests 29-31 from Plaintiffs' document requests (Ex. B).

While the Cayman Documents are so close in subject matter to this action that their reproduction should be a given, they do not alone provide fulsome discovery; while the fraudulent denial of the relisting plan and the Individual Defendants' scienter were discussed at length in the Appraisal Action because they strongly supported the petitioners' claims, they were not required

---

[3] This is shown by allegations Plaintiffs had previously proposed including in a second amended complaint. *E.g.*, ECF No. 157-1 ¶ 174 (pre-merger email from Defendant Qi to Chinese regulator with subject "Request for permission for 360's A-share relisting," stating that "Qihoo plans to relist" and a "domestic relisting is feasible"); ¶ 176 (pre-merger email from member of Buyer Group discussing Qihoo's valuation and the prospect of a backdoor relisting); ¶ 177 (email from investment bank with "a brief overview of a share listing through a reverse takeover").

[4] *E.g.*, ECF 157-1 ¶ 171 (email from Defendant Zhou concerning Qihoo's higher valuation); ¶ 174 (email from Defendant Qi concerning Qihoo's higher valuation expected in relisting); ¶¶ 176-77, 179 (emails concerning higher valuation in relisting); ¶¶ 172-223 (discussion of why Qihoo's valuation exceeded figures in published projections).

Page 3

elements of that case. Moreover, Plaintiffs are entitled to conduct independent discovery for their claims rather than being required to rely on the efforts of other parties in a different action. While the Cayman Documents are relevant to this case, many documents relevant here would likely not have been produced in the Appraisal Action. To the extent there is overlap between the Cayman Documents and Exhibit A, Plaintiffs agree to reasonable steps to avoid duplication.

***The Cayman Documents Should Be Produced.*** Defendants' assert that requests for a party to reproduce documents from another matter — *i.e.*, "clone discovery" — are improper. This is not the law; courts require such productions where the documents are relevant. *E.g.*, *Sticht v. Wells Fargo Bank, N.A.*, 2023 WL 2206641, at \*6 (D. Conn. Feb. 24, 2023) (requiring production of "clone discovery"); *Munoz v. PHH Corp.*, 2013 WL 684388, at \*6 (E.D. Cal. Feb. 22, 2013) ("relevancy of Plaintiffs' ['cloned discovery'] request far outweigh[ed] the minimal burden"); *Peterson v. Wright Med. Tech.*, 2013 WL 655527, at \*6 (C.D. Ill. Feb. 21, 2013) (similar); *Garner v. Amazon.co*, 2022 WL 16553158, at \*2 (W.D. Wash. Oct. 31, 2022) (similar). Plaintiffs are entitled to the entire set of Cayman Documents because they relate to a sufficiently similar subject matter to this action. *See Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. 2004) ("Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept.").

Plaintiffs are also entitled to review the Cayman Documents because Qihoo's positions — especially the extensive statements from Qihoo's Co-CFO (Alex Xu) — provide important information, which Plaintiffs may rely upon at summary judgment or trial and should be entitled to review with the benefit of the entire record in that matter.[5] Given the minimal burden of production, Plaintiffs should not be required to proceed hoping that other discovery will provide information that is already readily available, and should not be left in a position where Defendants may cherry pick or surprise them with other contextualizing documents of their choosing.

***The Cayman Documents Do Not Absolve Defendants of Their Discovery Obligations.*** Defendants argue that if they produce the Cayman Documents, they should trim the remainder of their discovery efforts in significant ways (such as by eschewing searches of key document custodians for the timeframe that overlaps with the Cayman production). This argument is flawed because there is no significant burden in producing the Cayman Documents; they have already been reviewed and produced, or are part of a readily accessible case file. Requiring Defendants to re-produce these documents cannot justify culling otherwise appropriate discovery.

Furthermore, there are approximately 70,000 documents that Qihoo produced in the Appraisal Action. Even on its face, this is hardly an extraordinary increase in burden in a securities class action with hundreds of millions of dollars in alleged damages. *Garner*, 2022 WL 16553158, at \*2 (rejecting defendants' burden arguments concerning review of over three million documents because the "claims and damages at issue" were "vast"); *Edwards v. McDermott Int'l, Inc.*, 2022 WL 1568279, at \*3 (S.D. Tex. May 18, 2022) (same as to review of 1.3 million documents, where "purported damages in [the] case are huge").

---

[5] *See e.g.*, ECF No. 157-1 ¶ 179 (Xu testifying about emails with Chinese regulator relevant to relisting plan).

Page 4

And Defendants' burden argument is far weaker still. First, Plaintiffs agreed Defendants may take steps to remove documents that fall within the parameters of Exhibit A if the documents are already being produced in the Cayman Documents (including de-duplication and removing search terms to the extent they completely overlap). Second, while Defendants have raised burden issues as to specific terms in Exhibit A, these protestations fall flat because even after many months, Defendants have not provided any information allowing Plaintiffs to assess that burden.

*Conclusion*. Defendants should be directed to produce the Cayman Documents in full. Additionally, due to Defendants' lengthy delay, they should be directed to either conduct the review outlined in Exhibit A or, within seven days, produce hit reports justifying any assertions of burden. The parties would then bring any remaining disputes as to the burden of those search terms to the Court as soon as practicable. The production of the Cayman Documents, however, should not be considered as part of Defendants' burden given the minimal effort required to re-produce the Cayman Documents, Defendants' ability to avoid duplication across the materials, and the narrowed parameters that Plaintiffs included in Exhibit A in an effort to compromise.

Respectfully submitted,

*/s/ Michael Grunfeld*
Michael Grunfeld

POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Email: mgrunfeld@pomlaw.com

***Lead Counsel for Co-Lead Plaintiffs Altimeo Asset Management and ODS Capital LLC***

*/s/ Carol C. Villegas*
Carol C. Villegas

LABATON SUCHAROW LLP
140 Broadway, 34th Floor
New York, NY 10005
Telephone: (212) 907-0700
Email: cvillegas@labaton.com

***Additional Counsel for Co-Lead Plaintiff ODS Capital LLC***

mgrunfeld@pomlaw.com

600 Third Avenue, New York, NY 10016  Main: 212.661.1100  Direct: 646.581.9994
NEW YORK • CHICAGO • LOS ANGELES • LONDON • PARIS • TEL AVIV
www.pomlaw.com