# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALTIMEO ASSET MANAGEMENT, Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>        v.<br><br>QIHOO 360 TECHNOLOGY CO. LTD., HONGYI ZHOU, XIANGDONG QI and ERIC X. CHEN,<br><br>          Defendants. | Case No. 1:19-cv-10067-PAE |

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANTS QIHOO 360 TECHNOLOGY CO. LTD AND ERIC X. CHEN**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Lead Plaintiffs

Altimeo Asset Management and ODS Capital LLC (collectively, "Lead Plaintiffs" or "Plaintiffs"),

by and through their undersigned counsel, hereby request that Defendants Qihoo 360 Technology

Co. Ltd. ("Qihoo" or the "Company") and Eric X. Chen ("Chen") produce for inspection all

Documents described below in accordance with the following definitions and instructions at the

offices of Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, New York 10016 within

thirty (30) days of the date of service or at such other location or on such other date as the parties

may agree or the Court may order.

## DEFINITIONS

1.     Except as set forth below, all capitalized terms have the same meaning as set forth

in the Complaint.

2.     "Action" refers to the above-captioned action.

3.      "All," "any," and "each" shall be each construed as encompassing all, any, and each.

4.      "Alleged Misstatements" mean, without limitation, misstatements regarding: (1) the intention not to Relist; (2) lack of viable alternatives to the Merger; (3) the fairness of the Merger; and (4) the reasons for the Merger, as described in Section V of the Complaint.

5.      "And" and "Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Document Requests all responses that might otherwise be construed to be outside their scope.

6.      "Buyer Group" refers to all investors in the group that purchased Qihoo in the Merger, Including the investors referenced in Section III.D (the "Buyer Group") of the Complaint. References to the Buyer Group in these Requests refer to the Buyer Group as a whole or any member of the Buyer Group.

7.      "Cayman Islands Appraisal Action" refers to the appraisal action brought in the Cayman Islands by Qihoo dissenting securityholders (Cause No.: FSD 129 of 2016 (IMJ)) or any proceedings related to that action.

8.      "Communication" and "Communications" are used in a comprehensive sense, and mean and include every conceivable manner or means of disclosure, transfer, transmittal, or exchange of oral, written, electronic, or other information, in the form of facts, ideas, inquiries, or otherwise, between or among one or more Persons or entities, and include, without limitation, all Documents, writings, correspondence, memoranda, messages, meetings, conversations, discussions, conferences, agreements, e-mails, or other transmittal of information, whether face-to-face, by telephone, by mail, by facsimile, by computer, or otherwise, and further include, without limitation, all forms of electronic Communications and messages.

2

9.    "Complaint" refers the Amended Class Action Complaint, filed on August 30, 2019 (ECF No. 53) in the Action.

10.    "¶ __" refers to paragraphs in the Complaint.

11.    "Concerning" means relating to, referring to, in connection with, pertaining to, describing, reflecting, discussing, analyzing, regarding, summarizing, evidencing, embodying, or constituting.

12.    "Date" means the exact day, month and year if ascertainable, or if not, the best approximation (Including relationship to other events).

13.    "Defendants" or "Defendant" means Qihoo and the Individual Defendants.

14.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), Including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term. The term "Document" further includes, but is not limited to, any and all forms of recorded information, whether handwritten, printed, typed, or otherwise visually reproduced, electronically recorded or orally recorded, Including all originals, revisions, and markups of drafts, and all files, Documents, databases, e-mails, and other data maintained in computer-readable form. The term "Document" specifically includes, but is not limited to: working papers, Communications, Including intra-company Communications; minutes and records of meetings; letters; facsimile transmissions; telegrams; telephone bills and records; cables; records; books; summaries or records of personal conversations or interviews; legal pleadings; affidavits; deposition transcripts; trial transcripts; forecasts; statistical statements; accountants' work papers; brochures; pamphlets; circulars; press releases; agreements; contracts; telephone messages, slips and logs; diary entries; electronic mail and messages of every kind; calendars; reports; evaluations; assessments; analyses;

3

test results; correspondence; memoranda; notes; video recordings of every kind; audio recordings of every kind; electronic recordings of every kind; drawings; graphics; graphs; maps; diagrams; charts; photographs; tables; indices; recordings; tapes; microfilms; reports of investigations; opinions or reports of consultants; data processing and computer printouts, tapes, disks, and data and information stored in computers or data processing equipment, together with programs and program documentation necessary to utilize or retrieve such data or information; all other mechanical or electronic means of storing or recording data or information; and any other data compilation from which information can be obtained and translated through detection devices into reasonably usable form.

15. "Employee" means any Person who at any time during the Relevant Period acted or purported to act on behalf of an entity, You, or another Person or Persons, Including all present and former officers, directors, executives, partners, principals, managers, staff personnel, accountants, agents, representatives, in-house attorneys, independent contractors, advisors, and consultants of such entity, Person or Persons.

16. "Identify," when referring to a Person, means to give, to the extent known, the Person's full name, present or last known address, and email address, and when referring to a natural Person, additionally, the present or last known place of employment.

17. "Identify," with respect to Communications, means to give, to the extent known, (a) a description of the substance of the Communication; (b) the form of the Communication (e.g., telephone, facsimile, email, etc.); (c) the identity of all parties to and/or present at the time of the Communication, as well as the full name, present or last known address, and the current or last known place of employment of each Person; (d) the identity of the Person who you contend initiated the Communication; and (e) the time, date and place of the Communication.

4

18. "Identify," when referring to Documents, means to give, to the extent known, the (i) type of Document; (ii) general subject matter; (iii) Date of the Document; and (iv) author(s), addressee(s) and recipient(s).

19. "Including" means including without limitation.

20. "Individual Defendants" means Hongyi Zhou, Xiangdong Qi, and Eric X. Chen.

