**Jason C. Hegt**
Direct Dial: +1.212.906.1686
Jason.Hegt@lw.com

1271 Avenue of the Americas
New York, New York  10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

# LATHAM&WATKINS LLP

November 21, 2023

**VIA ECF**

Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 1305
New York, New York 10007

> Re:  *Altimeo Asset Management v. Qihoo 360 Technology Co. Ltd. et al.,*
> Case No. 1:19-cv-10067-PAE (S.D.N.Y.) – Discovery Dispute

Dear Judge Engelmayer:

We write on behalf of Defendants Qihoo 360 Technology Co. Ltd. ("Qihoo"), Eric X. Chen, and Hongyi Zhou ("Defendants") in the above-referenced matter and pursuant to Rule 2.C of the Court's Individual Rules and Practices in Civil Cases. In particular, Defendants write to request that Plaintiff Altimeo Asset Management ("Altimeo") be compelled to search for and produce documents relating to Altimeo's investment decisions in Qihoo, even if Qihoo is not expressly named in those documents. The parties attempted to resolve this dispute through email exchanges and two telephonic discussions, but were unable to reach a resolution.

In a prior ruling, the Court held that Plaintiffs did not need to "apply 23 additional search terms to the files of plaintiffs' custodians, so as to yield documents—*unconnected to Qihoo*—that bear on plaintiffs' investment philosophies and views with respect to certain purported market trends." ECF No. 189 (emphasis added). Plaintiffs have interpreted that ruling to mean that they need not produce documents *related to their Qihoo investments* unless they happen to contain the name "Qihoo" or its former NYSE ticker "QIHU." That is simply not what the Court held and documents recently produced by Altimeo confirm the importance of this information. At the time Defendants filed their prior motion to compel, Plaintiffs had not yet produced a single document. Altimeo has now produced documents—mostly in French— ███████████████████████████ ███████████████████████████████████████████████████ These documents are plainly responsive and Plaintiffs must be compelled to search for and produce this material, even if the phrases Qihoo or QIHU do not appear on the face of the document.[1]

### A.     The Requested Material Is Relevant

As a general rule, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the

---

[1] Plaintiff ODS Capital LLC produced limited emails regarding its Qihoo investments because it has no staff and no outside investors, so this motion focuses on Altimeo.

**LATHAM&WATKINS**LLP

discovery of admissible evidence." *Id.*; *In re Weatherford Int'l Sec. Litig.*, 2013 WL 2355451, at *3 (S.D.N.Y. May 28, 2013).

Defendants requested that Plaintiffs produce documents concerning their analysis of Qihoo and its securities. *See* Ex. 1, Defendants Qihoo and Chen's First Set of Requests for Production of Documents to Altimeo (Feb. 28, 2022), Request Nos. 18, 22-23, 27, 29; Ex. 2, Defendants' Second Set of Requests for Production of Documents to Altimeo (July 28, 2023), Request Nos. 7, 9-11. These documents are relevant because Plaintiffs' sole remaining claim is that "the market, alerted to the [alleged plan to relist Qihoo on the Shanghai Stock Exchange], would have had greater confidence that the Go-Private Merger would reach fruition, leading shareholders to be . . . more apt to hesitate before selling at prices meaningfully below the exchange price." ECF No. 145 at 53. As the Court noted, "discovery will test such premises," *id.*, but Altimeo now refuses to produce the full set of its documents reflecting its views on whether the Go-Private Merger would close and a potential relisting.



These views go to the heart of Plaintiffs' claims and bear directly on issues of falsity, loss causation, and class certification.

ltimeo cannot now argue that Qihoo's alleged failure to disclose a purported re-listing plan was, in fact, what caused all of its losses. *See In re Omnicom Grp. Inc. Sec. Litig.*, 541 F. Supp. 2d 546, 553 (S.D.N.Y. 2008) ("[P]laintiffs must distinguish the alleged fraud from the tangle of other factors that affect a stock's price."), *aff'd*, 597 F.3d 501 (2d Cir. 2010). Whether Altimeo is situated uniquely with respect to this issue as compared to other investors will be an issue for class certification. *See In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 34 (2d Cir. 2009) (noting that one required showing for class certification is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class"). And, more generally, Altimeo's awareness of undermines Plaintiffs' central claim that the market would have had a significant

---

[2] For purposes of this motion, Defendants submit machine translations of these emails as Exhibits 3A and 4A, along with the original, as-produced French versions as Exhibits 3B and 4B, respectively. In connection with any substantive motions, Defendants will submit certified (manual) translations, which may appear slightly different due to the nature of machine versus manual translations.

**LATHAM&WATKINS**LLP

reaction to Qihoo disclosing a purported plan to relist and even whether it was possible for Qihoo to have and disclose a "concrete" re-listing plan in light of these uncertainties.

      **B.**      **Plaintiff Failed To Conduct A Diligent Search**



Only Altimeo can know the best way to identify these materials and it is obligated to do so. *See Fendi Adele v. Filene's Basement, Inc.*, 2009 WL 855955, at *8 (S.D.N.Y. Mar. 24, 2009) ("[L]itigants have an obligation, when discovery is sought from them, to make reasonable efforts to locate responsive documents, including setting up 'a reasonable procedure to distribute discovery requests to all employees and agents . . . potentially possessing responsive information, and to account for the collection and subsequent production of the information' . . . ."). For instance, presumably there is no burden in reviewing its ███████████████████████████ ██████████████████████ or in asking Altimeo's limited number of personnel for information about the types of information they considered in making investment decisions regarding ██████████████████████ and running targeted searches to find those documents. *Treppel v. Biovail* Corp., 233 F.R.D. 363, 374 (S.D.N.Y. 2006) (noting that a "diligent search" may "include identifying key employees and reviewing any of their files that are likely to be relevant to the claims in the litigation"). Defendants ask only that Altimeo satisfy this basic obligation.

For the foregoing reasons, Defendants respectfully request that the Court compel Altimeo to search for and produce documents responsive to the requests set forth above.

November 21, 2023
Page 4

**LATHAM&WATKINS**LLP

Respectfully submitted,

/s/ Jason C. Hegt
Jason C. Hegt
of LATHAM & WATKINS LLP

cc:      All Counsel of Record (via ECF)

**LATHAM&WATKINS**LLP