# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALTIMEO ASSET MANAGEMENT and ODS CAPITAL LLC, *individually and on behalf of all others similarly situated*,<br><br>                              Plaintiffs,<br><br>        v.<br><br>QIHOO 360 TECHNOLOGY CO. LTD., HONGYI ZHOU, XIANGDONG QI, and ERIC X. CHEN,<br><br>                              Defendants. | Case No. 19 Civ. 10067 (PAE) |

**DEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF ALTIMEO ASSET MANAGEMENT**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), the Local Rules of Civil Procedure for the United States District Court for the Southern District of New York (the "Local Rules"), and the Court's Individual Rules and Practices in Civil Cases (the "Individual Rules"), Defendants Hongyi Zhou, Eric X. Chen, and Qihoo 360 Technology Co. Ltd. ("Defendants"), by and through their attorneys, hereby request that Plaintiff Altimeo Asset Management ("Plaintiff") produce the documents, electronically stored information, and tangible things specified herein (the "Requests") to the offices of Latham & Watkins LLP (Attn:  Jason Hegt), 1271 Avenue of the Americas, New York, NY 10020, within thirty (30) days of service of these Requests.

**DEFINITIONS**

1. "Action" means the litigation referred to in the above caption, *Altimeo Asset Management v. Qihoo 360 Technology Co. Ltd. et al*, No. 1:19-cv-10067, pending in the United States District Court for the Southern District of New York.

2. "Certification(s)" means the shareholder certifications executed on behalf of Altimeo and ODS Capital in January and February of 2019, and filed with the Court on March 18, 2019 (ECF No. 12-3), and the amended shareholder certification executed on behalf of Altimeo in May 2023 and filed with the Court on July 10, 2023 (ECF No. 169-1).

3. "Communication(s)" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4. "Defendant(s)" means Hongyi Zhou, Eric X. Chen, and Qihoo.

5. "Document(s)" has the meaning ascribed to it in Federal Rule of Civil Procedure 34(a)(1)(A) and Local Rule 26.3.

6. "First Amended Complaint" or "FAC" means the First Amended Class Action Complaint filed on or about August 30, 2019 (ECF No. 53).

7. "ODS Capital" means ODS Capital LLC, and its past or present subsidiaries, affiliates, predecessors, successors, divisions, partnerships and joint ventures, and all of its present and former directors, officers, employees, attorneys, agents, consultants, representatives, associates, and other Persons acting on its behalf.

8. "Other financial investment(s)" means any mutual fund, index fund, hedge fund, money market fund, certification of deposit, currency, commodity, governmental security, futures contract, option, note, or any other investment product other than Qihoo Securities (defined below).

2

9.     "Person" or "Persons" means any natural Person or legal entity, including, without limitation, proprietorships, governmental agencies, corporations, partnerships, trusts, joint ventures, groups, associations, organizations, and all other entities or agencies.

10.     "Plaintiffs" means Altimeo and ODS Capital.

11.     "Qihoo" means Qihoo 360 Technology Co. Ltd. and any predecessors, successors, subsidiaries, divisions, partnerships, limited partnerships, related parties, joint ventures, or affiliates, and any present or former officer, directors, employees, agents, representatives, attorneys, accountants, advisors, and all other Persons acting or purporting to act on behalf of any of the aforementioned entities.

12.     "Qihoo Securities" means any stock, share, American depositary share, warrant, bond, note, debenture, commercial paper, security-based swap agreement, evidence of indebtedness, option contract, investment contract, interest in or under a profit-sharing or participation agreement or scheme, voting trust agreement, beneficial interest in a trust or pretend trust, and/or any interest in the capital, assets, property, or profits of Qihoo 360 Technology Co. Ltd. or any of its predecessors, successors, subsidiaries, divisions, partnerships, and limited partnerships.  For the avoidance of doubt, "Qihoo Securities" shall include any futures, forwards, options, swaps, or other derivative transactions related to Qihoo 360 Technology Co. Ltd. or any of its predecessors, successors, subsidiaries, divisions, partnerships, and limited partnerships.

13.     "Security" or "Securities" has the meaning set forth in the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a *et seq*.

14.     "You," "Your," "Plaintiff," or "Altimeo" means Altimeo Asset Management, and its past or present subsidiaries, affiliates, predecessors, successors, divisions, partnerships and

joint ventures, and all of its present and former directors, officers, employees, attorneys, agents, consultants, representatives, associates, and other Persons acting on its behalf.

