

**Michael Grunfeld**
Partner

**VIA CM-ECF**

November 28, 2023

Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re:     *Altimeo Asset Management v. Qihoo 360 Technology Co. Ltd., et al.*,
        No. 1:19-cv-10067-PAE (S.D.N.Y.);

Dear Judge Engelmayer:

We write on behalf of Lead Plaintiff Altimeo Asset Management ("Altimeo" or "Plaintiff") in response to Defendants' letter motion filed on November 21, 2023. (ECF No. 198, "Letter").

***Defendants Are Relitigating Their Prior, Failed Motion.*** In their prior motion to compel, Defendants sought documents about "purported trends and market dynamics" that do "not reference Qihoo by name" because, according to Defendants, they reflect "Plaintiffs' views" on issues related to falsity, reliance, and loss causation. (ECF No. 185 at 1, 3). The Court rejected that request because it was "unpersuaded that the documents at issue are relevant." (ECF No. 189). Defendants' repetitive request here should be rejected for the same reason.

In their present motion, Defendants are taking a second bite at the apple, seeking documents that discuss Altimeo's views on the "dynamics regarding potential relistings, valuations, and regulatory risk." (Letter at 2). Defendants frame their request as seeking documents related to Plaintiff's investment decisions as to Qihoo. But they concede that they seek documents about these market "dynamics" even though Qihoo is not referenced "on the face of the document[s]." (Letter at 1). In other words, Defendants seek documents about "purported trends and market dynamics," just as they did before. (ECF No. 185 at 1). Altimeo's analysis of market dynamics here is no different than any time an investor considers market trends. According to Defendants, Altimeo analyzed issues that "impacted Qihoo and other similar companies." (Letter at 2). But that is what happens whenever investors assess market trends. They are not analyzing these issues for academic purposes. However, documents reflecting how Altimeo applied those issues to their investments in Qihoo will, by their nature, reference Qihoo. For example, in *In re New Century*, the court rejected the defendant's argument that "documents—regardless of whether they relate to New Century—could demonstrate [the plaintiff's] understanding of the overall market conditions, investment risks, or market warnings," or the cause of its losses, in "New

mgrunfeld@pomlaw.com

600 Third Avenue, New York, NY 10016  Main: 212.661.1100  Direct: 646.581.9994
NEW YORK • CHICAGO • LOS ANGELES • LONDON • PARIS • TEL AVIV
www.pomlaw.com

Page 2

Century securities." 2009 WL 10691336, at *2 (C.D. Cal. Dec. 7, 2009). Defendants have not cited a single case in which plaintiffs in a securities class action were required to produce these types of documents.[1] That complete lack of support is significant because courts in securities class actions "routinely" reject requests for documents concerning a plaintiff's "general investment philosophy or strategy concerning" the type of securities at issue. *Id.* at *3; ECF No. 184 at 1-2 (citing cases).

***Defendants Mischaracterize Altimeo's Documents.*** Even if the types of documents that Defendants seek were theoretically relevant—which they are not—Defendants misinterpret the abundant set of documents that Altimeo has already produced. There is no reason to conclude that Altimeo has other documents discussing the topics at issue beyond the over 1,900 documents it has already produced from its files.

According to Defendants, a May 6, 2016 investor update "reiterate[d]" Altimeo's view on how certain events impacted Qihoo. (Letter at 3). But this interpretation is based on Defendants' "machine translations of these emails." (Letter at 2 n.2). Defendants did not need to resort to these unspecified automated translations because Altimeo produced an English version of this exact document. Altimeo's own version of this document states that █████████████████████████████████████████████████████████████████████████████████████████████████████ (*Id.*). Plaintiff's prior updates to investors could not have discussed its reaction to an event that had not yet taken place.



