

**Michael Grunfeld**
Partner

**VIA CM-ECF**

November 28, 2023

Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re:   *Altimeo Asset Management v. Qihoo 360 Technology Co. Ltd., et al.*,
      No. 1:19-cv-10067-PAE (S.D.N.Y.);

Dear Judge Engelmayer:

      We write on behalf of Lead Plaintiff Altimeo Asset Management ("Plaintiff"), pursuant to Rule 4.B.2 of the Court's Individual Rules and Practices in Civil Cases ("Individual Rules"), to respectfully request that Plaintiff's letter in response to Defendants' letter motion filed on November 21, 2023 (ECF No. 198, "Letter"), and Exhibits thereto, be permitted to be filed under seal and filed publicly with redactions.

      The Court has granted Defendants' request to seal Plaintiff's documents in connection with Defendants' Letter. (ECF No. 204). Plaintiff requests that the same type of information be redacted and filed under seal, all of which Plaintiff has designated as "Confidential" pursuant to the Stipulated Confidentiality Agreement and Protective Order (ECF No. 191).

      This material contains Plaintiff's sensitive business information from updates to investors, including discussions of Plaintiff's business strategies, and email addresses of third parties. While this information likely falls under the categories of information that the Court specifies in Rule 4.B.1 of its Individual Rules that parties may redact without Court approval, including "proprietary or trade secret information," Plaintiff makes this request out of an abundance of caution.

      This Court has the authority to seal or restrict access to documents filed on its docket when a statute, rule, privilege, or other public policy justifies confidentiality. *See Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000) (district courts have "considerable discretion" to initially determine whether good cause exists that documents should be sealed). Confidential or proprietary business information is the type of information that courts routinely permit parties to file under seal. *See, e.g., Leonard v. John Hancock Life Ins. Co.*, No. 18-cv-4994-AKH, 2021 U.S. Dist. LEXIS 102680, at *8-*12 (S.D.N.Y. May 26, 2021); *Encyclopedia Brown Prods. v. Home Box Office*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing defendants' "[c]onfidential business

information" because such information could "provide valuable insights into a company's current business practices that a competitor would seek to exploit," including "cost and profit structures" and marketing strategies); *McCracken v. Verisma Sys., Inc.*, 2017 WL 4250054, at *5 (W.D.N.Y. Sept. 26, 2017) (granting motion to seal private financial information). In addition, courts have recognized that access to "business information" may be maintained under seal if such access "might harm a litigant's competitive standing." *In re New York Times Co.*, 577 F.3d 401, 410 n.4 (2d Cir. 2009) ("When litigation requires disclosure of trade secrets, the court may disclose certain materials only to the attorneys involved."); *New York v. Actavis, PLC*, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) ("[C]ourts grant confidential treatment under circumstances where trade secrets and material that would place a party at a competitive disadvantage are being used in public filings."). The information at issue here contains the type of sensitive and proprietary business and personal information that should be filed under seal, as the Court has already ruled is proper in connection with Defendants' Letter.

For all of these reasons, Plaintiff respectfully requests the Court's permission to file its opposition to Defendants' Letter, and Exhibits thereto, under seal, and to file them publicly with redactions.

Respectfully submitted,

/s/ Michael Grunfeld
Michael Grunfeld

POMERANTZ LLP

*Lead Counsel for Co-Lead Plaintiffs Altimeo Asset Management and ODS Capital LLC*

GRANTED.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: November 29, 2023
New York, New York

mgrunfeld@pomlaw.com
600 Third Avenue, New York, NY 10016   Main: 212.661.1100   Direct: 646.581.9994
NEW YORK • CHICAGO • LOS ANGELES • LONDON • PARIS • TEL AVIV
www.pomlaw.com