UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALTIMEO ASSET MANAGEMENT,
Individually and on Behalf of All Others
Similarly Situated,

Plaintiff,

v.

QIHOO 360 TECHNOLOGY CO. LTD.,
HONGYI ZHOU, XIANGDONG QI, and ERIC
X. CHEN,

Defendants.

Case No. 19 Civ. 10067 (PAE)

---

## STIPULATION AND ORDER

This stipulation is entered into by and among Plaintiffs Altimeo Asset Management and

ODS Capital LLC (collectively, "Plaintiffs") and Defendants Qihoo 360 Technology Co. Ltd.,

Hongyi Zhou, and Eric X. Chen ("Defendants," and, together with Plaintiffs, the "Parties").[1]

WHEREAS, the Parties have met and conferred regarding the allegations in the First

Amended Class Action Complaint ("Amended Complaint," ECF No. 53) concerning information

attributed to a confidential witness ("CW1");

WHEREAS, the Parties disagree as to whether Plaintiffs are required to produce certain

information concerning CW1;

WHEREAS, Plaintiffs' position is that their claims are not dependent on CW1, including

because the Second Circuit has ruled that "the other facts alleged in the complaint," separate

from "the statements attributed to the confidential witness[,] . . . sufficiently plead material

misstatements and omissions" without considering CW1 (ECF No. 88 at 11 n.3), as well as

---

[1] Plaintiffs have obtained a certificate of default against Defendant Xiangdong Qi and plan to move for a default judgment against him at the appropriate time. (*See* ECF No. 182).

{00581331;6 }

because of additional evidence that has come to light since the Amended Complaint was filed (*see* ECF No. 157-1, Section IV.G.5-6);

WHEREAS, Defendants cannot identify any current or former employee who matches the information Plaintiffs disclosed regarding CW1 and, to the extent the allegations attributed to CW1 remain in the case, Defendants believe that they are entitled to further discovery regarding those allegations;

WHEREAS, Plaintiffs continue to maintain the accuracy of the allegations in the Amended Complaint attributed to CW1, but agree to this stipulation striking the allegations in the Amended Complaint regarding CW1 solely to resolve their discovery dispute with Defendants and to maintain the confidentiality of CW1;

WHEREAS, the Parties agree that Plaintiffs are not required to file a second amended complaint on the basis of this stipulation, because filing a second amended complaint at this stage would unnecessarily raise procedural questions concerning whether that complaint should, to avoid prejudicing Plaintiffs, include the allegations Plaintiffs sought to add to the Proposed Second Amended Complaint (which the Court denied leave to file on other grounds (ECF No. 164)) insofar as they relate to the claims that the Court has sustained, and any additional allegations reflecting information or developments following Plaintiffs' filing of the Amended Complaint;

WHEREAS, Defendants have agreed that they will not seek to revisit the rulings of the Court or the Second Circuit on Defendants' prior motions to dismiss (including, but not limited to, that Defendants will not do so through a subsequent motion to dismiss or in seeking reconsideration, to alter or amend the judgment, or relief from judgment) on the basis of Plaintiffs having struck the allegations in the Amended Complaint concerning CW1;

IT IS HEREBY STIPULATED AND AGREED, by and among the Parties, subject to the Court's approval, as follows:

1.      The allegations in the Amended Complaint regarding CW1 in Paragraphs 10, 134-37 and 267-68 are struck from the Amended Complaint;

2.      Plaintiffs shall not rely on the allegations that were in the Amended Complaint attributed to CW1 going forward in this action, unless based on information from sources other than CW1;

3.      Defendants shall not seek to revisit the rulings of the Court or the Second Circuit on Defendants' prior motions to dismiss (including, but not limited to, that Defendants will not do so through a subsequent motion to dismiss or in seeking reconsideration, to alter or amend the judgment, or relief from judgment) on the basis of Plaintiffs having struck the allegations in the Amended Complaint concerning CW1.

Dated: November 29, 2023

POMERANTZ LLP

By: */s/ Michael Grunfeld*
    Jeremy A. Lieberman
    Michael Grunfeld
    600 Third Avenue, 20th Floor
    New York, New York 10016
    Tel: (212) 661-1100
    Fax: (212) 661-8665
    jalieberman@pomlaw.com
    mgrunfeld@pomlaw.com

    *Lead Counsel for Lead Plaintiffs*
    *Altimeo Asset Management and ODS*
    *Capital LLC and the Proposed Class*

LATHAM & WATKINS LLP

By: */s/ Jason C. Hegt*
    Eric F. Leon
    Jason C. Hegt
    Hanyu (Iris) Xie
    Alexander L. Mills
    1271 Avenue of the Americas
    New York, New York 10020
    Tel: (212) 906-1200
    Fax: (212) 751-4864
    eric.leon@lw.com
    jason.hegt@lw.com
    iris.xie@lw.com
    alex.mills@lw.com

    *Attorneys for Defendants*
    *Hongyi Zhou, Eric X. Chen,*
    *and Qihoo 360 Technology*
    *Co. Ltd.*

{00581331;6 }                    3

LABATON SUCHAROW LLP

Carol C. Villegas
David J. Schwartz
Jake Bissell-Linsk
140 Broadway, 34th Floor
New York, NY 10005
Telephone: (212) 907-0700
Email: cvillegas@labaton.com
Email: dschwartz@labaton.com
Email: jbissell-linsk@labaton.com

*Additional Counsel for Lead Plaintiff*
*ODS Capital LLC*


SO ORDERED:

Dated: December 1, 2023

_____
THE HON. PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE