

**Michael Grunfeld**
Partner

**VIA CM-ECF**

December 5, 2023

Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re:   *Altimeo Asset Management v. Qihoo 360 Technology Co. Ltd., et al.*,
      No. 1:19-cv-10067-PAE (S.D.N.Y.)

Dear Judge Engelmayer:

We write on behalf of Lead Plaintiffs Altimeo Asset Management and ODS Capital LLC ("Plaintiffs") to reply to a novel argument raised in Defendants' opposition (ECF No. 208) to Plaintiffs' letter concerning the production of the Cayman Documents (ECF No. 196).

Among the documents Plaintiffs have requested are court records and evidence from the Appraisal Action. These documents are of particular significance for the reasons explained in Plaintiffs' opening letter. *See* ECF No. 196 at 2. Defendants now claim producing these documents is barred by a Cayman rule (the "Rule"), stating that "the Court file relating to any proceeding shall be open to inspection only by the parties to that proceeding." ECF No. 208 at 2 (quoting Grand Court Rules, O. 63, r. 3(3) (attached as Ex. A (excerpt of Grand Court Rules)).

**First**, Defendants misinterpret the Rule. Context matters here. The Rule is in a section titled, "Office of the Grand Court," under the subsection heading, "Filing of Documents," and follows a subsection directing the "Clerk of the Court" to create a "Court file." *See* Ex. A at 331. It is an administrative rule about the docketing system, not a substantive rule barring production of documents. Its meaning is similar to Federal Rule of Civil Procedure 79 in that both establish procedural requirements for a docketing system, not substantive limits on discovery.

Plaintiffs are not trying to access the Cayman docket—they are asking Defendants to produce records from that action, including documents filed on that docket. Defendants' attempt to interpret the Rule as the equivalent of a "blocking statute" is unsupported by the text of the Rule itself, which speaks only about to whom the "Case file" is "open to inspection." *Id.*[1] The Rule does not restrict access to documents otherwise available through discovery requests.

---

[1] Defendants also cite Grand Court Rules, O. 63, r. 3(5), which provides one way third parties may request access to Cayman dockets. ECF No. 208 at 2. This non-exclusive route to access the docket is of no relevance to Plaintiffs' request that Qihoo produce documents that were filed on that docket.

mgrunfeld@pomlaw.com

600 Third Avenue, New York, NY 10016  Main: 212.661.1100  Direct: 646.581.9994

NEW YORK • CHICAGO • LOS ANGELES • LONDON • PARIS • TEL AVIV

www.pomlaw.com

Page 2

Notably, recent Cayman decisions have generally recognized the public's right to access even the "Case file" itself, upon an appropriate application. While not directly relevant to this dispute, those decisions—which turned on the Cayman "open justice principle"—serve to highlight the absurdity of attempting to treat the Rule as restricting Plaintiffs' requested discovery. See *International Banking Corporation BSC (in Administration) v. Ahmad Hamad Algosabi and Brothers Company*, CICA No. 28 of 2017, ¶¶30, 33 (30 July 2018) (attached hereto as Ex. B).

**Second**. Defendants have come nowhere near meeting *their burden* to invoke the Rule to bar discovery. See *Doubleline Cap. LP v. Odebrecht Fin., Ltd.*, 2021 WL 4596561, at *8 (S.D.N.Y. Oct. 6, 2021) ("[T]he burden of proving what that law is and demonstrating why it impedes production falls on the party resisting discovery."); *Wultz v. Bank of China Ltd.*, 298 F.R.D. 91, 96 (S.D.N.Y. 2014) (holding "the party resisting discovery" has the burden to show with "sufficient particularity and specificity" that "the discovery sought is indeed prohibited by foreign law"). Here, Defendants have cited the Grand Court Rule, but provided no additional information—such as an explanation of its meaning in context, relevant authorities for its interpretation, any Cayman law practitioner endorsing their view—and did not even provide a copy of the Rule. Their three-sentence argument falls far short of meeting their burden.

**Third**, even if the Rule were a blocking statute, this would not justify Defendants' position. Foreign "blocking statutes" do not "deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that statute." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 544 n.29 (1987); *Vringo, Inc. v. ZTE Corp.*, 2015 WL 2380061, at *2-3 (S.D.N.Y. May 14, 2015) (finding defendant's "premise that it is excused from responding to any of the discovery served upon it by virtue of [a blocking statute] is, at best, grotesquely overbroad and, at worst, entirely frivolous"); e.g., *In re Am. Int'l Grp., Inc., 2008 Sec. Litig.*, 2010 WL 11606487, at *2 (S.D.N.Y. Dec. 1, 2010) (French blocking statute not a basis for denying discovery).

In assessing the significance of a blocking statute, courts consider competing "national interests," the "hardship" to the respondent for violating the statute, and whether the party is acting in "good faith." *In re Auction Houses Antitrust Litig.*, 196 F.R.D. 444, 446 (S.D.N.Y. 2000). Here, each of these factors cuts sharply against Defendants: (1) The Cayman Islands, as discussed above, have recognized the importance of "open justice principles" and the U.S. has an interest in fulsome discovery; (2) Defendants have identified no "hardship," even if production somehow violated the Rule—indeed they cite no enforcement mechanism at all, which makes sense because the Rule is not directed to litigants but to the Cayman court administrators as instruction for maintaining their Court file; and (3) Defendants have not demonstrated "good faith," given that Qihoo could easily produce the records from the recently completed Appraisal Action.

**Fourth**, Defendants' argument fails even on its own terms for Appraisal Action documents that constitute testamentary evidence independent of what was filed with the Cayman court, such as affidavits and other witness testimony. ECF No. 196 at 2. For example, certain of the 70,000 documents produced in that action that Defendants have agreed to produce here were also exhibits to court filings, yet Defendants do not contend that they are prohibited from producing them here.

Page 3

Respectfully submitted,

/s/ Michael Grunfeld
Michael Grunfeld

POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: mgrunfeld@pomlaw.com

*Lead Counsel for Co-Lead Plaintiffs Altimeo Asset Management and ODS Capital LLC*

/s/ Carol C. Villegas
Carol C. Villegas

LABATON SUCHAROW LLP
140 Broadway, 34th Floor
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: cvillegas@labaton.com

*Additional Counsel for Co-Lead Plaintiff ODS Capital LLC*