UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALTIMEO ASSET MANAGEMENTM,
*on behalf of all others similarly situated*,
ODS CAPITAL LLC,

                                      Plaintiffs,

       -v-

QIHOO 360 TECHNOLOGY CO., LTD,
HONGYI ZHOU, XIANGDONG QI, ERIC X. CHEN,

                                      Defendants.

19 Civ. 10067 (PAE)

<u>ORDER</u>

---

PAUL A. ENGELMAYER, District Judge:

       Lead plaintiffs Altimeo Asset Management ("Altimeo") and ODS Capital LLC ("ODS") and defendants Qihoo 360 Technology Co. Ltd. ("Qihoo"), Eric X. Chen, and Hongyi Zhou here raise two discovery disputes that they briefed in two pairs of discovery letter exchanges. In the first discovery dispute, plaintiffs ask that defendants produce court files from the Cayman Islands appraisal suit ("Appraisal Action"). Dkt. 196 ("Plaintiffs' Discovery Request Letter"); *see* Dkt. 208 ("Defendants' Reply Letter"). In the second, defendants ask that Altimeo be compelled to search for and produce documents relating to Altimeo's investment decisions in Qihoo, even if Qihoo is not expressly named in those documents. Dkt. 198 ("Defendants' Discovery Request Letter"); *see* Dkt. 206 ("Plaintiffs' Reply Letter"). The Court will address the disputes in turn.

### I.    **Applicable Legal Principles**

       Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). The burden of demonstrating relevance is on the party seeking discovery. *Trilegiant Corp. v. Sitel Corp.*, 272

1

F.R.D. 360, 363 (S.D.N.Y. 2010). Once relevance has been shown, it is up to the responding party to justify curtailing discovery. *Id.*

## II. Discovery Dispute Regarding Appraisal Action Documents

In the first dispute, plaintiffs request that Qihoo produce the entire record from the Cayman Islands appraisal suit that followed Quihoo's buyout ("Appraisal Action"). Dkt. 196 at 1. After originally resisting, Qihoo has significantly narrowed the scope of this dispute by agreeing to produce all approximately 70,000 documents it produced in the Appraisal Action. *Id.* But Qihoo has refused to produce "[c]ourt filings, affidavits, judicial decisions, and expert reports" related to the Appraisal Action. *Id.* at 2. Plaintiffs argue that these documents, too, are relevant because they discuss evidence of defendants' relisting plan and evidence relevant to Qihoo's valuation. Defendants counter that the request for the record from the Cayman Action, beyond the discovery that Qihoo produced there, is excessive. Defendants also state that to produce these records would require them to contravene rules of the Cayman Islands forum.

In general, courts look askance at requests for "[c]opy cat" discovery based on the materials that happened to be produced in a separate non-parallel litigation. *See N.J. Carpenters Health Fund v. DLJ Mortg. Cap., Inc.*, No. 08 Civ. 5653 (PAC), 2012 WL 13135408, at *1 (S.D.N.Y. Mar. 2, 2012) (denying copycat request for documents previously produced to the government as overbroad). That is because such requests tend to overreach and exceed the bounds of relevance. Such requests, however, may be appropriate "where the scope and contours of separate lawsuits and discovery demands are the same, or nearly the same." *Id.*

Here, although there is overlap between the two actions, the subject and scope of the Appraisal Action in not coterminous with that here. The issue in the Appraisal Action was the "fair value" of shares owned by non-tendering Qihoo shareholders at the time others' shares

were tendered in the take-private transaction. The instant action focuses on the claim that Qihoo made actionable misstatements and omissions about its intent to eventually relist after going private, and the effect of those misstatements and omissions on Qihoo's stock price during the months before Qihoo was taken private on July 15, 2016. It follows that Qihoo's document production in the Appraisal Action likely includes materials outside the scope of those that the Court would require to be produced here. Qihoo's agreement to replicate its entire outgoing document production in that case of some 70,000 documents, which the Court will enforce, assures that plaintiffs here will receive all discovery produced in that action that has potential relevance here.

