UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALTIMEO ASSET MANAGEMENT & ODS
CAPITAL LLC,

                            Plaintiffs,

            -v-

QIHOO 360 TECHNOLOGY CO. LTD. ET AL.,

                            Defendants.

19 Civ. 10067 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

The Court has reviewed co-lead plaintiffs' motion for preliminary approval of a class action settlement, Dkt. 222, and the materials filed in support, Dkts. 223–224. These submissions supply, in the main, a thoughtful explanation for the proposed settlement.

However, before ruling on the motion, the Court asks counsel to address the following questions more thoroughly than to date. These questions bear on the substantive fairness of the proposed settlement. It is preferable to engage with these questions now, rather than for the first time at a final approval hearing, *i.e.*, on potential objections to the settlement. **Counsel's filing addressing these questions is due Friday, March 15, 2024.**

(1) Why does the settlement include the claims of both the seller shareholders and the tenderer shareholders? Insofar as the Court has dismissed the claims of the latter, was consideration given to settling only the claims of the former? Or did the defense condition settlement on a global resolution?

(2) What, concretely, is the basis for allocating the Settlement Fund 75% to the seller shareholders and 25% to the tenderer shareholders? How was this allocation selected? Was it supported by economic data and if so, what? Were the amounts allocated to each

1

group negotiated independently of each other or was a global figure settled upon and then allocated among the two groups? In all events, please explain in more detail why each settlement amount is fair to members of each group.

(3) As to both sets of shareholders, there is a different recovery estimated depending on whether the class member held an ADS or a Class A ordinary share. Please explain the basis for this difference.

(4) As to the recovery for tenderer shareholders, was there consideration given to differentiating among tenderer shareholders within the settlement formula (other than that between holders of ADS versus Class A ordinary shares)? If so, what bases for differentiation were considered, and what was the basis for the decision not to differentiate?

(5) As to the recovery for seller shareholders, was there consideration given to alternative formulas for measuring entitlement to recovery? If so, what were these, and what was the basis for the decision to use the formula chosen?

(6) Paragraph 13 of the "Proposed Plan of Allocation of the Net Settlement Fund"[1] provides that in the "unlikely event" that the Net Settlement Fund fully covers the valid claims of either tenderer or seller shareholders, any excess would be applied to the net settlement fund for the other group. Would this necessarily require a second round of distributions to that group, with attendant administration costs? Or could the determination that there is excess funding precede the distributions, so as to enable a single payment to be made

---

[1] The Proposed Plan is found as a sub-section of the "Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses." Dkt. 241, Ex. A-1 at 14–17.

to each group?  If a second round of distributions were required, what is the estimate of the administration costs occasioned by this second round?

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: March 1, 2024
        New York, New York

3