# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALTIMEO ASSET MANAGEMENT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>QIHOO 360 TECHNOLOGY CO. LTD., HONGYI ZHOU, XIANGDONG QI, and ERIC X. CHEN,<br><br>Defendants. | Case No. 19 Civ. 10067 (PAE) |

**DECLARATION OF DAWN M. CODY OF ANGEION GROUP, REGARDING: (A) MAILING OF THE NOTICE; (B) PUBLICATION OF THE SUMMARY NOTICE; AND (C) REPORT ON REQUESTS FOR EXCLUSIONS RECEIVED TO DATE**

I, Dawn M. Cody, hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.    I am a Project Manager at Angeion Group ("Angeion").  Angeion's business address is 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.  I submit this declaration to provide the Court and the parties to the above-captioned litigation (the "Action") with information regarding the provision of notice to the Settlement Class.[1]  I am over 21 years of age and am not a party to this Action.  I have personal knowledge of the facts stated herein.

2.    Pursuant to ¶8 of the Court's Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered on March 12, 2024 (the "Preliminary Approval Order") (Dkt. No. 228), Angeion was retained as the Claims Administrator to, among other tasks, provide notice to potential Settlement Class Members; respond to Settlement Class Member inquiries; receive and

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings defined in the Stipulation and Agreement of Settlement, dated February 12, 2024 (Dkt. No. 224-1) (the "Stipulation").

process Claim Forms; receive and process requests for exclusion; and perform other duties as required.

3.    Angeion is not related to or affiliated with the Plaintiffs, Plaintiffs' Counsel, Defendants, or Defendants' Counsel.

**MAILING OF NOTICE TO THE SETTLEMENT CLASS**

4.    Pursuant to the Preliminary Approval Order, Angeion mailed the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice"), which included the Plan of Allocation, and the Proof of Claim and Release (the "Claim Form" and, collectively with the Notice, the "Notice Packet") to all persons, identified through reasonable effort, who purchased Qihoo 360 Technology Co. Ltd. American Depositary Shares (ADS) or Class A ordinary shares ("Qihoo Securities") during the period between December 18, 2015 and July 15, 2016, inclusive (the "Class Period"), and/or tendered, cancelled, or exchanged Qihoo Securities in Qihoo's take-private transaction (the "Merger") that closed on or about July 15, 2016. A copy of the Notice and the Claim Form are attached hereto as **Exhibits A and B,** respectively.

5.    As in most cases of this nature, the majority of potential Settlement Class Members are beneficial purchasers whose securities are held in "street name" – *i.e.*, the securities are purchased by brokerage firms, banks, institutions, and other third-party nominees ("Nominees") in the name of the nominee, on behalf of the beneficial purchaser.  The names and addresses of these beneficial purchasers are known only to the Nominees.  Angeion maintains a proprietary database of 2,435 known securities brokers, dealers, banks, and other Nominees to be used for notifying record holders of settlements (the "Broker Database").  On March 26, 2024 (the "Notice Date"), Angeion caused Notice Packets to be mailed to the 2,435  records contained in Angeion's Broker Database via United States Postal Service ("USPS") first-class mail, with instructions for those Nominees to (i) request Notice Packets for the Nominees to send to their customers or (ii) provide Angeion with contact information for the Nominees' customers for Angeion to send the Notice Packet directly to those customers.

6.      On March 28, 2024, Angeion also submitted the Notice Packet to the Depository Trust Company ("DTC") to post on their Legal Notice System, which offers DTC member banks and brokers access to a comprehensive library of notices concerning DTC-eligible securities.

7.      On March 18, 2024, Lead Counsel informed Angeion that the ADS Depository for Qihoo 360 Technology Co. Ltd. ("Qihoo") was unwilling to provide the information for potential Settlement Class Members that Qihoo was required to provide from the ADS Depositary's records in accordance with ¶8 in the Preliminary Approval Order. Lead Counsel therefore engaged directly with Qihoo's ADS Depositary to obtain this information pursuant to a third-party subpoena that had been served to the ADS Depositary earlier in the case. Lead Counsel obtained this information from the ADS Depositary on March 28, 2024, and provided it to Angeion on that date.

8.      In particular, on March 28, 2024, Lead Counsel forwarded to Angeion three (3) lists from the ADS Depositary containing the names and addresses of eleven (11) Qihoo Securities holders and sellers of record during the Class Period and those whose Qihoo Securities were tendered, cancelled, or exchanged in connection with the Merger (the "Transfer Agent List"). Upon receipt, the data was electronically processed by Angeion to ensure adequate address formatting and the elimination of duplicate names and addresses, resulting in five (5) distinct records for mailing. On April 2, 2024, Angeion caused Notice Packets to be sent via first-class mail to these five (5) Settlement Class Members.

9.      The Notice required that nominees who held and/or sold Qihoo Securities and/or exchanged/tendered/cancelled Qihoo Securities in Qihoo's Merger that closed on July 15, 2016 for the beneficial interest of a person or entity other than themselves, within ten (10) calendar days of receipt of this Notice, either (a) provide to the Claims Administrator the name and last known address of each person or entity for whom or which you held, sold and/or tendered/exchanged/cancelled Qihoo Securities during such time period or (b) request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within ten (10) calendar days of receipt of those Notice Packets from the Claims Administrator forward them to all such beneficial owners.

10.      As of June 19, 2024, Angeion has received 4,489 names and addresses of potential Settlement Class Members from individuals or brokerage firms, banks, institutions, and other

nominees. Angeion has also received requests from brokers and other nominee holders for 20,000 Notice Packets, which the brokers and nominees are required to mail to their customers. All such mailing requests have been and will continue to be responded to by Angeion in a timely manner.

11.     As of June 19, 2024, Angeion has mailed a total of 26,929 Notice Packets to potential Settlement Class Members and Nominees. After excluding Notice Packets sent to Nominees at the outset of this process and those sent multiple times to the same potential Settlement Class Member, 24,494 Notice Packets have been sent, directly or indirectly, that were intended for unique potential Settlement Class Members.

12.     As of June 19, 2024, a total of 134 Notice Packets have been returned by the USPS as undeliverable without a forwarding address. Angeion conducted address verification searches ("skip traces") in an attempt to locate updated addresses. Angeion identified 114 updated addresses via skip tracing. Angeion updated the Settlement Class Member database and has remailed Notice Packets to the 114 potential Settlement Class Members located via this process.

## PUBLICATION OF THE SUMMARY NOTICE

13.     In accordance with ¶11 of the Preliminary Approval Order, Angeion caused the Summary Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses (the "Summary Notice") to be transmitted over *PR Newswire* and published in *The Wall Street Journal* on April 9, 2024.  A copy of the Summary Notice as transmitted over *PR Newswire* and published in *The Wall Street Journal* are attached hereto as **Exhibits C and D**, respectively.

## SETTLEMENT WEBSITE

14.     To further assist potential Settlement Class Members, Angeion, in coordination with Lead Counsel, designed, implemented, and currently maintains a website, www.QihooSecuritiesSettlement.com, dedicated to the Settlement (the "Settlement Website").

15.     The Settlement Website became operational on March 26, 2024, and will be live throughout the remainder of the claims administration process. The Settlement Website's URL is included in the Notice, Claim Form, and Summary Notice. Among other things, the Settlement Website includes general information regarding the Settlement, lists the exclusion, objection, and claim filing deadlines, as well as the date and time of the Settlement Hearing.

16.     The Settlement Website also contains copies of the Notice, Claim Form, Stipulation and Agreement of Settlement, and the Preliminary Approval Order that are available for downloading, as well as Frequently Asked Questions and their answers.  The Settlement Website is accessible 24 hours a day, 7 days a week.

**TOLL-FREE TELEPHONE NUMBER AND EMAIL ADDRESS**

17.     On or before March 26, 2024, in order to accommodate inquiries regarding the Settlement, Angeion made operational a telephone number (1-844-699-3961) with an Interactive Voice Response ("IVR") system.  Callers have the ability to listen to important information about the Settlement 24 hours a day, 7 days a week, or to leave a message to request that an Angeion representative contact them. Angeion continues to maintain the telephone number and will update the IVR system as necessary throughout the administration of the Settlement.

18.     In addition, Angeion established a dedicated email address for inquiries at info@QihooSecuritiesSettlement.com.  This email address will be maintained throughout the administration of the Settlement.  Angeion has promptly responded to each email inquiry and will continue to address inquiries from Settlement Class Members.

**INCOMING MAIL**

19.     Angeion's mailing address appears in the Notice, Claim Form, Summary Notice, and the Settlement Website.  Angeion has monitored all mail that has been delivered to the mailing address, which would include requests for exclusion from the Settlement Class, objections to the Settlement, Claim Forms, and other administrative mail.  All mail has been reviewed, processed, and responded to in a timely manner.

**REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS**

20.     Settlement Class Members were notified that written requests for exclusion from the Settlement Class are to be postmarked no later than July 5, 2024, and be addressed to Qihoo Securities Settlement, c/o Claims Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.  As of June 19, 2024, Angeion has not received any requests for exclusion.

21.     Settlement Class Members were also notified that any objections to the proposed Settlement, Plan of Allocation, or the application for attorneys' fees and expenses must be submitted in writing, by mail or delivery, to the Clerk of the Court, Lead Counsel, and Counsel for

Defendants, such that the request is received no later than July 5, 2024. As of June 19, 2024, Angeion has not received any misdirected objections.

