# EXHIBIT 7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALTIMEO ASSET MANAGEMENT, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>QIHOO 360 TECHNOLOGY CO. LTD., HONGYI ZHOU, XIANGDONG QI and ERIC X. CHEN,<br><br>　　　　　　　　　Defendants. | Case No. 1:19-cv-10067-PAE |

**DECLARATION OF ALTIMEO ASSET MANAGEMENT IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPLICATION FOR ATTORNEYS' FEES, PAYMENT OF LITIGATION EXPENSES, AND COMPENSATORY AWARDS FOR PLAINTIFFS**

I, Bernard Delattre, hereby declare as follows:

1.      I, Bernard Delattre, on behalf of Altimeo Asset Management ("Altimeo") with authority to submit this declaration on its behalf in its role as Co-Lead Plaintiff in this matter, respectfully submit this declaration, in support of final approval of the proposed settlement of this Action for $29.75 million, approval of the proposed Plan of Allocation for distributing the proceeds of the Settlement, and approval of Lead Counsel's request for attorneys' fees and expenses.[1] I also respectfully submit this declaration in support of Altimeo's request for an award, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(4), in recognition of the time that Altimeo dedicated to the litigation on behalf of the proposed Settlement Class. I have personal knowledge of the statements herein and, if called as a witness, could competently testify about them.

2.      As noted previously, while Altimeo, an institutional asset manager, has ceased operations and transferred its rights and claims in this Action to another entity, those claims are continuing to be pursued in the Action in the name of Altimeo. (ECF No. 138).

3.      Altimeo has served as the Court-appointed Co-Lead Plaintiff in this Action pursuant to the Court's July 1, 2019 Order. (ECF No. 42).

4.      Since that time, as Co-Lead Plaintiff, Altimeo has been in regular contact with Lead Counsel at Pomerantz LLP ("Lead Counsel"). In this capacity, Altimeo compiled its trading data, completed its PSLRA certification, and received and reviewed court filings, in both draft and final form, including: the initial complaint; First Amended Class Action Complaint ("Amended Complaint"); the briefing for Defendants Qihoo and Chen's motion to dismiss the Amended

---

[1] Unless otherwise noted, all capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement dated February 12, 2024 ("Stipulation," ECF No 224-1).

2

Complaint; Co-Lead Plaintiffs' appeal of the Court's granting of Defendants Qihoo and Chen's motion to dismiss; the briefing for Defendant Zhou's motion to dismiss the Amended Complaint; Co-Lead Plaintiffs' motion for the Court to reconsider, or grant permission to seek interlocutory appeal as to, certain aspects of Zhou's motion to dismiss that the Court granted; Co-Lead Plaintiffs' motion for class certification; and Defendants' motions to compel.

5.      Altimeo has also requested and received regular updates as to the progress of the litigation, and advised on issues of strategy and approach, with Lead Counsel. The involvement and input of Altimeo's managers throughout this litigation benefitted the Settlement Class because of their expertise as sophisticated institutional asset managers with deep knowledge of the going-private transaction for Qihoo that was at the center of this litigation.

6.      In addition, Altimeo participated in extensive discovery efforts in this matter. Altimeo worked with Lead Counsel to provide Responses and Objections to Defendants' First Set of Requests for Production, dated March 30, 2022; Responses and Objections to Defendants' First Set of Interrogatories, dated August 16, 2023; and Responses and Objections to Defendants' Second Set of Requests for Production, dated August 28, 2023.

7.      Following these written discovery responses, Altimeo expended substantial effort to collect documents in response to Defendants' document requests based on agreed-upon search terms and from repositories of potentially relevant documents, leading to the production of over 1,900 documents from Altimeo's records. Altimeo then corresponded with Lead Counsel further in response to follow-up questions that Defendants had about Altimeo's written discovery responses and document productions, and in response to Defendants' motions to compel. Altimeo also prepared with Lead Counsel for the deposition of its representative, Mr. Cyrille Pichot de Cayeux, that was scheduled before the parties agreed to the Settlement.

3

8.    Altimeo also consulted before and during settlement discussions, during which Altimeo was in communication with Lead Counsel, articulated its settlement authority, and evaluated and approved the Settlement and proposed plan of allocation to ensure that it is equitable to the Settlement Class, as well as Co-Lead Plaintiffs' motion for preliminary approval of the Settlement, their responses to the Court's questions following-up on that motion, and the accompanying motions for final approval of the Settlement and for attorneys' fees, litigation expenses, and Co-Lead Plaintiffs' compensatory awards.

9.    All of the efforts described above provided a significant benefit to the Settlement Class by supporting Lead Counsel's efforts in litigating this case since 2019 and reaching the Settlement that is very favorable for the Class.

10.    Altimeo supports the proposed Settlement for $29,750,000 in cash. Altimeo believes this is a fair and reasonable result achieved by Plaintiffs' Counsel in light of the benefits it provides to the Settlement Class and the risks and uncertainties of continued litigation.

11.    Altimeo understands that reimbursement of a plaintiff's costs and expenses in connection with the representation of a class, including lost wages, is authorized under the PSLRA, 15 U.S.C. § 78u-4(a)(4).  For this reason, in connection with Lead Counsel's request for litigation expenses, Altimeo is seeking reimbursement for the time its personnel dedicated to the prosecution of the Action, for which it incurred substantial costs because this was time that ordinarily would have been dedicated to the work of Altimeo or its managers' subsequent endeavors.

12.    In its capacity as Co-Lead Plaintiff, Altimeo spent a significant amount of time on this Action on the efforts described above, as it has been engaged substantively over the course of more than five years, since March 2019, when Altimeo analyzed whether to file the initial complaint in this action. Altimeo estimates that it spent 300 hours performing the tasks above to

4

achieve the greatest benefit to the Settlement Class. Given Altimeo's participation in this litigation, Altimeo respectfully requests reimbursement of $60,000 for these efforts that led to the Settlement. I, Altimeo's former President, devoted approximately 100 hours to this matter and Mr. Cyrille Pichot de Cayeux, Altimeo's former Portfolio Manager, devoted approximately 200 hours to this matter. Based on our knowledge and experience as senior finance professionals for an institutional asset manager such as Altimeo, I believe that our time is worth significantly more than $500 per hour, yet we are requesting compensation at the reduced rate of just $200 per hour for the approximately 300 hours spent on this matter.

13.    Altimeo supports the requested award of attorneys' fees in the amount of 33.33% of the Settlement Amount. Altimeo believes this amount is fair and reasonable under the circumstances of this case and in light of the effort required by Plaintiffs' Counsel to pursue the case to date, the risks and challenges in the litigation, as well as the recovery obtained for the Settlement Class. Altimeo understands that Plaintiffs' Counsel will also devote additional time in the future to administering the Settlement.

14.    Altimeo further believes that the litigation expenses to be requested, of approximately $700,000, are reasonable and represent the costs and expenses that were necessary for the successful prosecution and resolution of this case. Based on the foregoing, Altimeo fully supports Lead Counsel's motion for attorneys' fees and payment of litigation expenses.

15.    In sum, Altimeo was closely involved throughout the prosecution and settlement of the claims in this Action and respectfully requests that the Court approve the Settlement as fair, reasonable, and adequate; grant a compensatory award of $60,000 to Altimeo in light of the time and effort expended in pursuing this Action; and approve the attorneys' fee request of 33.33% of the Settlement Amount and full reimbursement of litigation expenses.

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct.

Executed this 17th day of June 2024.

Bernard Delattre
Former President of Altimeo Asset Management

6