**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ALTIMEO ASSET MANAGEMENT, Individually and On Behalf of All Others Similarly Situated,<br>                    Plaintiff,<br><br>    v.<br><br>QIHOO 360 TECHNOLOGY CO. LTD., HONGYI ZHOU, XIANGDONG QI and ERIC X. CHEN,<br><br>                    Defendants. | Case No. 1:19-cv-10067-PAE |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF: (I) CO-LEAD PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (II) LEAD COUNSEL'S UNOPPOSED MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT <u>OF LITIGATION EXPENSES</u>**

Court-appointed Co-Lead Plaintiffs Altimeo Asset Management and ODS Capital LLC ("Co-Lead Plaintiffs" or "Plaintiffs"), and Court-appointed Lead Counsel, Pomerantz LLP ("Pomerantz"), on behalf of all Plaintiffs' Counsel,[1] respectfully submit this memorandum in further support of: (i) Co-Lead Plaintiffs' unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF Nos. 229-30, the "Final Approval Motion"); and (ii) Lead Counsel's unopposed Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Compensatory Awards to Lead Plaintiffs (ECF Nos. 231-32, the "Fee and Expense Application").[2]

This Reply is supported by the Supplemental Declaration of Dawn M. Cody of Angeion Group, Regarding: (A) Mailing of the Notice; and (B) Report on Requests for Exclusion Received to Date ("Suppl. Mailing Decl."), filed herewith.

The deadline for Settlement Class Members to object to the fairness, reasonableness, or adequacy of the Settlement, Plan of Allocation, proposed attorneys' fees and expenses, and proposed compensatory awards to Co-Lead Plaintiffs was July 5, 2024. In response to the dissemination of 27,542 Notice Packets to potential Settlement Class Members or their nominees, there have been no requests for exclusion from the Settlement Class and no objections to any aspect of the Settlement or proposed awards. Suppl. Mailing Decl. ¶¶ 12-13.

Accordingly, the reaction of Settlement Class Members to the proposed Settlement, Plan of Allocation, proposed attorneys' fees and expenses, and proposed compensatory awards to

---

[1] Pomerantz was assisted in its representation of Plaintiffs and the Class by Labaton Keller Sucharow LLP ("Labaton"). *See* Declaration of Michael Grunfeld in Support of: (I) Lead Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation; and (II) Lead Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Compensatory Awards to Lead Plaintiffs ("Grunfeld Declaration," ECF No. 233) ¶ 3 n.2. Pomerantz and Labaton are referred to herein as "Plaintiffs' Counsel."

[2] Unless otherwise noted, capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement, dated February 12, 2024 ("Stipulation," ECF No 224-1), or in the Grunfeld Declaration.

Co-Lead Plaintiffs strongly supports entering the proposed Final Order and Judgment, filed herewith.

## I.       INTRODUCTION

After nearly five years of hard-fought litigation, including a full-day mediation facilitated by a well-respected mediator and continued litigation following that session, Co-Lead Plaintiffs submitted a $29,750,000 all cash, non-reversionary settlement for Court approval. They also provided detailed responses to specific questions that the Court raised about the Settlement, which supported the Court's granting of preliminary approval to the Settlement. (ECF Nos. 226-27).

The reaction of the Settlement Class also confirms that the Settlement is a very favorable result. After an extensive notice program, which included mailing of 27,542 Notice Packets to potential Settlement Class Members or their nominees and publishing the Summary Notice in *The Wall Street Journal* and on the *PR Newswire*, not a single objection has been filed and no Settlement Class Members have requested exclusion from the Settlement Class.[3] In addition, although the Notice informed Settlement Class Members that Lead Counsel may seek up to $1.1 million in litigation expenses, Lead Counsel has requested only $662,654.21 in out-of-pocket expenses (plus accrued interest) and $60,000 to each of the Court-appointed Lead Plaintiffs.

The Settlement Class's overwhelmingly positive reaction strongly supports approval of the Settlement and the Plan of Allocation, as well as the request for attorneys' fees, reimbursement of expenses, and compensatory awards to Co-Lead Plaintiffs.

---

[3] *See* Suppl. Mailing Decl. ¶¶ 8, 12-13; ECF No. 233-1, ¶ 13 and Exs. C-D (confirming publication of Summary Notice).

**II.    THE SETTLEMENT CLASS'S POSITIVE REACTION SUPPORTS APPROVAL OF THE SETTLEMENT, PLAN OF ALLOCATION, AND THE REQUESTED ATTORNEYS' FEES, LITIGATION EXPENSES, AND COMPENSATORY AWARDS TO CO-LEAD PLAINTIFFS**

**A.    The Court-Approved Notice Program Has Been Implemented**

Pursuant to the Court's March 12, 2024 Preliminary Approval Order, Angeion Group ("Angeion") was authorized to act as the Claims Administrator in connection with the Settlement. ECF No. 228 ¶ 8. In that capacity, Angeion, under the supervision of Lead Counsel, mailed 27,542 Notice Packets to potential Settlement Class Members and nominees. Suppl. Mailing Decl. ¶ 8. Moreover, the Summary Notice was published in *The Wall Street Journal* and transmitted over the *PR Newswire* on April 9, 2024. ECF No. 233-1 ¶ 13. The Notice and Summary Notice advised Settlement Class Members of the Settlement and the request for an award of attorneys' fees, reimbursement of Litigation Expenses, and compensatory awards to Co-Lead Plaintiffs. *Id.*, Exs. A, C-D. The Notice and Summary Notice further advised Settlement Class Members that the last day for requesting exclusion from the Settlement Class, or to file an objection to the Settlement, the Plan of Allocation, and/or the request for an award of attorneys' fees and reimbursement of Litigation Expenses and awards to Co-Lead Plaintiffs, was July 5, 2024. *Id.*, Ex. A at 3 and ¶¶ 13-15, 18-19; *id.*, Exs. C-D.

