## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALTIMEO ASSET MANAGEMENT, Individually and on Behalf of All Others Similarly Situated, <br><br>       Plaintiff, <br><br>   v. <br><br> QIHOO 360 TECHNOLOGY CO. LTD., HONGYI ZHOU, XIANGDONG QI, and ERIC X. CHEN, <br><br>       Defendants. | Case No. 19 Civ. 10067 (PAE) |

## MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFFS' MOTION
## TO DISTRIBUTE THE NET SETTLEMENT FUND

Court-appointed Lead Plaintiffs Altimeo Asset Management ("Altimeo") and ODS Capital LLC ("ODS" and, collectively, "Lead Plaintiffs" or "Plaintiffs"), individually and on behalf of all other members of the Settlement Class, respectfully submit this memorandum of law in support of their Motion for an Order to Distribute the Net Settlement Fund.[1]

Based on the analysis prepared by Angeion Group ("Angeion"), the Court-appointed Claims Administrator in this Action, Claimants have submitted 7,183 Claim Forms.  These 7,183 claims include 6,339 timely filed valid claims and 163 late but otherwise valid claims. *See* Declaration of Dawn M. Cody of Angeion Group, in Support of Lead Plaintiffs' Motion to Distribute the Net Settlement Fund ("Cody Decl."), submitted herewith, ¶¶ 23-24.  An additional 681 claims were rejected.  *Id.* ¶ 27.

The Settlement has reached its Effective Date and Lead Plaintiffs now seek to distribute the Net Settlement Fund to Authorized Claimants on a *pro rata* basis pursuant to the previously approved Plan of Allocation and the Distribution Plan set forth in the Cody Declaration.  After the exhaustion of the distribution process, in the event that unclaimed funds following distribution are too small to be redistributed, Lead Plaintiffs also seek authorization to donate remaining funds post distribution to the CII Research and Education Fund.

For the reasons set forth in detail below, this proposed distribution is appropriate and should be approved.

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement dated February 12, 2024 ("Stipulation," Dkt. No. 224-1).

**BACKGROUND**

By Final Order and Judgment dated August 1, 2024 (Dkt. No. 235, the "Judgment"), the Court approved the $29,750,000 Settlement as fair, reasonable, and adequate and directed the parties to consummate the Stipulation in accordance with its terms and provisions.

The Net Settlement Fund reflects the Settlement Amount of $29,750,000, plus interest earned thereon, less the following: Court-approved legal fees and expenses of $8,100,154.21 plus interest earned thereon; awards to Lead Plaintiffs pursuant to the PSLRA of $120,000 total; Notice and Administration Expenses of approximately $167,096.26, $25,578.05 of which are the estimated costs of conducting the first distribution of the Net Settlement Fund; Taxes (including the cost of preparing appropriate tax returns); and any escrow fees. *See* Cody Decl ¶ 29.

**CLAIMS ADMINISTRATION**

By the Court's Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered on March 12, 2024 (Dkt. No. 228, the "Preliminary Approval Order"), Settlement Class Members wishing to participate in the distribution of the Settlement were required to submit Claim Forms by mail postmarked, or submitted electronically, no later than August 8, 2024. As a result of a very effective notice program, Angeion received 7,183 Claim Forms through January 14, 2025. *See* Cody Decl. ¶¶ 22-24.

These 7,183 claims include 6,339 timely filed valid claims and 163 late but otherwise valid claims. *See* Cody Decl. ¶¶ 23-24. The late but otherwise valid claims have not caused delay in the distribution of the Net Settlement Fund. Lead Plaintiffs therefore believe that it would be unfair to prevent otherwise eligible Claimants from participating in the Net Settlement

