# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALTIMEO ASSET MANAGEMENT, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>QIHOO 360 TECHNOLOGY CO. LTD., HONGYI ZHOU, XIANGDONG QI, and ERIC X. CHEN,<br><br>　　　　　　　　　　Defendants. | Case No. 19 Civ. 10067 (PAE) |

## ORDER AUTHORIZING DISTRIBUTION OF NET SETTLEMENT FUND

WHEREAS, By Final Order and Judgment dated August 1, 2024 (Dkt. No. 235, the "Judgment"), this Court approved, *inter alia*, (i) the terms of the Stipulation and Agreement of Settlement dated February 12, 2024 (Dkt. No. 224-1, the "Stipulation"), whereby Defendants agreed to pay $29,750,000 (the "Settlement Fund"); (ii) a Plan of Allocation for distribution of the Net Settlement Fund; (iii) the award of fees and expenses to Lead Counsel on behalf of all Plaintiffs' Counsel; and (iv) awards to Lead Plaintiffs pursuant to the PSLRA;[1]

WHEREAS, The Judgment is Final and the Settlement has reached its Effective Date;

WHEREAS, The Court has previously authorized the payment of Notice and Administration Expenses in its Preliminary Approval Order. *See* Preliminary Approval Order (ECF No. 228) ¶ 21.

---

[1] Unless otherwise indicated, all capitalized terms herein have the same meanings as set forth in the Stipulation.

WHEREAS, The Court has previously authorized and directed the parties to implement all of the terms and provisions of the Stipulation; and

WHEREAS, The Court has retained jurisdiction over the Action for the purpose of considering any further application or matter that may arise in connection with the administration and execution of the Settlement, the processing of Claim Forms, and the distribution of the Net Settlement Fund.

NOW, THEREFORE, upon consideration of Lead Plaintiffs' Motion to Distribute the Net Settlement Fund (the "Motion"), the Memorandum of Law in Support of the Motion, the Declaration of Dawn M. Cody of Angeion Group, in Support of Lead Plaintiffs' Motion to Distribute the Net Settlement Fund ("Cody Declaration"), and upon all prior proceedings herein, and after due deliberation;

**IT IS HEREBY ORDERED THAT**:

1. Lead Plaintiffs' Motion is granted.
2. Angeion's determinations accepting the claims, as indicated in Exhibit C, Parts One and Two to the Cody Declaration, are approved, and said claims are hereby accepted.
3. Angeion's determination rejecting the claims, as indicated in Exhibit C, Part Three to the Cody Declaration, are approved, and said claims are hereby rejected.
4. Any claims filed after January 14, 2025 are hereby barred, subject to the terms of ¶¶ 25, 29-38 of the Cody Declaration.
5. A payment in the amount of $25,578.05 from the Net Settlement Fund for Angeion's estimate of its fees and expenses to be incurred in connection with the Initial Distribution is hereby authorized. If the incurred fees and expenses for the Initial

Distribution are lower than this estimate, Angeion shall promptly reimburse the Net Settlement Fund.

6. Distribution of the Net Settlement Fund, as set forth in the Cody Declaration, will commence no later than forty-five (45) calendar days after entry of this Order.

7. Angeion will conduct an Initial Distribution of the Net Settlement Fund, as set forth in the Cody Declaration, after deducting (a) its fees and expenses described in Paragraph 5 above and (b) payment of any Taxes (including the costs of preparing appropriate tax returns) and any escrow fees, if any.

8. No earlier than six (6) months from the date of the Initial Distribution, any unclaimed, residual balance in the Net Settlement Fund after the Initial Distribution, after deducting Angeion's fees and expenses for the estimated costs of an additional distribution, and after the payment of any Taxes (including the cost of preparing appropriate tax returns) and any escrow fees, if any, shall be redistributed to all Authorized Claimants who have cashed their checks from the Initial Distribution and whose proportionate share of the remaining Net Settlement Fund is $10.00 or more. Additional distributions, after deduction of costs and expenses as described in this paragraph, and subject to the same conditions, may occur thereafter in 90-day intervals until Lead Counsel, in consultation with Angeion, determines that further distribution is not cost-effective.

9. Thereafter, if any sums remain unclaimed, and the unclaimed amount is not sufficiently large to warrant further distribution as described in ¶ 38 of the Cody Declaration, the balance shall be paid to the CII Research and Education Fund.

10. All Persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in the Settlement or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order.

11. One (1) year after the final distribution of the Net Settlement Fund, Angeion will destroy the paper copies of the Claim Forms and all supporting documentation. Two (2) years after final distribution of the Net Settlement Fund, Angeion will destroy the electronic copies of the Proofs of Claim and all supporting documentation.

12. This Court shall retain jurisdiction over any further application or matter that may arise in connection with this Action.

**SO ORDERED:**

DATED: 3/25/2025

_Paul A. Engelmayer_
The Honorable Paul A. Engelmayer
United States District Judge