21. "J.P. Morgan" means J.P. Morgan Securities (Asia Pacific) Limited or any other part of J.P. Morgan Chase & Co. that worked on the Merger.

22. "Lead Plaintiffs" or "Plaintiffs" mean Altimeo Asset Management and ODS Capital LLC.

23. "Person" refers to any natural person or any legal entity, Including, without limitation, any business or governmental entity or association.

24. "Policy" or "Policies" means policies, procedures, practices, guidelines, protocols, programs, or systems.

25. "Proxy Materials" mean, without limitation, all proxy materials and amendments relating to the Merger Including those published on January 11, 2016, February 8, 2016, February 26, 2016 and March 3, 2016.

26. "Qihoo" or "the Company" means Qihoo 360 Technology Co. Ltd. and all of its present and former officers, directors, committees, Employees, partners, corporate parents, predecessors, successors, subsidiaries, affiliates, divisions, branch offices, agents, representatives, and all other Persons acting, or purporting to act, on behalf of any of the foregoing.

27. "Relisting" or to "Relist" Qihoo means having Qihoo, or any part of Qihoo, relisted on a stock market outside of the United States.

28.    "Requests" means Lead Plaintiffs' requests for production of Documents and/or Communications.

29.    "SEC" means the U.S. Securities and Exchange Commission.

30.    "Special Committee" refers to the committee formed to advise Qihoo's Board about the Merger. The committee consisted of Defendant Eric X. Chen, Dr. Ming Huang and Dr. Jianwen Liao. For the avoidance of doubt, the Special Committee and Qihoo's Board of Directors are considered part of Qihoo for purposes of these requests.

31.    The "Merger" refers to the transaction which closed on July 15, 2016 and resulted in Qihoo becoming a privately held company.

32.    "You" or "Your" refers to the party responding to this demand for production and any present and former officers, directors, committees, Employees, partners, corporate parents, predecessors, successors, assigns, subsidiaries, affiliates, divisions, branch offices, agents, representatives, and all other Persons acting, or purporting to act, on behalf of any of the foregoing.

33.    The following rules of construction apply to all discovery requests:

a.    The use of the singular form of any word includes the plural and vice versa.

b.    The term "Including" shall be construed as "including but not limited to."

c.    The specificity of any Request or part of a Request shall not limit the generality of any other Request or part of a Request.

d.    Whenever necessary to bring within the scope of these Requests Documents that might otherwise be construed to be outside its scope, the use of a verb in any tense shall be construed as the use of that verb in all other tenses, and the use of the feminine, masculine or neutral genders shall include all genders.

6

## **INSTRUCTIONS**

1.    In producing Documents and other materials, You are requested to furnish all Documents or other materials in Your possession, custody or control or in the possession, custody or control of any of Your agents, representatives, Employees, accountants or attorneys, wherever those Documents might be located.

2.    These Requests are continuing in nature.  Under Rule 26(e) of the Federal Rules of Civil Procedure, You are required to supplement Your responses and produce additional Documents if You obtain further or different information, and Plaintiffs specifically reserve the right to seek supplementary production of Documents before trial.

3.    All Documents that exist in electronic format are to be produced in their native format, or in another mutually agreeable format that provides Plaintiffs with all metadata associated with such electronic Documents and allows Plaintiffs to search and organize such electronic Documents in a manner that is as effective and efficient as that enjoyed by the producing party.

4.    Provide all electronically stored information ("ESI") in the form and manner agreed upon by the parties to this Action for producing ESI in the ESI protocol that the parties are scheduled to prepare under the Case Management Plan in this Action.

5.    All Documents are to be produced as they are kept in the ordinary course of business or be organized and labeled to correspond to the categories in these Requests.

6.    If any Document was, but is no longer, in Your possession or subject to Your control, state whether it (a) is missing or lost, (b) has been destroyed, (c) has been transferred, voluntarily or involuntarily, to others, or (d) has been otherwise disposed of, and in each instance explain the circumstances of such disposition, and state the approximate Date thereof.

7

7.     Wherever You are asked to produce a Document which was formerly in Your possession, custody or control but has been lost or destroyed, You shall designate the type of document, (i.e., letter, report book, brochure, email, etc.) and state:

a)     information sufficient to enable Plaintiffs to Identify the Document, Including the title or subject heading Date, name(s) and address(es) of the author or signer(s) and Person(s) copied;

b)     the substance or content of the Document;

c)     the last known location of the Document;

d)     the Date on which the Document was lost or destroyed; and

e)     if destroyed, the circumstances of or reason for such destruction and the Persons requesting and performing such destruction.

8.     In the event You withhold any Document called for by these Requests on the basis of a claim of privilege or other right of nondisclosure, You shall comply with the procedure to be agreed upon by the parties to this Action in a protective order ("Protective Order") for handling claims of privilege or other right of nondisclosure when the parties meet and confer at a time to be agreed upon by the parties. If a portion of any Document or Communication responsive to these Requests is withheld under claim of privilege, any non-privileged portion of such Document or Communication must be provided.

9.     Notwithstanding the assertion of any privilege or other right of nondisclosure, any requested Document that You object to producing, but that nevertheless contains non-privileged information that is responsive to these Requests, must be produced, but that portion of the Document as to which the privilege or right of nondisclosure is asserted may be redacted in conformance with the Protective Order provided that such portion of the Document is marked

8

"redacted." Where any Document is produced in redacted form on the basis of such assertion, You shall Identify (i) the nature of the objection (Including work product protection) that is being claimed and (ii) otherwise follow the procedure in the Protective Order.