15. A request to "identify" a person means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this definition, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

16. A request to "identify" with respect to Documents means to give, to the extent known, the (a) type of Document; (b) general subject matter; (c) date of the Document; and (d) authors(s), addressee(s), and recipients(s).

17. The terms "include" and "including" are not meant to be used by way of exclusion and (in addition to their usual meanings) mean "included, but not limited to."

18. The terms "reflecting," "referring," "relating to," "referring or relating to," or any derivation thereof shall mean, without limitation, consisting of, constituting, containing, mentioning, describing, summarizing, evidencing, listing, indicating, analyzing, explaining, supporting, undermining, contradicting, concerning, pertaining to, prepared in connection with, used in preparation for, or being in any way legally, logically, or factually connected with the matter discussed.

19. The term "regarding" means discussing, reflecting, constituting, mentioning, pertaining to, assessing, embodying, recording, stating, concerning, describing, supporting, contravening, touching upon, or summarizing.

20. Any term stated in the singular includes the plural and vice versa.

21. The use of any tense of any word includes all other tenses.

4

22.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

23.     Where applicable, any word or term used in these Requests but not defined above shall have the meaning provided by Federal Rule 34 and Local Rule 26.3.

### INSTRUCTIONS

1.     You are instructed to provide or make available for inspection and copying Documents in Your possession, custody, or control, whether actual or constructive.

2.     Each requested Document shall be produced in its entirety, including all attachments and enclosures.  If a portion of a Document is responsive to a Request, produce the entire Document, including all attachments, enclosures, and any other matter physically attached to the Document.  If a Document responsive to any Request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

3.     If a Document responsive to any Request is no longer in Your possession, custody, or control, identify:  (i) its date; (ii) its author(s); (iii) its recipient(s); (iv) its subject matter; (v) when such Document was most recently in Your possession, custody, or control; (vi) what disposition was made of the Document; and (vii) the Person or entity, if any now in possession, custody or control of the Document.  If a Document has been destroyed, identify:  (i) the date of destruction; (ii) the Person who destroyed the Document; (iii) the Person who directed the Document be destroyed; and (iv) the reason(s) for its destruction.

4.     If a Document is claimed to be privileged or otherwise withheld, in whole or in part, You must provide a privilege log, pursuant to the agreement set forth in the Stipulated

5

Protocol for Discovery of Electronically Stored Information entered by the Court on March 31, 2022 (ECF No. 107).

5.      To the extent You object to any of the Requests below, You must produce all Documents responsive to the Requests to the extent partial production is not objectionable, and explain in detail the basis on which such partial production was made.

6.      Each Request seeks production of all Documents described, along with any attachments, drafts, and non-identical copies in any language whatsoever, in Your possession, custody, or control.

7.      Each Request shall be deemed continuing so as to require further and supplemental production if You receive, discover, become aware of, or create additional responsive Documents subsequent to the date of Your response to these Requests.

8.      Whenever appropriate, the singular form of a word shall be interpreted in the plural form or vice versa, and verb tenses shall be interpreted to include past, present, and future tenses. Additionally, the terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests any Documents which might otherwise be construed to be outside their scope.  Unless specifically defined herein, all words and terms used herein shall be construed and interpreted according to ordinary custom, usage, and meaning.

9.      If, in responding to these Requests, You claim any ambiguity in interpreting either a Request or a Definition or Instruction applicable thereto, You may not utilize such a claim as a basis for refusing to respond, but You shall set forth as part of Your response to the Request the language deemed to be ambiguous and the interpretation used in responding to the Request.

10.      Unless otherwise specified, each Request covers the time period from January 1, 2015 through July 15, 2016.  All responsive Documents and Communications dated, prepared,

6

drafted, sent, obtained, or received during, or that refer to or concern, such time period shall be produced unless otherwise indicated.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1

All Documents and Communications, without regard to any specified time period, regarding the allegations set forth in the FAC or the Certifications, including, but not limited to, all Documents referred to in the FAC or the Certifications or relied upon by You in drafting the FAC or the Certifications, and all Documents and Communications regarding the differences between Your original Certification filed on March 18, 2019 (ECF No. 12-3), and Your amended Certification filed on July 10, 2023 (ECF No. 169-1).