***The Documents Support Class Certification and Plaintiff's Claims.*** Plaintiff has satisfied its discovery obligations for the reasons explained above. Defendants also misinterpret the import of the documents they raise as relating to "[w]hether Altimeo is situated uniquely" for class

---

[1] The discovery cases that Defendants cite better support Plaintiffs' pending motion to compel. *See In re Weatherford Int'l Sec. Litig.*, 2013 WL 2355451, at *4 (S.D.N.Y. May 28, 2013) (compelling ***defendants***—not plaintiffs—to produce documents related to the "falsity of the defendants' statements about their internal controls"); *infra* at 4 n.3.

mgrunfeld@pomlaw.com

600 Third Avenue, New York, NY 10016  Main: 212.661.1100  Direct: 646.581.9994
NEW YORK • CHICAGO • LOS ANGELES • LONDON • PARIS • TEL AVIV
www.pomlaw.com

Page 3

certification based on its view the relisting plan, as well as "issues of falsity [and] loss causation." (Letter at 2). The documents that Defendants cite, however, are irrelevant to class certification and support Plaintiff's claims.



Had Defendants disclosed Qihoo's relisting plan—including Defendants' secret correspondence with Chinese regulators nearly a year earlier (*see* ECF No. 157-1 ¶ 174)— investors would have known that the relisting plan, and therefore Qihoo's privatization in the Merger, were proceeding full steam ahead, providing certainty that the deal would close.

Moreover, the amount of damages attributable to the specific news disclosed here cannot be determined until expert discovery on loss causation and damages. That will be determined at a later stage—on the merits—based on Defendants' internal documents and publicly available information. Defendants' citation to *In re Omnicom Grp., Inc. Sec. Litig.*, 541 F. Supp. 2d 546 (S.D.N.Y. 2008), fares no better than it did in their prior motion that the Court denied (*see* ECF No. 185 at 3), because *Omnicom* addresses loss causation at the summary judgment stage based on news articles, market commentary, and expert reports—not based on the plaintiffs' personal perceptions.

The Supreme Court addressed precisely this type of situation when it explained in *Halliburton II* that a value investor, who "does not believe that the market price accurately reflects public information *at the time he transacts*," still relies on the *Basic* presumption when they "trade stock based on the belief that the market price will incorporate public information within a reasonable period." *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 273–74 (2014); *see also In re Chicago Bridge & Iron Co. N.V. Sec. Litig.*, 2019 WL 5287980, at *10 (S.D.N.Y. Oct. 18, 2019) (holding "a class member may be a value investor is not sufficient to defeat *Basic's* presumption of reliance"); *Villella v. Chem. & Mining Co. of Chile Inc.*, 333 F.R.D. 39, 56 (S.D.N.Y. 2019) (same).

***Altimeo Has Met its Discovery Obligations.*** Defendants try to impose an open-ended duty on Altimeo to produce unspecified documents. (Letter at 3). But Altimeo has already met its discovery duties for the reasons explained above, as well as because it has applied the search terms

mgrunfeld@pomlaw.com

600 Third Avenue, New York, NY 10016  Main: 212.661.1100  Direct: 646.581.9994
NEW YORK • CHICAGO • LOS ANGELES • LONDON • PARIS • TEL AVIV
www.pomlaw.com

Page 4

that it agreed to with Defendants, accounting for the Court's prior Order. (ECF No. 189). Altimeo also has already made clear to Defendants that its production was from its custodians responsible for its investment in Qihoo securities.[3]

        For all of these reasons, the Court should deny Defendants' motion to compel.

                                              Respectfully submitted,

                                              */s/ Michael Grunfeld*
                                              Michael Grunfeld

                                              POMERANTZ LLP

                                              *Lead Counsel for Co-Lead Plaintiffs Altimeo*
                                              *Asset Management and ODS Capital LLC*

---

[3] The cases Defendants cite do not require anything further because they dealt with the very different situation of a defendant's discovery failures, including "systematic delay" and a production that was "notably bare of some of the most basic documents" a company "the size and sophistication of Filene's would unquestionably maintain," *Fendi Adele v. Filene's Basement*, 2009 WL 855955, at *8 (S.D.N.Y. Mar. 24, 2009), and one where the parties did not agree on any search terms and the defendant "fail[ed] to produce any responsive documents whatsoever," *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 374 (S.D.N.Y. 2006) (approving of use of search terms).

mgrunfeld@pomlaw.com

600 Third Avenue, New York, NY 10016  Main: 212.661.1100  Direct: 646.581.9994
NEW YORK • CHICAGO • LOS ANGELES • LONDON • PARIS • TEL AVIV
www.pomlaw.com