Plaintiffs also seek production here of all court filings, such as pleadings or decisions from the Appraisal Action. The Court is unpersuaded that this request is proper. These juridical materials are not evidence. And the procedural or docket history of the Appraisal Action, including the decisions rendered in it, are not admissible or probative here. And to the extent plaintiffs may wish to inspect such records in the hope to try to revive dismissed claims in this litigation, such is not a proper purpose for discovery. The Court's judgment therefore is that—with one exception—Qihoo need not produce materials from the Appraisal Action beyond the 70,000 documents in outgoing discovery it made in that action and that it has agreed to produce.

The one subset of additional documents from the Appraisal Action that the Court has determined are potentially germane to the current lawsuit are expert reports that Qihoo submitted in the Appraisal Action that speak to Qihoo's valuation. These materials, by nature, may opine upon Qihoo's trading price in the period leading up to the date the company went private. They potentially may commit Qihoo to positions relevant to the issues here. As such, portions of these

3

have the capacity to be admissible in this case. The Court accordingly directs Qihoo to produce expert reports that it produced in the Appraisal Action that speak to Qihoo's valuation.

### III. Discovery Dispute Regarding Documents Relating to Altimeo's Investment Decisions in Qihoo

Defendants seek to compel plaintiffs to search for and produce documents related to Altimeo's investment decisions in Qihoo, even where Qihoo is not expressly named in those documents. Dkt. 198 at 1. This request largely duplicates the one submitted on October 16, 2023, Dkt. 183, in which defendants sought documents relating to "purported trends and market dynamics" that do "not reference Qihoo by name." *See* Dkt. 189 (denying motion to compel, Dkt. 183). The Court remains unpersuaded that documents reflecting Altimeo's understanding in general of "dynamics regarding potential relistings, valuations, and regulatory risk" that influenced its investment decisions in Qihoo are relevant to the issues of falsity, loss causation, and class certification. Dkt. 198 at 2; *see In re New Century*, No. 07 Civ. 931 (DDP), 2009 WL 10691335, at *3 (C.D. Cal. Dec. 7, 2009) (denying discovery into a plaintiff's general investment philosophy) (collecting cases).

Defendants make two related arguments why these documents are purportedly relevant. First, they argue that because Altimeo "told its own investors that its losses during at least some of the putative class period were caused by the 'disproportionate' market reaction to regulatory developments, Altimeo cannot now argue that Qihoo's alleged failure to disclose a purported relisting plan was, in fact, what caused all of its losses." Dkt. 198 at 2. Second, they argue that Altimeo's awareness of certain market dynamics (*i.e.*, the market's reaction to regulatory developments) "undermines Plaintiffs' central claim that the market would have had a significant reaction to Qihoo disclosing a purported plan to relist." Dkt. 198 at 2–3. These arguments are unpersuasive. The Court has directed Altimeo to produce documents addressing its investment

4

decision in Qihoo. Altimeo's understanding of broader market dynamics, and the impact of certain regulatory developments on stock price movements during the class period, do not bear on the elements of falsity or loss causation. Defendants do not coherently explain why Altimeo's perceptions as to these matters could have had any bearing on these issues. Nor do defendants explain why Altimeo's views on these matters bear on its suitability to represent the putative class. The Court therefore—again, with one narrow exception—denies defendants' discovery request.

The exception relates to investor communication(s) that have been produced that refer to earlier such communications. Defendants, for example, point to an investor update referencing things it "h[as] said on numerous occasions." *See* Dkt. 198 at 3 (quoting Ex. 3A). Where a produced document incorporates by reference prior communication(s), it is fair for those prior communication(s) also to be produced, albeit redacted to eliminate extraneous content. The Court directs defendants promptly to identify for plaintiffs the full set of references in produced investor communications that defendants contend refer back to earlier communications, and for plaintiffs promptly to produce the earlier communications, consistent with this analysis. The Court otherwise denies defendants' request.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: December 7, 2023
       New York, New York