22.    Angeion will continue to monitor incoming mail for exclusion requests and objections up to and beyond the deadline and will report to Lead Counsel any exclusion requests or objections it receives. All requests for exclusions and objections will be included in Angeion's Supplemental Declaration to be filed no later than seven (7) calendar days prior to the Settlement Hearing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of June 2024 in Milwaukee, Wisconsin.


Dawn M. Cody
ANGEION GROUP

# EXHIBIT A

## Notice

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALTIMEO ASSET MANAGEMENT, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> QIHOO 360 TECHNOLOGY CO. LTD., HONGYI ZHOU, XIANGDONG QI, and ERIC X. CHEN, <br><br> Defendants. | Case No. 19 Civ. 10067 (PAE) |

**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT,
AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Southern District of New York (the "Court") if you sold Qihoo 360 Technology Co. Ltd. ("Qihoo" or the "Company") ADS[1] or Class A ordinary shares ("Qihoo Securities") during the period from December 18, 2015 through July 15, 2016, inclusive (the "Class Period") and/or tendered, cancelled, or exchanged Qihoo Securities in Qihoo's take-private transaction (the "Merger") that closed on or about July 15, 2016, and were allegedly damaged thereby (the "Settlement Class").[2]

*A federal court authorized this Notice. This is not attorney advertising.*

- The Court will hold a Settlement Hearing on August 1, 2024 at 2:30 p.m. EDT to decide whether to approve the Settlement. If approved by the Court, the Settlement will provide for the payment of $29,750,000 gross (the "Settlement Amount"), plus interest as it accrues, minus attorneys' fees, expenses, compensatory awards to Lead Plaintiffs, Notice and Administration Expenses, and Taxes on interest, to former owners of Qihoo Securities who sold Qihoo Securities during the Class Period, and former owners of Qihoo Securities who tendered, cancelled, or exchanged Qihoo Securities in the Merger, and who submit eligible Claim Forms.

- As discussed below, pursuant to the proposed Plan of Allocation, the settlement proceeds available for payment of claims related to the sale of Qihoo Securities during the Class Period will be limited to a total amount of up to 75% of the Net Settlement Fund ("Sub-Fund 1"), and up to 25% of the Net Settlement Fund ("Sub-Fund 2") will be available for payment of claims related to the tender, cancellation, or exchange of Qihoo Securities in the Merger. The proceeds available in each Sub-Fund are intended to reflect the Court's ruling on Defendant Hongyi Zhou's motion to dismiss Lead Plaintiffs' First Amended Class Action Complaint (the "Amended Complaint"), which dismissed claims for shares that were tendered, cancelled, or exchanged in the Merger.

- Based on Lead Plaintiffs' consulting damages expert's estimate of approximately 223.37 million Qihoo ADS (equivalent to approximately 335.06 million Qihoo ordinary shares) that may have been affected by the conduct alleged in the Action when they were sold during the Class Period (the "Seller Shares"), and of approximately

---

[1] "ADS" refers to American Depositary Shares, with every two Qihoo ADS representing three Class A ordinary shares.

[2] All capitalized terms used in this Notice that are not otherwise defined have the meanings given to them in the Stipulation and Agreement of Settlement, dated February 12, 2024 (the "Stipulation"), which is available at www.QihooSecuritiesSettlement.com.

Questions? Visit www.QihooSecuritiesSettlement.com
Email info@QihooSecuritiesSettlement.com or call (844) 699-3961

1

94.57 million Qihoo ADS (equivalent to approximately 141.85 million Qihoo ordinary shares) that may have been affected by the conduct alleged in the Action when they were tendered in the Merger (the "Tendered Shares"), and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average gross recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) is approximately $0.10 per ADS (and $0.07 per Class A ordinary share) for the Seller Shares and approximately $0.08 per ADS (and $0.05 per Class A ordinary share) for the Tendered Shares. Settlement Class Members should note, however, that the foregoing average recoveries are only estimates. Some Settlement Class Members may recover more or less than these estimated amounts depending on, among other factors, whether they sold or tendered their Qihoo Securities, when and at what prices they sold their Qihoo Securities, and the total number of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth below (*see* pages 11-14 below) or such other plan of allocation as may be approved by the Court.

- To claim your share of the Settlement, you must submit a valid Claim Form by August 8, 2024.

- Attorneys for Lead Plaintiffs and the Settlement Class, Pomerantz LLP ("Lead Counsel"), intend to ask the Court to award them and additional counsel Labaton Keller Sucharow LLP (together "Plaintiffs' Counsel") fees of up to 33.4% of the Settlement Amount, plus interest, and payment of up to $1,100,000 in Litigation Expenses and compensatory awards to Lead Plaintiffs, pursuant to the Private Securities Action Reform Act of 1995 ("PSLRA"). Since the Action's inception, Plaintiffs' Counsel have expended considerable time and effort in this case on a contingent-fee basis and have advanced the expenses of the litigation with the expectation that if they were successful in obtaining a recovery for the class, they would be paid from such recovery. Collectively, the requested attorneys' fees, Litigation Expenses and compensatory awards to Lead Plaintiffs are estimated to average approximately $0.04 per ADS (and $0.02 per Class A ordinary share) for the Seller Shares and approximately $0.03 per ADS (and $0.02 per Class A ordinary share) for the Tendered Shares. If approved by the Court, these amounts will be paid from the Settlement Fund.

- The estimated average net recoveries, after the deductions set forth in the preceding paragraph, are approximately $0.06 per ADS (and $0.04 per Class A ordinary share) for the Seller Shares and approximately $0.05 per ADS (and $0.03 per Class A ordinary share) for the Tendered Shares. These estimates are based on the assumptions set forth in the preceding paragraphs. Your actual recovery, if any, will depend on, among other things, whether you sold and/or tendered Qihoo Securities, the date(s) you sold Qihoo Securities and the sales price(s), and the aggregate value of recognized claims of all eligible Settlement Class Members.

- The Settlement resolves the Action and claims that Qihoo, Hongyi Zhou ("Zhou"), Eric X. Chen ("Chen"), and Xiangdong Qi ("Qi") (collectively, "Defendants") violated federal securities laws by allegedly making misrepresentations and/or omissions of material fact in public statements to the investing public concerning, *inter alia*, Qihoo's July 15, 2016 take-private transaction and subsequent relisting. Mr. Qi has not appeared in the Action and Qihoo, Mr. Zhou, and Mr. Chen ("Settling Defendants") have entered into the Stipulation with Lead Plaintiffs (collectively, the "Parties"). Settling Defendants have denied and continue to deny each, any, and all allegations of wrongdoing, fault, liability, or damage whatsoever asserted by Lead Plaintiffs. Settling Defendants have also denied, *inter alia*, the allegations that Lead Plaintiffs or the Settlement Class have suffered damages or that Lead Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action. Settling Defendants continue to believe the claims asserted against them in the Action are without merit.

- The Parties disagree on how much money, if any, could have been won if the investors prevailed at trial in the Action.

- For Lead Plaintiffs, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class. This benefit must be compared to the costs and delay associated with completing discovery (including foreign discovery), the risk that the Court may refuse to certify a class and/or grant anticipated motions for summary judgment filed by Settling Defendants, in whole or in part, the risks involved in proving the allegations, the uncertainty of a greater recovery after a trial and appeals, and the difficulties and delays inherent in such litigation. For Settling Defendants, who deny all allegations of wrongdoing or liability whatsoever and

deny that Settlement Class Members were damaged, the principal reason for entering into the Settlement is to end the burden, expense, uncertainty, and risk of further litigation.

- If you are a member of the Settlement Class, your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on these claims. Therefore, you should read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment from the Settlement. Proof of Claim forms must be postmarked or submitted online **on or before August 8, 2024.** |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims that were or could have been asserted in this case. Requests for exclusion must be received **on or before July 5, 2024.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees, costs, and expenses. You will still be a member of the Settlement Class. Objections must be received by the Court and counsel **on or before July 5, 2024.** |
| **PARTICIPATE IN THE HEARING** | Ask to speak in Court about the fairness of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees, costs, and expenses. Requests to speak must be received by the Court and counsel **on or before August 1, 2024.** |
| **DO NOTHING** | Get no payment. Give up your rights. |

## INQUIRIES

**Please do not contact the Court regarding this Notice.** All inquiries concerning this Notice, the Proof of Claim, or any other questions by Settlement Class Members should be directed to:

Qihoo Securities Settlement    or    Jeremy A. Lieberman, Esq.
c/o Claims Administrator    Michael Grunfeld, Esq.
1650 Arch Street, Suite 2210    POMERANTZ LLP
Philadelphia, PA 19103    600 Third Avenue, Floor 20
Telephone: (844) 699-3961    New York, New York 10016
info@QihooSecuritiesSettlement.com    Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: jalieberman@pomlaw.com
Email: mgrunfeld@pomlaw.com

## BASIC INFORMATION CONCERNING THE SETTLEMENT

| | |
|---|---|
| **1.** | **Why did I get this notice packet?** |

You or someone in your family may have sold Qihoo Securities during the period from December 18, 2015 through July 15, 2016, both dates inclusive (the Class Period), and/or tendered/cancelled/exchanged Qihoo Securities in Qihoo's Merger, which took place on or about July 15, 2016. **RECEIPT OF THIS NOTICE PACKET DOES NOT MEAN THAT YOU ARE A MEMBER OF THE SETTLEMENT CLASS OR THAT YOU WILL BE ENTITLED TO RECEIVE A PAYMENT.** The Parties do not have access to your individual investment information. If you wish to be eligible for a payment, you are required to submit the Claim Form that is being distributed with this Notice. *See* Question 10 below.

| 2. | What is this case about? |
| --- | --- |

The Settlement resolves the case known as *Altimeo Asset Management v. Qihoo 360 Technology Co. Ltd., et al.*, Case No. 19 Civ. 10067 (PAE) (S.D.N.Y.). The Court in charge of the case is the United States District Court for the Southern District of New York. The Action involves allegations that Defendants violated provisions of the Securities Exchange Act of 1934 ("Exchange Act") by allegedly making misrepresentations and/or omissions of material fact in public statements to the investing public in connection with Qihoo's July 15, 2016 take-private transaction and subsequent relisting. The operative Amended Complaint alleges that the misstatements or omissions artificially depressed the price of Qihoo Securities leading up to and during the Merger.