On June 20, 2024, fifteen (15) days before the objection deadline, Co-Lead Plaintiffs and Lead Counsel filed their opening papers in support of the Final Approval Motion and Fee and Expense Application. The motions were supported by the declarations of Co-Lead Plaintiffs, Lead Counsel, and the Claims Administrator. These papers have been available on the public docket for this matter. *See* ECF Nos. 229-33.

The exclusion and objection deadlines have now passed. As set forth below, no Settlement Class Members have requested exclusion from the Settlement Class or objected to the Settlement,

the Plan of Allocation, the request for attorneys' fees, the request for reimbursement of litigation expenses, or the PSLRA awards to Co-Lead Plaintiffs.

> **B.    The Settlement Class's Reaction Supports Approval of the Settlement, Plan of Allocation, and Fee and Expense Application**

Co-Lead Plaintiffs and Lead Counsel respectfully submit that the unanimously positive response from the Settlement Class confirms the fairness, adequacy, and reasonableness of the Settlement. *See In re FLAG Telecom Holdings, Ltd. Sec. Litig.*, 2010 WL 4537550, at *16 (S.D.N.Y. Nov. 8, 2010) ("The absence of objections to the Settlement supports the inference that it is fair, reasonable and adequate."); *see also Gruber v. Gilbertson*, 2022 WL 17828609, at *19 (S.D.N.Y. Dec. 21, 2022) ("If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement."); *In re Petrobras Sec. Litig.*, 317 F. Supp. 3d 858, 872 (S.D.N.Y. 2018) (holding a "small number of objectors . . . strongly suggest[s] that the settlement amount is fair, adequate, and reasonable"), *aff'd*, 784 F. App'x 10 (2d Cir. 2019); *In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 2007 WL 313474, at *10 (S.D.N.Y. Feb. 1, 2007) (holding the "minimal number of objections and requests for exclusion militates in favor of approving the settlement as be[ing] fair, adequate, and reasonable").[4]

A favorable reaction by settlement class members also supports approval of a plan of allocation. *See In re Signet Jewelers Ltd. Sec. Litig.*, 2020 WL 4196468, at *6 (S.D.N.Y. July 21, 2020) (holding the "'favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry'" (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 119 (2d Cir. 2005)); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) (*Veeco I*) (explaining that "not one

---

[4] Internal citations and quotations are omitted from case citations, unless indicated otherwise.

class member has objected to the Plan of Allocation . . . . This favorable reaction of the Class supports approval of the Plan of Allocation").

Similarly, a lack of objections from settlement class members to an application for fees and expenses supports a finding that the fee and expense request is fair and reasonable. *See In re Signet Jewelers*, 2020 WL 4196468, at *21 (holding "absence of any objections to the requested attorneys' fees and Litigation Expenses supports a finding that the request is fair and reasonable"); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (holding the reaction of settlement class members to a fee and expense request "is entitled to great weight by the Court" and the absence of any objection "suggests that the fee request is fair and reasonable"); *In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570, 594 (S.D.N.Y. 2008) (holding that few or no objections to fee award is "powerful evidence that the requested fee is fair and reasonable").

No Settlement Class Members have objected to any aspect of the Settlement. *See* Suppl. Mailing Decl. ¶ 13. This strongly supports approval of the Settlement.

In addition, the lack of requests for exclusion from the Settlement strongly supports granting the Final Approval Motion. Although the Claims Administrator has mailed 27,542 Notice Packets, no Settlement Class Members have opted out of the Settlement. *See* Suppl. Mailing Decl. ¶ 12. This lack of requests for exclusion strongly supports approval of the Settlement. *See Veeco I*, 2007 WL 4115809, at *7 (holding the "strong favorable reaction of the class is overwhelming evidence that the Settlement is fair, reasonable and adequate," where "there has been only one request for exclusion"); *In re Signet Jewelers*, 2020 WL 4196468, at *6 ("[T]he small number of requests for exclusion support a finding that the Settlement is fair, reasonable, and adequate."); *In re Citigroup Inc. Bond Litig.*, 296 F.R.D. 147, 156 (S.D.N.Y. 2013) ("[F]ew requests for exclusion

5

from class members are evidence that a settlement is fair and adequate.").

In sum, the Settlement Class Members' emphatically positive reaction strongly favors final approval of the Settlement, Plan of Allocation, and Co-Lead Plaintiffs' and Lead Counsel's requests for attorneys' fees and expenses. The Settlement, Plan of Allocation, and requests for fees and expenses should also be approved for the reasons that Co-Lead Plaintiffs and Lead Counsel explained in their opening papers in support of the Settlement, Plan of Allocation, and fee and expense requests. *See* ECF Nos. 229-33.

## III.    CONCLUSION

For all the foregoing reasons, and those set forth in their opening papers, Co-Lead Plaintiffs and Lead Counsel respectfully request that the Court enter the proposed Judgment filed herewith approving the Settlement, the Plan of Allocation, and the Fee and Expense Application.

Dated: July 25, 2024                                  Respectfully submitted,

**POMERANTZ LLP**

*/s/ Michael Grunfeld*
Jeremy A. Lieberman
Michael Grunfeld
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
            mgrunfeld@pomlaw.com

*Lead Counsel for Lead Plaintiffs*
*Altimeo Asset Management, ODS Capital LLC,*
*and the Settlement Class*

**LABATON KELLER SUCHAROW LLP**

Carol C. Villegas
Jake Bissell-Linsk
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700

6

Facsimile: (212) 818-0477
Email: cvillegas@labaton.com
        jbissell-linsk@labaton.com

***Additional Counsel for Lead Plaintiff
ODS Capital LLC***

7