Fund solely because their claims were submitted after the submission deadline, but while other claims were still being processed. *See In re Authentidate Holding Corp. Sec. Litig.*, 2013 WL 324153, at *1 (S.D.N.Y. Jan. 25, 2013) (noting courts have "inherent power to accept late claims" (quoting *In re Agent Orange Prod. Liab. Litig.*, 821 F.2d 139, 145 (2d Cir.1987))); *In re Gilat Satellite Networks, Ltd.*, 2009 WL 803382, at *6 (E.D.N.Y. Mar. 25, 2009) (including late-filed claims in settlement); *In re Crazy Eddie Sec. Litig.*, 906 F. Supp. 840, 843-47 (E.D.N.Y. 1995) (stating that the "determination of whether to allow the participation of late claimants in a class action settlement is essentially an equitable decision within the discretion of the court," and allowing late claims to participate in the distribution of settlement funds).  Lead Plaintiffs therefore respectfully request that the Court approve the 6,502 valid and properly-documented claims as listed in Exhibit C, Parts One and Two to the Cody Declaration.

As demonstrated in the Cody Declaration, Angeion received and reviewed the claims and, to the extent that a claim was deficient in any regard, Angeion notified Claimants of the deficiencies and advised them regarding potential cures.  Cody Decl. ¶¶ 13-20.  Angeion recommends rejection of 681 claims either because the claim did not result in a Recognized Seller Claim or Recognized Merger Claim (508 claims), the claim did not involve an eligible Qihoo Securities sales transaction during the Class Period (12 claims), the claim duplicated or replaced another claim (64 claims), the claim had insufficient documentation (14 claims), the claim had uncured conditions of ineligibility (5 claims), or the claim was withdrawn by Claimant (78 claims ).  *Id.* ¶ 27 and Exhibit C, Part Three thereto.  Angeion has not received any requests for Court review of the claims recommended for rejection.  Cody Decl. ¶ 20.  Lead Plaintiffs therefore submit that these 681 claims should be rejected.

Angeion recommends that any claim received after January 14, 2025 be barred on grounds of untimeliness. Cody Decl. at ¶ 25. To facilitate the efficient distribution of the Net Settlement Fund, there must be a final cut-off after which no other claims may be accepted. *See In re Citigroup Inc. Sec. Litig.*, 2014 WL 7399039, at *4 (S.D.N.Y. Dec. 29, 2014) ("[A]t some point in the distribution of a large class action settlement, such as this one, 'a cutoff date is essential and . . . the matter must be terminated.'"); *Hartman v. Powell*, 2001 WL 410461, at *1 (D.C. Cir. Mar. 15, 2001) ("Drawing a line is essential to achieve certainty and finality in such a large class action"). Lead Plaintiffs therefore submit that the Court should direct that no claims submitted after January 14, 2025 be included in the distribution.

In sum, Lead Plaintiffs respectfully request that the Court approve Angeion's recommendations on accepting and rejecting claims as set forth herein.

## THE CLAIMS ADMINISTRATOR'S FEES AND EXPENSES

Angeion was responsible for mailing the Notice and Claim Form, publishing the Summary Notice, maintaining a website and telephone hotline, processing claims, and preparing tax returns for the Settlement Fund, and is responsible for distributing the Net Settlement Fund to accepted Claimants and continued tax return preparation. The Court has already approved the payment of reasonable fees and costs for Notice and Administration Expenses in its Preliminary Approval Order. *See* Preliminary Approval Order (Dkt. No. 228) ¶ 21. Angeion's total fees and expenses for this matter to date are $141,518.21, for which it has been paid. Cody Decl. ¶ 39. In addition, Angeion estimates the cost of conducting the Initial Distribution (as that term is defined in Paragraph 30 of the Cody Declaration) will be $25,578.05. Cody Decl. ¶ 39. As such, Angeion requests payment of $25,578.05 for the administration work that it will perform with regard to the Initial Distribution. If this estimate of fees and expenses to conduct the Initial

Distribution is greater than the actual cost of conducting the distribution, the excess will be returned to the Net Settlement Fund. *Id.* ¶ 40.