10. Wherever You assert that a Document is properly withheld from production for inspection or copying on the grounds of evidentiary privilege or immunity from discovery, You shall designate the type of Document (i.e., letter, report book, brochure, email, etc.) and state:

a) information sufficient to enable Plaintiffs to Identify the Document, Including: (i) the title or subject heading, (ii) Date, (iii) name(s) and address(es) of the author or signer(s), (iv) recipients, and (v) Person(s) copied;

b) the general subject matter dealt with in the Document with reasonable specificity; and

c) an explanation of the privilege asserted.

11. If an objection is made to any of these Requests, the response shall state whether Documents are being withheld from inspection and production on the basis of such objection, or whether inspection and production of the responsive Documents will occur notwithstanding such objection.

12. These Requests shall not be deemed to call for identical copies of Documents. "Identical" means precisely the same in all respects; for example, a document with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks. However, You shall not de-duplicate across custodians; if the same email, memo, letter or other document was received or maintained by more than one individual, You shall produce the same document for each and every individual from whom it was gathered.

9

13.    In producing Documents in connection with these Requests, each document to be produced should include all attachments and all enclosures referred to in the Documents or originally attached or enclosed with the document requested or to be produced.

14.    If any portion of a Document is considered responsive to any Request, the Request shall be construed as requesting production of the entire document, Including all attachments and enclosures, and in their original folder, binder, or other cover or container unless it is not possible to do so.  Whenever a Document or group of Documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or other container must be attached to the document.

15.    If You cannot respond to these Requests in full after exercising due diligence to secure the Documents requested, You shall so state and respond to the extent possible, specifying the nature of Your inability to respond to the remainder.

16.    If no Documents exist which are responsive to a particular Request, state this assertion in writing.

17.    In the case of any Document relating in any way to any meeting or conversation, all participants in the meeting or conversation are to be identified.

18.    Wherever You object that a request is overly broad, burdensome or oppressive, You shall state all facts demonstrating the nature of the burden.

19.    The singular shall be construed to include the plural, and the plural shall be construed to include the singular, as necessary, to bring within the scope of this demand for production any Documents that might otherwise be construed to be outside their scope.

20.    The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense, as necessary, to bring within the scope of this

10

demand for production any Documents that might otherwise be construed as outside their scope.

21.    These requests apply to materials written in any language. Materials that are responsive to these requests shall be produced regardless of what language the materials are written in.

## RELEVANT TIME PERIOD

Unless otherwise indicated, the time period covered by these Requests is from January 1, 2015 through December 31, 2018 (the "Relevant Time Period"). If, however, information generated prior to or after the Relevant Time Period is necessary for a correct or complete understanding of these Document Requests, the Documents shall be disclosed. To the extent any Request uses the phrase "at any time" or otherwise indicates that this time period does not apply, the Request is not limited by this time period. If any Document is undated and the Date of its preparation cannot be determined, the Document shall be disclosed if otherwise responsive to these Document Requests.

## DOCUMENT REQUESTS

1.    All Documents and Communications produced, whether formally or informally, in the Cayman Islands Appraisal Action.

2.    All Documents and Communications produced, whether formally or informally, in any appraisal efforts that did not result in the formal filing of an appraisal suit.

3.    All Documents and Communications created for, Concerning, prepared for or considered by any expert in, or presented in the Cayman Islands Appraisal Action or in any appraisal efforts that did not result in the formal filing of an appraisal suit.

4.    All Communications to or from the Individual Defendants, and all Documents and Communications where the Individual Defendants were cc'd or bcc'd, Concerning the allegations in the Complaint, Including the Alleged Misstatements.

5.    All Documents and Communications Concerning the Alleged Misstatements, or any other similar public statements, Including (1) the Company's and the Buyer Group's intention not to Relist; (2) the lack of viable alternatives to the Merger; (3) the fairness of the Merger; and (4) the Company's and the Buyer Group's reasons for the Merger. This Request Includes all Documents and Communications Concerning the preparation, review, editing, approval, modification, and/or distribution the Alleged Misstatements or any other similar public statements.

6.    All Documents and Communications Concerning Qihoo's Board of Directors' meetings, Including all board minutes, summaries, presentations, minutes, audio and video recordings, agendas, notes, and any Documents circulated in connection with such meetings.

7.    All Documents and Communications Concerning any plan, proposal, possibility, or negotiation to Relist Qihoo following completion of the Merger, Including Defendants' and the Buyer Group's plans, proposals, negotiations, or intentions for Relisting Qihoo following completion of the Merger.

8.    All Documents and Communications Concerning Defendants' knowledge or awareness of the items discussed in the prior Request.

9.    All Documents and Communications Concerning the Buyer Group, Including any member or potential member of the Buyer Group.

10.    All Documents and Communications Concerning the drafting and publication of the Proxy Materials with respect to any of the Alleged Misstatements.

11.    All Documents and Communications Concerning any alternatives to the Merger.

12

12. All Documents and Communications Concerning Qihoo's, Defendants', and the Buyer Group's decision to pursue the Merger.

13. All Documents and Communication Concerning the formation of the Special Committee.

14. All Documents provided to or received from, and Communications with, the Special Committee Concerning the Merger and the Alleged Misstatements, Including the Special Committee's evaluation of the fairness of the Merger.

15. All Documents and Communications Concerning any meeting of the Special Committee.

16. All Documents provided to or received from, and Communications with, J.P. Morgan Concerning the Merger and the Alleged Misstatements, Including J.P. Morgan's evaluation of the fairness of the Merger.

17. All Documents and Communications Concerning meetings of Qihoo's Public Relations department Concerning the Merger. This request Includes the mid-2015 Public Relations department meeting identified by CW 1, as described in ¶ 267 of the Complaint.

18. All Documents and Communications Concerning Qihoo's financial condition, Including quarterly and annual financial performance and budgets, assets, liabilities, cash flows, and revenue or any projections or forecasts Concerning Qihoo's financial condition, quarterly and annual financial performance and budgets, assets, liabilities, cash flows, and revenue.