### REQUEST FOR PRODUCTION NO. 2

All Documents and Communications, without regard to any specified time period, regarding any investigation undertaken by You or any other potential class member regarding the allegations in the FAC or the Certifications prior to hiring counsel in this Action.

### REQUEST FOR PRODUCTION NO. 3

Documents, without regard to any specified time period, sufficient to show the identity, title, and role of all Persons, including all agents, financial advisors, investment advisors, custodians, brokers, broker-dealers, managers, consultants, investment management firms, or any other Person (i) involved in Your decision to enter into any purchase, sale, or other transaction in Qihoo Securities, (ii) responsible for performing research or analysis on Your behalf regarding Qihoo Securities, the Securities of Qihoo's competitors, or the internet security industry, or (iii) who supplied You or anyone on Your behalf with information or recommendations, or with whom You or anyone on Your behalf communicated regarding any transactions or potential transactions in Qihoo Securities, including, with respect to each, the most recent resumes or

7

curriculum vitae of all such Persons as of the dates of Your transactions in Qihoo Securities.

**REQUEST FOR PRODUCTION NO. 4**

All Documents and Communications, without regard to any specified time period, regarding Your transactions in Qihoo Securities, including but not limited to Your trade ledger, trade confirmation slips, account statements, prospectuses, information provided by agents, financial advisors, investment advisors, custodians, brokers, broker-dealers, managers, consultants, investment management firms, or any other Person, marketing literature, any Documents showing the date, time, price, and/or quantity of any of Your acquisitions, purchases, sales, exchanges, and transfers of Qihoo Securities, and all Documents from and Communications with the service provider for Your brokerage account or accounts regarding Your transactions in Qihoo Securities.

**REQUEST FOR PRODUCTION NO. 5**

Any agreements You have or have had with agents, financial advisors, investment advisors, custodians, brokers, broker-dealers, managers, consultants, investment management firms, or any other Person to buy, sell, transact, hold, or manage Your shareholdings.

**REQUEST FOR PRODUCTION NO. 6**

All Documents and Communications, without regard to any specified time period, that You or someone acting on Your behalf reviewed, considered, or relied on, in whole or in part, in connection with Your decision(s) to acquire, purchase, sell, exchange, or transfer Qihoo Securities, including but not limited to analysts' reports, newspaper articles, prospectuses, registration statements, annual, quarterly or other SEC filings or press releases filed or issued by any of the Defendants or Documents received from any agent, financial advisor, investment advisor, custodian, broker, broker-dealer, manager, consultant, investment management firm, or any other Person.

**REQUEST FOR PRODUCTION NO. 7**

All Documents and Communications, including, but not limited to, any research or investigation You or someone acting on Your behalf conducted, any internal or external reporting that You prepared or received, or any Communications with investors, regarding (i) Qihoo; (ii) other internet security companies or the internet security industry generally; (iii) China; or (iv) Chinese companies that are or were listed on U.S. stock exchanges.

**REQUEST FOR PRODUCTION NO. 8**

All Documents and Communications regarding any investment You considered, at any time, as an alternative to Your investment in Qihoo Securities, including, but not limited to Documents and Communications regarding Your Securities transactions in other internet security companies other than Qihoo Securities, including but not limited to trade confirmation slips, account statements, prospectuses, information provided by agents, financial advisors, investment advisors, custodians, brokers, broker-dealers, managers, consultants, investment management firms, or any other Person, marketing literature, and any Documents showing the date, time, price, and/or quantity of any of Your acquisitions, purchases, sales, exchanges, and transfers of those Securities or other financial investments.

**REQUEST FOR PRODUCTION NO. 9**

All Documents and Communications, without regard to any specified time period, regarding Your research on, analysis of, or investment in the shares of any China-based companies that were delisted from a U.S.-based stock exchange and/or cross-listed or relisted on a China-based stock exchange, including, but not limited to Jumei International Holding Limited; WuXi PharmaTech (Cayman) Inc.; China Dangdang, Inc.; E-House (China) Holdings Limited; Shanda Games Limited; JA Solar Holdings Co., Ltd.; Alibaba Group Holding Limited; JD.com, Inc., Baidu, Inc., NetEase, Inc., and Weibo Corporation.