The Court did not finally decide in favor of Lead Plaintiffs or Settling Defendants and there has been no trial. Instead, both sides agreed to a settlement with the assistance of an experienced mediator.

Settling Defendants have denied and continue to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Action. The Settlement shall not be construed as, or deemed to be evidence of, liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of Settling Defendants or any of the Released Defendant Parties, or of any infirmity of any defense, or of any damages to the Lead Plaintiffs or any other Settlement Class Member. The Settlement resolves all of the claims in the Action, as well as certain other related claims or potential claims, whether known or unknown.

| 3. | Why is this a class action? |
| --- | --- |

In a class action, one or more persons called plaintiffs sue on behalf of all persons who have similar claims.  All of the persons with similar claims are referred to as a class. One court resolves the issues for all class members, except for those who exclude themselves from the class.

| 4. | Why is there a settlement? |
| --- | --- |

Lead Plaintiffs and Settling Defendants do not agree about the merits of Lead Plaintiffs' allegations and Settling Defendants' defenses with respect to liability or the average amount of damages per share, if any, that would be recoverable if Lead Plaintiffs were to prevail at trial on each claim. The issues on which Lead Plaintiffs and the Settling Defendants disagree include: (1) whether the challenged statements were materially false or misleading or otherwise actionable under federal securities laws; (2) whether Settling Defendants had a duty to disclose the allegedly omitted information; (3) whether the Settling Defendants acted with scienter; (4) whether Lead Plaintiffs relied on the challenged statements (or whether they were required to have relied on those statements);  (5) whether Settling Defendants' alleged misstatements and omissions caused any damages to investors; (6) the amount of alleged damages, if any, that could be recovered at trial; and (7) whether Lead Plaintiffs would have prevailed on any appeal of the District Court's dismissal of the claims with respect to the Tendered Shares.

The Action has not gone to trial and the Court has not decided in favor of either Lead Plaintiffs or Settling Defendants. Instead, Lead Plaintiffs and Settling Defendants have agreed to settle the case. Lead Plaintiffs and Plaintiffs' Counsel believe the Settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses raised by the Settling Defendants. Among the reasons that Lead Plaintiffs and Plaintiffs' Counsel believe the Settlement is fair is the fact that there is uncertainty about whether they will be able to prove that any challenged statement was false or misleading, that the alleged misstatements and omissions actually caused the class any damages, and the amount of damages, if any.

Moreover, in addition to litigation of this type usually being expensive, it appears that, even if Lead Plaintiffs' allegations were found to be true, the total amount of damages to which class members would be entitled could be substantially reduced.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to determine if you are a Settlement Class Member.

| 5. | How do I know if I am part of the Settlement Class? |
|---|---|

The Settlement Class is: all owners and former owners of Qihoo Securities (i) who sold their Qihoo Securities during the period from December 18, 2015 through July 15, 2016, inclusive, and/or (ii) whose Qihoo Securities were tendered, cancelled, or exchanged in the Merger.

Check your investment records or contact your broker to see if you have any eligible securities. The Parties do not independently have access to your trading information.

| 6. | Are there exceptions to being included? |
|---|---|

Yes. Excluded from the Settlement Class are: (i) Defendants; (ii) any person who was an officer or director of Qihoo; (iii) members of the Immediate Families of the Individual Defendants and the directors and officers of Qihoo; (iv) any entity in which any Defendant has or had a controlling interest; (v) the legal representatives, affiliates, heirs, beneficiaries, successors-in-interest, and assigns of any such excluded person or entity in (i)-(iv), in their respective capacity as such; and (vi) any persons or entities who or which exclude themselves by submitting a timely and valid request for exclusion that is accepted by the Court.

Also, the Settlement does not provide any recovery for alleged losses in connection with any Qihoo Securities that were held but not sold, tendered, exchanged, or cancelled in the Merger, which were part of the Appraisal Action filed in the Cayman Islands arising out of the Merger. For the avoidance of doubt, nothing herein shall prevent a plaintiff in the Appraisal Action from submitting a Proof of Claim form or otherwise recovering in the Settlement to the extent they are a member of the Settlement Class and have an eligible claim pursuant to the Plan of Allocation approved by the Court and the requirements set forth in the Stipulation and in the Proof of Claim form.

| 7. | What if I am still not sure if l am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at (844) 699-3961 or at info@QihooSecuritiesSettlement.com or by visiting the website www.QihooSecuritiesSettlement.com, or you can fill out and return the Proof of Claim form enclosed with this Notice packet to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 8. | What does the Settlement provide? |
|---|---|

The proposed Settlement provides for Settling Defendants to pay, or cause the payment of, $29,750,000 into a settlement fund, which may accrue interest (the "Settlement Fund"). The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees with interest and reasonable Litigation Expenses to Plaintiffs' Counsel, and compensatory awards to Lead Plaintiffs. A portion of the Settlement Fund also will be used to pay Taxes due on interest earned by the Settlement Fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing this Notice, the costs of publishing notice, and the costs of processing claims. After the foregoing deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Settlement Class Members who submit timely, valid claims, according to the Plan of Allocation to be approved by the Court ("Authorized Claimants").

| 9. | How much will my payment be? |
|---|---|

Your share of the Net Settlement Fund will depend on several factors, including: (i) whether you sold or tendered/exchanged/cancelled your Qihoo Securities; (ii) how many Qihoo Securities you sold during the Class

Period and the dates and prices of those sales; (iii) how many Qihoo Securities you tendered/exchanged/cancelled in the Merger; (iv) the recognized claims of timely and valid claims submitted by other Settlement Class Members; (v) the amount of administrative costs, including the costs of notice; and (vi) the amount awarded by the Court to Plaintiffs' Counsel for attorneys' fees, expenses, and compensatory awards to Lead Plaintiffs.

The Claims Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized claim calculated pursuant to the allocation formulas set forth in the Plan of Allocation approved by the Court. The allocation formulas are the basis upon which the Net Settlement Fund will be proportionately allocated to Settlement Class Members with valid claims. The allocation formulas are not intended to estimate the amount that a Settlement Class Member might have been able to recover after a trial; they also are not an estimate of the amount that will be paid to Settlement Class Members pursuant to the Settlement. You can calculate your recognized claim by following the instructions in the proposed Plan of Allocation at pages 11-14 of this Notice.

It is unlikely that you will get a payment for all of your recognized claim. After all Settlement Class Members have sent in their Proof of Claim forms, the payment you get will be a share of the Net Settlement Fund equal to your proportional share of Sub-Fund 1 and Sub-Fund 2.

## HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM

| 10. | How can I get a payment? |
| --- | --- |

To qualify for a payment, you must submit a Proof of Claim form. The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

A Proof of Claim form is enclosed with this Notice and may also be downloaded at www.QihooSecuritiesSettlement.com or submitted online using the website claim portal. Read the instructions carefully, fill out the form, include all the documents that the form requests, sign it, and mail or submit it online so that it is postmarked or submitted online **no later than August 8, 2024**. The Claim Form may be submitted online at www.QihooSecuritiesSettlement.com or mailed to:

*Qihoo Securities Settlement*
c/o Claims Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
Telephone: (844) 699-3961
info@QihooSecuritiesSettlement.com

| 11. | When would I get my payment? |
| --- | --- |

The Court will hold a Settlement Hearing on August 1, 2024 at 2:30 p.m. EDT to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals afterwards. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 12. | What am I giving up to get a payment or to stay in the Settlement Class? |
| --- | --- |

If you are a member of the Settlement Class, unless you exclude yourself from the Settlement Class by the July 5, 2024 deadline, you will remain a member of the Settlement Class and will be bound by the release of claims against Defendants and other Released Defendant Parties if the Settlement is approved. It also means you will be bound by any orders issued by the Court.  If the Settlement is approved, the  Court will enter a judgment.  The judgment will dismiss with prejudice the claims against the Released Defendant Parties and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their

capacities as such, shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim form or shares in the Net Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

"Released Plaintiffs' Claims" means any and all claims and causes of action of every nature and description, whether known claims or Unknown Claims, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that Lead Plaintiffs or any other member of the Settlement Class: (a) asserted in the Action, including, for the avoidance of doubt, all claims already dismissed by the Court's order dated March 21, 2023 granting in part and denying in part Mr. Zhou's motion to dismiss the Amended Complaint (ECF No. 145); or (b) could have asserted in the Action or any forum that arise out of, are based upon, or relate to both (i) the allegations, transactions, facts, activities, matters or occurrences, conduct, representations, or omissions involved, set forth, or referred to in the Action and (ii) the sale of Qihoo Securities during the Class Period and/or the tender, cancellation, or exchange of Qihoo Securities in the Merger.  Released Plaintiffs' Claims shall not include: (a) claims to enforce the Settlement or (b) the Appraisal Action filed in the Cayman Islands related to the Merger, or any similar action resulting from a Qihoo shareholder's valid dissent from the Merger.