### DISTRIBUTION OF NET SETTLEMENT FUND

Lead Plaintiffs respectfully request that the Court enter an order directing and authorizing distribution of the balance of the Settlement Fund plus interest accrued thereon, after deduction of fees and expenses previously awarded and stated herein and any taxes owing (the "Net Settlement Fund"), to the Settlement Class Members whose claims have been accepted, as set forth on the lists of accepted claims submitted with the Cody Declaration, in proportion to their Recognized Claims as shown therein. Cody Decl. Exhibit C, Parts One and Two.

In order to allow the full and final distribution of the Net Settlement Fund, it is necessary to bar any further claims against the Net Settlement Fund and to provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein or otherwise involved in the administration or taxation be released and discharged from any and all claims arising out of such involvement. Accordingly, Lead Plaintiffs respectfully request that the Court bar any further claims against the Net Settlement Fund filed after January 14, 2025, and release and discharge from any and all claims beyond the amount allocated to them arising out of the claims administration, all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein or otherwise involved in the administration of the Net Settlement Fund.

If, no less than six (6) months from the date of the Initial Distribution, there is any unclaimed, residual balance in the Net Settlement Fund after the Initial Distribution, after deducting Angeion's fees and expenses for the estimated costs of an additional distribution, and after the payment of any Taxes (including the cost of preparing appropriate tax returns) and any

escrow fees, the residual funds, if any, will be redistributed to all Authorized Claimants who have cashed their checks from the Initial Distribution and whose proportionate share of the remaining Net Settlement Fund is $10.00 or more.  Cody Decl. ¶ 36.  Additional distributions, after deduction of costs and expenses as described in this paragraph, and subject to the same conditions, may occur thereafter in 90-day intervals until Lead Counsel, in consultation with Angeion, determines that further distribution is not cost-effective.  *Id.* ¶ 37.

Thereafter, if any sums remain unclaimed and the unclaimed amount is not sufficiently large enough to warrant further distribution, as described in the Cody Declaration, Lead Plaintiffs request that the balance be paid to the CII Research and Education Fund, *see* https://www.ciiref.org/.  *Id.* ¶ 38.  The Stipulation provides that remaining funds, "if any, shall be contributed to Investor Protection Trust, or such other private, non-profit, non-sectarian 501(c)(3) organization designated by Lead Plaintiffs and approved by the Court."  The Investor Protection Trust, however, has ceased operations. Lead Plaintiffs therefore propose CII Research and Education Fund as "such other private, non-profit, non-sectarian 501(c)(3) organization" to receive any remaining Settlement funds not sufficiently large enough to warrant further distribution.

The CII Research and Education Fund was established in 2012 to support and publish research and reports on a wide range of topics of interest to long-term investors.  Its focus is on educating the public, investors, corporations, other financial market participants and policymakers about topical issues such as shareholder rights and corporate governance.  *See* https://www.ciiref.org/.  The CII Research and Education Fund therefore merits receiving any minimal unclaimed remaining funds that are not sufficiently large enough to warrant further distribution to Authorized Claimants.

**CONCLUSION**

Lead Plaintiffs respectfully request that this Court grant their Motion for an Order to Distribute the Net Settlement Fund.

Dated: March 10, 2025

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Michael Grunfeld*
Jeremy A. Lieberman
Michael Grunfeld
Brandon M. Cordovi
600 Third Avenue, Floor 20
New York, NY 10016
Telephone: 212-661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
        mgrunfeld@pomlaw.com
        bcordovi@pomlaw.com

*Lead Counsel for Lead Plaintiffs*
*Altimeo Asset Management, ODS Capital LLC,*
*and the Settlement Class*

**LABATON KELLER SUCHAROW LLP**

Carol C. Villegas
Jake Bissell-Linsk
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: cvillegas@labaton.com
        jbissell-linsk@labaton.com

*Additional Counsel for Lead Plaintiff*
*ODS Capital LLC*

7