19. All Documents and Communications Concerning Qihoo's 2025 financial projections that are referenced in the Cayman Islands Appraisal Action.

20. All Documents and Communications Concerning the valuation of Qihoo, Including all inputs and underlying data used to reach such valuation.

13

21.     All Documents and Communications with, provided to, or received from financiers for the Merger, Including China Merchants Bank.

22.     All Documents and Communications Concerning Qihoo's post-Merger transactions. This request includes, but is not limited to, all Documents and Communications Concerning:

    a.   any restructuring of Qihoo following the Merger or in preparation for Qihoo's post-Merger transactions;

    b.   Qihoo's preparation for any post-Merger transactions, Including the steps described in ¶¶ 108-09 of the Complaint.

23.     All Documents and Communications Concerning the merger of Qihoo, or any of Qihoo's businesses, into SJEC that was announced on November 2, 2017, in what the Complaint describes as a backdoor listing or reverse merger.

24.     All Documents and Communications Concerning the events that the Complaint describes as referenced in news articles, Including in Sections IV.G.1-2 and IV.G.5 of the Complaint. This request Includes, but is not limited to, all Documents and Communications Concerning:

    a.   Documents Concerning the Merger or the Relisting of Qihoo that are referenced in the November 12, 2015 *CN Stock* article that is referenced in ¶ 106 of the Complaint; the December 29, 2015 *Tencent Technology* article that is referenced in ¶ 110 of the Complaint; the August 3, 2016 *Caixin* article referenced in ¶ 113 of the Complaint; and the February 28, 2017 *Financial Times* article that referenced in ¶¶ 115 and 131-132 of the Complaint;

14

    b. Documents and Communications Concerning Qihoo's restructuring, Defendant Zhou's discussions Concerning potential shell companies for a Relisting, his requirements for participation in the Buyer Group, and his reasons for privatizing Qihoo, and as described in the August 16, 2016 *Netease* article and the August 22, 2016 *The Paper* article referenced in ¶¶ 118-23 and 132 of the Complaint; and

    c. Communication between Defendant Zhou and Chinese government officials and entities Concerning the plan for Qihoo to become a wholly Chinese company, as discussed in the August 16, 2016 *Netease* and November 6, 2017 *Pandaily* articles referenced in ¶¶ 124-28 and 132 of the Complaint.

25. All Documents and Communications Concerning Plaintiffs. This Request is not limited to the Relevant Time Period.

26. All Communications with former Employees Concerning this Action. This Request is not limited to the Relevant Time Period.

27. All Communications with any underwriter Concerning any of the allegations in the Complaint, Including any of the Alleged Misstatements.

28. All Documents and Communications Concerning any investigation, examination, audit, review or inquiry, whether formal or informal, of Qihoo, by any federal or state agency or stock exchange, Including the SEC, DOJ, U.S. Attorney, State Attorneys General, or by any Chinese government agency, Concerning any of the facts alleged in the Complaint. This request covers all Documents and Communications between Qihoo and the agencies and stock exchanges. For example, this Request covers all Documents and Communications Concerning comments from the SEC that are referenced in ¶¶ 81 and 234-40 of the Complaint. This Request is not limited to the Relevant Time Period.

15

29.    All Documents and Communications Concerning Your document destruction and retention policies or procedures during the Relevant Time Period, any document retention or destruction policy with respect to ESI (Including e-mail, text messages, instant messages, computer records, disk files or other electronic records) as well as handheld devices (smartphones, Blackberries, PDAs, etc.), and any actual, suggested or contemplated policy, program, procedure, instruction, direction or request Concerning the destruction, alteration, removal, concealment, non-disclosure, secrecy or confidentiality of any of the Documents requested herein.

30.    Documents sufficient to Identify or describe Qihoo's efforts to preserve and collect Documents relevant to this Action. This Request is not limited to the Relevant Time Period.

31.    All Documents and Communications Concerning Defendants' efforts to preserve and collect Documents in the Cayman Islands Appraisal Action. This Request is not limited to the Relevant Time Period.

32.    All Documents Concerning insurance contracts, Policies, or agreements that may provide coverage for any Defendant in connection with this Action, Including a possible judgment in this Action or indemnification or reimbursement for payments made to satisfy any such judgment, Including any payments made or amounts incurred on those contracts, Policies or agreements.

33.    Documents sufficient to Identify Qihoo's organizational structure and management hierarchy.

34.    All Documents Defendants intend to use to oppose or advance any claim or defense in the Action, Including:

     a.    all Documents that support any affirmative defense that Defendants include or plan to include in their Answer to the Complaint;

16

b.  all Documents Defendants intend to introduce as evidence in the Action;

c.  all Documents Defendants intend to use at any deposition or examination in the Action;

d.  all Documents Defendants intend to attach to any filing in the Action; and

e.  all Documents Defendants intend to use to oppose Plaintiffs' motion for class certification.

Dated: February 28, 2022

POMERANTZ LLP

By: *Michael Grunfeld*

Jeremy A. Lieberman
Michael Grunfeld
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: jalieberman@pomlaw.com
         mgrunfeld@pomlaw.com

*Counsel for Lead Plaintiffs Altimeo Asset Management and ODS Capital LLC*

LABATON SUCHAROW LLP
Carol C. Villegas
David J. Schwartz
Jake Bissell-Linsk
140 Broadway, 34th Floor
New York, NY 10005
Telephone: (212) 907-0700
Email: cvillegas@labaton.com
Email: dschwartz@labaton.com
Email: jbissell-linsk@labaton.com

*Additional Counsel for Lead Plaintiff ODS Capital LLC*

17

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of February, 2022, I served the attached document, Plaintiffs' First Set of Requests for Production of Documents to Defendants Qihoo and Chen, via electronic mail to counsel of record.