**REQUEST FOR PRODUCTION NO. 10**

All Documents and Communications, without regard to any specified time period, regarding any difference in valuation between U.S.-listed and China-listed companies.

**REQUEST FOR PRODUCTION NO. 11**

All Documents and Communications regarding any investment portfolio that includes Qihoo Securities.

**REQUEST FOR PRODUCTION NO. 12**

All Documents regarding any short or other positions You took in order to hedge Your exposure to Qihoo Securities, either directly or indirectly.  For purposes of this Request, an "indirect" hedge means positions intended to hedge exposure to a group of companies or sector of companies of which Qihoo is a member.

**REQUEST FOR PRODUCTION NO. 13**

All Documents, including margin agreements, pledge agreements, and/or promissory notes, by which any Qihoo Securities were utilized by You, or by any Person You owned, controlled, had authority from, or were the beneficiary of, as security for any debt or obligation or by which any money was borrowed to purchase any Qihoo Securities.

**REQUEST FOR PRODUCTION NO. 14**

All Documents and Communications, from January 1, 2015 through the present, regarding:  (a) Your investment objectives and strategies; (b) risk analysis or risk evaluation with respect to the purchase, holding, or sale of Securities by or on behalf of You; (c) Your risk tolerance with respect to the purchase, holding, or sale of Securities; (d) the use of risk consultants with respect to the purchase, holding, or sale of Securities by or on behalf of You; (e) any consultations You had with investment advisors or any other Person regarding Your investment objectives and strategies, and (f) Your investment philosophy or approach of any of Your

10

investment advisors, including any sales brochures or pitch materials supplied or reviewed in the process by which You retained any such investment advisors.

**REQUEST FOR PRODUCTION NO. 15**

Without regard to any specified time period, the certificate, articles, agreement, partnership agreement, charter, constitution, bylaws, plan, initial information report, or similar Documents under which (i) You were formed or organized, (ii) which were in effect from January 1, 2015 through July 15, 2016, and (iii) under which You currently operate.

**REQUEST FOR PRODUCTION NO. 16**

Organizational charts of You, including, but not limited to, Documents sufficient to identify Your officers, board members, trustees, and administrative staff from January 1, 2015 through the present.

**REQUEST FOR PRODUCTION NO. 17**

Documents and Communications sufficient to identify the names of any and all mutual funds, index funds, exchange-traded funds, other financial investment(s), or any other portfolio-based financial investment through which You own or owned Qihoo Securities, as well as the policies, procedures, practices, guidelines, or criteria governing the makeup of those funds.

**REQUEST FOR PRODUCTION NO. 18**

All Documents and Communications, without regard to any specified time period, regarding (i) Your decision to commence this Action or sue any Defendant, (ii) Your decision to apply to be lead plaintiff or to serve as a class representative in this Action; or (iii) compensation or benefits of any sort that You have received, will receive, or may receive in exchange for participating in any litigation matter, whether open or closed, including but not limited to this Action.

**REQUEST FOR PRODUCTION NO. 19**

All Documents and Communications, without regard to any specified time period, regarding any lawsuit, arbitration, or administrative proceeding in which You have been, are, or sought to be a party or class member, under any federal or state Securities laws or pursuant to any common law or statute, including any complaints, orders, rulings, or transcripts of any testimony previously given by You in depositions, trials, or otherwise.

**REQUEST FOR PRODUCTION NO. 20**

All Documents and Communications, without regard to any specified time period, regarding Your decision as to which law firm to retain to pursue Your claims against Defendants, including but not limited to any Documents and Communications regarding fees, expenses, the nature of the legal services, any potential recovery on Your behalf or on behalf of the class.

**REQUEST FOR PRODUCTION NO. 21**

All Documents and Communications, without regard to any specified time period, regarding fee arrangements or agreements between You and any Person regarding the payment of attorneys' fees, costs, or expenses in this Action.

**REQUEST FOR PRODUCTION NO. 22**

All Documents and Communications, without regard to any specified time period, regarding portfolio monitoring or other similar services provided to You by any law firm with respect to Qihoo Securities.

**REQUEST FOR PRODUCTION NO. 23**

All Documents and Communications, without regard to any specified time period, (i) between You and ODS Capital, or (ii) between You and any Person regarding Qihoo or the Action.