"Released Defendant Parties" means Defendants and each of their respective former, present or future parents, subsidiaries, divisions, controlling Persons, associates, related entities and affiliates and each and all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers of each of them, in their capacities as such; and the predecessors, successors, assigns, estates, Immediate Family, heirs, executors, trusts, trustees, administrators, agents, legal representatives, and assignees of each of them, in their capacities as such, as well as any trust of which any Released Defendant Party is the settlor or which is for the benefit of any of their Immediate Family members.

"Unknown Claims" means any and all Released Plaintiffs' Claims that Lead Plaintiffs or any other Settlement Class Member do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Settling Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class.  With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and Settling Defendants shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiffs, other Settlement Class Members, or Settling Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the Action, the Released Plaintiffs' Claims or the Released Defendants' Claims, but Lead Plaintiffs and Settling Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have fully, finally, and forever settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Lead Plaintiffs and Settling Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

This means you and all other Settlement Class Members and each of your respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) as against Defendants and other Released Defendant Parties.  You will accept a share of the Net Settlement Fund as sole compensation for any losses you allegedly suffered in the sale or tender of Qihoo Securities during the Class Period.  Additional specific terms of the release are included in the Stipulation available at www.QihooSecuritiesSettlement.com.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own about the claims being released in the Settlement, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself, or "opting out," from the Settlement Class.  Defendants can terminate the Settlement if a certain amount of exclusion requests are received.

| 13. | How do I get out of the proposed Settlement? |
|-----|----------------------------------------------|

To exclude yourself from the Settlement Class, you must mail a letter stating that you request to be "excluded from the Settlement Class in *Altimeo Asset Management v. Qihoo 360 Technology Co. Ltd., et al.,* Case No. 19 Civ. 10067 (PAE) (S.D.N.Y.)." To be valid, the letter must state (i) your name, address, telephone number, and e-mail address (if any); and (ii) the date(s), price(s), and number(s) of Qihoo Securities sold during the Class Period, as well as Qihoo Securities tendered/exchanged/cancelled in the Merger. In order to be valid, such request for exclusion must be submitted with documentary proof (i) of each sale transaction of Qihoo Securities during the Class Period and/or each tender/exchange/cancellation of Qihoo Securities for the merger consideration in the Merger and (ii) demonstrating your status as a beneficial owner of the Qihoo Securities. Any request for exclusion must be signed and submitted by you, as the beneficial owner. You must submit your exclusion request so that it is **received no later than July 5, 2024 at**:

*Qihoo Securities Settlement*
c/o Claims Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
Telephone: (844) 699-3961
info@QihooSecuritiesSettlement.com

You cannot exclude yourself by telephone or by e-mail. If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by any orders or the judgment in this case.

**14.    If I do not exclude myself, can I sue the Defendants or the other Released Defendant Parties for the same thing later?**

No. Unless you exclude yourself by following the instructions above, you give up any rights to sue the Defendants or the other Released Defendant Parties for the claims being released in the Settlement. If you have a pending lawsuit against the Released Defendant Parties or related to any Released Plaintiffs' Claims, speak to your lawyer in that case immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is **July 5, 2024.**

**15.    If I exclude myself, can I get money from the proposed Settlement?**

No. If you exclude yourself, you may not send in a Proof of Claim to ask for any money.

## THE LAWYERS REPRESENTING YOU

**16.    Do I have a lawyer in this case?**

The Court has appointed Pomerantz LLP as Lead Counsel to the Settlement Class, to represent you and the other Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense and they may file a notice of appearance in the Action. Contact information for Pomerantz LLP is provided above.

**17.    How will the lawyers be paid?**

Plaintiffs' Counsel have expended considerable time litigating this Action on a contingent-fee basis and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or for their expenses in advance of this Settlement. Plaintiffs' Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be paid for their Litigation Expenses from the Settlement Fund, as is customary in this type of litigation. Plaintiffs' Counsel will not receive attorneys' fees or be paid for their Litigation Expenses except from the Settlement Fund. Therefore, Lead Counsel will file a motion, on behalf of itself and Labaton Keller Sucharow LLP, prior to the Settlement Hearing asking the Court for an award of attorneys' fees in an amount not greater than 33.4% of the Settlement Fund, equaling $9,936,500 plus interest, plus payment of Litigation Expenses and compensatory awards to Lead Plaintiffs of no more than $1,100,000. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

## OBJECTING TO THE SETTLEMENT AND RELATED MATTERS

**18.    How do I tell the Court that I object to the proposed Settlement, the Fee and Expense Application, and/or the Plan of Allocation?**

If you are a Settlement Class Member, you can tell the Court you do not agree with the proposed Settlement, any part of the Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and expenses and application for compensatory awards to Lead Plaintiffs. You can write to the Court setting out your objection. The Court will consider your views.

To object, you must send a signed letter saying that you object to the proposed Settlement, Plan of Allocation, and/or application for attorneys' fees and Litigation Expenses in "*Altimeo Asset Management v. Qihoo 360 Technology Co. Ltd., et al*., Case No. 19 Civ. 10067 (PAE) (S.D.N.Y.)." You must include (1) your name, address, telephone number, e-mail, and your signature; (2) the date(s), price(s), and number(s) of Qihoo Securities sold during the Class Period, as well as Qihoo Securities tendered/exchanged/cancelled in the Merger, and documents showing your trading; and (3) the objection(s) and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support, and witnesses the Settlement Class Member wishes to bring to the Court's attention.

If you are represented by counsel, you must also provide the name, address and telephone number of all counsel, if any, who represent you, including your former or current counsel who may be entitled to compensation in connection with the objection; the number of times you and your counsel has filed an objection to a class action settlement in the last five years; the nature of each such objection in each case; and the name and docket number of each case.

If you object, you subject yourself to the jurisdiction of the Court in this matter and consent to being deposed in your district of residence and producing, in advance of a deposition, any responsive documents to a discovery request prior to the Settlement Hearing.

Attendance at the Settlement Hearing is not necessary. Objectors wishing to be heard orally at the Settlement Hearing must indicate in their written objection that they intend to participate in the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing.

You must also mail or deliver copies of any objections, papers and briefs to **each** of the below such that they are **received no later than July 5, 2024:**

| **Clerk of the Court** | **Lead Counsel** | **Counsel For Defendants** |
|---|---|---|
| United States District Court | Jeremy A. Lieberman, Esq. | Jason C. Hegt, Esq. |
| Southern District of New York | POMERANTZ LLP | LATHAM & WATKINS LLP |
| Thurgood Marshall United States | 600 Third Avenue, Floor 20 | 1271 Avenue of the Americas |
| Courthouse | New York, NY 10016 | New York, NY 10020 |
| 40 Foley Square | | |
| New York, NY 10007 | | |

| **19.** | **What is the difference between objecting and excluding myself?** |
|---|---|

Objecting is telling the Court you do not like something about the Settlement or some part of it. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class or the Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement, the Fee and Expense Application, and the Plan of Allocation. You may participate, and you may ask to speak, but you do not have to.

| **20.** | **When and where will the Court decide whether to approve the proposed Settlement?** |
|---|---|

The Court will hold a Settlement Hearing, either in person or remotely at the Court's discretion, on August 1, 2024 at 2:30 p.m. EDT at the United States District Court, 40 Foley Square, Courtroom 1305, New York, NY, 10007.

At this hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court; whether an Order and Final Judgment as provided for in the Stipulation should be entered; and whether the proposed Plan of Allocation should be approved. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide how much should be awarded to Plaintiffs' Counsel for attorneys' fees and expenses and compensatory awards to Lead Plaintiffs for their service to the Settlement Class.

We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Settlement Hearing, or decide to hold it remotely, without another notice being mailed to Settlement Class Members. If you want to attend the hearing, you should check with Lead Counsel or the Settlement website, www.QihooSecuritiesSettlement.com, beforehand to be sure that the date and/or time has not changed.

| 21. | Do I have to come to the hearing? |
|---|---|

No. Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 22. | May I speak at the hearing? |
|---|---|

If you object, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (see question 18 above) a statement that you "intend to appear in *Altimeo Asset Management v. Qihoo 360 Technology Co. Ltd., et al.,* Case No. 19 Civ. 10067 (PAE) (S.D.N.Y.)." Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees, costs, and expenses, and desire to present evidence at the Settlement Hearing, must include in their written objection the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

| 23. | What happens if I do nothing at all? |
|---|---|

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the Released Defendant Parties about the Released Plaintiffs' Claims (as defined in the Stipulation) ever again.

## GETTING MORE INFORMATION

| 24. | Are there more details about the proposed Settlement? |
|---|---|

This Notice summarizes the proposed Settlement. More details are in the Stipulation and Agreement of Settlement dated February 12, 2024. The Stipulation is the controlling document describing the proposed Settlement, and its terms govern everything in this Notice. You can get a copy of the Stipulation, other documents related to the Settlement and the Fee and Expense Application, and obtain answers to common questions regarding the proposed Settlement by visiting www.QihooSecuritiesSettlement.com or by contacting the Claims Administrator toll-free at (844) 699-3961.

| 25. | How do I get more information about the case? |
|---|---|

For even more detailed information concerning the matters involved in this Action, see the pleadings filed in the case, the papers filed in support of the Settlement and the Fee and Expense Application, and the orders entered by the Court, which are available for review during business hours at the Office of the Clerk of the Court, Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007. (Please check the Court's website, www.nysd.uscourts.gov, for information about Court closures before visiting.) Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

## PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

1.      The Plan of Allocation set forth below is the plan for calculating claims and distributing the proceeds of the Settlement that is being proposed by Lead Plaintiffs and Lead Counsel to the Court for approval. The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged misstatements and omissions that were at issue in

this Action. The Court may approve this Plan of Allocation or modify it without additional individual notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the Settlement website www.QihooSecuritiesSettlement.com. Settling Defendants had no role in the preparation of the Plan of Allocation.