Michael Grunfeld

18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALTIMEO ASSET MANAGEMENT, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> QIHOO 360 TECHNOLOGY CO. LTD., HONGYI ZHOU, XIANGDONG QI and ERIC X. CHEN, <br><br> Defendants. | Case No. 1:19-cv-10067-PAE |

### PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT HONGYI ZHOU

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Lead Plaintiffs Altimeo Asset Management and ODS Capital LLC (collectively, "Lead Plaintiffs" or "Plaintiffs"), by and through their undersigned counsel, hereby request that Defendant Hongyi Zhou ("Zhou") produces for inspection all Documents described below in accordance with the following definitions and instructions at the offices of Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, New York 10016 within thirty (30) days of the date of service or at such other location or on such other date as the parties may agree or the Court may order.

### DEFINITIONS

1. Except as set forth below, all capitalized terms have the same meaning as set forth in the Complaint.

2. "Action" refers to the above-captioned action.

3. "All," "any," and "each" shall be each construed as encompassing all, any, and each.

4.    "Alleged Misstatements" mean, without limitation, misstatements regarding: (1) the intention not to Relist; (2) the fairness of the Merger; and (3) the reasons for the Merger, as described in Section V of the Complaint.

5.    "And" and "Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Document Requests all responses that might otherwise be construed to be outside their scope.

6.    "Buyer Group" refers to all investors in the group that purchased Qihoo in the Merger, Including the investors referenced in Section III.D (the "Buyer Group") of the Complaint. References to the Buyer Group in these Requests refer to the Buyer Group as a whole or any member of the Buyer Group.

7.    "Cayman Islands Appraisal Action" refers to the appraisal action brought in the Cayman Islands by Qihoo dissenting securityholders (Cause No.: FSD 129 of 2016 (IMJ)) or any proceedings related to that action.

8.    "Communication" and "Communications" are used in a comprehensive sense, and mean and include every conceivable manner or means of disclosure, transfer, transmittal, or exchange of oral, written, electronic, or other information, in the form of facts, ideas, inquiries, or otherwise, between or among one or more Persons or entities, and include, without limitation, all Documents, writings, correspondence, memoranda, messages, meetings, conversations, discussions, conferences, agreements, e-mails, or other transmittal of information, whether face-to-face, by telephone, by mail, by facsimile, by computer, or otherwise, and further include, without limitation, all forms of electronic Communications and messages.

9.    "Complaint" refers the Amended Class Action Complaint, filed on August 30, 2019 (ECF No. 53) in the Action.

10.    "¶ __" refers to paragraphs in the Complaint.

11.    "Concerning" means relating to, referring to, in connection with, pertaining to, describing, reflecting, discussing, analyzing, regarding, summarizing, evidencing, embodying, or constituting.

12.    "Date" means the exact day, month and year if ascertainable, or if not, the best approximation (Including relationship to other events).

13.    "Defendants" or "Defendant" means Qihoo and the Individual Defendants.

14.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), Including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term. The term "Document" further includes, but is not limited to, any and all forms of recorded information, whether handwritten, printed, typed, or otherwise visually reproduced, electronically recorded or orally recorded, Including all originals, revisions, and markups of drafts, and all files, Documents, databases, e-mails, and other data maintained in computer-readable form. The term "Document" specifically includes, but is not limited to: working papers, Communications, Including intra-company Communications; minutes and records of meetings; letters; facsimile transmissions; telegrams; telephone bills and records; cables; records; books; summaries or records of personal conversations or interviews; legal pleadings; affidavits; deposition transcripts; trial transcripts; forecasts; statistical statements; accountants' work papers; brochures; pamphlets; circulars; press releases; agreements; contracts; telephone messages, slips and logs; diary entries; electronic mail and messages of every kind; calendars; reports; evaluations; assessments; analyses; test results; correspondence; memoranda; notes; video recordings of every kind; audio recordings of every kind; electronic recordings of every kind; drawings; graphics; graphs; maps; diagrams;

3

charts; photographs; tables; indices; recordings; tapes; microfilms; reports of investigations; opinions or reports of consultants; data processing and computer printouts, tapes, disks, and data and information stored in computers or data processing equipment, together with programs and program documentation necessary to utilize or retrieve such data or information; all other mechanical or electronic means of storing or recording data or information; and any other data compilation from which information can be obtained and translated through detection devices into reasonably usable form.

15. "Employee" means any Person who at any time during the Relevant Period acted or purported to act on behalf of an entity, You, or another Person or Persons, Including all present and former officers, directors, executives, partners, principals, managers, staff personnel, accountants, agents, representatives, in-house attorneys, independent contractors, advisors, and consultants of such entity, Person or Persons.

16. "Identify," when referring to a Person, means to give, to the extent known, the Person's full name, present or last known address, and email address, and when referring to a natural Person, additionally, the present or last known place of employment.

17. "Identify," with respect to Communications, means to give, to the extent known, (a) a description of the substance of the Communication; (b) the form of the Communication (e.g., telephone, facsimile, email, etc.); (c) the identity of all parties to and/or present at the time of the Communication, as well as the full name, present or last known address, and the current or last known place of employment of each Person; (d) the identity of the Person who you contend initiated the Communication; and (e) the time, date and place of the Communication.

4

18.    "Identify," when referring to Documents, means to give, to the extent known, the (i) type of Document; (ii) general subject matter; (iii) Date of the Document; and (iv) author(s), addressee(s) and recipient(s).

19.    "Including" means including without limitation.

20.    "Individual Defendants" means Hongyi Zhou, Xiangdong Qi, and Eric X. Chen.

21.    "J.P. Morgan" means J.P. Morgan Securities (Asia Pacific) Limited or any other part of J.P. Morgan Chase & Co. that worked on the Merger.

22.    "Lead Plaintiffs" or "Plaintiffs" mean Altimeo Asset Management and ODS Capital LLC.