**REQUEST FOR PRODUCTION NO. 24**

All Documents and Communications, without regard to any specified time period, concerning any lawsuit or civil, regulatory, administrative, or criminal proceeding or action: (a) that You filed, caused to be filed, or sought to file, in which You claimed or sought to be a representative of a class of Persons or in which You sued or sought to sue derivatively on behalf of a corporation; or (b) that You filed, caused to be filed, sought to file, or in which You participated that asserted claims for violations of Securities laws.

**REQUEST FOR PRODUCTION NO. 25**

All Documents and Communications, without regard to any specified time period, regarding:  (a) any civil or criminal charges, complaints, proceedings, fines, disciplinary actions, decisions, or judgments filed, issued, or entered against You in any federal, state, or other court, in any arbitration, or by any governmental agency, any stock exchange, or any self-regulating association or organization that participates in the Securities industry; (b) any investigations of You by any governmental agency, any stock exchange, or any self-regulating association or organization that participates in the Securities industry; (c) any sanction imposed on You by any court or regulatory body; or (d) any lawsuit, arbitration, or administrative proceeding brought against You regarding alleged violations of state or federal law, common law, or statutory law, including but not limited to laws governing the purchase, investment, holding, or sale of Securities.

**REQUEST FOR PRODUCTION NO. 26**

All Documents and Communications, without regard to any specified time period, regarding any transactions, business activities, Communications, or relationships (business or otherwise) between You and any of Your counsel in this Action or any other attorneys at the law firms of Pomerantz LLP or Labaton Sucharow LLP, including but not limited to all engagement

13

letters between You and any law firm regarding this Action.

**REQUEST FOR PRODUCTION NO. 27**

All Documents and Communications, without regard to any specified time period, regarding the alleged amount of loss or damage suffered by You or any other potential class member by reason of any matter alleged in the FAC and the Certification.

**REQUEST FOR PRODUCTION NO. 28**

All Documents and Communications, without regard to any specified time period, regarding Your discussions with or interviews of any current or former Qihoo employees, including, but not limited to, the individual identified as "CW1" in the FAC, conducted by You, anyone working on Your behalf, or Your counsel, including but not limited to all notes, memoranda, or other documentation of information that such witnesses provided.

**REQUEST FOR PRODUCTION NO. 29**

All Documents and Communications regarding Your reliance upon any allegedly false or misleading statements or omissions referenced in the FAC in purchasing Qihoo Securities.

**REQUEST FOR PRODUCTION NO. 30**

All Documents and Communications regarding Your allegations that any of the false or misleading statements or omissions by Defendants alleged in the FAC caused the losses or damage upon which You base Your claims.

**REQUEST FOR PRODUCTION NO. 31**

All Documents and Communications on which You intend to rely in connection with summary judgment, class certification, or trial in this Action.

**REQUEST FOR PRODUCTION NO. 32**

Documents sufficient to show Your attempts to mitigate Your alleged damages from the conduct alleged in the FAC and the Certification.

**REQUEST FOR PRODUCTION NO. 33**

All Documents and Communications referenced in drafting responses to or identified in response to any interrogatory propounded to You in connection with this Action or received in response to formal or informal discovery requests or subpoenas to any non-party to this Action in connection with this Action.

**REQUEST FOR PRODUCTION NO. 34**

Documents sufficient to identify Your ten largest investors and the percentage share of Your outstanding equity or ownership interests that each such investor owns.

**REQUEST FOR PRODUCTION NO. 35**

All Documents and Communications regarding any sale, transfer, assignment, participation, disposition, encumbrance upon, release, or waiver You made or considered making with respect to Your claims brought in this Action, including but not limited to the transfer of any claims from Altimeo Optimum to Altimeo Asset Management (*see* ECF No. 12-1) and from Altimeo Asset Management to MW Gestion (*see* ECF No. 138 n.1).

Dated:  July 28, 2023
        New York, New York

**LATHAM & WATKINS LLP**

Eric F. Leon
Jason C. Hegt
Hanyu (Iris) Xie
1271 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 906-1200
Facsimile:  (212) 751-4864
Email:  eric.leon@lw.com
Email:  jason.hegt@lw.com
Email:  iris.xie@lw.com

*Attorneys for Defendants Hongyi Zhou, Eric X. Chen, and Qihoo 360 Technology Co. Ltd.*

16

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2023, a copy of the foregoing was served via electronic mail pursuant to an agreement between counsel.

Jason C. Hegt