2.    The Plan of Allocation was created with the assistance of a consulting damages expert, and reflects the assumption that the price of Qihoo Securities was artificially deflated throughout the Class Period. Under Lead Plaintiffs' theory of liability, investors who sold Qihoo Securities during the Class Period, or tendered Qihoo Securities in the Merger, suffered damages when they sold or tendered/cancelled/exchanged their shares for an amount less than fair value. Lead Plaintiffs allege that the fair value of Qihoo Securities was greater than what investors received based, in part, on Defendants' alleged misrepresentations and omissions concerning the likelihood that the Merger would close and the higher valuation Qihoo received after the Merger.

3.    **Allocation of Settlement Proceeds into Sub-Funds**: The Net Settlement Fund shall be allocated into the following two Sub-Funds based on whether the claimant's Qihoo Security was sold during the Class Period or tendered/cancelled/exchanged in the Merger. The proceeds available in each Sub-Fund are intended to reflect the Court's ruling on Defendant Zhou's motion to dismiss the Amended Complaint, which dismissed claims for shares that were cancelled or tendered in exchange for the Merger consideration.  The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the allocation formulas described below.

      i.    **Sub-Fund 1:** Settlement proceeds available for Qihoo ADS[3] and Qihoo Class A ordinary shares sold during the Class Period shall be limited to a total amount of up to **75%** of the Net Settlement Fund.[4]

      ii.    **Sub-Fund 2:** Settlement proceeds available for Qihoo ADS and Qihoo Class A ordinary shares that were tendered, cancelled or exchanged in the Merger shall be limited to a total amount of up to **25%** of the Net Settlement Fund.

### Sub-Fund 1 Pro Rata Calculations

4.    The Claims Administrator will calculate a "Seller Loss Amount" for each Qihoo ADS or Qihoo Class A ordinary share sold during the Class Period that is listed in the Claim Form and for which adequate documentation is provided. The sum of a claimant's Seller Loss Amounts will be their "Recognized Seller Claim." The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of Sub-Fund 1 based on his, her, or its Recognized Seller Claim as compared to the total Recognized Seller Claims for all Authorized Claimants.

5.    For Qihoo ADSs and Qihoo Class A ordinary shares sold during the Class Period, the Seller Loss Amount per security shall be calculated as: (i) the Merger consideration price *minus* (ii) the price at which the security was sold.  The following will apply:

      (a)    The Merger consideration price shall be $77.00 per ADS, and $51.33 per Class A ordinary share.[5]

      (b)    The price at which the security was sold shall be determined from the trading records submitted by the claimant.

---

[3] "ADS" refers to American depositary shares, every two Qihoo ADS representing three Qihoo Class A ordinary shares. Pursuant to the Stipulation, "Qihoo Securities" refers, collectively, to Qihoo ADS and Qihoo Class A ordinary shares.

[4] Short sale transactions are not entitled to a recovery from the Net Settlement Fund. Thus, the Recognized Loss on Qihoo Securities sold short during the Class Period shall be $0.

[5] Pursuant to the terms of the Merger agreement, each Qihoo Class A ordinary share issued and outstanding immediately prior to the effective time of the Merger was cancelled in exchange for the right to receive US$51.33, and each Qihoo ADS was cancelled in exchange for the right to receive US$77.00.

6.      In the calculations above, all sale prices shall exclude any fees, taxes and commissions.  If a Seller Loss Amount is calculated to be a negative number, that Seller Loss Amount shall be set to zero.

### Sub-Fund 2 Pro Rata Calculations

The Claims Administrator will calculate a "Merger Consideration Amount" for each Qihoo ADS or Qihoo Class A ordinary share tendered, cancelled or exchanged in the Merger that is listed in the Claim Form and for which adequate documentation is provided. The sum of a claimant's Merger Consideration Amounts will be their "Recognized Merger Claim." The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of Sub-Fund 2 based on his, her, or its Recognized Merger Claim as compared to the total Recognized Merger Claims for all Authorized Claimants. The following will apply:

(a)      For Qihoo ADSs and Qihoo Class A ordinary shares tendered, cancelled or exchanged in the Merger, the Merger Consideration Amount per security shall be $385.00 per ADS, and $256.65 per Class A ordinary share.[6]

### ADDITIONAL PROVISIONS APPLICABLE TO ALL CLAIMANTS

7.      Payment according to the Plan of Allocation will be deemed conclusive against all claimants. A claimant's Recognized Seller Claim and/or Recognized Merger Claim will be calculated as set forth herein and cannot be less than zero.

8.      A claimant's *pro rata* share of each Sub-Fund, if any, will be added together to determine the claimant's total Distribution Amount, if any. No distribution will be made to Authorized Claimants who would otherwise receive a Distribution Amount of less than $10.00.

9.      The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the total number and amount of valid claims participating in the Settlement. The number of claimants who submit claims varies widely from case to case.

10.     Notwithstanding any other term of this Plan of Allocation, there shall be no recovery for any security upon which the claimant, or any successor, affiliate, or legal representative thereof, sought appraisal in the Appraisal Action or any similar action, or for any security sold or tendered by any affiliate, subsidiary or parent of any Defendant.

11.     For the avoidance of doubt, nothing herein shall prevent a plaintiff in the Appraisal Action (or any similar action) from submitting a Claim Form or otherwise recovering in the Settlement to the extent they are a member of the Settlement Class by virtue of Qihoo Securities that were not part of the Appraisal Action and they have an eligible claim pursuant to the Plan of Allocation approved by the Court and the requirements set forth herein and in the Claim Form.

12.     In the unlikely event that the Net Settlement Fund, allocated as set forth above, is sufficient to pay 100% of the Recognized Seller Claims in Sub-Fund 1, any excess amount will be applied proportionally to claims in Sub-Fund 2. Similarly, in the unlikely event that the Net Settlement Fund, allocated as set forth above, is sufficient to pay 100% of Recognized Merger Claims in Sub-Fund 2, any excess amount will be applied proportionally to claims in Sub-Fund 1.

---

[6] These per-security Merger Consideration Amounts are based on Lead Plaintiffs' allegations that Qihoo's maximum fair value at the time of the Merger was over six times the Merger consideration. (*See* ECF No. 157-1 (Proposed Second Amended Complaint) ¶¶ 119, 130, 181). The per-security Merger Consideration Amounts described above are the difference between (1) six times the Merger consideration that Lead Plaintiffs allege shareholders were due and (2) the Merger consideration of US$77.00 per Qihoo ADS and US$51.33 per Qihoo Class A ordinary share that shareholders actually received.

13.     A purchase or sale of a Qihoo Security shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

14.     Any transactions in Qihoo Securities executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session for the U.S. financial markets.

15.     Where a transaction occurred on or after July 15, 2016, at a price of $77.00 per Qihoo ADS or $51.33 per Qihoo Class A ordinary share, that transaction shall be deemed a "tender."  Qihoo ADSs or Class A ordinary shares surrendered for ultimate receipt of the Merger consideration during the Class Period prior to the Merger shall be treated as Qihoo ADSs or Class A ordinary shares tendered in the Merger if a claimant's trading records indicate the share was exchanged, cancelled or tendered. Otherwise, such transaction shall be treated as a sale. Notwithstanding any of the above, the transfer of Qihoo Securities during the Class Period in exchange for the receipt of securities of any other corporation or entity shall not be deemed a sale of a Qihoo Security.

16.     The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible. Distributions will be made to Authorized Claimants after all timely claims have been processed and after the Court has finally approved the Settlement.  If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and Litigation Expenses, if any, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion. Once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed to the Investor Protection Trust, or such other private, non-profit, non-sectarian 501(c)(3) organization designated by Lead Plaintiffs and approved by the Court.

17.     Settlement Class Members who do not submit acceptable Claim Forms will not share in the Settlement proceeds. The Stipulation and the Judgment dismissing this Action will nevertheless bind Settlement Class Members who do not submit a request for exclusion or submit an acceptable Claim Form.

18.     Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Claim Form. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims-administration process, to decide the issue by submitting a written request.

19.     Settling Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Lead Plaintiffs and Plaintiffs' Counsel likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If, from December 18, 2015 through July 15, 2016, both dates inclusive, you held and/or sold Qihoo Securities (ADS and/or Class A ordinary shares) and/or exchanged/tendered/cancelled Qihoo Securities in Qihoo's Merger that closed on July 15, 2016 for the beneficial interest of a person or entity other than yourself, the Court has directed that, WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or entity for whom or which you held, sold and/or tendered/exchanged/cancelled Qihoo Securities during such time period or (b) request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and WITHIN TEN (10) CALENDAR DAYS of receipt of those Notice Packets from the Claims Administrator forward them to all such beneficial owners. Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available.  If you choose to follow alternative procedure (b), the Court has

directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. **YOU ARE NOT AUTHORIZED TO PRINT THE NOTICE PACKET YOURSELF. NOTICE PACKETS MAY ONLY BE PRINTED BY THE COURT-APPOINTED CLAIMS ADMINISTRATOR**.