23.    "Person" refers to any natural person or any legal entity, Including, without limitation, any business or governmental entity or association.

24.    "Policy" or "Policies" means policies, procedures, practices, guidelines, protocols, programs, or systems.

25.    "Proxy Materials" mean, without limitation, all proxy materials and amendments relating to the Merger Including those published on January 11, 2016, February 8, 2016, February 26, 2016 and March 3, 2016.

26.    "Qihoo" or "the Company" means Qihoo 360 Technology Co. Ltd. and all of its present and former officers, directors, committees, Employees, partners, corporate parents, predecessors, successors, subsidiaries, affiliates, divisions, branch offices, agents, representatives, and all other Persons acting, or purporting to act, on behalf of any of the foregoing.

27.    "Relisting" or to "Relist" Qihoo means having Qihoo, or any part of Qihoo, relisted on a stock market outside of the United States.

28. "Requests" means Lead Plaintiffs' requests for production of Documents and/or Communications.

29. "SEC" means the U.S. Securities and Exchange Commission.

30. "Special Committee" refers to the committee formed to advise Qihoo's Board about the Merger. The committee consisted of Defendant Eric X. Chen, Dr. Ming Huang and Dr. Jianwen Liao. For the avoidance of doubt, the Special Committee and Qihoo's Board of Directors are considered part of Qihoo for purposes of these requests.

31. The "Merger" refers to the transaction which closed on July 15, 2016 and resulted in Qihoo becoming a privately held company.

32. "You" or "Your" refers to the party responding to this demand for production and any other Persons or entities (including any present and former officers, directors, committees, Employees, partners, corporate parents, predecessors, successors, assigns, subsidiaries, affiliates, divisions, branch offices, agents, or representatives) acting, or purporting to act, on Your behalf.

33. The following rules of construction apply to all discovery requests:

a. The use of the singular form of any word includes the plural and vice versa.

b. The term "Including" shall be construed as "including but not limited to."

c. The specificity of any Request or part of a Request shall not limit the generality of any other Request or part of a Request.

d. Whenever necessary to bring within the scope of these Requests Documents that might otherwise be construed to be outside its scope, the use of a verb in any tense shall be construed as the use of that verb in all other tenses, and the use of the feminine, masculine or neutral genders shall include all genders.

## **INSTRUCTIONS**

1.      In producing Documents and other materials, You are requested to furnish all Documents or other materials in Your possession, custody or control or in the possession, custody or control of any of Your agents, representatives, Employees, accountants or attorneys, wherever those Documents might be located.

2.      These Requests are continuing in nature.  Under Rule 26(e) of the Federal Rules of Civil Procedure, You are required to supplement Your responses and produce additional Documents if You obtain further or different information, and Plaintiffs specifically reserve the right to seek supplementary production of Documents before trial.

3.      All Documents that exist in electronic format are to be produced in their native format, or in another mutually agreeable format that provides Plaintiffs with all metadata associated with such electronic Documents and allows Plaintiffs to search and organize such electronic Documents in a manner that is as effective and efficient as that enjoyed by the producing party.

4.      Provide all electronically stored information ("ESI") in the form and manner agreed upon by the parties to this Action for producing ESI in the ESI protocol that the parties are scheduled to prepare under the Case Management Plan in this Action.

5.      All Documents are to be produced as they are kept in the ordinary course of business or be organized and labeled to correspond to the categories in these Requests.

6.      If any Document was, but is no longer, in Your possession or subject to Your control, state whether it (a) is missing or lost, (b) has been destroyed, (c) has been transferred, voluntarily or involuntarily, to others, or (d) has been otherwise disposed of, and in each instance explain the circumstances of such disposition, and state the approximate Date thereof.

7.    Wherever You are asked to produce a Document which was formerly in Your possession, custody or control but has been lost or destroyed, You shall designate the type of document, (i.e., letter, report book, brochure, email, etc.) and state:

a)    information sufficient to enable Plaintiffs to Identify the Document, Including the title or subject heading Date, name(s) and address(es) of the author or signer(s) and Person(s) copied;

b)    the substance or content of the Document;

c)    the last known location of the Document;

d)    the Date on which the Document was lost or destroyed; and

e)    if destroyed, the circumstances of or reason for such destruction and the Persons requesting and performing such destruction.

8.    In the event You withhold any Document called for by these Requests on the basis of a claim of privilege or other right of nondisclosure, You shall comply with the procedure to be agreed upon by the parties to this Action in a protective order ("Protective Order") for handling claims of privilege or other right of nondisclosure when the parties meet and confer at a time to be agreed upon by the parties. If a portion of any Document or Communication responsive to these Requests is withheld under claim of privilege, any non-privileged portion of such Document or Communication must be provided.

9.    Notwithstanding the assertion of any privilege or other right of nondisclosure, any requested Document that You object to producing, but that nevertheless contains non-privileged information that is responsive to these Requests, must be produced, but that portion of the Document as to which the privilege or right of nondisclosure is asserted may be redacted in conformance with the Protective Order provided that such portion of the Document is marked

8

"redacted." Where any Document is produced in redacted form on the basis of such assertion, You shall Identify (i) the nature of the objection (Including work product protection) that is being claimed and (ii) otherwise follow the procedure in the Protective Order.

10. Wherever You assert that a Document is properly withheld from production for inspection or copying on the grounds of evidentiary privilege or immunity from discovery, You shall designate the type of Document (i.e., letter, report book, brochure, email, etc.) and state:

    a) information sufficient to enable Plaintiffs to Identify the Document, Including: (i) the title or subject heading, (ii) Date, (iii) name(s) and address(es) of the author or signer(s), (iv) recipients, and (v) Person(s) copied;

    b) the general subject matter dealt with in the Document with reasonable specificity; and

    c) an explanation of the privilege asserted.