You may request reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing of up to: $0.10 per Notice Packet, plus postage at the current pre-sort rate used by the Claims Administrator, for Notice Packets mailed by nominees; or $0.10 per mailing record and email address provided to the Claims Administrator.  Expenses will be paid upon request and submission of appropriate supporting documentation and timely compliance with the above directives.  All communications regarding the foregoing should be addressed to the Claims Administrator at the address listed on page 10 above.

DATED: March 26, 2024                    BY ORDER OF THE UNITED STATES
                                         DISTRICT COURT FOR THE
                                         SOUTHERN DISTRICT OF NEW YORK

# EXHIBIT B

## Claim Form

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALTIMEO ASSET MANAGEMENT, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> QIHOO 360 TECHNOLOGY CO. LTD., HONGYI ZHOU, XIANGDONG QI, and ERIC X. CHEN, <br><br> Defendants. | Case No. 19 Civ. 10067 (PAE) |

**PROOF OF CLAIM AND RELEASE**

**A.  GENERAL INSTRUCTIONS**

1.      To recover as a member of the Settlement Class based on your claims in the class action entitled *Altimeo Asset Management v. Qihoo 360 Technology Co. Ltd., et al*., Case No. 19 Civ. 10067 (PAE) (S.D.N.Y.) (the "Action"), you must complete and, on page 6 below, sign this Proof of Claim and Release form ("Claim Form"). If you fail to submit a timely and properly addressed (as explained in paragraph 3 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.[1]

2.      Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement of the Action. Claimants are responsible for establishing their eligibility to recover.

**3.      THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.QIHOOSECURITIESSETTLEMENT.COM NO LATER THAN AUGUST 8, 2024 OR, IF MAILED, BE POSTMARKED NO LATER THAN AUGUST 8, 2024, ADDRESSED AS FOLLOWS**:

*Qihoo Securities Settlement*
c/o Claims Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
www.QihooSecuritiesSettlement.com

4.      If you are a member of the Settlement Class, and you do not timely request exclusion from the Settlement Class in response to the Notice dated March 26, 2024, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT. RECEIPT OF THIS CLAIM FORM DOES NOT MEAN YOU ARE A MEMBER OF THE SETTLEMENT CLASS.

---

[1] All capitalized terms used in this Claim Form that are not otherwise defined have the meanings given to them in the Stipulation and Agreement of Settlement dated February 12, 2024 (the "Stipulation"), which is available at www.QihooSecuritiesSettlement.com.

**B.   CLAIMANT IDENTIFICATION**

1.      You are eligible to file a claim, or have a legal representative file a claim for you, if you are a member of the Settlement Class, which is: all owners and former owners of Qihoo Securities (i) who sold their Qihoo Securities[2] during the period from December 18, 2015 through July 15, 2016, inclusive (the "Class Period"), and/or (ii) whose Qihoo Securities were tendered, cancelled, or exchanged in the Merger.[3] Excluded from the Settlement Class are: (i) Defendants; (ii) any person who was an officer or director of Qihoo; (iii) members of the Immediate Families of the Individual Defendants and the directors and officers of Qihoo; (iv) any entity in which any Defendant has or had a controlling interest; (v) the legal representatives, affiliates, heirs, beneficiaries, successors-in-interest, and assigns of any such excluded person or entity in (i)-(iv), in their respective capacity as such; and (vi) any persons or entities who or which exclude themselves by submitting a timely and valid request for exclusion that is accepted by the Court.

2.      If you held or sold Qihoo Securities in your name, you were the record owner as well as the beneficial owner. However, if you held or sold Qihoo Securities through a third party, such as a brokerage firm, you were the beneficial owner and the third party was the record owner.

3.      Use **Part I** of this form entitled "Claimant Information" to identify each beneficial owner of Qihoo Securities whose ownership forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNER(S) OR THE LEGAL REPRESENTATIVE OF SUCH OWNER(S). All joint owners must sign this claim.

4.      Executors, administrators, guardians, conservators, custodians, trustees, and legal representatives must complete and sign this Claim Form on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of the claim or result in rejection of the claim.

**C.   IDENTIFICATION OF TRANSACTIONS**

1.      Use **Part II** of this form entitled "Schedule of Transactions in Qihoo ADSs" to supply all required details of your transaction(s) in Qihoo ADSs. Use **Part III** of this form entitled "Schedule of Transactions in Qihoo Class A Ordinary Shares" to supply all required details of your transaction(s) in Qihoo Class A Ordinary Shares. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.      On the schedules, provide all of the requested information with respect to: (i) your holdings of Qihoo Securities at the relevant times; and (ii) all of your purchases, sales, and tenders/cancellations/exchanges of Qihoo Securities at the relevant times, whether such transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.

3.      Copies of broker confirmations or other documentation of your transactions in Qihoo Securities must be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.  **THE CLAIMS ADMINISTRATOR DOES NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN QIHOO SECURITIES.**

---

[2] "Qihoo Securities" means Qihoo American Depositary Share(s) ("ADS") and Class A ordinary shares.  Every two Qihoo ADS represent three Qihoo Class A ordinary shares.

[3] "Merger" refers to Qihoo's July 15, 2016 take-private transaction.

4. NOTICE REGARDING ELECTRONIC FILING: Certain claimants with large numbers of transactions may request, either personally or through a legal representative ("Representative Filers"), to submit information regarding their transactions in electronic files. This is different than submitting your claim online using the Settlement website. All such claimants MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at (844) 699-3961 or info@QihooSecuritiesSettlement.com to obtain the required electronic spreadsheet for reporting your transactions. The Claims Administrator may also request that claimants with a large number of transactions file their claims electronically. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## <u>PART I – CLAIMANT INFORMATION</u>

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

| |
|---|
| Beneficial Owner Name |
| Co-Beneficial Owner Name |
| Address 1 (Street Name and Number) |
| Address 2 (apartment, unit, or box number) |

| City | State | ZIP |
|---|---|---|
| Foreign Province | Foreign Country | |
| Telephone Number (cell or home) | Telephone Number (work) | |

| |
|---|
| Email Address |
| Account Number (if filing for multiple accounts, file a separate Claim Form for each unique account type) |

| Last four digits of Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |
|---|---|---|

Claimant Account Type (check appropriate box):

☐    Individual (includes joint owner accounts)          ☐    Pension Plan
☐    Corporation                                        ☐    Estate
☐    IRA/401K                                           ☐    Other _____ (please specify)
☐    Trust

**PART II – SCHEDULE OF TRANSACTIONS IN QIHOO ADS**

| | |
|---|---|
| **1. HOLDINGS AS OF CLOSE OF TRADING ON DECEMBER 17, 2015** – State the total number of Qihoo ADS held as of the close of trading on December 17, 2015. (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed<br>○ |

**2. PURCHASES FROM AFTER THE CLOSE OF TRADING ON DECEMBER 17, 2015 THROUGH JULY 15, 2016, INCLUSIVE** Separately list each and every purchase of Qihoo ADS from after the close of trading on December 17, 2015 through and including the close of trading on July 15, 2016. (Must be documented.)

| Date of Purchase (List Chronologically) (Month/Day/Year) | Number of ADS Purchased | Purchase Price Per ADS | Total Purchase Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

**3. SALES FROM AFTER THE CLOSE OF TRADING ON DECEMBER 17, 2015 THROUGH JULY 15, 2016, INCLUSIVE** – Separately list each and every sale of Qihoo ADS from after the close of trading on December 17, 2015 through and including the close of trading on July 15, 2016. (Must be documented.)

IF NONE, CHECK HERE ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of ADS Sold | Sale Price Per ADS | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

**4. HELD AS OF THE CLOSE OF TRADING ON JULY 15, 2016 AND TENDERED/CANCELLED/EXCHANGED IN CONNETION WITH THE MERGER** – Separately list each and every Qihoo ADS tendered/exchanged/cancelled on or after July 15, 2016 in connection with the Merger. (Must be documented.)