11. If an objection is made to any of these Requests, the response shall state whether Documents are being withheld from inspection and production on the basis of such objection, or whether inspection and production of the responsive Documents will occur notwithstanding such objection.

12. These Requests shall not be deemed to call for identical copies of Documents. "Identical" means precisely the same in all respects; for example, a document with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks. However, You shall not de-duplicate across custodians; if the same email, memo, letter or other document was received or maintained by more than one individual, You shall produce the same document for each and every individual from whom it was gathered.

9

13.    In producing Documents in connection with these Requests, each document to be produced should include all attachments and all enclosures referred to in the Documents or originally attached or enclosed with the document requested or to be produced.

14.    If any portion of a Document is considered responsive to any Request, the Request shall be construed as requesting production of the entire document, Including all attachments and enclosures, and in their original folder, binder, or other cover or container unless it is not possible to do so.  Whenever a Document or group of Documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or other container must be attached to the document.

15.    If You cannot respond to these Requests in full after exercising due diligence to secure the Documents requested, You shall so state and respond to the extent possible, specifying the nature of Your inability to respond to the remainder.

16.    If no Documents exist which are responsive to a particular Request, state this assertion in writing.

17.    In the case of any Document relating in any way to any meeting or conversation, all participants in the meeting or conversation are to be identified.

18.    Wherever You object that a request is overly broad, burdensome or oppressive, You shall state all facts demonstrating the nature of the burden.

19.    The singular shall be construed to include the plural, and the plural shall be construed to include the singular, as necessary, to bring within the scope of this demand for production any Documents that might otherwise be construed to be outside their scope.

20.    The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense, as necessary, to bring within the scope of this

demand for production any Documents that might otherwise be construed as outside their scope.

21.     These requests apply to materials written in any language. Materials that are responsive to these requests shall be produced regardless of what language the materials are written in.

## RELEVANT TIME PERIOD

Unless otherwise indicated, the time period covered by these Requests is from January 1, 2015 through December 31, 2018 (the "Relevant Time Period"). If, however, information generated prior to or after the Relevant Time Period is necessary for a correct or complete understanding of these Document Requests, the Documents shall be disclosed. To the extent any Request uses the phrase "at any time" or otherwise indicates that this time period does not apply, the Request is not limited by this time period. If any Document is undated and the Date of its preparation cannot be determined, the Document shall be disclosed if otherwise responsive to these Document Requests.

## DOCUMENT REQUESTS

1.     All Documents and Communications produced, whether formally or informally, in the Cayman Islands Appraisal Action.

2.     All Documents and Communications produced, whether formally or informally, in any appraisal efforts that did not result in the formal filing of an appraisal suit.

3.     All Documents and Communications created for, Concerning, prepared for or considered by any expert in, or presented in the Cayman Islands Appraisal Action or in any appraisal efforts that did not result in the formal filing of an appraisal suit.

4.     All Communications to or from the Individual Defendants, and all Documents and Communications where the Individual Defendants were cc'd or bcc'd, Concerning the allegations in the Complaint that remain in the case, Including the Alleged Misstatements.

5.     All Documents and Communications Concerning the Alleged Misstatements, or any other similar public statements, Including (1) the Company's and the Buyer Group's intention not to Relist; (2) the fairness of the Merger; and (3) the Company's and the Buyer Group's reasons for the Merger. This Request Includes all Documents and Communications Concerning the preparation, review, editing, approval, modification, and/or distribution the Alleged Misstatements or any other similar public statements.

6.     All Documents and Communications Concerning Qihoo's Board of Directors' meetings, Including all board minutes, summaries, presentations, minutes, audio and video recordings, agendas, notes, and any Documents circulated in connection with such meetings.

7.     All Documents and Communications Concerning any plan, proposal, possibility, or negotiation to Relist Qihoo following completion of the Merger, Including Defendants' and the Buyer Group's plans, proposals, negotiations, or intentions for Relisting Qihoo following completion of the Merger.

8.     All Documents and Communications Concerning Defendants' knowledge or awareness of the items discussed in the prior Request.

9.     All Documents and Communications Concerning the Buyer Group, Including any member or potential member of the Buyer Group.

10.     All Documents and Communications Concerning the drafting and publication of the Proxy Materials with respect to any of the Alleged Misstatements.

11. All Documents and Communications Concerning any alternatives to the Merger insofar as they relate to the allegations in the Complaint that remain in the case.

12. All Documents and Communications Concerning Qihoo's, Defendants', and the Buyer Group's decision to pursue the Merger.

13. All Documents and Communication Concerning the formation of the Special Committee.

14. All Documents provided to or received from, and Communications with, the Special Committee Concerning the Merger and the Alleged Misstatements, Including the Special Committee's evaluation of the fairness of the Merger.

15. All Documents and Communications Concerning any meeting of the Special Committee.

16. All Documents provided to or received from, and Communications with, J.P. Morgan Concerning the Merger and the Alleged Misstatements, Including J.P. Morgan's evaluation of the fairness of the Merger.

17. All Documents and Communications Concerning meetings of Qihoo's Public Relations department Concerning the Merger. This request Includes the mid-2015 Public Relations department meeting identified by CW 1, as described in ¶ 267 of the Complaint.

18. All Documents and Communications Concerning Qihoo's financial condition insofar as they relate to the allegations in the Complaint that remain in the case, Including quarterly and annual financial performance and budgets, assets, liabilities, cash flows, and revenue or any projections or forecasts Concerning Qihoo's financial condition, quarterly and annual financial performance and budgets, assets, liabilities, cash flows, and revenue.

13

19.    All Documents and Communications Concerning Qihoo's 2025 financial projections that are referenced in the Cayman Islands Appraisal Action insofar as they relate to the allegations in the Complaint that remain in the case.