IF NONE, CHECK HERE ○

| Date of Tender (List Chronologically) (Month/Day/Year) | Number of ADS Tendered | Price Per ADS | | Confirm Proof of Tender Enclosed |
|---|---|---|---|---|
| / / | | $77.00 | | ○ |
| / / | | $77.00 | | ○ |
| / / | | $77.00 | | ○ |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, PLEASE PHOTOCOPY THIS PAGE, WRITE YOUR NAME, AND CHECK THIS BOX:** ☐

## PART III – SCHEDULE OF TRANSACTIONS IN QIHOO CLASS A ORDINARY SHARES

| | |
|---|---|
| **1.  HOLDINGS AS OF CLOSE OF TRADING ON DECEMBER 17, 2015** – State the total number of Qihoo ordinary shares held as of the close of trading on December 17, 2015.  (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |

**2.  PURCHASES FROM AFTER THE CLOSE OF TRADING ON DECEMBER 17, 2015 THROUGH JULY 15, 2016, INCLUSIVE**   Separately list each and every purchase of Qihoo ordinary shares from after the close of trading on December 17, 2015 through and including the close of trading on July 15, 2016.  (Must be documented.)

| Date of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |

**3.  SALES FROM AFTER THE CLOSE OF TRADING ON DECEMBER 17, 2015 THROUGH JULY 15, 2016, INCLUSIVE** – Separately list each and every sale of Qihoo ordinary shares from after the close of trading on December 17, 2015 through and including the close of trading on July 15, 2016. (Must be documented.)   **IF NONE, CHECK HERE** ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |

**4.  HELD AS OF THE CLOSE OF TRADING ON JULY 15, 2016 AND TENDERED/ CANCELLED/EXCHANGED IN CONNETION WITH THE MERGER** – Separately list each and every Qihoo ordinary share tendered/exchanged/cancelled on or after July 15, 2016 in connection with the Merger. (Must be documented.)   **IF NONE, CHECK HERE** ○

| Date of Tender (List Chronologically) (Month/Day/Year) | Number of Shares Tendered | Price Per Share | | Confirm Proof of Tender Enclosed |
|---|---|---|---|---|
| /   / | | $51.33 | | ○ |
| /   / | | $51.33 | | ○ |
| /   / | | $51.33 | | ○ |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, PLEASE PHOTOCOPY THIS PAGE, WRITE YOUR NAME, AND CHECK THIS BOX:** ☐

**<u>PART IV – SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS</u>**

**YOU MUST READ AND SIGN THE RELEASE BELOW.  FAILURE TO SIGN MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

      1.      I (We) submit this Claim Form under the terms of the Stipulation and Agreement of Settlement, dated February 12, 2024 (the "Stipulation").  I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York, with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action.  I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other Qihoo securities) if requested to do so.  I (We) have not submitted any other claim in the Action covering the same transactions in Qihoo Securities during the relevant periods and know of no other person having done so on my (our) behalf.

      2.      I (We) hereby warrant and represent that I am (we are) a Settlement Class Member as defined above, and that I am (we are) not excluded from the Settlement Class.

      3.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Plaintiffs' Claims each and all of the Released Defendant Parties, both as defined in the Stipulation.  This release shall be of no force or effect unless and until the Court approves the Settlement and the Settlement becomes effective on the Effective Date (as defined in the Stipulation).

      4.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

      5.      I (We) hereby warrant and represent that I (we) have included the information requested about all of my (our) transactions in Qihoo Securities which are the subject of this claim, as well as the opening and closing positions in such securities held by me (us) on the dates requested in this Claim Form.

      6.      I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code. (Note: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Claim Form by the undersigned is true and correct.

Executed this _____ day of _____, in _____, _____.
                    (Month / Year)                (City)                (State/Country)

_____     _____
Signature of Claimant                         Signature of Joint Claimant, if any

_____     _____
Print Name of Claimant                       Print Name of Joint Claimant, if any

(Capacity of person(s) signing, *e.g.*, Beneficial Owner, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and acknowledgement.

2. If this claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send** originals of certificates.

5. Keep a copy of your Claim Form and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your Claim Form, please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new address to:

   *Qihoo Securities Settlement*
   c/o Claims Administrator
   1650 Arch Street, Suite 2210
   Philadelphia, PA 19103
   www.QihooSecuritiesSettlement.com
   (844) 699-3961

8. **Do not use red pen or highlighter** on the Claim Form or supporting documentation.

# EXHIBIT C

## *PR Newswire*

# POMERANTZ LLP ANNOUNCES NOTICE OF THE PENDENCY AND SETTLEMENT OF CLASS ACTION IN ALTIMEO ASSET MANAGEMENT V. QIHOO 360 TECHNOLOGY CO. LTD., ET AL. (CASE NO. 19 CIV. 10067 (PAE) (S.D.N.Y.))

NEWS PROVIDED BY

**Pomerantz LLP** ➙

Apr 09, 2024, 10:00 ET

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

ALTIMEO ASSET MANAGEMENT, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v

QIHOO 360 TECHNOLOGY CO  LTD , HONGYI ZHOU, XIANGDONG QI, and ERIC X  CHEN,

Defendants

NEW YORK, April 9, 2024 /PRNewswire/ -- **SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**To: All owners and former owners of Qihoo ADS and Class A ordinary shares ("Qihoo Securities") (i) who sold their Qihoo Securities during the period from December 18, 2015 through July 15, 2016, inclusive, (the "Class Period") and/or (ii) whose Qihoo Securities were tendered, cancelled, or exchanged in Qihoo's July 15, 2016 take-private Merger (the "Settlement Class").**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that Court-appointed Lead Plaintiffs, on behalf of themselves and all members of the proposed Settlement Class, and Qihoo 360 Technology Co. Ltd. ("Qihoo"), Hongyi Zhou and Eric X. Chen (collectively, the "Settling Defendants"), have reached a proposed settlement of the claims in the above-captioned class action (the "Action") in the amount of $29,750,000 (the "Settlement").

A hearing will be held before the Honorable Paul A. Engelmayer either in person or remotely, at the Court's discretion, on August 1, 2024, at 2:30 p.m. EDT in Courtroom 1305 of the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007 (the "Settlement Hearing") to determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation and Agreement of Settlement, dated February 12, 2024; (iii) approve the proposed Plan of Allocation for distribution of the proceeds of the Settlement (the "Net Settlement Fund") to Settlement Class Members; and (iv) approve Lead Counsel's Fee and Expense Application.  The Court may change the date of the Settlement Hearing, or hold it remotely, without providing another written notice.  Information about the hearing will be posted at **www.QihooSecuritiesSettlement.com**. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.**  If you have not yet received a full Notice and Claim Form, you may obtain copies of these documents by visiting **www.QihooSecuritiesSettlement.com** or by contacting the Claims Administrator at:

*Qihoo Securities Settlement*

c/o Claims Administrator

1650 Arch Street, Suite 2210

Philadelphia, PA 19103

(844) 699-3961


Inquiries, other than requests for information about the status of a claim, may also be made to Lead Counsel:


POMERANTZ LLP

Jeremy A. Lieberman, Esq.

Michael Grunfeld, Esq.

600 Third Avenue, 20th Floor

New York, NY 10016

**www.pomlaw.com**

(212) 661-1100


If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form **postmarked or submitted online no later than August 8, 2024.** If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice so that it is **received no later than July 5, 2024.** If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Notice, such that they are **received no later than July 5, 2024**.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS**

**COUNSEL REGARDING THIS NOTICE.**

DATED  April 9, 2024          BY ORDER OF THE COURT
                             UNITED STATES DISTRICT COURT
                             SOUTHERN DISTRICT OF NEW YORK

SOURCE Pomerantz LLP

# EXHIBIT D

## *The Wall Street Journal*

## BUSINESS & FINANCE

# Red Sea Shipping Woes Boost Airfreight Business

**By Paul Berger**

Retailers and manufacturers are flying more goods around the shipping crisis in the Red Sea, industry experts say, helping boost international airfreight operators after a long period of sagging cargo volumes.

The strategy, the latest sign of how companies are adjusting their supply chains in response to geopolitical shock waves and disruptions, comes as European importers are seeking to avoid delays caused by longer voyages around Africa by containerships that usually travel through the Suez Canal.

The demand is contributing to "a surprisingly busy airfreight market" during what is traditionally a slow period, said Niall van de Wouw, chief airfreight officer at transportation data firm Xeneta.

The Norway-based firm says global airfreight volumes have grown at a double-digit pace in each of the past four months through March, amid signs that demand is particularly strong in trade lanes affected by the Red Sea crisis.

On lanes linking the Middle East and South Asia to Europe, average spot rates rose 46% from February to March to $2.82 per kilogram, a 71% increase from last year. The average global spot rate to ship cargo by air in March rose 7% from a month earlier to $2.43 per kilogram, according to Xeneta.

"Although the market didn't benefit immediately, the Red Sea disruption was clearly a factor in these latest figures," van de Wouw said.

Asia-Europe sea-air hubs such as Dubai; Bangkok; and Colombo, Sri Lanka, have been particularly busy since the start of the year, according to data provider WorldACD, with Dubai-to-Europe tonnages doubling in recent weeks compared with a year ago.

The International Air Transport Association said Middle East-Europe trade was the world's fastest-growing market in February, expanding 39.3% over the same month last year.

Ocean shipping companies have been diverting containerships away from the Red Sea and around Africa since November, when Houthi rebels based in Yemen began attacking ships using helicopters, missiles and drones. The Iran-aligned group says it is responding to Israel's war in Gaza.

The U.S. and its allies have launched airstrikes on the rebels, but they haven't been able to secure safe passage for cargo vessels. In February, the Houthis struck a British-owned bulk carrier, the Rubymar, which later sank. In March, the rebels killed three sailors in an attack on another bulk vessel, the True Confidence.

The number of commercial ships sailing through the Suez Canal fell 45% during the first quarter of this year compared with a year ago, according to the International Monetary Fund.

Airfreight is far more expensive than ocean freight transport, but the speed of delivery can be crucial for some companies, particularly with ocean vessels now taking up to 10 additional days to go around the Cape of Good Hope in South Africa.

The extended voyages have posed a challenge for some companies that rely on seasonal products and critical components. Manufacturers including Tesla and Volvo Cars paused production at some car factories in January because of parts shortages.

Brian Bourke, chief commercial officer at Seko Logistics, a Schaumburg, Ill.-based freight forwarder, said manufacturers in particular are shifting high-priority goods from ocean to air "to meet production schedules and keep factories humming."

Logistics specialists say global air cargo rates are also rising because of strong demand from growing Asian e-commerce companies, such as Temu and Shein, that rely on aircraft to ship goods to consumers.

# U.S. Private Equity Sees Hope for Exits

**By Maria Armental**

The number of private-equity exits remains stunted compared with a couple of years ago, but first-quarter activity shows some positive signs for an industry that is running against the clock to return cash to investors.