20.    All Documents and Communications Concerning the valuation of Qihoo insofar as they relate to the allegations in the Complaint that remain in the case, Including all inputs and underlying data used to reach such valuation.

21.    All Documents and Communications with, provided to, or received from financiers for the Merger insofar as they relate to the allegations in the Complaint that remain in the case, Including China Merchants Bank.

22.    All Documents and Communications Concerning Qihoo's post-Merger transactions. This request includes, but is not limited to, all Documents and Communications Concerning:

   a.    any restructuring of Qihoo following the Merger or in preparation for Qihoo's post-Merger transactions;

   b.    Qihoo's preparation for any post-Merger transactions, Including the steps described in ¶¶ 108-09 of the Complaint.

23.    All Documents and Communications Concerning the merger of Qihoo, or any of Qihoo's businesses, into SJEC that was announced on November 2, 2017, in what the Complaint describes as a backdoor listing or reverse merger.

24.    All Documents and Communications Concerning the events that the Complaint describes as referenced in news articles, Including in Sections IV.G.1-2 and IV.G.5 of the Complaint. This request Includes, but is not limited to, all Documents and Communications Concerning:

14

a. Documents Concerning the Merger or the Relisting of Qihoo that are referenced in the November 12, 2015 *CN Stock* article that is referenced in ¶ 106 of the Complaint; the December 29, 2015 *Tencent Technology* article that is referenced in ¶ 110 of the Complaint; the August 3, 2016 *Caixin* article referenced in ¶ 113 of the Complaint; and the February 28, 2017 *Financial Times* article that referenced in ¶¶ 115 and 131-132 of the Complaint;

b. Documents and Communications Concerning Qihoo's restructuring, Your discussions Concerning potential shell companies for a Relisting, Your requirements for participation in the Buyer Group, and Your reasons for privatizing Qihoo, and as described in the August 16, 2016 *Netease* article and the August 22, 2016 *The Paper* article referenced in ¶¶ 118-23 and 132 of the Complaint; and

c. Communication between You and Chinese government officials and entities Concerning the plan for Qihoo to become a wholly Chinese company, as discussed in the August 16, 2016 *Netease* and November 6, 2017 *Pandaily* articles referenced in ¶¶ 124-28 and 132 of the Complaint.

25.    All Documents and Communications Concerning Plaintiffs. This Request is not limited to the Relevant Time Period.

26.    All Communications with former Employees Concerning this Action. This Request is not limited to the Relevant Time Period.

27.    All Communications with any underwriter Concerning any of the allegations in the Complaint, Including any of the Alleged Misstatements.

28.    All Documents and Communications Concerning any investigation, examination, audit, review or inquiry, whether formal or informal, of Qihoo, by any federal or state agency or

15

stock exchange, Including the SEC, DOJ, U.S. Attorney, State Attorneys General, or by any Chinese government agency, Concerning any of the facts alleged in the Complaint. This request covers all Documents and Communications between Qihoo and the agencies and stock exchanges. For example, this Request covers all Documents and Communications Concerning comments from the SEC that are referenced in ¶¶ 81 and 234-40 of the Complaint. This Request is not limited to the Relevant Time Period.

29.    All Documents and Communications Concerning Qihoo's or Your document destruction and retention policies or procedures during the Relevant Time Period, any document retention or destruction policy with respect to ESI (Including e-mail, text messages, instant messages, computer records, disk files or other electronic records) as well as handheld devices (smartphones, Blackberries, PDAs, etc.), and any actual, suggested or contemplated policy, program, procedure, instruction, direction or request Concerning the destruction, alteration, removal, concealment, non-disclosure, secrecy or confidentiality of any of the Documents requested herein.

30.    Documents sufficient to Identify or describe Qihoo's or Your efforts to preserve and collect Documents relevant to this Action.  This Request is not limited to the Relevant Time Period.

31.    All Documents and Communications Concerning Defendants' efforts to preserve and collect Documents in the Cayman Islands Appraisal Action.  This Request is not limited to the Relevant Time Period.

32.    All Documents Concerning insurance contracts, Policies, or agreements that may provide coverage for any Defendant in connection with this Action, Including a possible judgment in this Action or indemnification or reimbursement for payments made to satisfy any such

judgment, Including any payments made or amounts incurred on those contracts, Policies or agreements.

33.    Documents sufficient to Identify Qihoo's organizational structure and management hierarchy.

34.    All Documents Defendants intend to use to oppose or advance any claim or defense in the Action, Including:

      a.    all Documents that support any affirmative defense that Defendants included, or that You plan to include, in their or Your Answer to the Complaint;

      b.    all Documents Defendants intend to introduce as evidence in the Action;

      c.    all Documents Defendants intend to use at any deposition or examination in the Action;

      d.    all Documents Defendants intend to attach to any filing in the Action; and

      e.    all Documents Defendants intend to use to oppose Plaintiffs' motion for class certification.

Dated: July 27, 2023

POMERANTZ LLP

By:_____
Jeremy A. Lieberman
Michael Grunfeld
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: jalieberman@pomlaw.com
        mgrunfeld@pomlaw.com

*Counsel for Lead Plaintiffs Altimeo Asset Management and ODS Capital LLC*

LABATON SUCHAROW LLP
Carol C. Villegas
David J. Schwartz

17

Jake Bissell-Linsk
140 Broadway, 34th Floor
New York, NY 10005
Telephone: (212) 907-0700
Email: cvillegas@labaton.com
Email: dschwartz@labaton.com
Email: jbissell-linsk@labaton.com

*Additional Counsel for Lead Plaintiff ODS
Capital LLC*

18

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of July, 2023, I served the attached document, Plaintiffs' First Set of Requests for Production of Documents to Defendant Hongyi Zhou, via electronic mail to counsel of record.

/s/ _____

Michael Grunfeld