**Home Depot**'s planned acquisition of building-materials supplier **SRS Distribution**, disclosed in March, helped push the overall value of U.S. private-equity exits to $62.77 billion in the first quarter, about 16% higher than in the fourth quarter, according to data provider Dealogic. The data include mergers and acquisitions, initial public offerings and secondary stock offerings.

Exit value, however, can shift significantly from quarter to quarter, skewed by large deals like **Berkshire Partners'** and **Leonard Green & Partners'** SRS sale, which at more than $18 billion would be one of the largest private-equity exits in more than a decade.

Even so, the number of exits rose in the first quarter, too, with a total of 130 deals compared with 118 in the fourth quarter and 94 in last year's first quarter, according to Dealogic data, although the quarter still fell below the 149 exits in the first quarter of 2022.

The Dealogic data also show four straight quarters of modestly higher M&A exit counts.

There were 10 private-equity-backed IPOs in the first quarter, including **KKR**-backed **BrightSpring Health Services**, and the average deal size rose 26% compared with the same quarter in 2023, according to consulting firm Ernst & Young.

The deals trend appears to





A Home Depot store. The chain is buying SRS Distribution.

be continuing in the second quarter as well. Last week, European buyout shop **BC Partners** agreed to sell a majority stake in technology business **Presidio** to **Clayton Dubilier & Rice**, and Silver Lake agreed to a take-private deal for sports and entertainment company Endeavor.

Deal activity seems to be picking up sooner than many expected, with some recent technology deals garnering attractive return multiples for sellers, said Jen Smith, a partner on the private-equity and technology and cloud-services practices at consulting firm Bain & Co.

Many firms need to return cash to their investors, particularly if they want those investors to commit more capital to new funds. Thirty-seven percent of private-equity technology investments had been held for four years or longer as of the end of 2023, up from 32% in 2022, according to Bain research. PE firms typically hold investments for three to five years.

"The pressure is on in terms

of exiting many of these assets that have been held in portfolios for a while," Smith said.

For now, however, sellers are testing the market with their best-performing assets, which accounts at least in part for the high prices—and return multiples—of announced deals, dealmakers and consultants said. Dealmakers and others typically use multiples of a target company's sales, profit or another metric to calculate and compare an acquisition or merger value.

BC Partners, for example, ran a limited sales process for Presidio and periodically updated a select group of prospective buyers on the company's strong performance, said Fahim Ahmed, the firm partner who led the deal.

"In this type of market you may need to be a little more bespoke in how you think about exiting opportunities," Ahmed said.

BC acquired Presidio in 2019 in a $2.1 billion take-private transaction that included the company's debt. It agreed to sell a majority stake in a deal

that values the company at around $4 billion, a person familiar with the deal said, adding that BC stands to produce a gross return of roughly three times its investment.

But Jason Greenberg, who co-heads global technology, media and telecom investment banking at Jefferies Financial Group, said the exit market remains bifurcated between high-growth companies, which are garnering healthy multiples, and lower-growth companies.

"It's really the...low to moderate-growth businesses that require cheaper leverage, where you continue to have a 'pig in a python,' a surplus of portfolio companies in backlog

awaiting exits, and that's not going to change until base [interest] rates come down," he said.

The market for secondhand stakes in private-equity assets offers a temporary "escape valve" by providing liquidity for some lower growth assets, Greenberg said.

But even if the Federal Reserve doesn't lower interest rates this year, as many dealmakers are expecting, private-equity firms won't be able to sit on this backlog indefinitely.

"You're going to see them forced to sell even at values they don't want in order to address [investors'] demands for liquidity," Greenberg said.

### Number of private-equity exits, quarterly

### The 10 largest private-equity exits, 1Q 2024

Source: Dealogic (quarterly exits); PitchBook Data (largest exits)

---

# Buffett Sours on Utilities

*Continued from page B1*

years. Now utilities in Oregon, Hawaii, Colorado and Texas are facing similar pressures.

Buffett's letter prompted pushback from utility executives across the West who have been striving to retain investor confidence as they propose multibillion-dollar investments to make their systems safer and more resilient. They say two things are necessary to manage the risk: access to the capital needed to make improvements, and legislation or regulation to limit potential liability costs.

The prospect of utility companies losing favor on Wall Street could jeopardize their ability to complete the work needed to make their systems safer. It also could make that work more expensive to complete, resulting in higher costs for customers.

"This is a systemic risk, not just for the utility industry, but a systemic risk for the whole economy," said Pedro Pizarro, chief executive of **Edison International**, which operates Southern California Edison. "There's going to be a call on capital."

PG&E, a utility company serving most of Northern and Central California, was the first major U.S. utility to incur crippling liability costs tied to a series of wildfires in 2017 and 2018 that collectively killed more than 100 people and destroyed thousands of homes. The company sought bankruptcy protection in 2019 and emerged the following year after settling fire-related claims for $25.5 billion.

In a move to prevent more utility bankruptcies in California, state lawmakers passed a bill in 2019 that established a wildfire fund to help the companies manage financial risk and limit shareholder losses. Utilities can tap the fund to help cover damages exceeding $1 billion.

PG&E Chief Executive Patti Poppe said she thinks Buffett's concerns shouldn't apply to

> **PacifiCorp has incurred hundreds of millions in liability costs.**

utilities in California because of that legislation, as well as measures that each of the state's utilities have taken to reduce wildfire risk. The wildfire fund, combined with PG&E's self-insurance program, significantly limits the losses shareholders could face in the event of another fire, she said.

"That's a commitment that California has made that our investor-owned utilities should be investible," she said. "There was a period of time when we weren't, but that time has passed."

Still, investors say they might eventually require higher returns in exchange for taking on wildfire risk, potentially limiting the number of firms willing to do so.

Mary Titler, a senior investment analyst who has covered utilities for the asset-management firm Columbia Threadneedle Investments for more than 20 years, said she has started asking a range of questions in assessing investment risk, such as whether a utility has plans in place to proactively shut off power when windy conditions increase the chance of wildfire. The challenge for investors, she said, is determining the amount of damages a utility might owe if its lines play a role in ignition.

Oregon's Labor Day fires in 2020 burned over 1.2 million acres, destroyed more than 5,000 homes and businesses, and killed nine people. Fire and public-safety officials believe PacifiCorp's power lines played a role in several of the fires, though most state investigations are pending. The company denies negligence.

The company is embroiled in litigation expected to take years to resolve. Juries in Oregon have reached several verdicts awarding tens of millions of dollars to people who lost property and otherwise suffered as a result of the fires.

Berkshire Hathaway Energy, which owns PacifiCorp, said it talks to investors about its efforts to reduce the risk of its equipment sparking wildfires.

"For utilities, there is a growing risk in making future investments in regions where they become the insurers of last resort in a more frequent extreme weather environment," it said.

---

**ADVERTISEMENT**

# The Marketplace

To advertise: 800-366-3975 or WSJ.com/classifieds

### CLASS ACTION

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALTIMEO ASSET MANAGEMENT, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> QIHOO 360 TECHNOLOGY CO. LTD., HONGYI ZHOU, XIANGDONG QI, and ERIC X. CHEN, <br><br> Defendants. | Case No. 19 Civ. 10067 (PAE) (S.D.N.Y.) |

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**To: All owners and former owners of Qihoo ADS and Class A ordinary shares ("Qihoo Securities") (i) who sold their Qihoo Securities during the period from December 18, 2015 through July 15, 2016, inclusive, (the "Class Period") and/or (ii) whose Qihoo Securities were tendered, cancelled, or exchanged in Qihoo's July 15, 2016 take-private Merger (the "Settlement Class").**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that Court-appointed Lead Plaintiffs, on behalf of themselves and all members of the proposed Settlement Class, and Qihoo 360 Technology Co. Ltd. ("Qihoo"), Hongyi Zhou and Eric X. Chen (collectively, the "Settling Defendants"), have reached a proposed settlement of the claims in the above-captioned class action (the "Action") in the amount of $29,750,000 (the "Settlement").

A hearing will be held before the Honorable Paul A. Engelmayer either in person or remotely, at the Court's discretion, on August 1, 2024, at 2:30 p.m. EDT in Courtroom 1305 of the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007 (the "Settlement Hearing") to determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation and Agreement of Settlement, dated February 12, 2024; (iii) approve the proposed Plan of Allocation for distribution of the proceeds of the Settlement (the "Net Settlement Fund") to Settlement Class Members; and (iv) approve Lead Counsel's Fee and Expense Application. The Court may change the date of the Settlement Hearing, or hold it remotely, without providing another written notice. Information about the hearing will be posted at www.QihooSecuritiesSettlement.com. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** If you have not yet received a full Notice and Claim Form, you may obtain copies of these documents by visiting www.QihooSecuritiesSettlement.com or by contacting the Claims Administrator at:

Qihoo Securities Settlement
c/o Claims Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
(844) 699-3961

Inquiries, other than requests for information about the status of a claim, may also be made to Lead Counsel:

POMERANTZ LLP
Jeremy A. Lieberman, Esq.
Michael Grunfeld, Esq.
600 Third Avenue, 20th Floor
New York, NY 10016
www.pomlaw.com
(212) 661-1100

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked or submitted online no later than August 8, 2024.* If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice so that it is *received no later than July 5, 2024.* If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Notice, such that they are *received no later than July 5, 2024.*

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

DATED: April 9, 2024

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK